08-10084.or8

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10084-CIV-MARTINEZ-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

### ORDER RE: EXTRA-CONTRACTUAL CLAIMS

**This matter** is before this Court upon receipt of the plaintiffs' Suggestion to the Court ...(D.E. 362), and Insurance Company of North America's Memorandum...(D.E. 363), both filed October 23, 2009. The Court has reviewed same and considered all pertinent materials in the file.

And the beat goes on ... Plaintiffs first claimed the extra-contractual claims should be allowed to proceed (at least in part), based on South Carolina law, which they now agree does not apply. Then plaintiffs suggested that the "bad faith" claims might be allowable since Florida law which says otherwise is procedural in nature and not binding in Federal Court - which they asked the opportunity to brief.

The Court granted this request, and plaintiffs now agree that the Florida Statute governing these claims is substantive law, not procedural, but argue that they should still be allowed to proceed

1

on the "bad faith" claims on yet another new, never before raised theory - and one the Court did not allow anyone to address, much less brief. Fantastic!!! Lest defendant feel completely "off the hook," there was not supposed to be a "response-reply" type of briefing. Each side was simply permitted to address the issue raised by Mr. Klock at the hearing, but it is clear from defendant's memorandum that it is, in fact, a response. Plaintiffs - forget about filing a reply ... none is permitted.

The Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Court hereby **GRANTS** the request to abate the bad faith claim in this case. Unlike the case law cited by plaintiffs in support of their latest theory, this case contains allegations of breach of the policy contract. See, e.g., Fishkin v. Guardian Life Insurance Company of America, 22 F. Supp. 2d 1365 (S.D. Fla. 1998), and unlike the case law cited by plaintiffs, one of the issues the Second Amended Complaint raises is the exact amount of the applicable policy limits that apply to the losses alleged in this case.

2. As it regards the other extra-contractual claims, the previous motion on this issue was denied without prejudice, pending the Second Amended Complaint, which has now been filed and is subject to appropriate motions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of October, 2009.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　STEPHEN T. BROWN
　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE

cc:　　Honorable Jose E. Martinez
　　　　Counsel of record
　　　　Special Master Herb Klein