08-10084.o13

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**This matter** is before this Court on Plaintiffs' [Joint] Motion for Reconsideration...(D.E. 466), filed January 15, 2010. The Court has considered the motion and all pertinent materials in the file. Enough is enough. Plaintiffs obviously have a problem understanding what an order of the Court is - and problems complying with same.

To begin with, though the title is different, this is a joint motion of all the plaintiffs - in direct violation of this Court's order denying permission for same. See D.E. 419. While the request for permission to proceed in this fashion was denied without prejudice, apparently plaintiffs equate "without prejudice" to mean - "we need not comply with same". That order specifically stated that the Court would consider the request for relief "if plaintiff (sic) can remedy the matters raised in the

1

responses...". The Court is unaware of any "remedy" nor any further request to consider the relief sought. The Court is only aware of continued non-compliance. On this basis, alone, the motion is subject to being denied.

Secondly, the motion violates Local Rule 7.1.A.1. No law is cited for the relief sought. The motion is one for reconsideration...based on what law...what grounds? Nothing is offered. On that basis, alone, it is subject to being denied.

Thirdly, we deal with the substantive matter of this motion. On August 19, 2009, an order was issued (D.E. 211) allowing plaintiffs to file motions to address any issues they had with the subpoenas at issue. They filed nothing. That constitutes waiver, plain and simple. They sought no extensions, offered no excuses and now for the first time, they wish to claim privilege. On October 13, 2009 a motion was filed to lift the stay on those subpoenas (D.E. 302). The response (D.E. 377) makes no mention of privilege. The resulting order (D.E. 405) clearly requires compliance before the end of November. There was no motion for reconsideration of that order, no request for relief, or anything of the sort.

Plaintiffs' counsel was concerned about the Status Conference of January 6, 2010 "turning into a discovery hearing". It wasn't and didn't. **NO DISCOVERY RULINGS WERE MADE AT THAT HEARING**, and plaintiffs' argument to the contrary is disingenuous. **ORDERING A PARTY TO COMPLY WITH PREVIOUSLY ISSUED ORDERS IS NOT MAKING DISCOVERY RULINGS**.

"Plaintiffs desire a full and fair opportunity to be heard on the discovery issues in question, in particular on the waiver of privilege." Mot. p. 1. This - quite simply is gall! Plaintiffs address this order and simply ignore, overlook or dismiss the previous orders related thereto. As it regards

the subpoenaed documents, any claim of privilege has long since passed ... and is waived.

Presumably Judge Klein's orders came after motions to compel, which were, presumably, responded to, and either the issue of privilege was not raised - in which case it is waived, or it was overruled.

Plaintiffs' gall increases when two additional facts are noted: (1) not one specific document, not one specific response, and not one specific order is referenced in this motion: and (2) plaintiffs take the position that since they raised privilege issues in response to some unnamed requests for production, they "put Defendants on notice of Plaintiffs' privilege objections to subpoenaed documents" (Mot. p. 3), thus apparently rendering this Court's order giving plaintiffs a specific opportunity to file motions regarding the subpoenaed documents a nullity! It should surprise no one that no law is cited to support this position.

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**. The filing of any motions of similar merit to this one will result in the imposition of sanctions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of February, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record

3