UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

                    *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

                    *Defendants.*

_____

**INSURANCE COMPANY OF NORTH AMERICA'S
MOTION FOR CONTEMPT DUE TO
PLAINTIFFS' FAILURE TO COMPLY WITH D.E. 541
<u>AND MEMORANDUM OF LAW IN SUPPORT</u>**

Insurance Company of North America ("INA") files this Motion for Contempt Due to Plaintiffs' Failure to Comply with D.E. 541 and Memorandum of Law in Support, and in support thereof, INA would show the Honorable Court as follows:

IYC and HPC sued INA for at least $114,962,333.00. (Exhibits "E" and "F"). Due to the extraordinary amount in controversy, INA needs basic information regarding Plaintiffs' damage model including how IYC and HPC calculate their individual damage claims and the documents which support those claims.

Within International Yachting Charters, Inc.'s ("IYC"} and High Plains Capital's {"HPC"} Supplemental Initial Disclosures, these plaintiffs conclusorily state amounts that they want as damages. (Exhibit "G"). No support was provided for these figures and no supporting documents were referenced. (Exhibit "G"). Instead, Plaintiffs provide bates numbers for

1

312,528 pages of documents. (Exhibits "E" and "F"). This evidences Plaintiffs' continuing "go figure it out" approach its pleadings and damage claims.

To attempt to understand the basis of IYC and HPC's damage claims, INA sent interrogatory requests. In their initial response, IYC and HPC merely referred INA to their conclusory Supplemental Initial Disclosures. (Exhibit "H"). Since this provided no information regarding how IYC and HPC calculated their damages and the documents supporting those claims, INA moved to compel full and complete responses. (D.E. 357).

On November 23, 2009, Special Master Klein ordered Plaintiffs to comply with Interrogatories Numbers 3, 5, 8, and 13. (Exhibit "A," pp. 47-48, 52, 55-56, and 59). This was well prior to Plaintiff Peter Halmos' illness emerged. Receiving responses to these interrogatories is imperative to this case because they require, in part, Plaintiffs to itemize and describe their damage model.

Plaintiffs agreed to comply with Special Master Klein's Order by no later than December 11, 2009. (Exhibit "B," p. 4). INA consented to this request as an accommodation to Plaintiffs. (Exhibit "B," p. 2).[1]

Despite the extended December 11, 2009 deadline, Plaintiffs did not comply with Special Master Klein's November 23, 2009 Order. INA reminded Plaintiffs regarding their deadline. Rather than provide the requested documentation, Halmos wrote that he would not comply with Special Master Klein's November 23, 2009 Order. ((Exhibit "D")(characterizing the information ordered for production as "redundant")).

---

[1] There was a period of time after the extension was granted that Plaintiffs then took the position that the Halmos deposition could actually proceed On December 8, 2009. During that short period, INA and JC Antorcha corresponded regarding the necessity of receiving the damage model prior to the deposition. (Exhibit "C").

On March 2, 2010, this Court provided IYC and HPC until March 5, 2010 to fully comply with Special Master Klein's November 23, 2010 Order or risk the imposition of "substantial sanctions." (D.E. 541, p. 3). Though IYC and HPC tendered Amended Interrogatory Responses, they did not comply with Special Master Klein's Order in several material respects. Despite Special Master Klein's Order, IYC and HPC's responses fail to state the manner in which damages are calculated or the specific documents which support the damage claims. (Exhibits "E" and "F"). For example, IYC merely states it is entitled to $11,000,000.00 in property damages without stating how it arrived at that figure or identifying the specific documents supporting that claim. (Exhibit "E," p.2). Also, IYC states it is entitled to $3,500,000.00 for property damage related to the hit and run collision and $6,500,000.00 for property damage related to Hurricane Wilma without support. (Exhibit "E," pp. 12 and 14). Further, IYC states that it is entitled to $7,333,333.00 in liability coverage damages and $16,000,000.00 in protection against loss damages related to Hurricane Wilma, but it never provides an explanation how that figure is calculated or the documents that support the claim. (Exhibit "E," pp. 16 and 18). These examples of IYC and HPC's deficiencies demonstrate their failure to comply with Special Master Klein's Order. Therefore, INA submits that Plaintiffs are in contempt of court.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 37, where a party fails to obey an order to provide or permit discovery, the court may issue an order holding the party in contempt of court for the party's failure to obey the order. The burden on a party seeking contempt is to show, by clear and convincing evidence, that the party allegedly in contempt violated the court's earlier order. *U.S. v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988); *see also Commodity Futures Trading*

3

*Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). This burden of proof is more exacting than the "preponderance of the evidence" standard but, unlike criminal contempt, does not require proof beyond a reasonable doubt. *U.S. v. Rizzo*, 539 F.2d 458. 465 (5th Cir. 1976).

