08-10084.or15

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10084-CIV-MARTINEZ-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

### ORDER TO SHOW CAUSE

**This matter** is before this Court on Plaintiffs Motion for Enlargement of Time to Submit Final Reports (D.E. 620) and INA's Motion to Strike (which the Court finds is really be a response to plaintiffs' motion and will be treated as such).

The Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that a hearing will be held on **Thursday, April 8, 2010, at 3:30 P.M.**, at which time plaintiffs may show good cause why this case should not be dismissed.

The Court is having trouble ruling on plaintiffs' motion only because the Court is, quite frankly, stupefied! In all its years as a practicing attorney and as a judge, this Court has never seen the actions displayed in this case by plaintiffs and the unimaginable audacity with which they

1

proceed.

The matters giving rise to this lawsuit have existed for almost five years. The particular "triggering incident" occurred on October 25, 2005. Expert witness summaries were originally due in this case in September, 2009 (see D.E. 100). In November 2009, this Court set a deadline requiring plaintiffs to disclose experts and provide summaries as required by January 8, 2010. Most incredibly, on March 3, 2010 the parties (yes, including all plaintiffs) submitted a Joint Motion for an **AGREED** Scheduling Order which provided, in pertinent part, that plaintiffs would designate experts and provide appropriate summaries by March 18, 2010. This Court rejected that proposal, not because of the expert dates but because of dates regarding other matters. (See D.E. 557).

At the hearing of March 17, 2010, we heard, for the first time, the incredible story that plaintiffs were nowhere near prepared to comply with their own agreed-to dates. The Court again extended the deadline to March 29, 2010. Now we hear that not only do plaintiffs wish to have significantly longer time, they have, in some cases, no reports, in some cases they claim they need additional inspections, and in some cases they want information from defendants before they can even contemplate reports. To say this is unconscionable is to put it mildly!

Plaintiffs now claim "[S]everal experts need to view the Legacy subsequent to its removal from the location where it was grounded and undertake further survey work." This is absurd! In the first place, these are the same plaintiffs who claim that defendants experts had "thoroughly examined the Legacy in December 2005" (see D.E. 505, ¶99). In the second place, it appears that the claims to the Legacy are all from acts that occurred prior to 2006. Yet plaintiffs now state that "there are only a handful of qualified experts worldwide that can provide appropriate repair services and therefore the completion of their damage surveys and repair cost estimates has to be coordinated with other workload commitments and with their ability to travel to Florida" (page 1 of the motion).

There can be no question that if this Court were to grant any relief to plaintiffs it would,

again, require moving the trial date. It would, again, open "pandora's box" once more, and the Court is unaware of any viable excuse for plaintiffs' actions in this case - thus the reason for the hearing. This Court has previously stated on the record - more than once - that it appears that the parties seem more interested in litigating this case than bringing it to a conclusion ... and the scale tips significantly more against the plaintiffs than defendants.

Plaintiffs' latest disregard of orders of the Court, to say nothing of the dates they, themselves agreed to, is egregious and warrants consideration of dismissal of the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of April, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record