UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 08-10084-CIV-MARTINEZ-BROWN

PETER HALMOS; INTERNATIONAL
YACHTING CHARTERS, INC.; and
HIGH PLAINS CAPITAL,

       *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH AMERICA
and STRICKLAND MARINE INSURANCE, INC.
(f/k/a STRICKLAND MARINE AGENCY, INC.),

       *Defendants.*
_____/

### INSURANCE COMPANY OF NORTH AMERICA'S RESPONSE TO PLAINTIFFS' OBJECTION TO JUDGE KLEIN'S RULING (D.E. 586) AND MEMORANDUM OF LAW

Insurance Company of North America ("INA") files this Response to Plaintiffs' Objection to Judge Klein's Ruling (D.E. 586) and Memorandum of Law in Support, and in support thereof, INA would show the Honorable Court as follows:

### BACKGROUND FACTS

Peter Halmos' ("Halmos") deposition in his capacity as the corporate representative of High Plains Capital ("HPC") concluded on March 10, 2010. Halmos' deposition in his individual capacity then commenced. As questioning began, counsel for Plaintiffs International Yachting Charters, Inc. ("IYC") and High Plains Capital ("HPC") raised objections to Halmos being questioned on any matters which were not directly related only to his personal claims.

1

(D.E. 586, p. 5; Exh. "A," p. 10:2-23). Halmos, in his *pro se* capacity, made no such objection. (Exh. "A," pp. 9-17).

In response to the objections made by counsel for IYC and HPC only, Special Master Klein ruled that the deposition could proceed since Halmos was also a fact witness who has personal knowledge of certain events. (Exh. "A," p. 13:24-14:1). The specific exchange leading up to Special Master Klein's ruling is as follows:

> Mr. Klock:   Just rule on it, Judge. If you rule that they can go into those other things, we are going to take it up before the deposition [*Pro Se* Plaintiff Peter Halmos'] is taken.
>
> The Court:   He is a fact witness, as far as I am concerned, they can ask him questions about facts that he knows.

(Exh. "A" 13:20-14:1). Then, after additional argument:

> The Court:   . . . Anyway, that is my ruling. You can ask him any questions of which he has personal knowledge.
>
> Mr. Klock:   Then, Judge, I suggest that this portion of the transcript be typed up and we take it up. We are not going to agree to that.
>
> The Court:   Please type an excerpt in which I state that it is my ruling that he can be asked questions of which he has personal knowledge.
>
> \* \* \* \* \*
>
> The Court:   Are we ready to move forward gentlemen? Are we ready to move forward? Why don't we call the Judge and just ask him? I have his number.
>
> Mr. Klock:   No, I want to brief it. I don't want to call the Judge.

(Exh. "A," pp. 15:15-17:8). Plaintiffs then used this ruling as their latest excuse to avoid Halmos being deposed. Upon Special Master Klein rendering his ruling, the Plaintiffs simply left the deposition! The opportunity to contact this Court and immediately receive a ruling was provided

and Plaintiffs did not utilize it. In fact, they deliberately prevented it from occurring by immediately leaving the deposition. INA contends Plaintiffs' actions were improperly intended to prevent further legitimate cross-examination of Halmos and an appropriate sanction should be considered.

For the Court to fully understand what is occurring before Special Master Klein, three issues must be considered. First, Plaintiffs have repeatedly attempted to delay Halmos' deposition from occurring. (*See* D.E. 627, pp. 1-3). Second, Plaintiffs' failure to provide basic information regarding its damage model (even after being ordered to do so by Special Master Klein) demonstrates that Plaintiffs' actions with regard to Halmos' deposition are part of a larger pattern. This is the subject of a pending Motion for Sanctions before this Court. (D.E. 548). Third, Plaintiffs' actions expose the need to empower Special Master Klein with additional powers to control deponents and their counsel during depositions and other proceedings. Special Master Klein has repeatedly ordered Halmos to answer questions and Halmos simply refuses or provides long non-responsive answers. (*e.g.*, Exhibit "B," pp. 431:17-432:22 (refusal to answer legitimate questions) and p. 429:14-22 (non-responsiveness)). Depositions may proceed more expeditiously if Special Master Klein had additional powers to compel Halmos' compliance with his orders.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 53(f), the court must decide *de novo* all objections to findings of fact and legal conclusions made or recommended by a master, unless the parties agree that the review will be for clear error or that the findings of the special master will be final. Fed. R. Civ. P. 53(f). Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, including dismissal, when a party "fails to obey an order to

3

provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-1375 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore "substantial responsibility" for the delays in discovery and that the defendants were not at fault).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties for failure to comply with the court's discovery orders. Specifically, it provides that a court may impose the following sanctions (among others):

> (1). the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order;
> (2). the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order;
> (3). the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or enter a judgment of default against the violating party; and
> (4). the court may consider the violation a contempt of court.

