08-10084.o21

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

**ORDER RE: OBJECTION TO JUDGE KLEIN'S RULING OF MARCH 10, 2010**

    **This matter** is before this Court on plaintiffs' Objection to Judge Klein's Ruling of March 10, 2010 (D.E. 586). The Court has considered the objection, the responses thereto, the reply, and all pertinent materials in the file. As usual, both sides have contributed to the problem. Therefore, the objection is **SUSTAINED**, in part, and **OVERRULED**, in part, as follows.

    It is clear to this Court that the depositions of Mr. Halmos as the corporate representative of the two corporations have been concluded (See D.E. 631, p. 1 and D.E. 627, p. 2). It is further clear that there have been difficulties encountered in taking the deposition(s) of Mr. Halmos (wearing "whatever hat"), at least in part because of his non-lawyer status, which gives him less understanding of our rules of discovery.

Mr. Halmos should understand that the scope of allowable discovery is rather broad. It is not the same as admissible evidence. There are a limited number of allowable reasons for refusing to answer questions propounded (and "I don't want to answer that question" is not one of them). For example, while the Court recognizes that he might not want to answer certain questions regarding litigation between he and his family, and would completely understand his desire not to go there, that is not a basis for not answering. Comments by other plaintiffs' lawyers ("So now we're going to have an additional 20 minutes of questions about litigation in his family?") are improper and do nothing to improve the situation. The reality is, the fact that questions may seem irrelevant to the issues in the case is not a basis to refuse to answer .... even though the information to be furnished may be unpleasant, and even though the information derived may later be deemed to be inadmissible in the trial.

Because of Mr. Halmos's answers, or lack thereof, and the obstruction of plaintiffs' counsel in: (1) the comments made, supra; and (2) the avoidance of Judge Klein's very reasonable attempt to get a quick ruling on the matters at hand, additional time will be permitted to depose Mr. Halmos. Therefore to that extent the objections are **OVERRULED**.

As to the scope of the deposition however, as noted, the depositions of the corporations have been concluded, and no request (much less good cause for same) has been made to re-open them. Therefore Mr. Halmos may be examined as to his pro se claims. To that extent the objection is **SUSTAINED**. It must be noted, though, that at least for the present, some of those claims mirror, if not duplicate, claims made by the corporations. Thus to the extent there is some overlap it will be permitted.

To the extent that claims have been dismissed with prejudice, those claims remain dismissed and questioning as to those claims is not appropriate. The Court recognizes that there have been

some Notices of Appeal filed. When and if this Court's decision on those claims is reversed, additional time may be allotted for deposition questions in these areas.

In addition, there can be no question that Mr. Halmos is also a fact witness. This is true both as to the events that occurred regarding the vessels, as well as the events surrounding the coverage issues. It is axiomatic that questions of a fact witness are appropriate. What is not appropriate is to ask questions that clearly go back into the "corporate realm," such as answers to interrogatories Mr. Halmos signed on behalf of a corporation.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of April, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Counsel of record