UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-10084-CIV-BROWN

PETER HALMOS, et al.,

                              *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

                              *Defendants.*
_____/

## INA'S RESPONSE TO THE MOTION TO COMPEL INA TO ANSWER HPC'S 1ST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION AND IYC'S 1ST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND MOTION FOR SANCTIONS

Defendant Insurance Company of North America ("INA"), by and through its counsel, hereby files the above-styled Response and states as follows:

1. Plaintiffs' Motion to Compel ("Plaintiffs' Motion") should be referred to Special Master Klein. It is a discovery motion subject to D.E. 266.

2. Plaintiffs' Motion should be denied because Plaintiffs did not demonstrate that INA failed to comply with the applicable discovery rules or otherwise refused to provide complete answers to all of Plaintiffs' discovery requests.

3. Despite Plaintiffs' contentions, INA has complied with Special Master Klein's recommendation and INA's agreement to amend its answers to the applicable discovery. (See Amended Answers attached as Exhibits "A" and "B").

WHEREFORE, in light of the foregoing, and as supported more fully below, INA respectfully requests that this honorable Court deny Plaintiffs' Motion to Compel and award INA its attorneys' fees and costs for the instant matter as a sanction against Plaintiffs.

1

## MEMORANDUM OF LAW

I. **Plaintiffs' Motion Lacks Merit**

Pursuant to Federal Rule of Civil Procedure 37, an order granting a motion to compel should not be granted unless the party responding to the discovery request fails to provide information which is required under the relevant discovery rules. See Fed. R. Civ. P. 37. In contrast to this standard, Plaintiffs' Motion fails to show that Defendant's answers to the interrogatories are inappropriate and not in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court and Special Master Klein's recommendations. Therefore, Plaintiffs' motion should be denied. See Fed. R. Civ. P. 37.

Contrary to Plaintiffs' allegations, INA provided complete and responsive answers to the interrogatories of HPC and IYC. In addition, INA previously produced four (4) detailed privilege logs.[1] Each of Plaintiffs' arguments is addressed separately below:

A. **INA's Answers to the Interrogatories of High Plains are appropriate.**

   1. **Interrogatory No. 1**

Despite Plaintiffs' contention, the interrogatory was appropriately answered with the name of the representative answering the interrogatories. INA is happy to verify the interrogatories, however, Plaintiffs never raised this issue in the past.

   2. **Interrogatory No. 2**

As to Interrogatory No. 2, Plaintiffs claim that INA provided a conflicting answer with Interrogatory No. 10. Plaintiffs are incorrect. The answers to Interrogatory No. 2 and 10 each pertain to the specific questions posed and separately describe the facts necessary for each answer.

---

[1] The privilege logs are too lengthy for filing. They will be available at the hearing, however.

2

Plaintiffs also claim that Interrogatory No. 2 disregards Special Master Klein's rulings on the production of documents and that it failed to provide a privilege log. Plaintiffs' assertion regarding the privilege log is also incorrect because INA provided its privilege logs to Plaintiffs and the privilege logs comply with the Rules of this Court. <u>See</u> Local Rule for the Southern District of Florida 26.1. INA produced privilege logs to Plaintiffs on June 19, 2009, August 7, 2009, September 14, 2009, and April 27, 2010. Lastly, Plaintiffs have not and cannot demonstrate how INA has failed to comply with the Court's ruling on the production of documents. Therefore, Plaintiffs' Motion should be denied.

3. **Interrogatory No. 3**

As to Interrogatory No. 3, the objection as to privilege is appropriate. Plaintiffs have provided no reason to show that the attorney-client privilege or the work product doctrine is not applicable to this interrogatory. Furthermore, as described above and incorporated fully herein in Section I.A.2., the privilege logs referred to in the answer to the Interrogatory have been provided to the Plaintiffs and the privilege logs are fully compliant with the rules of this Court and this Court's Order on privilege logs. In fact, the spreadsheet specifically refers to the applicable answers for each interrogatory along with additional detail. The spreadsheet is a precise document which provides the relevant responsive information.

