08-10084.oaa

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

### ORDER ON INA'S MOTION FOR CONTEMPT DUE TO PLAINTIFFS' FAILURE TO COMPLY WITH D.E. 541

**This matter** is before this Court on Insurance Company of North America's ("INA")Motion for Contempt Due to Plaintiffs' Failure to Comply with D.E. 541(D.E. 548). The Court has considered the motion, the response, the reply and all pertinent materials in the file.

### Background

On July 14, 2009, INA propounded its First Set of Interrogatories to Plaintiff IYC and to Plaintiff HPC (collectively "Plaintiffs"). On September 22 and September 24, 2009, respectively, Plaintiffs served Objections and Answers (See Ex. G). On October 22, 2009 INA filed a Motion to Compel Answers (D.E. 357).

On November 23, 2009, a hearing was held before Special Master Herbert Klein ("Judge

-1-

Klein") in which Judge Klein ruled that Plaintiffs must provide amended responses.[1]  Having not received the amended responses, on February 2, 2010, Defendant INA filed an initial Motion for Contempt, which this Court denied by Order dated March 2, 2010, on the grounds that no specific date for compliance had been set by Judge Klein (D.E. 541).  The Court set March 5, 2010 as the deadline for compliance.

Plaintiffs timely served Amended Answers (Exs. E and F).  In its current Motion, INA maintains that Plaintiffs' Amended Answers to Interrogatory Number 3 (as to both Plaintiffs) and Number 8 (as to Plaintiff INA) are not in compliance with Judge Klein's Order and that a finding of contempt is appropriate.

## Discussion

### I. Civil Contempt

A civil contempt proceeding is brought, as in this matter, to force a party to act in a defined manner.  Chairs v. Burgess, 143 F.3d 1432, 1436 (11th Cir. 1998).  The burden on the party seeking contempt is to show, by clear and convincing evidence, that the party allegedly in contempt violated the court's earlier order.  U.S. v. Roberts, 858 F.2d 698, 700 (11th Cir. 1988); see also Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992); Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir. 1991).  This burden of proof is more exacting than the "preponderance of the evidence" standard but, unlike criminal contempt, does not require proof beyond a reasonable doubt.  U.S. v. Rizzo, 539 F.2d 458, 465 (5th

---

[1] Although Judge Klein's ruling at the time was a "recommendation," subsequent proceedings rendered it an Order of the Court (hereinafter referred to as "Judge Klein's Order").

Cir. 1976)[2].

To find contempt, the court must find that the "order violated was clear and unambiguous and that the party to be charged had notice of the order but did not diligently attempt to comply." Popular Bank of Fla., 180 F.R.D. 461, 465 (S.D. Fla. 1998); see also In re E.I. DuPont De Nemours, 99 F.3d 363, 372 (11th Cir. 1996). Whether an order is clear and unambiguous is a question of fact to be resolved with "reference to the context in which the order is entered and the audience to which it is addressed." U.S. v. Burstyn, 878 F.2d 1322, 1324 (11th Cir. 1989); see also U.S. v. Cable News Network, Inc., 865 F. Supp. 1549, 1552 (S.D. Fla. 1994)(stating that the order must be specific enough to put the defendant on notice as to what actions the court was trying to prohibit).

The Court finds that Judge Klein's Order was clear and unambiguous as to Plaintiffs' duty to provide more detailed responses to the Interrogatories at issue, and that Plaintiffs had notice of, and understood, the scope of that Order.

**Interrogatory No. 3**

Interrogatory No. 3 states as follows:

> Please Describe in detail the alleged factual basis for each and every element of damage that is alleged in each Count of the first Amended Complaint (including but not limited to a Description of any and all assumptions and computations employed to answer this interrogatory) and identify separately to whom such alleged damages are owed.

Plaintiffs maintain that their amended answers to this Interrogatory (see Ex. E, pp. 2-21; Ex. F) are adequate based on the following statement made by Judge Klein:

---

[2] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit, (the "former Fifth" or "the old Fifth") as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit for this court." Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

> Well, the answer to the interrogatory [No. 3] now is "My reasonable estimate of damages for [the] Sol collision against INA is $11 million ... and I'm relying upon the INA estimate, the Rybovich or whatever it is, 'estimate,' and three or four names that he mentioned ..."

Ex. A., p. 34.

A review of the hearing transcript reveals that although Judge Klein did make this statement after questioning Plaintiff Peter Halmos, as Plaintiffs themselves acknowledge this was at a point *"prior to the transcript portions cited by INA,"* (Resp. p. 2 (emphasis in original)), and further argument ensued, resulting in the following ruling being made by Judge Klein:

> Here's what I think should be done: I don't think Mr. DeMahy's request is unreasonable. What he wants is for each one of these incidents, A, what is the estimate of damages that occurred for each one of these incidents due to that particular incident, B, what are the actual physical damages arising out of each one of these incidents, what happened [in] the Sol collision, what happened with the hit and run, exactly what it is that occurred. So he needs the reasonable estimate of damages. What physically happened to the boats or ships when this occurred and what kind of backup material do you have to show that these damages that you allege were reasonably incurred.

Id. at pp. 45-46. Judge Klein continued:

> Well, we know what I think is reasonable, and I think he has to respond again to those interrogatories, exactly what occurred in each incident, what damages [were] suffered in each incident, physical damage, itself, what is the amount of damages he claims, how did he arrive at the conclusion that these are the amounts of damages, whether that's by ... an INA estimate, a Rybovich estimate or whatever.

