UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA, KEY WEST DIVISION

**CASE NO. 08-10084-CIV-MARTINEZ/BROWN**

PETER HALMOS, et al.,

      Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

      Defendants.

_____/

**EMERGENCY[1] MOTION FOR COMPLIANCE WITH
ORDER RE: JOINT MOTION FOR ABATEMENT (DE 706)**

Plaintiffs, IYC and HPC, move for an order of this Court mandating that INA

comply with the parties' Joint Motion For Abatement ("Agreement") see DE 698 and this

Court's Order re: Joint Motion For Abatement (DE. 706).  In support thereof, Plaintiffs

state the following:

1.      On May 18, 2010, the Parties collectively moved for an abatement of the

action for "postponement of depositions (except as described herein) and certain future

deadlines as set forth herein." ("Agreement"). *See DE 698 at 1*. The purpose of the stay

was to allow parties time necessary to resolve the claim involving

repayment/reimbursement of some 14 million dollars on an expedited basis and thus

eliminating those facts and legal issues from further litigation in an effort to mitigate

expense and time to conduct a jury trial.  The agreement includes a stage of informal

---

[1] Pursuant to Local Rule 7.1(e), Plaintiffs request that the requirements set forth in Local Rule 7.1 be waived and that this motion be determined on an expedited basis since INA has taken the position that depositions are to move forward in direct contravention of the parties' agreement (DE 698)  and this Court's order regarding Joint Motion

and free exchange of information directed specifically at the 14 million dollar claim for the purpose of reducing discovery issues.

2.      The agreement consists of meeting with INA's accountant to explain their spread sheet and to advise Plaintiffs of requested supporting documentation.  This has been done.  Then by today, June 1st, the Plaintiffs are to submit the additional explanations and  documentation with a settlement conference set for June 3rd and 4th. Resolved items of expense would no longer be at issue.  All items not resolved will be submitted to mediation.  Items remaining unsolved will be determined by the Court at an evidentiary hearing proceeded by a pre-evidentiary hearing conference (see Court Order at D.E. 706).

In spite of the 30 days stay on depositions INA continues to set depositions of certain individuals whom INA claims are exempted from the 30 day stay which action is contrary to the purpose of the agreement.  No language in the agreement exempts certain enumerated deponents from the 30 day stay except in the event that the 30 day stay is still in effect prior to the evidentiary hearing, if one becomes necessary.  This matter may be addressed at the pre-evidentiary hearing conference should that be necessary following mediation.  The Court's Order reads:

> The stipulation in paragraph 6 is made an Order of the Court pursuant to stipulation of all parties.  That stipulation provides that in the event this evidentiary hearing takes place it will be "conducted in the manner prescribed by the Court".  In the event that this paragraph must be utilized, a conference setting forth the procedures for said hearing will be held.  [DE 706]

3.      Plaintiff would not have agreed to the Joint Motion had it not been granted a stay for the purpose of having the time to do the work necessary to make the plan work.  The Court should be made aware of the number of documents involved and the

For Abatement (DE. 706)

effort being made to comply with the spirit and intent of the agreement.  Mr. Halmos has worked to gather the information to provide a satisfactory explanation or documentation every day – 7 days a week literally during every waking hour for the last two weeks except for the time to coordinate the move of Legacy to the boat yard and to comply with the Court Ordered damage model with the attendant $1,000.00 per day penalty (as his health permits).  The Court ordered production includes documentation from 1995 to the SOL Accident in 2001 evincing every expense to maintain, repair, retrofit and upgrade the Legacy involving hundreds of documents going back 15 years.  A 12 to 14 hour day is the norm.  Mr. Halmos literally works everyday until he drops.

4.      INA's request for an explanation or additional documentation consists of 111 pages at approximately 20 items per page for a total of over 2,000 items.  Today, June 1st, is the deadline for the additional explanation or documentation of said 2,000 plus items.  The settlement conference with Mr. Roth, INA's attorney, takes place Thursday, June 3rd and Friday, June 4th of this week.  These dates were requested by INA.

5.      The deposition by INA of Tom Campbell is noticed for the same day, June 3rd as the settlement conference.  Defendant refuses to postpone the deposition or acknowledge that it is contrary to the agreement of the parties.

6.      Movant has communicated and attempted to resolve the issue at bar with opposing counsel, however the parties reached an impasse.

Wherefore, the Plaintiffs move the Court to issue an order enforcing the terms of the Joint Motion and in so doing rule that the 30 day stay of depositions includes the enumerated persons.  The balance of the document speaks for itself.

Respectfully submitted,


THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan   FBN 112362
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:  (305)296-4331

/s/ Hugh J. Morgan                    .


RASCO KLOCK REININGER PEREZ
EASQUENAZI VIGIL & NIETO
Joseph P. Klock, Jr.
Juan Carlos Antorcha
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.476.7102
jklock@rascoklock.com
jantorcha@rascoklock.com


SPOTTSWOOD, SPOTTSWOOD &
SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone:  (305) 294-9556
Facsimile:  (305) 292-1982
jack@spottswood.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Hugh J. Morgan

## Service List

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida  33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile:  (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan
HORAN, WALLACE &
HIGGINS, LLP
608 Whitehead Street
Key West, FL  33040
Telephone:  (305) 294-4585
Facsimile:  (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne
& Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL  33134
Telephone:  (305) 443-4850
Facsimile:  (305) 443-5960
cpayne@dldlawyers.com

6