08-10084.or20

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER GRANTING NON-PARTIES' MOTION
## TO QUASH AND MOTION FOR PROTECTIVE ORDER

**This matter** is before this Court on Non-Parties Motion to Quash...and Motion for Protective Order... (D.E. 817). The Court has considered the motion, the response, the reply, and all pertinent materials in the file. This motion is largely disposed of by D.E. 877, which grants the motion filed by INA, and is incorporated herein, by reference.

In an abundance of caution, however, two arguments need to be further addressed. The first is plaintiffs' "distress" (see page 8 of the response). Plaintiffs take issue with this Court's Order to Show Cause (D.E. 667), in part because it only gave the plaintiffs nine days and eight pages to respond. The Court finds it quite remarkable, and quite indicative of the merits (or lack thereof) of plaintiffs allegations in this regard, that despite the fact that plaintiffs have filed some 36 motions

1

for enlargement of time[1], none was filed for responding to the Order to Show Cause ... nor was there a motion for additional pages ... nor was there a motion to take depositions <u>before</u> the matter was briefed. This takes rhetoric to new heights!

The second point addresses the absurdity of the depositions noticed. On pages 17-18 of the response to this motion, plaintiffs, incredibly, refer to and even quote from depositions taken in a state case on this identical issue ... and the deposition quoted from is of one of the deponents noticed in this matter. Now, if this deponent indeed supports plaintiffs' position, why then, pray tell, would you want to re-depose him? Knowing full well you can probably use that deposition transcript in this case ... or at the very least would make the effort first?

This is only one of several depositions noticed of the same people taken in another case on the same exact issue! Re-noticing these depositions, in a last minute ploy, especially without even an effort to allow them to be used in this case - on this collateral issue - can only mean one of two things: (1) they didn't go well for plaintiffs the first time around; or (2) they are intended to harass the potential deponents, run up the bills, and delay the proceedings even more, and what, pray tell would happen if the fully briefed motion were ruled on before those depositions were taken? Alternatively, if not, what would plaintiff do with them after taking them? Seek to reopen the fully briefed matter? Seek more motions, responses, etc.?

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to quash is **GRANTED**.

2. Pursuant to Fed.R.Civ.P. 37(a)(5), (see Fed.R.Civ.P. 26(c)(3)), and further pursuant to a finding by this Court that plaintiffs are "unreasonably and vexatiously" multiplying the proceedings

---

[1] This number comes from D.E. 812. Even assuming it is off by ten (10), the point is made.

(see 28 U.S.C. §1927), all reasonable cost and expenses, including but not limited to attorney's fees are awarded to the non-parties.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of July, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of record