United States District Court for the Southern District of Florida
Key West Division

| | | |
|---|---|---|
| Peter Halmos, International Yachting Charters, Inc. and High Plains Capital,<br><br>Plaintiffs,<br><br>v.<br><br>Insurance Company of North America and Strickland Marine Insurance, Inc. (f/k/a Strickland Marine Agency, Inc.),<br><br>Defendants. | § § § § § § § § § § § | Civil Action No. 08-10084-CIV MARTINEZ-BROWN |

**Plaintiffs IYC and HPC Response to INA's Motion for Sanctions due to Plaintiffs' Failure to present Expert Donald Dinsmore for Deposition and Motion to Strike his Expert Designation and Memorandum of Law in Support**

Come now said Plaintiffs joined by Peter Halmos pro se in response to INA's captioned motion and to move to deny INA's subject motion and move for sanctions and for other appropriate relief as stated herein supported by an incorporated memorandum of law and as grounds would show:

1. Defendant is moving the court to impose sanctions due to Plaintiffs' failure to present Don Dinsmore for deposition although Defendant had issued a subpoena but chose not to serve the deponent. Defendant unilaterally set his deposition without an agreement from the plaintiffs to produce him. Plaintiffs telephonically attended the deposition assuming the deponent had been served. The plaintiffs had no legal obligation to produce Dinsmore whereas it was incumbent upon the Defendants to have the witness served with a subpoena. The plaintiffs had previously designated Dinsmore as a contingent, rebuttal expert witness whose final designation was to be determined following a ruling on a motion pending before this court as will be explained.[1]

2. On July 15, 2010, Mr. Browning requested to be advised whether Mr. McDonald and Mr. Dinsmore were retained testifying experts and if so to provide deposition dates. On the same day, Plaintiffs' attorney Joe Klock responded with the following email:

[1] See DE 862.

"Robert: As reflected in our recent expert disclosures pursuant to the court's orders, please be advised that Mr. McDonald is not a retained testifying expert. We reserve the option to designate Mr. Dinsmore as a retained testifying rebuttal witness. Joe"

3. Mr. Klock reserved the option to designate Dinsmore as an expert rebuttal witness because Plaintiffs' Motion to Exclude Mark Houck as a testifying expert was and is pending before the court. (DE 862) Said motion is based on the premise that Mr. Houck's testimony consists of interpretations of the subject insurance contracts and that according to the law cited in the motion only the court has the authority to construe the insurance contracts. Dinsmore is a potential rebuttal expert to Houck's testimony pending the court's ruling on Plaintiff's Motion to Exclude Houck's legal opinions. Should the court grant Plaintiffs' Motion, Dinsmore remains a non-testimonial expert and not subject to be deposed absent a court order being issued pursuant Fed. R. Civ. P. 26 (b) 4.

4. Originally, the plaintiffs intended to submit Dinsmore as an expert to interpret the coverages as is Houck's intention. However, upon further review (of the law) it became apparent that such testimony is improper even in the guise of portraying legal opinions as "industry standards". Enlightened the plaintiffs as officers of the court could not continue to offer Dinsmore as a trial expert to render legal opinions regarding coverage. In as much as the defendants were offering Houck for the same purpose the plaintiffs sought a ruling from the court on the subject by filing said motion to exclude such testimony. . (DE 862). The deadline to file rebuttal expert designations and report is August 2, 2010.[2]

The Plaintiffs request sanctions to be imposed for filing defendants motion for sanctions for failure to produce the witness where the defendant failed to serve the witness with a subpoena, did not have the plaintiff's agreement to produce the witness which witness the plaintiffs were not legally obligated to produce and for not cooperating and making a good faith effort to resolve the matter as is required by S.D.Fla.L.R. 7.1 (a) *(3).*[3]
Based on the grounds stated herein the plaintiffs move for an extension of time to comply with Rule 26 (a) (2) (C) (ii) for a period of 10 days following a ruling by the court denying the motion to exclude Houck should the court so rule. In addition, should the court deny plaintiff's motion to exclude Houck's as a trial witness it is requested that the

---

[2] See Fed. R. Civ. P. 26 (a) (2) (C) (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

[3] S.D. Fla. L.R.7.1 (a) (3) *Pre-filing Conferences Required of Counsel.* ...counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

court grant leave allowing the parties to work on a schedule to file a rebuttal report and take both depositions or if the court chooses to do so to provide its own schedule.

