UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**CASE NO. 08-10084-CIV-BROWN**

PETER HALMOS, et al.,

*Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

*Defendants.*

_____/

**INSURANCE COMPANY OF NORTH AMERICA'S RESPONSE TO
HIGH PLAINS CAPITAL'S AMENDED MOTION TO COMPEL,
MOTION FOR SANCTIONS, AND MEMORANDUM OF LAW [D.E. 826]**

Defendant Insurance Company of North America ("INA"), by and through its counsel, hereby files the above-styled Response and states as follows:

High Plains Capital's ("HPC") Amended Motion to Compel, Motion for Sanctions, and Memorandum of Law ("Plaintiff's Motion") is a discovery motion subject to the authority of Special Master Klein. *See* Order [D.E. 266]. Therefore, Special Master Klein should rule on the Motion to Compel.

Special Master Klein should deny Plaintiff's Motion because it fails to establish that INA conducted itself improperly with respect to the applicable discovery rules or otherwise refused to provide complete answers to all of HPC's discovery requests. In fact, many of the issues raised by Plaintiff's Motion simply disregard Special Master Klein's express rulings and INA's vigilant compliance with them.

Despite HPC's allegations, INA has fully complied with Special Master Klein's recommendations and INA's agreement to amend its answers to the applicable discovery (which amended answers were previously issued to plaintiffs months ago). *See* INA Am. Ans. (Ex. A).

In light of the foregoing, and as supported more fully below, INA respectfully requests that the Court deny Plaintiff's Motion and award INA its attorneys' fees and costs for the instant matter as a sanction against HPC.

**MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 37, the Court should not grant a motion to compel unless the party responding to the discovery request fails to provide information that is required under the relevant discovery rules. *See* Fed. R. Civ. P. 37. Plaintiff's Motion does not satisfy this standard because it fails to show that INA's answers to the interrogatories are inappropriate or that they do not comply with the Federal Rules of Civil Procedure, the Local Rules, or Special Master Klein's rulings.

Plaintiffs' motion should be denied (I) on procedural grounds for HPC's failure to comply with the Local Rules, and (II) on substantive grounds because INA fully complied with its discovery obligations. In reaching this conclusion, the Court should also (III) deny HPC's request for sanctions, and, instead, (IV) award INA sanctions against HPC for having to respond to plaintiffs' unnecessary motion.

**I.**   **Procedurally, Plaintiff's Motion Violates the Court's Local Rules**

Plaintiff's Motion violates Local Rule 26.1(h)(1) and Local Rule 7.1(c)(3) and should be stricken. *See* INA Mot. Strike [D.E. 867]. As explained in greater detail in INA's currently pending Motion to Strike (which is incorporated as if fully restated herein), it violates Local Rule 26.1(h)(1) because it is untimely, and it violates Local Rule 7.1(c)(3) because it fails to attach as exhibits the materials on which it relies. *See id.* These rule violations are independent reasons for denying Plaintiff's Motion. *See id.*

## II.   Substantively, INA's Answers to HPC's Interrogatories Are Satisfactory

In addition to making specific arguments regarding each individual interrogatory, HPC also repeatedly alleges that all "objections have been waived" prior to each interrogatory response it seeks to rebut. *See generally* HPC Am. Mot. Compel [D.E. 826]. INA does not dispute that it voluntarily waived all objections to HPC's interrogatories with the exception of privilege-based objections. And even a cursory review of INA's interrogatory responses makes apparent that INA made no objections other than privilege-based objections.[1] Therefore, this repeated ground raised in Plaintiff's Motion can be easily discarded.[2]

Concerning HPC's other allegations related to the discovery responses, INA has provided complete and responsive answers to HPC's interrogatories. Each of Plaintiffs' allegations is addressed separately below:

### A.   Interrogatory No. 2

Plaintiff's Motion suggests that Special Master Klein ruled on the sufficiency of INA's answer to Interrogatory No. 2. *See* HPC Am. Mot. Compel [D.E. 826] at 8–9. But HPC is incorrect; he did not do so. Instead, Special Master Klein expanded the interrogatory to include IYC and then ruled that the interrogatory should be answered after the fourth amended complaint

---

[1] The United States Supreme Court has long recognized the attorney-client privilege as "the oldest of the confidential privileges known to the common law." *United States v. Zolin*, 491 U.S. 554, 562 (1989) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Importantly, the privilege serves "to encourage full and frank communication between attorneys and their clients and thereby promote[s] broader public interests in the observance of law and administration of justice." *Upjohn Co.*, 449 U.S. at 389. "That purpose, of course, requires that clients be free to 'make full disclosure to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." *Id.* § 90.502(2).

