UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA, KEY WEST DIVISION

**CASE NO. 08-10084-CIV-MARTINEZ/BROWN**

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.

_____/

**RESPONSE TO INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO QUASH PLAINTIFFS' SUBPOENA DUCES TECUM DIRECTED TO RECORDS CUSTODIAN OF PRICE WATERHOUSE LLT, MOTION FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW [DE 868]**

On July 15, 2010, INA[1] moved to quash Plaintiffs' subpoena duces tecum directed to the records custodian of Price Waterhouse LLT., on the basis that the subpoena failed to allow reasonable time to comply, sought privileged information and was overly broad, unduly burdensome and not reasonably calculated to lead to discoverable evidence.

However, the subpoenas at issue do not seek privileged information and are relevant to the case at hand. As a result, INA's motion should be denied, and Price Waterhouse LLT., commanded to produce the documents requested. In support thereof, Plaintiffs state the following:

---

[1] The motion to quash was filed on behalf of INA, not ACE. The subpoena also sought documents as they relate to ACE. As such, any objections that could have been made by ACE or Price Waterhouse LLT., as to the documents sought relating to ACE are waived, and this Court should issue an order requiring that Price Waterhouse LLT., produce such documents immediately.

## Factual Background

On July 8, 2010, undersigned counsel attempted to serve the Records Custodian of Price Waterhouse, at 300 Madison Avenue, 24th Floor, New York, for production of documents on July 16, 2010.  The individual at Price Waterhouse informed the process server that she was unable to accept service for "Price Waterhouse" as there was no entity by that name.  As a result, undersigned counsel reissued the subpoena on July 12, 2010, to the same location, this time however, the subpoena listed the individual to be served as Price Waterhouse, LLT.  On July 13, 2010, service was accepted.  The subpoena kept the same deadline for responding to the request.

The subpoena requests the following documents:

1. Any notes and/or work papers that refer in any way to INA or ACE's claims handling procedure;

2. Any comments or financial statement which comment negatively on INA or ACE's claims handling procedures; and

3. Any and all comments or analysis on ACE or INA's reinsurance program or liability attached thereto.

INA, not ACE, objected to the subpoena claiming it has standing to assert objections that the subpoenas do not allow sufficient time, seek privileged information and are overbroad.  This response follows.

### A. INA Does Not Have Standing To Assert Objections As To The Timing of The Subpoenas Or As To Undue Burden or Oppression

In the Eleventh Circuit, the "general rule is that a party lacks standing to challenge subpoenas served on another, unless that party alleges a 'personal right or privilege with respect to the materials subpoenaed'" *See Armor Screen Corporation v. Storm Catcher, Inc.,* 2008 WL 5049277 (S.D. Fla. 2008)(Vitunac, J.)  Further, "a party

lacks standing to challenge subpoenas served on another "on grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." *Id.* at *2. Price Waterhouse LLT, has not filed any objections to the subpoena, as a result INA lacks standing to assert such objections.

Undersigned is aware the timing of the request was limited, that however, was brought upon by Price Waterhouse LLT, deciding not to accept a subpoena issued to Price Waterhouse on the same address and floor that "LLT" was located. Be that as it may, undersigned is willing to discuss the timing of the production of the documents with Price Waterhouse LLT, once this Court orders the documents produced.

**B. The Documents Requested Are Not Privileged**

INA next asserts that the documents requested are governed by the accountant-client privilege or the work product doctrine.[2] INA's blanket assertion of privilege, however, should be denied. "[I]nvocation of the [the attorney-client] privilege must be specific and must be asserted on a question-by-question or document-by-document basis; blanket claims of privilege will not justify a wholesale refusal to testify or produce documents in response to a request." *See In re Hillsborough Holdings Corporation v. Celotex Corporation,* 118 B.R. 866, 869 (M.D. Fla. 1990). As a result, a privilege log identifying the documents requested, *if they exist*, which INA claims are governed by the privilege should be produced so the Court and Plaintiffs can reasonably analyze any claim of privilege.

Should this Court entertain such a blanket objection as to accountant-client

---

[2] It's difficult to understand how INA can claim such a privilege when in the very next page INA does not know if any documents exist as it states "assuming that there were any documents responsive to this request . . . ."

3

privilege or work product doctrine, Plaintiffs state the following:

First, "[f]inancial records and data which are not privileged in the hands of the client cannot be shielded from discovery . . . by transferring them to the client's accountant." *See Socas v. Northwesternmutual Life Insurance Company*, 2008 WL 619322 (S.D. Fla. 2008) *citing Paper Corp. of Am. V. Schneider,* 563 So. 2d 1134, 1135 (Fla. 3d DCA 1990).  Further, the privilege encompasses only those "'communications between a public accountant and its client made in the rendition of accounting services to the client [such as] audit workpapers and related documents prepared by an accountant, financial records and workpapers in accountant's possession, and confidential memoranda prepared by accountants', but no 'non-privileged financial information' that has been turned over to an accountant." *Id. citing In re Hillsborough Holdings Corp.,* 176 B.R. 223, 236 (M.D. Fla. 1994).  It therefore follows that INA should not be able to shield documents ordinarily discoverable.

