UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 08-10084-CIV- BROWN

PETER HALMOS, et al.

vs.

INSURANCE COMPANY OF NORTH AMERICA, et al.
_____ /

**INSURANCE COMPANY OF NORTH AMERICA'S REPLY TO
PLAINTIFFS' RESPONSE TO D.E. 887 AND RESPONSE TO
PLAINTIFFS' MOTION FOR SANCTIONS AND MOTION FOR
TERMINATION OF *PRO HAC VICE* STATUS OF KENNETH ENGERRAND [D.E. 916]**

COMES NOW Defendant, Insurance Company of North America ("INA"), and files its Reply to Plaintiffs' Response to D.E. 887 and Response to Plaintiffs' Motion for Sanctions and Motion for Termination of *Pro Hac Vice* Status of Kenneth Engerrand [D.E. 916].

Plaintiffs' scandalous Motion for Sanctions and Motion for Termination of *Pro Hac Vice* Status of Kenneth Engerrand is as meritless as Plaintiffs frivolous attempt to stop Peter Halmos' deposition with their defamatory and unsupported allegations lodged against the reputable Fowler White Burnett law firm. This fact was clearly evident by Plaintiffs' adamant refusal to call either Judge Brown or Special Master Klein during the deposition, for a contemporaneous ruling as Mr. Engerrand and INA requested them to do

### MEMORANDUM OF LAW

Plaintiffs are engaged in yet another side-show designed to direct the Court's attention away from their own obstructive behavior in this litigation. Initially, they claim to have agonized over the filing of the Motion. (D.E. 916, p. 1). The Connie Dennis ("Dennis")

transcript reveals, however, that Plaintiffs immediately intended to make these scandalous allegations regardless of the facts.

### A. Plaintiffs Use Inadvertent Contact To Manufacture Another Crisis

Upon even a cursory review of the Plaintiffs' Motion, it is clear that Plaintiffs immediately intended to move for sanctions – regardless of any explanation or the revelation of the truth. (Exhibit "A," p. 75:2-6). Carefully omitted from Plaintiffs' Motion is the complete picture of what occurred at the end of Ms. Dennis' deposition. In support of their argument, Plaintiffs provide only a partial quote of what the witness stated to attempt to establish some alleged objectionable conduct. (D.E. 916, pp. 7-8). The full quote demonstrates that both the witness and counsel merely believed there was a pillar under the table that counsel was making contact with at the time of the alleged incident:

| | |
|---|---|
| MR. ANTORCHA: | Hey, Peter, let me interrupt you for a second. Ms. Dennis, who is sitting to your left? |
| THE WITNESS: | Mr. Engerrand. |
| MR. ANTORCHA: | Mr. Engerrand, are you tapping Ms. Dennis' foot during any of these questions? |
| MR. ENGERRAND: | Tapping her foot? |
| MR. ANTORCHA: | Are you touching her foot, tapping her foot, or in any way rubbing up against her foot? |
| MR. ENGERRAND: | *I will make sure that I'm away from her. I haven't been in the middle.* |
| MR. ANTORCHA: | Well, if you were to send me a picture of your foot tapping hers, would that be incorrect? |
| MR. ENGERRAND: | I don't know that I've been tapping her foot. *I assumed there was a pillar next to me, so I'll move down.* |
| MR. ANTORCHA: | You tapped her feet; is that what you're saying? |
| MR. ENGERRAND: | I'm moving down. I didn't realize I was tapping her foot. |
| MR. ANTORCHA: | Ms. Dennis? |
| THE WITNESS: | Yes. |

