UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**Case Number: 08-10084-CIV- BROWN**

PETER HALMOS, et al.

vs.

INSURANCE COMPANY OF NORTH AMERICA, et al.
_____/

**INSURANCE COMPANY OF NORTH AMERICA'S
MOTION FOR RECONSIDERATION OF D.E. 871**

COMES NOW Insurance Company of North America ("INA"), Defendant herein, and files its Motion for Reconsideration of D.E. 871 ("Motion"). INA seeks reconsideration of D.E. 871 in order to address the material arguments made by INA and the specific request for relief sought by INA.  In support of its Motion, INA presents the following Memorandum of Law:

**MEMORANDUM OF LAW**

**A.    INA Does Not Request That This Court Overturn Judge Cox's Confidentiality Order**

INA does not request that "this Court [] overturn the Confidentiality Order of the state court ..." as stated within this Court's Order.  (D.E. 871, p. 2).  Instead, INA requests that this Court deny Plaintiffs' request for a protective order request [D.E. 482] and compel production of documents for the present case in accordance with the specific provisions of the Confidentiality Order.

Regardless of the existence of a confidentiality agreement between parties or a confidentiality order entered by a Florida state court, a federal court has the authority to compel document production. *Residence Inn by Marriott v. Cecile Resort LTD*, 822 So. 2d 548, 548–49

(Fla. 5th DCA 2002).  This is true even if the documents sought to be compelled are the subject of a state court confidentiality order.

As INA is not asking this Court to overturn the decision of the state court, the decision in *Howell v. State Bar of Texas*[1] is not applicable to the present case.  *Howell* properly stated the rule that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Howell*, 710 F.2d at 1076.  In that decision, the Court concluded that a district court did not have the ability to resolve most constitutionality challenges related to the Texas disciplinary rules because they were "inextricably intertwined" with a Texas state court's reprimand ruling. *Howell*, 710 F.2d at 1077.[2]  In that case, the same individuals were a party in both the state court and the federal court litigation. *Howell*, 710 F.2d at 1076-77.  Therefore, if a federal court addressed the constitutionality issues again, it would amount to relitigating claims resolved in the state court between the same parties.

The situation presented by *Howell* is not presented here, however.  Unlike *Howell*, INA was not a party to the state court confidentiality order or that litigation generally, and  INA does not seek to overturn the state court's Confidentiality Order.  Instead, INA is a third party to the Upham litigation and merely seeks an independent order from this Court compelling document production for the present case in accordance with the terms of the Confidentiality Order.

The policy implications of a ruling that strips federal judges of the power to compel production of documents by the agreement of one of the parties in a separate case should be considered.  If production of documents is denied, then any litigant could require the entry of a

---

[1] 710 F.2d 1075, 1076 (5th Cir. 1983).
[2] While only the *Howell* decision is discussed in this section, the same analysis applies to the *Mounkes* decision cited within D.E. 871. (D.E. 871, p. 2).  That case also dealt with an attempt by a party to relitigate in federal court the constitutionality of a state court decision.  The same distinctions discussed above exist related to the *Mounkes* decision.

confidentiality order prior to producing documents.  That same litigant could then take a contrary position in later litigation and protect those incriminating documents demonstrating its previous position from production.  The ability to commit fraud upon the Court would grow and the interest in seeking the truth materially undermined.  *Med. Waste Tech. L.L.C. v. Alexian Bros. Med. Ctr., Inc.*, No. 97 C 3805, 1998 U.S. Dist. LEXIS 10104, at *22 (N.D. Ill. June 24, 1998) ("[i]f entities involved in litigation were able to shroud all of their documents with 'confidentiality agreements' which prevented their disclosure, our system of discovery would become nothing but a sham."). Should such a ruling stand, parties would actually be incentivized to have confidentiality orders entered prior to producing any documents in any case.[3]  Doing so would allow parties to bring multiple suits involving the same incident and freely take contrary positions in each case.

The policy implications discussed above are triggered here if DE 871 were to remain the law of the case.  This is best exemplified in the objection filed this morning on behalf of Upham in the State Court Proceeding entitled "Objection to Subpoena Duces Tecum and Motion to Quash and For Protective Order."  (Exhibit "A").  As noted in Upham's submission: (1) Plaintiffs in this proceeding are seeking the same damages as in the state court action (i.e. double recovery); (2) Plaintiffs have not established that the documents they *previously produced* to Upham were marked "confidential" as required by the confidentiality agreement in the state court action; (3) Plaintiffs' efforts may be "prompted by some ulterior motive, such as coercing [Upham] to execute a settlement prepared by plaintiff and containing numerous false and scandalous statements designed to be used against INA in federal court. . .Mr. Halmos has abused the judicial process."  Each of these items reveal that Plaintiffs have not honored their

---

[3] It bears noting that the parties in the Upham litigation entered into a confidentiality agreement which they then asked the Court to enter as an order.

affirmative obligation of candor to this tribunal or to fully comply with their discovery obligations, with the concomitant effect of misleading both the finder of fact, this Court, and INA. Plaintiffs do not desire reconsideration of this Court's Order as Plaintiffs would have the Court to fall prey to their predatory litigation tactics.

