IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.
_____/

**REPLY TO INA's RESPONSE TO THE PLAINTIFFS' MOTION AND MEMORANDUM OF LAW TO STRIKE ANTHONY L. KNOWLES' EXPERT REPORT [D.E. 953]**

Unbowed by a lack of supporting authority for its position and also of the view that there was no need for it to reply or challenge the legal authority put forth by Plaintiffs, INA has simply chosen to attempt to spread misleading "dust" here and there to argue why this Court should not strike Mr. Knowles as an expert for failure to properly disclose him pursuant to this Court's May 24, 2010 Order.

Instead, INA argues that Plaintiffs must have known that Mr. Knowles would be an expert witness since (1) Plaintiffs designated Mr. Knowles as their own expert, (2) INA's answer to interrogatories included Mr. Knowles as a *potential expert* and (3) Plaintiffs' notice of taking deposition contained documents requests that are commonly requested of experts.[1]  These arguments miss the point, and the point is that INA has

---

[1] The suggestion that INA leaves anything to insinuation is absurd, as there is no knit which is too small as to not warrant a two page letter from INA memorializing its existence or non-

failed, in direct violation of this Court's Order, to designate this man as an expert in the time frame required. It is clear that INA's choice to ignore this Court's order and uniformly unbending case law that requires that Mr. Knowles be produced for deposition after he is designated as an expert and his *expert reports were produced*. Since that was not done, and INA's argument that his prior deposition should constitute his expert deposition once he later submits a curriculum vitae and report is just silly.

On May 24, 2010 this Court ordered that Defendants "shall submit to plaintiffs proper and complete reports of all Defendant's experts on or before July 1, 2010." Further, that "Defendant's experts shall be made available for deposition through and including July 23, 2010. *See* D.E. 706 adopting D.E. 698 at (2)(b). INA provided Mr. Knowles' report, however, but INA chose not to produce Mr. Knowles, and now claims that there was no such duty as the deposition had already occurred *prior to INA designating him as an expert.*

INA further claims that Plaintiffs must have known that Mr. Knowles would be an expert in this case since at a previously cancelled deposition, (1) Plaintiffs had designated Mr. Knowles as their own expert, (2) INA had identified Mr. Knowles as a *potential expert in INA's responses to interrogatories* and (3) Plaintiffs' notice of deposition requested documents from the deponent that are similar to requests done to experts. Thus, with this analysis of the tea leaves, INA argues that plaintiffs must have understood that he was an expert and must take his earlier testimony as expert testimony after he later files a report, about which he had not previously made any reference to. Plaintiffs respond as follows:

---

existence.

First, the fact that someone is a potential expert does not render him an actual expert after the fact.

Second, listing someone as a potential expert in interrogatories does not comply with the disclosure provisions of this Court's order which was very specific. Moreover, INA's language that it "*may* designate" certain folks as experts does not put anyone on notice that they will be called as experts, especially when INA listed 14 other "maybe" experts, over half of which didn't make the final cut on experts that would be used for trial. It is not for the Plaintiffs to have to divine who may be a real expert out of a list of potentials.

Finally, INA argues that Plaintiffs must have known Mr. Knowles would be an expert since in the notice of taking deposition, Plaintiffs request documents that are usually requested of experts. Plaintiffs' notices for deposition requesting documents to be produced at the depositions were similar as to all witnesses. Under this logic, Plaintiffs must be presumed to understand that anyone who brings documents to a deposition is an expert for trials.

INA must be desperate to serve this tripe up as a justification for its eleventh hour attempt to slide in an expert. INA's imputation of knowledge as to whether or not Mr. Knowles would be designated as an expert are all based on assumptions that must be made by Plaintiffs. The fact remains that irrespective of when Plaintiffs thought that Mr. Knowles may be an expert, or that Mr. Knowles' reports were produced scattered in INA's production of documents to Plaintiffs, or that Mr. Knowles' expert deposition took

place unilaterally[2], until Mr. Knowles is designated as an expert and final complete reports are produced[3], he is not one for purposes of the matter before the Court so as to comply with this Court's May 24, 2010 Order. More importantly, the un-rebutted[4] case law cited by Plaintiffs clearly stands for (1) supplemental reports produced by an expert gives Plaintiffs the right to depose Mr. Knowles once again[5] and (2) assuming Mr. Knowles' deposition "counts", the fact is, once designated as an expert, Plaintiffs have a right to re-depose Mr. Knowles[6].

INA could have moved for a protective order as to Anthony Knowles, and have this Court excuse the applicability of its May 24, 2010 Order as to Mr. Knowles. They didn't. Instead, they decided that the bluff tactic was the best way to go forward.

The illogic of their arguments, their failure to comply with this Court's Order, and the poignant absence of authority to dispute the black letter authority served-up by the plaintiffs – all point to the same result: Mr. Knowles should not be permitted to be a trial expert.

---

[2] INA couldn't even produce the complete expert report the day of the unilateral deposition. "Mr. Bassman: I have not yet seen the new report that you have and my understanding is your counsel will be providing me that report at some point today . . . ." *See Tr. 7/4-13*. Plaintiffs have a right to depose Mr. Knowles upon the production of his expert report – which clearly did not occur at the deposition.

[3] INA actually goes as far as attaching an affidavit from Daniel K. Dinneen who informs the Court that the expert report of Anthony Knowles was produced in various locations in INA's production of documents to Plaintiffs consisting of over 40 archive boxes. The law does not require Plaintiffs to piece together Mr. Knowles' report.

[4] It should be telling to the Court that INA failed to address any of the case law cited by Plaintiffs.

[5] *See Boca Raton Community Hospital, Inc., v. Tenent HealthCare Corporation,* 2006 WL 5309506 (S.D. Fla. 2006)(Seitz .J).

Respectfully submitted,

RASCO KLOCK REININGER PEREZ
EASQUENAZI VIGIL & NIETO
Joseph P. Klock, Jr. FBN 156678
Juan Carlos Antorcha FBN 0523305
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

/s/ Joseph P. Klock, Jr.

THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:   (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD & SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone:  (305) 294-9556
Facsimile:   (305) 292-1982
jack@spottswood.com

---

[6] *See Hewitt v. Liberty Mutual Group, Inc.,* 2010 WL 2505912 (M.D. Fla. 2010)

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Joseph P. Klock, Jr.

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## Service List

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

David P. Horan
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

4830-1941-3767, v. 1