To find contempt, a court must find that the "order violated was clear and unambiguous and that the party to be charged had notice of the order but did not diligently attempt to comply." *Popular Bank of Fla.*, 180 F.R.D. 461, 465 (S.D. Fla. 1998); *see also In re E.I. DuPont De Nemours*, 99 F.3d 363, 372 (11th Cir. 1996). Whether an order is clear and unambiguous is a question of fact to be resolved with "reference to the context in which the order is entered and the audience to which it is addressed." *U.S. v. Burstyn*, 878 F.2d 1322, 1324 (11th Cir. 1989); *see also U.S. v. Cable News Network, Inc.*, 865 F.Supp. 1549, 155 (S.D. Fla. 1994)(stating that the order must be specific enough to put the defendant on notice as to what actions the court was trying to prohibit).

A.   **The Orders IYC and HPC Violated**

Special Master Klein issued an Order which dictated specific items that IYC's and HPC's interrogatory responses must address. IYC and HPC agreed to provide this information by December 11, 2009, but did not do so. (Exhibit "B," p. 4). After considering INA's previous Motion for Contempt, this Court ordered that IYC and HPC must comply with Special Master Klein's order "on or before Friday, March 5, 2010." (D.E. 541, p. 3).

Though Amended Interrogatory Responses were received on March 5, 2010, they did not comply with Special Master Klein's Order. Specifically, IYC and HPC failed to provide the following material information which was ordered by Special Master Klein:

4

>   (1).   State how each measure of damages was calculated (Interrogatory No. 3);
>   (2).   Identify the back up documents supporting each measure of damages (Interrogatory No. 3); and
>   (3).   State the costs and value of all work performed on the S/Y LEGACY since the date of manufacture (Interrogatory No. 8).

(Exhibit "A," pp. pp. 45:19-46:14 (back up documents) and 47:17-48:4 (damage calculations) and 56:6-25 (cost and value of work to the S/Y LEGACY)). The ruling on Interrogatory No. 3 will be addressed first followed by Interrogatory No. 8.

   1.   The Order Related to Interrogatory No. 3

For damage interrogatories tendered to both IYC and HPC, Special Master Klein ruled that the responses were inadequate and must be amended. (Exhibit "A," pp. 45:19-46:14 and 47:17-48:4). Specifically Special Master Klein ordered:

> Well, we know what I think is reasonable, and I think he has to respond again to those interrogatories, exactly what occurred in each incident, what damages was suffered in each incident, physical damage, itself, what is the amount of damages that he claims, ***how did he arrive at the conclusion that these are the amount of damages***, whether that's by – [interruption omitted] – an INA estimate, a Rybovich estimate or whatever.

(Exhibit "A," pp. 47:17-48:4 (emphasis added)). He further stated that "what INA is asking for is something that should have been produced a long time ago." (Exhibit "A," p. 7:15-21). Special Master Klein also ordered:

> Here's what I think should be done: I don't think Mr. DeMahy's request is unreasonable. What he wants is for each one of these incidents, A, what is the estimate of damages that occurred for each one of these incidents due to that particular incident, B, what are the actual physical damages arising out of each one of these incidents, what happened when Wilma struck, what happened when the Sol collision, what happened with the hit and run, exactly what it is that occurred. So he needs the reasonable estimate of damages. What physically happened to the boats or ships when

> this occurred ***and what kind of backup material do you have to show that these damages that you allege were reasonably incurred***.

(Exhibit "A," pp. 45:19-46:14 (emphasis added)). Judge Brown further ruled that these amendments must be provided by March 5, 2010. (D.E. 541).

While IYC and HPC tendered amended interrogatory responses, they did not comply with these Orders. (Exhibits "E" and "F"). Regarding the order requiring a calculation of each measure of damages, IYC and HPC failed to state how each measure of damages was calculated. (Exhibit "E," pp. 2-19 and Exhibit "F," pp. 2-16). Instead, IYC and HPC conclusorily state a damage figure without explaining how it was calculated. (Exhibit "E," pp. 2-19 and Exhibit "F," pp. 2-16).[2] This violates Special Master Klein's Order. (Exhibit "A," pp. 47:17-48:4).