Fed. R. Civ. P. 37. The Eleventh Circuit Court of Appeals held that when a plaintiff deliberately and defiantly refuses to obey discovery orders, the trial judge has the authority to deny that plaintiff further access to the court to pursue the case and dismissal is proper. *Phipps v. Blakeney*, 8 F.3d 788, 791 (11th Cir. 1993). In a recent Southern District of Florida opinion, the court stated that parties who offer evasive interrogatory answers and deposition testimony which omits relevant information invite sanctions. *Gonzalez v. Business Representation Int'l, Inc.*, 248 F.R.D. 644, 646 (S.D. Fla. 2008). Such is the case here.

Halmos' deposition takes as long as it does due solely to the conduct of Halmos and Plaintiffs' counsel. Halmos repeatedly refuses to answer even the most basic questions. (*e.g.*, Exhibit "B," pp. 431:17-432:22 (refusal to answer legitimate questions) and p. 429:14-22 (non-responsiveness)). When ordered to answer many questions by Special Master Klein, he simply refuses to do so. (*e.g.*, Exhibit "B," pp. 431:17-432:22). Special Master Klein meticulously tracks the length of these depositions based in part on Halmos' responsiveness to questions. The bottom line is that if Plaintiffs want the Halmos depositions to end, they have the power to do it – Peter Halmos must answer the questions posed to him.

Further, Halmos is a fact witness who also has individual claims. Halmos can be deposed on these issues. Plaintiffs have put forth a conclusory and unsupported damage model of over $114,000,000.00. They have refused to comply with Court orders regarding additional information which must be supplied (D.E. 548). Defendants should have the opportunity to ask fact witnesses about it.

The issues raised by Plaintiffs could have easily been resolved while all parties were with Special Master Klein at the deposition. No meaningful authority is provided by Plaintiffs with their Motion and they have raised no novel or complex arguments. (*See* D.E. 586). Further, Plaintiffs repeated suggested calling Judge Brown during the deposition. (Exhibit "B," pp. 431:17-432:22). When the decision was made to call the Court by Special Master Klein, however, Plaintiffs simply walked out of the deposition. The simple explanation for the conduct is that Plaintiffs wanted the deposition to end and they grasped at any straw they could to make sure it happened. INA respectfully asserts that Plaintiffs' Motion be denied, for other such relief as the Court may deem proper pursuant to Federal Rule of Civil Procedure 37, and any other relief which this Court may deem proper.

## CERTIFICATE OF SERVICE

I hereby certify that on **April 1, 2010**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BROWN SIMS, P.C.

By: /s/ Frank J. Sioli
Frank J. Sioli
Florida Bar No. 009652
Datran One – Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: 305.274-5507
Facsimile 305.274-5517

*Attorneys for Defendant, Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713-629-5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via Certified Mail, return receipt requested
& via U.S. Mail, postage pre-paid)

Mr. Scott A. Bassman
Mr. Jonathan E. Feuer
Cole, Scott & Kissane, P.A.
Dadeland Centre II, Ste 1400
9150 South Dadeland Blvd
Miami, Florida 33156
Telephone: 305.350-5303
Facsimile: 305.373-2294
scott.bassman@csklegal.com
jonathan.feuer@csklegal.com

(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

                      *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

                      *Defendants.*

## ORDER DENYING PLAINTIFFS' OBJECTION TO JUDGE KLEIN'S RULING OF MARCH 10, 2010

On this day came on to be heard Plaintiffs' Objection to Judge Klein's Ruling of March 10, 2010. The Court, after considering the Motion, the Response, the Reply (if any), and arguments of counsel, is of the opinion that the Motion is not well taken and should in all things be DENIED. It is therefore

ORDERED, ADJUDGED, and DECREED that Plaintiffs Objection to Judge Klein's Ruling of March 10, 2010 is denied.

Signed this _____ day of _____, 2010.

                                      STEPHEN T. BROWN
                                      CHIEF UNITED STATES MAGISTRATE JUDGE

<u>Peter Halmos, Int'l Yachting Charters, Inc. &
High Plains Capital v. Insurance Co. of North America
& Strickland Marine Insurance, Inc.
Case Number: 08-10084-CIV-BROWN</u>

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com

Mr. Scott A. Bassman
Mr. Jonathan E. Feuer
Cole, Scott & Kissane, P.A.
Dadeland Centre II, Ste 1400
9150 South Dadeland Blvd
Miami, Florida 33156
Telephone: 305.350-5303
Facsimile: 305.373-2294
scott.bassman@csklegal.com
jonathan.feuer@csklegal.com

Mr. Joseph P. Klock, Esq.
Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407

Mr. Frank J. Sioli
Ms. Zascha Abbott
Datran Two – Suite 1609
9130 South Dadeland Blvd.
Miami, FL 33156-7851
Telephone: 305-274-5507
Facsimile: 305-274-5517
fsioli@brownsims.com
zabbott@brownsims.com

Kenneth G. Engerrand
P. Michael Bowdoin
Michael A. Varner
Robert M. Browning
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713-629-1580
Facsimile: 713-629-5027
kengerrand@brownsims.com
mbowdoin@brownsims.com
mvarner@brownsims.com
rbrowning@brownsims.com