As to Interrogatory No. 3, it seeks information which supports the contention that Plaintiffs have failed to provide required documentation. In response, the spreadsheet (and other referenced documents) reflects where documentation was missing or inadequate. Likewise, interrogatory no. 4 seeks information to support that Plaintiffs are not entitled to damages. In this regard, the spreadsheet and referenced documents reflect where amounts are not allowed. Furthermore, the spreadsheet specifically refers the Plaintiffs to the payments issued by INA

under the policy, the payees, the descriptions of the payments, the matters which are under consideration, which amounts are supported and those which require additional support or clarification. The spreadsheet reflects the amounts which are not allowed under the policy. It is difficult to imagine how more detail can be provided in response to these interrogatories as can be easily ascertained from the self-explanatory spreadsheet and other documents. Plaintiffs cannot show that INA's answer fails to comply with the Court's Order or consists of voluminous documents, and therefore, the motion should be denied.

    4.    **Interrogatory No. 3 and 4**

Plaintiffs contend that INA objected on the grounds that the interrogatory is overbroad in spite of the fact that Judge Klein previously ruled that the interrogatory must be answered. That is incorrect. INA complied with the ruling of Special Master Klein and fully answered the interrogatories. Therefore, Plaintiffs' Motion should be denied.

    5.    **Interrogatory No. 5**

As to Interrogatory No. 5, Plaintiffs claim that INA provided allegations in its answers rather than facts in support of its answer to this interrogatory. Simply because Plaintiffs do not agree with the facts presented by INA does not mean INA's answers are incomplete. Contrary to Plaintiffs' assertion, INA provided a factual narrative in response to interrogatory no. 5. (Exhibit "A," p. 5-7). Therefore, Plaintiffs' Motion should be denied.

    6.    **Interrogatory Nos. 6 and 7**

Contrary to Plaintiffs' allegations, an answer was provided to each interrogatory. Therefore, Plaintiffs' Motion should be denied.

7.     **Interrogatory Nos. 8 and 9**

As to Interrogatories Nos. 8 and 9, Plaintiffs assert that INA failed to comply with the Special Master Klein's ruling, refused to answer with regard to other vessels which are the subject of the complaint, and improperly objects on the grounds of the work product and attorney-client privilege objection. As explained above, incorporated fully herein by reference, INA's objections with regard to work product and attorney-client privilege are well founded. As to the payments under the policy, the Interrogatories were served on behalf of the High Plains Capital, and therefore, the answers are related to the Mongoose the only vessel at issue to HPC. (Exhibit "A," p. 8-9).

8.     **Interrogatory No. 10**

As to Interrogatory No. 10, Plaintiffs again claim that INA has failed to provide facts to answer the interrogatory. Plaintiffs' position is incorrect. The answer to Interrogatory No. 10 consists of eight and half pages of facts relating to the contemplated affirmative defenses that INA is aware of at this time, prior to having filed its affirmative defenses and without a live complaint on file. INA has not only complied with the Court's Order but has also provided a multitude of facts to the Plaintiffs in support of its affirmative defenses. Therefore, Plaintiffs' Motion should be denied.

9.     **Interrogatory No. 11**

The answer to Interrogatory No. 11 is clear and unambiguous – "no." Plaintiffs' arguments that INA's answer to Interrogatory No. 11 is in violation of Judge Klein's ruling and its commitment to the court is without basis.

5

10. **Interrogatory No. 13, 14, 15, 16, 17, 18, 19, 22, 23, 24, and 25 are properly answered.**

As to Interrogatories Nos. 13, 14, 15, 16, 17, 18, 19, 22, 23, 24 and 25, Plaintiffs argue that INA failed to answer these interrogatories. Contrary to Plaintiffs' assertions, however, INA's interrogatory answers are complete and provide sufficient facts in response. Plaintiffs have failed to show or provide any example of how the answers are not compliant, and, therefore, Plaintiffs cannot meet their burden.