Id. at pp. 47-48.[3]

In their Amended Responses, Plaintiffs fail to specifically state how their damages were

---

[3] Plaintiffs' belief that this goes beyond the requirements provided by the Rules of Civil Procedure is irrelevant at this point in the proceedings. If Plaintiffs had an objection to Judge Klein's ruling, they could have "taken it up" to this Court, as they suggested they might do at several points in the hearing.

calculated, and although they generally refer to categories of bate stamped documents, they fail to specifically describe what physical damage occurred in each incident.

Plaintiffs themselves admit in their "Motion for Extension of Time and Response ..." to INA's previous Motion for Contempt (D.E. 515), that they understood that their Amended Responses must include more than what they have now provided:

> That being said, Plaintiffs understand that irrespective of the fact that over 70,000 documents having been produced and that Mr. Halmos has in painstaking detail identified the damages in the Rule 26 disclosures and brought all documents relating to damages (9 boxes) to his deposition in November, that Judge Klein found that to be insufficient and has ordered for Mr. Halmos to break down the damages <u>and segregate each document for INA per incident</u>.

D.E. 515, p. 2 (emphasis added).

Because Plaintiffs have failed to fully comply with Judge Klein's Order as to Interrogatory No. 3, they are in contempt of that order.

**Interrogatory No. 8**

Interrogatory No. 8 states as follows:

> With regard to Legacy, please state the costs and value of all work performed on her since the date of manufacture. Please detail fully all maintenance, repairs, refits and upgrades whether performed at the Perini factory and any other marine service, repair or refit facility.

Plaintiffs obviously understood what they were required to do to adequately respond to this interrogatory, as they quote Judge Klein's ruling in their Response to the instant motion:

> THE COURT: Interrogatory Number 8, so it's clear on the record, you will answer Interrogatory Number 8.
>
> MR. KLOCK: So you're ordering us, Judge, to produce <u>every repair bill</u> ever made on the LEGACY from the time it was purchased up until the time of the Sol collision? That's the Court's ruling?

\* \* \*

> THE COURT: Yes sir. That's what I'm ordering you to answer. That's what I'm recommending [you] to answer. I don't order. I just recommend.

Resp. pp. 3-4 (quoting Ex. A., p. 56) (emphasis added).

IYC's amended response to this interrogatory is "Attached as exhibit "A". Exhibit "A" consists of almost 400 pages of data entries purportedly representing a "partial listing of direct payments and expenses" made by IYC from February 3, 1995 through December 31, 2009. In addition to payments made to various payees for general, non-detailed entries such as "Supplies," "Contract Labor," and "Repairs and Maintenance," the listing also includes multiple entries for payments made to various hotels, airlines, Publix, law offices, individuals and stores for items including but not limited to "Accommodations," "Galley/Crew Food," "Travel Expenses," "Legal Fees," "Uniforms," "Medical Expense," "Cable" and "Bank Charges."

Despite the fact that it clearly understood what was required, in its Response to the instant Motion, Plaintiff IYC states that it "provided to INA a detailed list of all expenditures that have taken place regarding Legacy." Resp. p. 3. INA admits that "there were some expenditures included in the list that do not fall under the category of 'all maintenance, repairs, refits and upgrades' but, in lieu of running afoul of any Court order, Plaintiffs were all inclusive as opposed to parsing out amounts and then having INA file a motion for contempt claiming it was not enough." Id. at p. 4. Unfortunately for IYC, "parsing out amounts" was what Judge Klein required IYC (as opposed to INA) to do, in that IYC's failure to be specific in its initial interrogatory answers was what brought about the original motion to compel.

Accordingly, this Court finds that IYC has also failed to comply with Judge Klein's Order

as to Interrogatory No. 8 and is in contempt of that order.

## II. Sanctions

The Court finds that the imposition of sanctions is appropriate. Accordingly, in addition to providing complete, detailed responses to Interrogatory Numbers 3 and 8 (as to Plaintiff IYC) and Number 3 (as to Plaintiff HCP), sanctions as described below will be imposed.

The Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion for Contempt is hereby **GRANTED**.

2. Plaintiffs shall provide complete, detailed responses to Interrogatory Numbers 3 and 8 (as to Plaintiff IYC) and Number 3 (as to Plaintiff HPC) on or before May 14, 2010.

3. Plaintiffs IYC and HPC shall each be responsible for half of the reasonable costs, including reasonable attorneys fees, incurred by INA as a result of bringing this Motion. Within twenty (20) days of the date of this Order, INA, IYC and HPC shall agree upon the total amount of its reasonable costs and IYC and HPC shall each pay half of said amount to INA. If the parties cannot agree on the amount of same, INA may file another motion addressing this matter. If the Court finds that the obstreperous conduct of either party necessitated same, further sanctions may be imposed.

4. Should either Plaintiff fail to comply with paragraph 2 above, an additional sanction in the amount of one thousand (1000) dollars ($1,000.00) per day shall be imposed for each day of non-compliance by that Plaintiff. This is in addition to any additional reasonable costs, including

attorneys fees, which may be incurred by INA in connection with enforcing compliance with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 4th day of May, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record