5. On July 23, 2010, the undersigned made a telephonic appearance for the deposition of Dinsmore. When some time had passed and Dinsmore had not appeared Mr. Browning and the writer engaged in a discussion of the situation. The writer asked whether the witness had been subpoenaed and the answer was no. Mr. Browning stated that the plaintiffs were obligated to produce the witness to which the writer disagreed. The writer then suggested that under the circumstances the parties submit a joint motion requesting the court's intervention and appropriate order so that the matter could be resolved amicably. The writer's suggested solution was consistent with the suggestion as stated herein. Mr. Browning said he would speak to the others and let the writer know. Subsequently, Mr. Browning sent an email stating the Motion to Strike Dinsmore would be filed unless the plaintiffs agreed to strike him. Such action falls far below the standard set by the rules for handling these matters cooperatively and in good faith especially under these circumstances.

6. The underlying motive of Defendant's motion is revealed in the first paragraph of its motion wherein the Defendant attempts to characterize a non-meritorious motion as a "further transgression". The Defendant feels empowered by past orders of the court to the point of using every perceived "transgression" as a tool to further bash the plaintiffs to the end of trying to convince the court to dismiss plaintiffs' action without the inconvenience of a trial on the merits. Although the court has repeatedly admonished the defendant to stop like conduct the court has taken no action in accordance with its admonishments.

Wherefore, Plaintiffs pray the court to:

a. Issue an order denying defendant's Motion to strike Dinsmore's Expert Designation and Motion for Sanctions.

b. Issue an order sanctioning the Defendant for filing the subject motion and for causing the plaintiffs to appear at a deposition where the witness was not served with a subpoena to appear and without an agreement of opposing counsel to present the witness under the circumstances that the witness was a contingent, rebuttal expert whose report was not even due at that time and for non-compliance with S.D. Fla. L.R. 7.1 (a) (3)

c. Should the court deny Plaintiff's Motion to Exclude Mark Houck's legal opinion testimony grant Plaintiffs' motion to extend the time to comply with Fed. R. Civ. P 26 (a) (2) (C) (ii) for a period of 10 days following the court's ruling.

THE LAW OFFICE OF HUGH J. MORGAN

By: /s/ Hugh J. Morgan
Hugh J. Morgan
Florida Bar No. 112362
P.O. Box 1117
Key West, Florida 33041
Telephone: (305) 296-5676
Facsimile: (305)296-4331
hugh@hjmorganlaw.com

RASCO KLOCK REININGER PEREZ
EASQUENAZI VIGIL & NIETO

Joseph Klock
Juan Antorcha
283 Catalonia Avenue
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

Attorneys for IYC and HPC
Joined by Peter Halmos, Pro se

Peter Halmos
c/o Meyers & Associates, CPA
5725 Corporate Way, #101
West Palm Beach, FL 33407
Telephone: (561) 684-6604
Facsimile: (561) 684-3381
gail@meyerscpa.com

**Certificate of Service**

I hereby certify that on August 2, 2010 electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing..

/s/ Hugh J. Morgan
Hugh J. Morgan

**Service List**

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
BROWN SIMS P.C.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman
Counsel for Defendant, Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960
cpayne@dldlawyers.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone: 561-650-0406
Facsimile: 561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com

Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: (305) 294-9556
Facsimile: (305) 292-1982
jack@spottswood.com