Florida, too, has long recognized the importance of the attorney-client privilege. As such, the Florida Legislature expressly codified the privilege in Florida Statute § 90.502. *See* Fla. Stat. Ann. § 90.502(2) (West 2000). Under the Statute, "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." *Id.* § 90.502(2).

[2] Since this issue pertains to each interrogatory at issue here, INA chooses to address this matter generally at the beginning of the discussion. This discussion is incorporated by reference into each section detailing INA's response to each argument.

was filed. *See* Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 88 ll. 21–25. INA then amended its answer to include IYC as well.

Though Plaintiff's Motion argues that INA's answer is conclusory, it is not. A conclusory statement would have been: "HPC waived its rights under the policy." (In other words, a conclusion unsupported by any facts.) INA's answer, by contrast, specifically enumerates up to ten reasons per claim concerning how Plaintiffs waived various rights under the applicable policies. *See* Ex. A [INA Am. Ans.] @ 2-4.

Plaintiff's remaining complaints that (a) INA failed to provide the date of HPC's first notice of loss, (b) INA failed to provide details regarding how HPC failed to sufficiently provide documentation supporting its claim against the policy, and (c) INA improperly utilized an affidavit to support its interrogatory response, are truly complaints regarding the sufficiency of HPC's interrogatory—not INA's answer. *See* HPC Am. Mot. Compel [D.E. 826] at 8. Simply put, HPC's complaints are unfounded. As stated in the preceding paragraph, INA fully responded to the interrogatory as worded. Interrogatory No. 2 simply asks INA to state the facts that support its contention that HPC waived its rights under the applicable insurance policy. *See* Ex. A [INA Am. Ans.] @ 2.. It does not ask INA to provide any of the information that HPC now objects is missing. *Id.* Plaintiff's Motion regarding this interrogatory is nothing more than a thinly-veiled attempt to obtain additional interrogatories by complaining that information not even requested by the original interrogatory is improperly missing from INA's response. HPC's attempt in this regard should fail.

Furthermore, HPC provides no authority to support its contention that an affidavit may not be incorporated into a discovery response. HPC's failure to provide any authority to support its legal claims violates Local Rule 7.1(a)(1). *See* S.D. Fla. L.R. 7.1(a)(1). And Plaintiffs have

already been admonished for ignoring this rule in the past. *See* Order [D.E. 511] at 1 (declaring that motions are subject to being denied for violating Local Rule 7.1(a)(1) "[o]n that basis alone"). Therefore, this argument should fail as well.

HPC's objection to INA's response to Interrogatory No. 2 is facially incorrect. INA fully complied with its discovery obligations and its answer to Interrogatory No. 2 is more than sufficient. Therefore, Plaintiff's Motion regarding Interrogatory No. 2 should be denied.

**B.      Interrogatory No. 3**

The spreadsheet provided to HPC specifically complies with Special Master Klein's order. *See* Ex. A, Attachment A thereto.[3]  HPC's refusal to provide a copy of that spreadsheet to the Court (despite INA's prompting) is telling. *See* Ex. C, [Email to Hugh Morgan]. Apparently, HPC is attempting to mislead this Court by failing to provide the Court with the entirety of INA's interrogatory response.

The spreadsheet attached as Exhibit "A" to INA's Interrogatories, provides an explanation of the charges for which additional information is required.[4] For those charges, the spreadsheet explains:

> Insufficient info provided to determine whether these items are covered under the policy and to assess the reasonableness and necessity of the charges. Produce additional info detailing these charges, the work performed, and how it relates to SC [Salvage Charges] and PAL [Protection Against Loss].

*See* Ex. A [Spreadsheet].  Only Plaintiffs know what these charges were for, why they were necessary, and how they relate to salvage or protection against loss. This new explanation fully complies with Special Master Klein's instructions. Further Special Master Klein stated the following regarding Interrogatories Nos. 3 and 4:

---

[3] This spreadsheet has been subsequently amended.  This was the spreadsheet attached to the interrogatory responses at issue, however.