Second, "before a document or tangible thing which is otherwise discoverable comes within the doctrine of work product, it must be related to litigation actually pending; material assembled in the ordinary course of business or for other nonrelated purposes, do not fall under the qualified immunity of [work-product]." *See Hillsborough Holdings Corporation, v. Celotex Corporation*, 118 B.R. 866, 870 (M.D. Fla. 1990).  Further, it is "a generally accepted proposition that the doctrine applies only to documents created primarily to prepare for and to assist in the defense or prosecution of an identifiable specific lawsuit which is either pending or has been threatened."  *Id.*  Thus, "documents generated in an attempt to control and to anticipate a possible production liability exposure of a client" or "documents which are created primarily for

4

the business public rather than to assist in pending or impending litigation" do not come within the work product doctrine. *Id. at 870-871.*

On its face, the documents requested by the subpoena are not privileged nor are they work product. As a result, the documents must be produced, with the appropriate privilege log, should any document be designated as such.

### C. The Subpoena Is Appropriate

INA next argues, in a convoluted fashion, that the documents fail to describe the "documents sought with particularity," and are therefore "overbroad and unduly burdensome", in light of the fact that "the request is not designed to lead to the discovery of admissible evidence," since it is not limited "to facts alleged in the complaint." That, however, is not the standard[3].

"Rule 26 states that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. A party seeking a protective order bears the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *See Armor Screen Corporation*, 2008 WL 5049277 *3 (S.D. Fla. 2008). Finally, the "scope of discovery is governed by Rule 26, which permits the parties to 'obtain discovery regarding any matter, not privileged, which is relevant to the subject claim or *defense* of any party." *See Maxwell v. Health Center of Lake City, Inc.,* 2006 WL 1627020 (M.D. Fla. 2006) *citing Fed.R.Civ.P.* 26(b)(1). Further, "[r]elevant information need not be admissible at the trial if the

---

[3] Further, although INA seeks this Court to quash the subpoena as a result of this argument, what it should be seeking, as explained supra, is a protective order as INA does not have standing to quash the subpoena.

5

discovery appears reasonably calculated to lead to the discovery of admissible evidence. The term 'relevant' should be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Id.* (citations omitted). And, "discovery is not limited to issues raised by the pleadings." *See Herron v. Eastern Industries, Inc.,* 2007 WL 2781211 *1 (N.D. Fla. 2007).

INA has offered this Court no reason for it to issue a protective order. INA's request is purely conclusory and limited to the fact that the subpoena would require *Price Waterhouse*, as opposed to INA, to review virtually every document exchanged between INA and Price Waterhouse – without any limitation to the facts alleged in the complaint. Cleary, INA's argument should be denied as it is (1) conclusory and (2) discovery is not limited to the "facts alleged in the complaint."

The issue, should be whether or not Plaintiffs' request is relevant or could lead to relevant information -- a topic not addressed by INA. The requests clearly go to INA's claims handling procedure. As the Court is no doubt aware by now, INA will argue to the jury its theory of the case that the Plaintiffs have not provided sufficient information for payment of the reimbursements, that claims were not made to INA regarding the Sol and that Plaintiffs, not INA, were the reason for the non-payment. Thus, it would be preposterous to suggest that the claims handling procedure of ACE is irrelevant when defendant is claiming that the plaintiffs failed to properly provide materials required by the company. As a result, the documents sought are relevant to the defenses that INA will bring forward and present to the jury.

Plaintiffs, unlike INA, does not make it part of their litigation strategy to seek

6

privileged information.  If the information requested is privileged, a privilege log identifying the document and the basis for the privilege will be sufficient.  However, as to all other documents that are responsive to the request, they should be produced immediately.  Lastly, as ACE has not objected to the subpoena, at a minimum, those documents must be produced as all objections have been waived.

      Respectfully submitted,

      RASCO KLOCK REININGER PEREZ
      EASQUENAZI VIGIL & NIETO
      Joseph P. Klock, Jr. FBN 156678
      Juan Carlos Antorcha FBN 0523305
      283 Catalonia Avenue
      Coral Gables, Florida  33134
      Telephone: 305.476.7105
      Facsimile: 305.476.7102

      /s/ Joseph P. Klock, Jr.

      THE LAW OFFICE OF HUGH J. MORGAN
      Hugh J. Morgan
      P.O. Box 1117
      Key West, Florida 33041
      Telephone:  (305) 296-5676
      Facsimile:  (305)296-4331
      hugh@hjmorganlaw.com

      SPOTTSWOOD, SPOTTSWOOD &
      SPOTTSWOOD
      Jack Spottswood
      500 Fleming Street
      Key West, Florida 33040
      Telephone:  (305) 294-9556
      Facsimile:  (305) 292-1982
      jack@spottswood.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Joseph P. Klock, Jr.

**Service List**

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida  33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com


Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL  33134
Telephone:  (305) 443-4850
Facsimile:  (305) 443-5960

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile:  (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

David P. Horan
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, FL  33040
Telephone:  (305) 294-4585
Facsimile:  (305) 294-7822
dph@horan-wallace.com

4839-2524-1095, v.  1