| | |
|---|---|
| MR. ANTORCHA: | Has he been tapping your foot? And you're under oath here. |
| THE WITNESS: | Yes. |
| MR. ANTORCHA: | Yes, he has? |
| THE WITNESS: | *Yes. I didn't know it was his foot.* |
| MR. ANTORCHA: | That's fine. I didn't ask you that. Has he been tapping your foot? |
| THE WITNESS: | Yes. |
| MR. ANTORCHA: | Thank you. *We're concluding this deposition.* |
| MR. ENGERRAND: | Let me ask her -- |
| MR. ANTORCHA: | No, no, Mr. Engerrand. *Coaching the witness.* |
| MR. ENGERRAND: | I did not -- |
| MR. ANTORCHA: | *We're going to seek sanctions before Judge Brown.* |
| MR. ENGERRAND: | Did you know I was tapping your foot? |
| THE WITNESS: | *I didn't know you were tapping my foot.* |
| MR. ENGERRAND: | That's what I wanted to make sure she said. We're sitting next to each other. |
| MR. ANTORCHA: | You're under oath right now. |
| MR. ENGERRAND: | Yes, under oath. |
| THE WITNESS: | *I didn't know he knew he was tapping my foot.* |
| MR. ANTORCHA: | Your foot's been tapped the entire time and you didn't know? |
| THE WITNESS: | *It hasn't been tapped the entire time. It was tapped a couple times, and I'm assuming he thought it was a pillar or something underneath the table. We can't see through the table.* |
| MR. ANTORCHA: | Peter, how do you want to handle this? |
| MR. HALMOS: | You decide. |
| MR. ENGERRAND: | Get the Judge on the phone. He can ask anything he wants. |
| MR. ANTORCHA: | Oh, we're going straight to Judge Brown on this one, thank you very much. Peter, how do you want to continue? Do you want to continue or to seek sanctions before Judge Brown? |
| MR. HALMOS: | I'd like to -- we're off for lunch? |
| MR. ANTORCHA: | Peter, let's talk. We're going to take a break for lunch now. |
| MR. HALMOS: | Yes. |
| MR. ANTORCHA: | Thank you. We'll need an hour for lunch. |
| MR. ENGERRAND: | Okay. |

> MR. ANTORCHA:   Thank you.

((Exhibit "A," pp. 73:15-76:19)(emphasis supplied)).  If an issue existed regarding objectionable contact between any of the participants in the conference room,[1] Mr. Engerrand offered to move farther away from the witness to prevent any appearance of impropriety. (Exhibit "A," p. 74:6-8).  Once the objection was raised by counsel, the proper course of conduct would have been for Judge Klein or Judge Brown to have ruled on the objection or remedied the conduct as INA requested, not to unilaterally terminate the deposition. (Exhibit "A," p. 76:4-10).  As this transcript demonstrates, Plaintiffs are merely attempting to manufacture a crisis where none exists.

**B.   Plaintiffs' Photograph Shows Nothing Improper**

Plaintiffs make much of the photograph that they took under the table. (D.E. 916). The photograph shows only two people who are sitting very close to one another in a small conference room whose feet came into contact. (D.E. 916, Exhibit "A").  It does not show that Mr. Engerrand's foot is tapping Ms. Dennis' foot (contrary to the Plaintiffs' representations). (D.E. 916, pp. 3 and 4).  It does not show witness coaching (as Plaintiffs alleged at the deposition).  (Exhibit "A," p. 75:3).  Furthermore, it does not show a cover-up (as Plaintiffs claim).  (D.E. 916, p. 3).  It reflects a natural position for parties sitting for hours of cross examination. Unless the parties remained perfectly still for the duration of the cross examination, any movement or stretch of the legs could result in this inadvertent contact.

Immediately after the issue was raised, both Mr. Engerrand and Ms. Dennis stated they believed Mr. Engerrand's foot was making contact with a pillar under the table. (Exhibit "A," p. 75:7-25).  Ms. Dennis even testified that she did not know that it was Mr. Engerrand who was

---

[1] It goes without saying that both Ms. Dennis and Mr. Engerrand adamantly deny that any witness coaching or tampering occurred.

touching her foot. (Exhibit "A," p. 74:19-20). To remedy any alleged inappropriate conduct, Mr. Engerrand offered to move farther away from the witness. (Exhibit "A," p. 73:18-74:12). Both Mr. Engerrand and Ms. Dennis denied that any witness coaching was occurring.

Mr. Engerrand requested that either Judge Klein or Judge Brown be immediately contacted to resolve the issue while the witness was still present. (Exhibit "A," p. 76:1-19). This was the appropriate resolution in light of the procedure established by this Court for Special Master Klein. However, Plaintiffs refused to allow the Special Master or Judge to immediately rule on their objection or remedy the alleged inappropriate behavior. (Exhibit "A," p. 76:1-19). The parties then took a lunch break leaving ample time to raise this issue with either Judge Klein or Judge Brown. (Exhibit "A," p. 76:13-76:22).

The apparent reason for the decision not to contact either Judge Klein or Judge Brown or to forward the photograph to them is because there was no evidence of any impropriety, as reflected in the testimony of Ms. Dennis. Instead, Plaintiffs wanted another vehicle to delay Court-ordered discovery. This is the same pattern of behavior and continuing course of conduct which has required numerous interventions by this Honorable Court.

The simple fact is that nothing improper occurred. The deposition was taken in close quarters. Innocent contact was made; no evidence to the contrary has been proferred by the Plaintiffs or any evidence of witness coaching. INA's counsel offered to move down the table to quell any of Plaintiffs' concerns and requested that the Special Master be contacted to do whatever was necessary to resolve the issue. Plaintiffs rejected the procedure set forth by this Court, however, so they could make the allegations herein free of any inquiry by Judge Klein. Plaintiffs should not be heard to complain now when Judge Klein was available before there could be any question as to what occurred.