**B.     The Potential For Other Courts To Compel Production Is Permitted By Judge Cox's Confidentiality Order**

The authority of this Court to compel production is recognized by the existing confidentiality agreement and order.  (D.E. 753, Ex. E, Confidentiality Agr. at 2). The confidentiality agreement specifically permits the disclosure of any confidential documents as "compelled by law or by *any* judicial, governmental or administrative body under a law, regulation, or order." (D.E. 753, Ex. E, Confidentiality Agr. at 2 (emphasis added)). This provision specifically empowers this Court to compel production of documents in the current proceeding. *See Residence Inn by Marriott*, 822 So. 2d at 549 (holding that similar provision in confidentiality agreement empowered other courts to unseal confidential materials).

The language permitting disclosure of confidential documents as "compelled by law or any judicial, governmental or administrative body under a law, regulation, or order" is consistent with the language found in the *Residence Inn by Marriott* decision.  *Residence Inn by Marriott*, 822 So. 2d at 549.  In that decision, the Florida appeals court held:

> We agree with the trial judge that the confidentiality agreement and order entered in California with respect to the California documents are not impediments to discovery in the instant litigation. The settlement agreement entered into between the parties to the California litigation, and subsequently incorporated into the California confidentiality order, provides in pertinent part that:
>
>> The sealed documents shall remain under seal for sixty years or until the happening of one or more of

- 4 -

the following events, whichever occurs first: . . .
such sealed documents *are ordered to be unsealed
by any court* or government agency.

(emphasis added). It is clear, therefore, that the parties to the
California litigation and the California court contemplated that the
California documents could be unsealed if so ordered by any court,
including the Circuit Court of Osceola County, Florida.

*See Residence Inn by Marriott*, 822 So. 2d at 549. Based upon this language, Florida courts have

found that the type of language present in the Halmos confidentiality agreement and order

provides them the authority to compel documents which are the subject of another state's

confidentiality order. *See Residence Inn by Marriott*, 822 So. 2d at 549. Therefore, even if this

Court was powerless to compel the document production unilaterally, the order of the state court

expressly authorizes this Court to order production without prior approval of the state court.

WHEREFORE PREMISES CONSIDERED INA requests that this Court reconsider D.E.

871, reverse Judge Klein's ruling, and deny Plaintiffs' Motion for Protective Order [D.E. 482].

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2010, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of record identified on the attached Service List in the manner

specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in

some other authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.

Respectfully submitted,

**BROWN SIMS, P.C.**

By:   /s/ Frank J. Sioli
        Frank J. Sioli
        Florida Bar No. 009652
        Datran Two – Suite 1609
        9130 South Dadeland Boulevard
        Miami, Florida 33156-7851
        Telephone: 305.274.5507
        Facsimile:  305.274.5517

*Attorneys for Defendant*
*Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629.1580
Facsimile:  713.629.5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via Certified Mail, return receipt requested
& via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse

Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone:  561-650-0406
Facsimile:  561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com
(via CM/ECF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**Case Number: 08-10084-CIV-MARTINEZ-BROWN**

PETER HALMOS, et al.

vs.

INSURANCE COMPANY OF NORTH AMERICA, et al.

_____/

**ORDER GRANTING**
**INSURANCE COMPANY OF NORTH AMERICA'S**
**MOTION FOR RECONSIDERATION OF D.E. 871**

On this day came to be heard Insurance Company of North America's Motion for Reconsideration of D.E. 871. The Court, after considering the Motion, the Response, and arguments of counsel, is of the opinion that the Motion is well taken and should be granted in all things. It is therefore

ORDERED, ADJUDGED, and DECREED that Insurance Company of North America's Motion for Reconsideration of D.E. 871 is well taken and is hereby GRANTED in all things. It is further

ORDERED, ADJUDGED, and DECREED that IYC's Motion to Quash or for Protective Order Regarding Subpoenas Served By INA [D.E. 482] is not well taken and is hereby DENIED in all things.

Signed on this _____ day of _____, 2010

_____
STEPHEN T. BROWN
Chief United States Magistrate Judge

<u>Peter Halmos, Int'l Yachting Charters, Inc. &</u>
<u>High Plains Capital v. Insurance Co. of North America</u>
<u>Case Number: 08-10084-CIV-BROWN</u>

**<u>SERVICE LIST</u>**

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, FL 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Mr. Joseph P. Klock, Esq.
Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407

Mr. Frank J. Sioli
Ms. Zascha Abbott
Datran Two – Suite 1609
9130 South Dadeland Blvd.
Miami, FL 33156-7851

Telephone: 305-274-5507
Facsimile: 305-274-5517
fsioli@brownsims.com
zabbott@brownsims.com

Kenneth G. Engerrand
P. Michael Bowdoin
Michael A. Varner
Robert M. Browning
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713-629-1580
Facsimile: 713-629-5027
kengerrand@brownsims.com
mbowdoin@brownsims.com
mvarner@brownsims.com
rbrowning@brownsims.com

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone:  561-650-0406
Facsimile:  561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com