Regarding the order requiring references to specific back up material which support their damage claims, IYC and HPC fail to so. (Exhibit "E," pp. 2-19 and Exhibit "F," pp 2-16). Instead, IYC and HPC merely refer INA to the same 312,528 pages of documents generally for each measure of damages. (Exhibit "E," pp. 2-19 and Exhibit "F," pp. 2-16).

Further, IYC and HPC make no effort to even identify the specific documents by category. (Exhibit "E," p. 2-19 and Exhibit "F," pp. 2-16). Instead, the following description is used in support of every category of damages identified by IYC:

> *See*: Communications: (a) from and to ACE INA, its agents and Strickland; (b) from and to Upham, claims adjusters for Upham, Rybovich, others; (c)Upham et al. litigation documents; (d) IYC payments; (e) Peter Halmos advance payments to IYC or direct payments for the benefit of IYC; (f) IYC payments of expenses and accounts payable; (g) Those documents/communications can be found in the following Bates #'s:

---

[2] For IYC, only one measure of damages (the SOL Collision Protection Against Loss and Salvage Charges claim for $34,380,000.00) provided the manner by which the damage figure was calculated. (Exhibit "E," p. 6). For HPC, only one measure of damages (the General Provisions: Protection Against Loss Subsection (c)) provided the manner by which the damage figure was calculated. (Exhibit "F," pp. 7-8).

6

(Exhibit "E," pp. 2-19).[3] A similar, general type of description is used in support of almost every category of damages identified by HPC. (Exhibit "F," pp. 2-16).[4] For both IYC and HPC, Plaintiffs then reference the same 312,528 pages of documents for 20 of the 21 IYC measures of damages and for all of the HPC measures of damages. (Exhibit "E," pp. 2-19 and Exhibit "F," pp. 2-16). The remaining IYC measure of damages does not reference any documents at all. (Exhibit "E," pp. 6-7).[5] This fails to comply with Special Master Klein's Order.[6]

The type of detail required by Special Master Klein for this interrogatory is apparent from the extended discussion which occurred related to one measure of Plaintiffs' damages. (Exhibit "A," pp. 24:10-35:7). Regarding the $11,000,000.00 claimed related to the SOL collision, Special Master Klein required Plaintiffs to specifically identify the precise documents upon which they were relying upon to calculate that measure of damages. (Exhibit "A," pp. 34:14-35:7). This is the degree of detail expected on all damage measures by Special Master Klein. Therefore, INA submits that Plaintiffs are in contempt of court.

---

[3] Only three times do Plaintiffs offer any different explanation. (Exhibit "E," pp. 6-7, and 19). Certain damages measures contain an additional introductory sentence. (Exhibit "E," pp. 4, 10, 14 -16, and 18).

[4] The descriptions for HPC do vary, however, each only references the broadest, most general categories of documents and, therefore, they are essentially meaningless. (Exhibit "F," pp. 2-16).

[5] Special Master Klein rejected Plaintiffs' arguments that they need only produce supporting documents without reference to the specific damage claims or without providing how damage claims were calculated. Over and over, INA requested that Plaintiffs itemize documents supporting the breakdown of damage claims per count. (Exhibit "A," pp. 15:14-21; 16:1-2; 16:15-24; 19:23-20:11; 26:18-27:8; 30:4-11; 30:21-31:7; 36:17-37:7;44:13-45:10). In response, Plaintiffs repeatedly stated that they had no obligation to do so. (Exhibit "A," pp. 4:12-16; 5:3-11; 15:2-13; 17:2-3; 31:8-12; 33:14-34:2; 37:8-19; 42:14-19) As stated above, Special Master Klein found that Plaintiffs did have to list the backup material which supported each damage claim per count. (Exhibit "A," pp. 45:19-46:14). Plaintiffs' refusal to comply with Special Master Klein's order is particularly egregious due to the extended discussion which occurred at the hearing on precisely this issue.

[6] Plaintiffs' previous response to Interrogatory No. 3 merely referred to the Plaintiffs' Supplement Initial Disclosures. (Exhibit "G"). Plaintiffs' amended response to Interrogatory No. 3 is merely adds some of the information from Plaintiffs' Supplemental Initial Disclosures without providing the information ordered by Special Master Klein. A simple comparison of the two documents demonstrates this point. (*Compare* Exhibits "E" and "F" *with* Exhibit "H").