11. **Interrogatory No. 21**

As to Interrogatory No. 21, Plaintiffs argue that INA refused to answer the question other than as to HPC. However, the interrogatory was served by HPC. In addition, Special Master Klein did not order a different answer for Interrogatory No. 21, and during the hearing the parties agreed that Interrogatory No. 21 had been answered. (Hearing Transcript, p. 87-88). Therefore, Plaintiffs' assertion related to interrogatory no. 21 is disingenuous.

B. **INA's answers to the Interrogatories of IYC are appropriate.**

Plaintiffs assert that the answers of INA to the IYC interrogatories related to the affirmative defenses consist of allegations found in the pleadings rather than facts as ordered by Special Master Klein. Plaintiffs' assertions are incorrect. First and foremost, INA has not filed its affirmative defenses to Plaintiffs' Second or Third Amended Complaint, and therefore, Plaintiffs' comparison of these answers to the "pleadings" is nonsensical. Second, INA provided answers which contain the facts to support its affirmative defenses as of this time. In compliance with Special Master Klein's Order, INA listed its currently known potential affirmative defenses. Thereafter, for each affirmative defense, INA provided the specific facts which support each affirmative defense as to each of Plaintiffs' claims. (Exhibit "B"). Considering that INA has not

yet filed affirmative defenses to Plaintiffs' Third Amended Complaint or such future complaint as may be filed in this matter, these answers are more than adequate.

### C. Plaintiffs' Motion for Sanctions is without merit.

In their Motion to Compel, Plaintiffs have failed to articulate or otherwise show how the answers provided by INA are not sufficient. In fact, Plaintiffs also failed to explain what issues they had with the interrogatory answers when Counsel for INA attempted to confer regarding any issues with the Plaintiffs' Counsel. INA's answers complied with Special Master Klein's orders as well as its agreement with the Plaintiffs' Counsel. Plaintiffs' argument is further undermined by the fact that it is INA that, in good faith, volunteered to provide its answers earlier than required under the Rules and pursuant to Special Master Klein's Orders. This is clearly not sanctionable conduct.

### II. INA should be awarded its attorneys fees and costs as a sanction against Plaintiffs.

INA requests that it be awarded its attorneys fees and costs for the time spent in responding to Plaintiffs' Motion. Counsel for Defendant made various good faith attempts to confer with counsel for Plaintiffs regarding its answers to the aforementioned interrogatories. However, similar to the vagueness and lack of explanation provided in the instant motion, Plaintiffs' Counsel failed to articulate how they wished for Defendant to amend the answers. Therefore, instead of having the opportunity to work out any issues with Plaintiffs' Counsel, it appears as if Plaintiffs attempted to create a situation which warranted Court intervention. Accordingly, pursuant to Federal Rule of Civil Procedure 37, Defendant respectfully requests that this honorable Court award attorneys fees and costs against Plaintiffs.

### III.  Conclusion

In light of the above, INA respectfully requests that this honorable Court deny Plaintiffs' Motion to Compel INA to Answer HPC's Interrogatories and Request for Production and IYC's 1st Set of Interrogatories, Request for Production and Motion for Sanctions.

### CERTIFICATE OF SERVICE

I hereby certify that on **April 28, 2010**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BROWN SIMS, P.C.

By: /s/ Frank J. Sioli
    Frank J. Sioli
    Florida Bar No. 009652
    Datran One – Suite 908
    9100 South Dadeland Boulevard
    Miami, Florida 33156
    Telephone: 305.274-5507
    Facsimile 305.274-5517

*Attorneys for Defendant, Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning

Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713-629-5027

## **SERVICE LIST**

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Mr. Peter Halmos, *pro se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via U.S. mail, postage pre-paid and via Certified Mail, Return Receipt Requested)

Mr. Scott A. Bassman
Cole, Scott & Kissane, P.A.
Dadeland Centre II, Ste 1400
9150 South Dadeland Blvd
Miami, Florida 33156
Telephone: 305.350-5303
Facsimile: 305.373-2294
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
(via CM/ECF)

David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whithead Street
Key West, Florida 33040
Telephone 305.294-4585
Facsimile 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Rasco Klock Reininger Perez Esquenazi Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
(via CM/ECF)