[4] This spreadsheet cannot be filed electronically.  Therefore, a copy is being delivered to chambers.

> You [INA] already, frankly, these questions have been more or less
> answered. Go ahead and in the fourth amended complaint related it
> to IYC too.

Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 97 ll. 13–18. This further demonstrates that INA's

answers are now clearly compliant and, therefore, Plaintiff's Motion should be denied.

### C.      Interrogatory No. 4

Plaintiff's allegations regarding Interrogatory No. 4 are completely misplaced. First,

Plaintiff misstates Special Master Klein's ruling. *See* HPC Am. Mot. Compel [D.E. 826] at 15.

Special Master Klein merely recommended that the interrogatory should be answered (and IYC

should now be included in the answer) when the Fourth Amended Complaint was filed. Ex. B,

Tr. Apr. 29, 2010 Oral Hearing at 94 ll. 17–18. Specifically, he recommended that INA

"[a]nswer it when the fourth amended complaint is filed." Ex. B, Tr. Apr. 29, 2010 Oral Hearing

at 94 ll. 17–18. Further, Special Master Klein continued by observing the following regarding

INA's previous Response to Interrogatory No. 4 (which was then supplemented):

> You [INA] already, frankly, these questions have been more or less
> answered. Go ahead and in the fourth amended complaint related it
> to IYC too.

Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 97 ll. 13–18. INA's subsequent amendment of this

interrogatory fully complies with the ruling of Special Master Klein and compliantly answers the

interrogatory.

Finally, HPC argues that a discussion occurred regarding the reference to documents

within the answer to Interrogatory No. 4. *See* HPC Am. Mot. Compel [D.E. 826] at 15. Yet no

such discussion ever occurred. *See* Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 94:19–97:21.

Therefore, HPC's argument is without merit and Plaintiff's Motion should be denied.

### D.      Interrogatory No. 6

Plaintiff's complaint regarding Interrogatory No. 6 is completely misplaced. First, Plaintiff misstates Special Master Klein's ruling. *See* HPC Am. Mot. Compel [D.E. 826] at 18. Special Master Klein merely held that the interrogatory should be answered when the Fourth Amended Complaint was filed. Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 102 ll. 14–20. Specifically, he stated:

> I'll be happy to tell you, I'll be happy to rule on all of this as soon as the fourth amended complaint is filed, within five days you answer this, as well as all of it. Okay. … You will answer number 6.

Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 102 ll. 14–20. Special Master Klein never ruled on the sufficiency of INA's previous response as Plaintiff suggests. *See* HPC Am. Mot. Compel [D.E. 826] at 17–18. Further, Special Master Klein never found INA's previous response inadequate. Instead, he merely indicated that INA must reply after the Fourth Amended Complaint was filed. *See* Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 102 ll. 14–20. INA has now done so and its answer is completely responsive. Accordingly, the Court should deny HPC's Motion.

### E.      Interrogatory No. 9

Interrogatory No. 9 asks INA to identify all instances of contributory negligence relevant to this suit. *See* HPC Am. Mot. Compel [D.E. 826] at 18. Special Master Klein previously ruled that INA's response was adequate. *See* Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 122, 130. After receipt of the Fourth Amended Complaint, a contributory negligence defense emerged and INA specifically enumerated multiple instances of contributory negligence applicable to multiple parties. *See* HPC Am. Mot. Compel [D.E. 826] at 18–19.[5]

---

[5] There has been no ruling by Special Master Klein related to the sufficiency of the revised response.

Plaintiff's complaint regarding the Response to Interrogatory No. 9 seems to derive more from Plaintiff not liking the answer provided rather than it being insufficient. First, INA cited the facts supporting its contributory negligence arguments. *See* Ex. A [INA Am. Ans.] @ 13. When evaluating conclusory statements, there is an infinite regression inherent in the analysis. No matter what level of factual detail is provided, there is always another level of detail that could have been provided. Hence, HPC's argument is disingenuous. INA provided the exact level of detail that was requested, and if HPC really wanted answers to the questions encompassing the deeper levels of detail, it should have reserved some of its interrogatories. Instead, HPC is attempting to get the Court to compel INA to respond to interrogatories that were not even asked. HPC's motion to compel is unwarranted and the Court should deny it.