### C. Plaintiffs Failed To Carry Their Burden Regarding Disqualification of Brown Sims, P.C. and Kenneth Engerrand

No authority or argument is provided to support this request for relief. Therefore, pursuant to S.D. Fla. L.R. 7.1(a)(1), this request for relief should be stricken.

"Disqualification of a party's chosen counsel is an extraordinary remedy and should be granted sparingly." *Great Am. Ins. Co. v. General Contrs. & Constr. Mgmt.*, Case No. 07-21489-CIV-UNGARO, 2008 U.S. Dist. LEXIS 37015 at *8 (S.D. Fla. May 6, 2008). Disqualification is "a blunt device [that] foists substantial costs upon innocent third parties[,]" including the delay, inconvenience, and expense an innocent client may incur, as well as the deprivation of the innocent client's counsel of choice. *Great Am. Ins. Co.*, 2008 U.S. Dist. LEXIS 37015 at *4.

When adjudicating a motion to disqualify, some courts have looked to balancing tests to determine whether disqualification is warranted. *Great Am. Ins. Co.*, 2008 U.S. Dist. LEXIS 37015 at *5. Among the factors that courts have considered are the following:

(1). The nature of the ethical violation;
(2). The prejudice to the parties;
(3). The effectiveness of counsel in light of the violations;
(4). the public's perception of the profession; and
(5). Whether or not the attempt to disqualify an attorney is used as a tactical device or a means of harassment.

*Great Am. Ins. Co.*, 2008 U.S. Dist. LEXIS 37015 at *5. The burden of demonstrating that disqualification is necessary is placed upon the party seeking disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003); *Great Am. Ins. Co.*, 2008 U.S. Dist. LEXIS 37015 at *2.

#### 1. Plaintiffs Have Not Attempted To Carry Their Burden Of Proof

Plaintiffs have not even tried to carry their burden of proof on any of these elements. (D.E. 916, p. 10). In fact, Plaintiffs do not even attempt to discuss these factors at all. (D.E. 916,

p. 10). Instead, Plaintiffs only conclusorily state that "Brown Sims, P.C. should be disqualified from representing INA in this action." (D.E. 916, p. 10). Therefore, since Plaintiffs have not even attempted to carry their burden of proof on disqualification, no further discussion is necessary and the Plaintiffs request to disqualify Brown Sims, P.C. and Kenneth Engerrand should be denied.

        2.       <u>No Evidence Exists Related To The Disqualification Elements</u>

To the extent that any further discussion is necessary, INA will address each of the five elements previously discussed. Regarding the first element, there is no proof regarding any ethical violation here (and Plaintiffs cite to no ethical rule violated by INA or its counsel). (D.E. 916 generally). Instead, Plaintiffs merely presume that their fictional explanation of events is right and Mr. Engerrand and Ms. Dennis are wrong. This is not sufficient evidence to carry Plaintiffs' burden of proof on this element, however. Therefore, this element does not support disqualification.

Regarding the second element, great prejudice would result to INA if its counsel (or its lead lawyer – Mr. Engerrand) was disqualified. This litigation has been pending for almost two years. An evidentiary hearing is likely to be scheduled in September 2010 and a trial setting in the months that follow. Therefore, to disqualify INA's lead lawyer and lead law firm at this late date would severely prejudice INA and this element does not satisfy disqualification.

Regarding the third element, the effectiveness of counsel element does not appear to apply to this alleged infraction. The typical disqualification case involves a conflict of interest. *See, e.g., Great Am. Ins. Co.*, 2008 U.S. Dist. LEXIS 37015 at *3-5. The question involved in those cases is whether an attorney or law firm can continue to represent his client without betraying privileged information. Such an issue does not exist here. There is no question (or

even a suggestion by Plaintiffs) that Mr. Engerrand and Brown Sims, P.C. cannot continue to effectively represent INA in this matter. (*See* D.E. 916 generally). Therefore, this element does not support disqualification.

Regarding the fourth element, the public's perception of the profession is not implicated here. The witness's testimony as to the inadvertent contact in the close quarters demonstrates that nothing improper occurred. In contrast, the public's perception of the profession is diminished by another baseless attack on the legal profession, following the charges leveled by the Plaintiffs against the Fowler White law firm in this case for the sole purpose of delaying discovery. (D.E. 629). Further, Plaintiffs have even suggested that Special Master Klein might be biased, (Exhibit "B," p. 433:14-20), which could explain why the Plaintiffs refused to have Judge Klein address the charges during the deposition. Consequently, this element does not weigh in favor of disqualification.