2.  The Order Related to Interrogatory No. 8

For the costs and value of all work performed on the S/Y LEGACY since the date of manufacture, Special Master Klein ruled that Plaintiffs' responses were inadequate and must be amended. (Exhibit "A," pp. 56:6-25). Specifically Special Master Klein ordered:

> THE COURT: Interrogatory Number 8, so it's clear on the record, you will answer Interrogatory Number 8.
>
> MR. KLOCK: So you're ordering us, Judge, to produce every repair bill ever made on the LEGACY from the time it was purchased up until the time of the Sol collision? That's the Court's ruling?
>
> . . .
>
> THE COURT: Yes, sir. That's what I'm ordering you to answer. That's what I'm recommending to answer. I don't order. I just recommend.

(Exhibit "A," pp. 56:6-25). Therefore, IYC had to provide the responsive information to Interrogatory No. 8 by March 5, 2010.

Though Plaintiffs clearly understood the scope of the Court's Order, once again they failed to comply. Rather than respond to with the costs and value of all work provided to the S/Y LEGACY (which is what Interrogatory No. 8 requested), Plaintiffs provided a 400 page list of what appears to be every expense ever incurred by Plaintiffs. (Exhibit "E," Attachment "A"). This list includes food, legal bills, salaries, charges from Plaintiff Peter Halmos' other companies, medical expenses, bank charges, and other similar such items. (Exhibit "E," Attachment "A"). This has nothing to do with the information which INA requested. The obvious intent of this interrogatory response is to "hide the ball" and prevent INA from getting the responsive information it needs. Therefore, Plaintiffs failed to comply with Special Master

Klein's order by Judge Brown's deadline and INA submits that Plaintiffs are in contempt of court.

**B.     Plaintiffs Continue To Refuse To Obey Court Orders**

Despite Plaintiffs' renewed refusal to comply with Special Master Klein's Order, INA reminded IYC and HPC of their obligations and gave them an additional two days to comply. (Exhibit "I"). Once again, Plaintiffs refused to do so.

This refusal is reminiscent of Plaintiff Peter Halmos' earlier refusal to comply with Special Master Klein's Order. Specifically, Plaintiff Peter Halmos proclaimed:

> In response to your communication to me via Mr. Morgan, Plaintiffs' [sic] are in full compliance with Judge Brown's Orders. Plaintiffs supplemental Rule 26 disclosures as to damages are in Defendants' possession long before Mr. Browning's frivolous December 7 communication to which you refer. Plaintiffs' detailed and damages [sic] are presented per incident in chronological order, itemized pursuant to insurance contract coverages, and fully supported by (1) documents as kept by Plaintiffs in the ordinary course of business and (2) documents and information in the possession of Defendants. Moreover, out-of-pocket expenses for hurricane Wilma damages to Legacy; hurricane Katrina damages to Mongoose; and, hurricane Wilma damages to Mongoose were separately submitted to ACE, INA and to Defendants' lawyers itemized exactly as directed by INA and fully supported by receipts.

(Exhibit "D").[7] Plaintiffs appear to believe that they do not need to comply with Court Orders with which they disagree.

The substance of Plaintiffs' responses further demonstrates a disregard for Court Orders. With only one exception, Plaintiffs did not provide any material new information in their Amended Response to Interrogatory No. 3. In the original response, Plaintiffs merely referenced their Supplemental Initial Disclosures. (Exhibit "G"). In the Amended Response to

---

[7] All of the documents and damages referenced in Plaintiff Peter Halmos' email were produced prior to November 23, 2009. Therefore, they have already been found by Special Master Klein to be insufficient.

Interrogatory No. 3, Plaintiffs merely pull selected information from the Supplemental Initial Disclosures, fail to provide how each damage measure is calculated, and then reference 312,538 documents generally. (Exhibits "E" and "F"). This is an egregious violation of this Court's Order. Therefore, INA submits that Plaintiffs are in contempt of Court and INA's legitimate discovery efforts are once again frustrated.

## CONCLUSION

Since Plaintiffs failed to comply with Special Master Klein's November 23, 2009 Order requiring full and complete responses with Interrogatory Numbers 3, and 8 as well as D.E. 541 and they should be held in contempt of Court. Defendant Insurance Company of North America requests that this Court hold Plaintiffs in contempt of Court, require Plaintiffs to fully comply with Special Master Klein's Order, and impose such sanctions as the Court deems just and proper due to Plaintiffs' intentional violation of this Court's Order.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Insurance Company of North America respectfully requests that the Court hold Plaintiffs in contempt of Court, require Plaintiffs to fully comply with Special Master Klein's Order, and impose such sanctions as the Court deems just and proper due to Plaintiffs' intentional violation of Special Master Klein's November 23, 2009 Order regarding providing full and complete responses to Interrogatory Numbers 3 and 8 and D.E. 541, and grant Defendant any and all other relief to which it may show itself justly entitled, whether at law, in equity, or in admiralty.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1.A.3, counsel for the moving party hereby certifies that counsel for the moving party conferred in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

## CERTIFICATE OF SERVICE

I hereby certify that on **March 8, 2010**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BROWN SIMS, P.C.