Second, apparently unsatisfied with INA's answer, HPC complains that INA incorporated far too many documents into its answer. *See* HPC Am. Mot. Compel [D.E. 826] at 19. However, HPC's Motion to Compel has no relationship to INA's Response or HPC's interrogatory. Interrogatory No. 9 does not ask INA to make reference to any supporting documentation. Ex. A [INA Am. Ans.] @ 13. Nor does INA respond by citing any supporting documentation. *Id.* at 13. Finally, the cited transcript did not involve a discussion regarding Interrogatory No. 9. (D.E. 826, p. 19). HPC's complaint that INA merely made reference to a voluminous set of produced documents is simply misplaced and incorrect. For these reasons, Plaintiffs' Motion to Compel should be denied.

**F.      Interrogatory No. 10**

HPC's contention that Special Master Klein ruled that INA's previous answer was improper is unfounded. *See* HPC Am. Mot. Compel [D.E. 826] at 31. Contrary to HPC's argument, Special Master Klein specifically held that he was making no ruling whether INA's

answer was sufficient. *See* Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 132 ll. 2–5). Specifically, the following exchange occurred:

> MR. BROWNING: But you're not making a conclusion that we haven't done so already.
>
> THE COURT: I didn't make that conclusion. I said you will give supporting facts. On each of your affirmative defenses. It's clear anyway that the law requires affirmative defenses to be pled with specificity. Not just affirmative defenses, you have to tell them what the affirmative defenses are about.[6]

*Id.* Therefore, contrary to Plaintiff's allegations, the Response to Interrogatory No. 10 was not "contrary to Special Master Klein's ruling" and Plaintiff's Motion should be denied. *See* HPC Am. Mot. Compel [D.E. 826] at 31.

Regarding the Interrogatory itself, Interrogatory No. 10 asks INA to state the facts supporting its affirmative defenses. *See* Ex. A [INA Am. Ans.] at 14. HPC again claims that INA has failed to provide facts to answer the interrogatory. HPC Am. Mot. Compel [D.E. 826] at 31–32. Plaintiff's position is simply incorrect. The answer to Interrogatory No. 10 consists of more than eight single-spaced pages of facts relating to the contemplated affirmative defenses that INA is aware of at this time, prior to having filed its affirmative defenses and drafted prior to even having a live complaint on file. Ex. A [INA Am. Ans.] at 14-22. INA's response was not only proper, but the level of detail provided actually exceeded INA's discovery obligations. Therefore, Plaintiff's Motion should be denied.

Further, Plaintiff does not even state what is wrong about the interrogatory responses. *See* HPC Am. Mot. Compel [D.E. 826] at 32. Instead, Plaintiff merely inserts a blank line where it would discuss the type of information that Plaintiff asserts should have been included within the

---

[6] The non-substantive interruptions by INA's counsels are omitted from this quote. *See* Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 132 ll. 2–22.

answer. HPC Am. Mot. Compel [D.E. 826] at 32. Plaintiff's inability to describe what information is missing from the interrogatory response demonstrates the sufficiency of the response.

Finally, INA's reference to its spreadsheets documenting claims requests and payments is directly related to its asserted affirmative defenses. Further, INA properly referred back to the applicable claims files which documented the progression of these claims. Finally, INA properly provided a non-exclusive list of approximately 5,000 documents in its response. This was done at the request of Special Master Klein. For these reasons, Plaintiff's complaints regarding the referenced documents are unfounded and Plaintiff's Motion should be denied.

### G.    Interrogatory No. 11

INA's answer to Interrogatory No. 11 makes reference to Interrogatory No. 9 because similar facts are in issue. *See* HPC Am. Mot. Compel [D.E. 826] at 32. INA thus adopts and incorporates the portion of its Response related to addressing Interrogatory No. 9 as if fully set forth herein. *See supra* Part II(E).[7]

### H.    Interrogatory No. 13

The spreadsheet INA provided to HPC specifically complies with Special Master Klein's order. HPC's failure to provide a copy of that spreadsheet to the Court (despite INA's prompting) is telling. *See* Ex. C [Email to Hugh Morgan]. Reference to the entirety of INA's interrogatory response demonstrates its sufficiency.

The spreadsheet attached as Exhibit "A" to INA's Interrogatories, offered an explanation for charges for which additional information is required. For those charges, the spreadsheet explains:

---

[7] There has been no ruling by Special Master Klein related to the sufficiency of the revised response.