Regarding the fifth element, Plaintiffs' attempt to disqualify Mr. Engerrand and Brown Sims, P.C. is clearly a tactical device and is undoubtedly meant to harass both counsel and INA. Plaintiffs have consistently created issues to delay discovery, have repeatedly prevented discovery from proceeding, and have even manufactured a crisis regarding the Fowler White law firm for the purpose of delay. (*See, e.g.,* D.E. Nos. 629, 789, 795, 796, and 877) Plaintiffs' unsupported and conclusory disqualification motion is consistent with their demonstrated tactical history in this litigation. Therefore, this element also does not support disqualification. For these reasons, Plaintiffs' unsupported and conclusory disqualification motion should be denied.

**D.      Revocation of *Pro Hac Vice* Status**

No authority or argument is provided to support this request for relief. Therefore, pursuant to S.D. Fla. L.R. 7.1(a)(1), this request for relief should be stricken.

As described above, there is no evidence that anything improper occurred at the deposition. Further, INA incorporates Section "C" as if fully restated herein. Therefore, there is no reason to revoke Mr. Engerrand's *pro hac vice* status.

### CONCLUSION

The deposition was almost over by the time this manufactured crisis emerged. Both IYC and HPC had passed the witness. Peter Halmos, *pro se*, was far along in his cross-examination of this witness who only worked on one claim for a few weeks and who made no substantive decisions about payment during that period. Plaintiffs' adjournment of the deposition to gain tactical advantage instead of invoking the procedure set forth by this Court should not be permitted. Plaintiffs' Motion should be denied and INA's Motion for Protective Order should be granted.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Insurance Company of North America respectfully requests that the Court Grant INA's Motion for Protective Order, award Defendant Insurance Company of North America its attorney fees and costs, deny Plaintiffs' Motion for Sanctions and Motion for Termination of *Pro Hac Vice* Status of Kenneth Engerrand [D.E. 916], and grant Defendant any other relief to which it may show itself justly entitled, whether at law, in equity, or in admiralty.

### CERTIFICATE OF SERVICE

I hereby certify that on **August 9, 2010**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: /s/ Frank J. Sioli
Frank J. Sioli
Florida Bar No. 009652
Datran Two – Suite 1609
9130 South Dadeland Boulevard
Miami, Florida 33156
Telephone: 305.274-5507
Facsimile 305.274-5517

*Attorneys for Defendant, Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713-629-5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via Certified Mail, return receipt requested
& via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse

Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone: 561-650-0406
Facsimile: 561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com
(via CM/ECF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**CASE NO. 08-10084-CIV- BROWN**

PETER HALMOS, et al.,

                      *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

                      *Defendants.*

_____

**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS AND MOTION FOR TERMINATION OF *PRO HAC VICE* STATUS OF KENNETH ENGERRAND [D.E. 916]**

On this day came to be heard Plaintiffs' Motion for Sanctions and Motion for Termination of *Pro Hac Vice* Status of Kenneth Engerrand [D.E. 916]. The Court, after considering the Motion, the Response, the Reply, and arguments of counsel, is of the opinion that the Motion is not well taken and should in all things be DENIED. It is therefore

ORDERED, ADJUDGED, and DECREED that Plaintiffs' Motion for Sanctions and Motion for Termination of *Pro Hac Vice* Status of Kenneth Engerrand [D.E. 916] is DENIED.

Signed this _____ day of _____, 2010.


                                                   _____
                                                   UNITED STATES MAGISTRATE JUDGE

Peter Halmos, Int'l Yachting Charters, Inc. &
High Plains Capital v. Insurance Co. of North America
Case Number: 08-10084-CIV-BROWN

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, FL 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Mr. Joseph P. Klock, Esq.
Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407

Mr. Frank J. Sioli
Ms. Zascha Abbott
Datran Two – Suite 1609
9130 South Dadeland Blvd.
Miami, FL 33156-7851

2

Telephone: 305-274-5507
Facsimile: 305-274-5517
fsioli@brownsims.com
zabbott@brownsims.com

Kenneth G. Engerrand
P. Michael Bowdoin
Michael A. Varner
Robert M. Browning
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713-629-1580
Facsimile: 713-629-5027
kengerrand@brownsims.com
mbowdoin@brownsims.com
mvarner@brownsims.com
rbrowning@brownsims.com

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone:  561-650-0406
Facsimile:  561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com