By: /s/ Frank J. Sioli
  Frank J. Sioli
  Florida Bar No. 009652
  Datran One – Suite 908
  9100 South Dadeland Boulevard
  Miami, Florida 33156
  Telephone: 305.274-5507
  Facsimile 305.274-5517

*Attorneys for Defendant, Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713-629-5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Mr. Thomas A. Campbell
Mr. John F. Easton
Pillsbury Winthrop Shaw Pittman
909 Fannin, Suite 2000
Houston, Texas 77010
Telephone: 713.276-7676
Facsimile: 281.582-6033
tom.campbell@pillsburylaw.com
john.easton@pillsburylaw.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via Certified Mail, return receipt requested
& via U.S. Mail, postage pre-paid)

Mr. Scott A. Bassman
Cole, Scott & Kissane, P.A.
Dadeland Centre II, Ste 1400
9150 South Dadeland Blvd
Miami, Florida 33156
Telephone: 305.350-5303
Facsimile: 305.373-2294
scott.bassman@csklegal.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**CASE NO. 08-10084-CIV-MARTINEZ/BROWN**

PETER HALMOS, et al.,

                        *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

                        *Defendants.*

---

**ORDER GRANTING INSURANCE COMPANY OF NORTH AMERICA'S
MOTION FOR CONTEMPT DUE TO
<u>PLAINTIFFS' FAILURE TO COMPLY WITH D.E. 541</u>**

On this day came on to be heard Insurance Company of North America's Motion for Contempt Due to Plaintiffs' Failure to Comply with D.E. 541. The Court, after considering the Motion, the Response, the Reply, and arguments of counsel, is of the opinion that the Motion is well taken and should in all things be GRANTED. It is therefore

ORDERED, ADJUDGED, and DECREED that Plaintiffs are in contempt of D.E. 541. Plaintiffs are ordered to state/identify (a) how each measure of damages was calculated (Interrogatory No. 3); (b) all back up documents supporting each measure of damages either by bates label (Interrogatory No. 3); and (c) the costs and value of all work performed on the S/Y LEGACY since the date of manufacture (Interrogatory No. 8). This discovery shall be provided within three (3) calendar days from the date of this Order. Should Plaintiffs fail to comply, they shall be barred from recovering amounts omitted (and/or listed in the manner other than as ordered by Special Master Klein) from their damage model at the trial of this matter related to these entities. It is further

1

2

ORDERED, ADJUDGED, and DECREED that Plaintiff International Yachting Charters, Inc. shall pay Insurance Company of North America $_____ in sanctions due to its violation of D.E. 541.

Signed this _____ day of _____, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

<u>Peter Halmos, Int'l Yachting Charters, Inc. &</u>
<u>High Plains Capital v. Insurance Co. of North America</u>
<u>& Strickland Marine Insurance, Inc.</u>
<u>Case Number: 08-10084-CIV-BROWN</u>

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com

Mr. Thomas A. Campbell
Mr. John F. Easton
Pillsbury Winthrop Shaw Pittman
909 Fannin, Suite 2000
Houston, Texas 77010
Telephone: 713.276-7676
Facsimile: 281.582-6033
tom.campbell@pillsburylaw.com
john.easton@pillsburylaw.com

Mr. Joseph P. Klock, Esq.
Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

3

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407

Mr. Frank J. Sioli
Ms. Zascha Abbott
Datran Two – Suite 1609
9130 South Dadeland Blvd.
Miami, FL 33156-7851
Telephone: 305-274-5507
Facsimile: 305-274-5517
fsioli@brownsims.com
zabbott@brownsims.com

Mr. Scott A. Bassman
Ms. Valerie M. Jackson
Cole, Scott & Kissane, P.A.
Dadeland Centre II, Ste 1400
9150 South Dadeland Blvd
Miami, Florida 33156
Telephone: 305.350-5303
Facsimile: 305.373-2294
scott.bassman@csklegal.com
valerie.jackson@csklegal.com

Kenneth G. Engerrand
P. Michael Bowdoin
Michael A. Varner
Robert M. Browning
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713-629-1580
Facsimile: 713-629-5027
kengerrand@brownsims.com
mbowdoin@brownsims.com
mvarner@brownsims.com
rbrowning@brownsims.com