> Insufficient info provided to determine whether these items are covered under the policy and to assess the reasonableness and necessity of the charges. Produce additional info detailing these charges, the work performed, and how it relates to SC [Salvage Charges] and PAL [Protection Against Loss].

Ex. A, Attachment A thereto [spreadsheet]. Only Plaintiffs know what these charges were for, why they were necessary, and how they relate to salvage or protection against loss. This new explanation provided on the spreadsheet complies with Special Master Klein's instructions. This further demonstrates that INA's answers are now clearly compliant and, therefore, Plaintiff's Motion should be denied.

## I.   Interrogatory No. 15

Interrogatory No. 15 asked only about "loss ratio bonus agreement(s)" and "profit commission agreement(s)" related to the vessels at issue in this litigation. *See* Ex. A [INA Am. Ans.] at 31. During the hearing, Hugh Morgan defined these types of documents as "reinsurance." Specifically, he stated the following:

> Your Honor, with respect to this, they provided the contingency fee agreements that they entered into with Strickland. What we have not been provided are the contingency fee or loss ratio agreements that they may have entered into with other parties, *which is the reinsurance which is the subject matter of our complaint* and will be in the fourth amended complaint.

Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 36 ll. 4–12 (emphasis supplied). Therefore, Mr. Morgan defined the contingency fee and loss ratio agreements with other parties related to the vessels as "reinsurance." *Id.* at 36 ll. 4–12. This definition is consistent with Interrogatory No. 15 which never mentioned reinsurance or other reinsurance agreements. *See* Ex. A [INA Am. Ans.] at 31.

INA fully and completely answered this interrogatory as written and as Mr. Morgan defined the term "reinsurance" in the hearing before Special Master Klein. Merely because Mr. Morgan does not know the proper definition of "reinsurance" does not mean that INA's answer

was incorrect or did not comply with the Interrogatory as worded or as defined by Mr. Morgan. Furthermore, while not asked by HPC in its written discovery requests, INA has no facultative reinsurance for IYC, HPC or the vessels covered under the INA Policies,  Therefore, Plaintiff's Motion should be denied.

### J.   Interrogatory No. 16

Plaintiff's complaints regarding the response to Interrogatory No. 16 are unsupportable and contrary to the rulings of Special Master Klein. Special Master Klein ruled that INA should identify the claims which were made and denied as well as the claims which were paid. Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 43:4–6, 45:23–24, 46:1–2, and 50:20 to 51:4. During the hearing, INA presented its spreadsheet. After review of the spreadsheet, Special Master Klein ruled:

> I don't need any further argument. I really don't. It appears to me if what you say is accurate, that you have shown all of the claims that were made and all of the claims were paid, and all of the claims that were made and all of the claims that were not paid. If that is sufficient, I don't think you need to go any further.

Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 47 ll. 10–16.[8] Therefore, there was no ruling that INA's initial response was improper.

Despite that, INA provided even more detail in its Second Amended Interrogatory Response. If the initial response was adequate, then this subsequent response which contained even more information must also be adequate.

Special Master Klein empowered the Plaintiffs to find an example where sufficient information was not provided by INA. *See* Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 47:22 to 48:4. If such an example was found, Special Master Klein created a procedure whereby Plaintiffs

---

[8] INA's counsel's interjection is omitted.

could initiate a telephone call and have the issue resolved quickly. Ex. B, Tr. Apr. 29, 2010 Oral

Hearing at 52:13–21. Specifically, Special Master Klein stated as follows:

> You won't have to come back, you can just, on a telephone
> conference, I will take a look at it, if, in fact, they have not
> sufficiently stated why they denied it, then I will require them to
> state it. It is that simple. Point out to me anything where they
> haven't stated it, and I will require them to state it.

*Id.* Despite having this procedure at their disposal, Plaintiff never once utilized it—they have

never once raised a single instance where INA's response on a single line item was insufficient.

This demonstrates that the Plaintiff's Motion lacks merit.

Finally, regarding the identification of documents by bates label, there was no order by

Special Master Klein mandating that INA do anything other than it did. Plaintiff has not pointed

this Court to a single ruling by Special Master Klein mandating that INA identify documents by

bates label. *See generally* HPC Am. Mot. Compel [D.E. 826]. Therefore, this issue is without

merit and Plaintiff's Motion should be denied.

### K.      Interrogatory No. 17

HPC's contention that Special Master Klein ruled that INA's previous answer related to

allegations of late notice prejudicing INA was improper is not correct. *See* HPC Am. Mot.

Compel [D.E. 826] at 42. Contrary to HPC's argument, Special Master Klein never made such a

ruling. Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 58:15 to 59:3. His only ruling was limited to

whether notice was received. *Id.* at 58:15 to 59:3. Specifically, the following exchange occurred:

| | |
|---|---|
| THE COURT: | Okay. So you really want to amend this by saying defendant did not receive notice. |
| MR. MORGAN: | Yes. |
| MR. DEMAHY: | Timely notice because the lawsuit was notice, the lawsuit was notice. |
| THE COURT: | Okay. Did not receive any notice until the filing of the lawsuit. |
| MR. DEMAHY: | You want us to amend. |

> THE COURT:    Yes. Amend so that way the plaintiff knows that you are claiming you have never received notice until he filed a lawsuit.

*Id.* Therefore, contrary to Plaintiff's allegations, the Response to Interrogatory No. 17 was not "contrary to Special Master Klein's ruling" and the Plaintiff's Motion should be denied. *See* HPC Am. Mot. Compel [D.E. 826] at 42.

Since Plaintiffs never received a ruling on this issue before, Plaintiff's Motion is really an attempt to get a "second bite at the apple." Plaintiff failed to seek and receive a ruling on this issue and the time period for raising this issue under the Local Rules has now passed. Local Rule 26.1(h)(1).

Finally, a clear reading of INA's response to the Interrogatory No. 17 demonstrates that a full and complete response was provided. Plaintiffs clearly just do not like the substance of the response. Therefore, Plaintiff's Motion should be denied.

## I.    Interrogatory No. 21

Interrogatory No. 21 asks INA to state whether Strickland participated in the claims adjusting process. *See* HPC Am. Mot. Compel [D.E. 826] at 43. Plaintiff never clearly states what its issue with the Response to Interrogatory No. 21 is other than to say that the answer provided is "contrary to Special Master Klein's recommendation." *Id.* at 45.

A simple reading of Special Master Klein's Order reveals that INA provided exactly the answer which Special Master Klein requested. *See* Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 68:5–20. Specifically, Special Master Klein ordered as follows:

> THE COURT:        Can you amend 21 to say: No, to your knowledge Strickland never participated in adjusting the HPC claim.
>
> MR. DEMAHY:      Okay.
>
> THE COURT:        Now, we understand, because we are on the record, we understand that your concern,

|                | that is the defendant's concern, is that |
|                | somewhere among the 300,000 documents |
|                | somebody may construe a document as |
|                | being contrary to answers 20 and 21. |
| MR. DEMAHY:    | Got it. |
| THE COURT:     | So you are making your – you are redoing this – |
| MR. DEMAHY:    | We are making a record. |
| THE COURT:     | -- answer subject to that. |

*Id.* And INA did exactly what Special Master Klein ordered. In its Response to Interrogatory No. 21, INA stated:

> No, to INA's knowledge, Strickland never participated in the claims adjustment process related to the HPC claim. There may be documents that Plaintiffs may choose to construe as participation in the claims adjustment process, but INA has no knowledge of any actual participation in the claims adjustment process by Strickland related to the HPC claim.

*See* Ex. A [INA Am. Ans.] at 37. This interrogatory response tracks Special Master Klein's order exactly.

Plaintiff appears to take issue with the last sentence of the response. HPC Am. Mot. Compel [D.E. 826] at 45. Special Master Klein did not order that INA identify these documents, however. Ex. B, Tr. Apr. 29, 2010 Oral Hearing at 68:5–20. Since Plaintiff did not appeal Special Master Klein's order, it appears as if it has waived the right to appeal on this issue.

The foregoing demonstrates that Plaintiff's Motion is made either in bad faith or without taking any effort to actually review the interrogatory responses. Therefore, Plaintiff's Motion should be denied.

### J.    Interrogatory No. 22

Special Master Klein ordered the INA provide the names of the people who participated in the investigation and adjusting of the claims. *See* Ex. B, Tr. Apr. 29, 2010 Oral Hearing at

75:20–23. INA did so. *See* Ex. A [INA Am. Ans.] at 37-39. Therefore, it complied with Special Master Klein's order.

Special Master Klein never issued an order requiring INA to provide the information outlined within the Plaintiff's Motion. *See* HPC Am. Mot. Compel [D.E. 826] at 45. Plaintiff's contentions as to what Special Master Klein ordered are not a substitute for the actual rulings made by Special Master Klein. Plaintiff's Motion should be denied.

**III.**   **Plaintiffs' Motion for Sanctions Is Meritless**

Plaintiff's Motion fails to articulate or otherwise show how INA's answers are insufficient. Further, a comparison of Judge Klein's rulings with Plaintiff's argument demonstrates that Plaintiff misstated or misconstrued Special Master Klein's orders to attempt to convince the Court that INA violated certain rulings.

Contrary to what is alleged in Plaintiff's Motion, INA's answers comply with Special Master Klein's orders as well as INA's agreement with Plaintiffs' Counsel. Therefore, Plaintiff's Motion for Sanctions is meritless and should be denied.

**IV.**   **INA Is Entitled to Its Attorney's Fees as a Sanction Against HPC**

The Court should award INA its reasonable attorney's fees and costs for the time spent in responding to Plaintiff's Motion, including the time involved in drafting the Motion to Strike. Counsel for Defendant made good faith attempts to confer with counsel for Plaintiff regarding its answers to the aforementioned interrogatories. However, similar to the vagueness and lack of explanation provided by the Motion, Plaintiff's Counsel failed to articulate how they wished for Defendant to amend its answers. Therefore, instead of having the opportunity to work out any issues with Plaintiff's Counsel, it appears as if Plaintiff attempted to manufacture a situation

warranting Court intervention. Accordingly, pursuant to Federal Rule of Civil Procedure 37, Defendant respectfully requests that the Court award attorneys fees and costs against Plaintiff.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 5, 2010**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: /s/ Frank J. Sioli
     Frank J. Sioli
     Florida Bar No. 009652
     Datran Two – Suite 1609
     9130 South Dadeland Boulevard
     Miami, Florida 33156
     Telephone: 305.274.5507
     Facsimile 305.274.5517

*Attorneys for Defendant, Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713-629-5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via Certified Mail, return receipt
requested & via U.S. Mail, postage pre-
paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne &
Cabeza
150 Alhambra Circle - Penthouse

Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone:  561-650-0406
Facsimile: 561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com
(via CM/ECF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 08-10084-CIV-BROWN

PETER HALMOS, et al.,

*Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

*Defendants.*

_____

## ORDER DENYING HIGH PLAINS CAPITAL'S
## AMENDED MOTION TO COMPEL,
## MOTION FOR SANCTIONS, AND MEMORANDUM OF LAW [D.E. 826]

On this day came on to be heard High Plains Capital's Amended Motion to Compel,
Motion for Sanctions, and Memorandum of Law [D.E. 826]. The Court, after considering the
Motion, the Response, the Reply, and arguments of counsel, is of the opinion that the Motion is
not well taken and should in all things be DENIED. It is therefore

ORDERED, ADJUDGED, and DECREED that High Plains Capital's Amended Motion
to Compel, Motion for Sanctions, and Memorandum of Law [D.E. 826] is DENIED. It is further

ORDERED, ADJUDGED, and DECREED that Insurance Company of North America is
awarded its attorney fees and costs associated with the filing and response to High Plains
Capital's Amended Motion to Compel, Motion for Sanctions, and Memorandum of Law.

Signed this _____ day of _____, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

Peter Halmos, Int'l Yachting Charters, Inc. &
High Plains Capital v. Insurance Co. of North America
Case Number: 08-10084-CIV-BROWN

**SERVICE LIST**

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, FL 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Mr. Joseph P. Klock, Esq.
Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407

Mr. Frank J. Sioli
Ms. Zascha Abbott
Datran Two – Suite 1609
9130 South Dadeland Blvd.
Miami, FL 33156-7851

2

Telephone: 305-274-5507
Facsimile: 305-274-5517
fsioli@brownsims.com
zabbott@brownsims.com

Kenneth G. Engerrand
P. Michael Bowdoin
Michael A. Varner
Robert M. Browning
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713-629-1580
Facsimile: 713-629-5027
kengerrand@brownsims.com
mbowdoin@brownsims.com
mvarner@brownsims.com
rbrowning@brownsims.com

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone:  561-650-0406
Facsimile:  561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com