UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

### Case Number: 08-10084-CIV- BROWN

PETER HALMOS, *et al.*

*Plaintiffs*,

vs.

INSURANCE COMPANY OF NORTH AMERICA, *et al.*

*Defendants*.

_____/

### INSURANCE COMPANY OF NORTH AMERICA'S
### RESPONSE TO PLAINTIFFS' "EMERGENCY" MOTION FOR ENLARGEMENT OF
### TIME TO FILE DISPOSITIVE MOTIONS [DE 999]

Insurance Company of North America ("INA") through its undersigned counsel hereby files its Response to Plaintiffs' "Emergency" Motion for Enlargement of Time to File Dispositive Motions [D..E. 999] and moves the Court to enter an Order denying the relief requested by Plaintiffs, awarding INA its attorneys fees, and in support thereof shows the following:

### MEMORANDUM OF LAW

**A.      The Previous Dispositive Motion Deadlines**

This case has been on file since October 22, 2008. Since Plaintiffs filed this case, numerous Scheduling Orders have been entered.  There have been at least SIX dispositive motion deadlines.  (D.E. Nos. 100, 389, 585, 651, 706, and 901).  Plaintiffs have even agreed to at least two of them (D.E. Nos. 706 and 901).  Without going into extensive detail regarding all previous deadlines, the following chart summarizes those deadlines entered by the Court solely with regard to dispositive motions.

| D.E. No. | DISPOSITIVE MOTION DEADLINE DATE | JUDGE |
|---|---|---|
| 100 | 10/26/09 | Martinez |
| 389 | 2/19/10 | Brown |
| 585 | 5/19/10 | Brown |
| 651 | 7/02/10 | Brown |
| 706 | 7/24/10 | Brown |
| 901 | 8/23/10 | Brown |

Therefore, it can hardly be said that the August 23, 2010 dispositive motion deadline is a surprise to the Plaintiffs.

On July 27, 2010, the Parties jointly filed a request to extend the dispositive motion deadline. (D.E. No. 897). On July 28, 2010, the Court issued D.E. 901 extending the dispositive motion deadline at the request of the parties. Within that Order, the Court set August 23, 2010 as the dispositive motion deadline. The Court left no ambiguity that this deadline must be met. In granting the sixth extension of the dispositive motion deadline, the Court declared:

> Dispositive motions shall be filed on or before Monday, August 23, 2010. *No extensions will be considered.*

(D.E. 901 at 2 ¶ 3 (emphasis supplied)). No one could meritoriously argue that they did not understand that August 23, 2010 was the absolute deadline.

Despite that, Plaintiffs astoundingly move for a prohibited extension. (D.E. 999). They even do so on an "emergency" basis. As an initial matter, INA respectfully suggests that merely refusing to obey yet another Court Order does not warrant an "emergency." Instead, this represents part of a larger pattern of Plaintiffs. They agree to or ignore deadlines and then fall on the mercy of the Court due to the situation that they alone created. (*See, e.g.,* D.E. 629).

Certainly, the Court does not need to be reminded of the "unimaginable audacity" exercised by Plaintiffs when they disregarded the Court's deadline on expert witnesses (D.E. 629).  This is yet another example of that conduct.

**B.     Prejudice Exists If An Extension Is Granted To Plaintiffs**

INA timely filed its Motion Summary Judgment.  (D.E. 1000).  These issues need to be resolved before the evidentiary hearing set for October 4 , 2010 through October 6, 2010.

Plaintiffs' request for extension actually appears to be a strategic decision.  If Plaintiffs file a summary judgment later, then INA must concentrate on responding to the Motion for Summary Judgment rather than directing its efforts to the evidentiary hearing.  The prejudice associated with this as obvious as it is immense.

**C.     Plaintiffs Have No Legitimate Grounds For Their Prohibited Extension Request**

Upon reading Plaintiffs' "Emergency" Motion, it quickly becomes clear that there is, in fact, no emergency.  Plaintiffs merely did not want to respond by an absolute deadline.  As an initial matter, Plaintiffs did not even attempt to raise this issue until the afternoon of the deadline (Exhibit "A").  Further, they never bothered to file anything until the end of business on the deadline itself.

Further, none of the issues raised by Plaintiffs' "Emergency" Motion are even valid. Initially, Plaintiffs claim they cannot comply with an absolute court deadline because of the "press of other matters." (D.E. 999 at 2).  Plaintiffs never describe what those matters are, why they are so pressing, or why one of the three other law firms employed by Plaintiffs could not handle the task.  Plaintiffs only state that one lawyer – Steve Marino – is busy on some undescribed "other matters." (D.E. 999 at 2).  Simply put, if he did not have time for this case,

then he never should have signed on (late) as counsel for IYC and HPC. (D.E. 700 filed May 19, 2010).

Second, Plaintiffs raise that Peter Halmos as the corporate representative of Intelligence Services, Inc. and Peter Halmos & Sons is in contempt of Judge Klein's original order regarding production of documents as some form of an "excuse" from complying with the dispositive motion deadline. (D.E. 999 at 2). First, Steve Marino, Joe Klock, Hugh Morgan or any of the other army of Plaintiffs' lawyers have REPEATEDLY made a point (at almost every hearing and in almost every filing) that THEY DO NOT REPRESENT PETER HALMOS. Why does an Order directing PETER HALMOS individually to produce back up documents affect lawyers who only represent IYC and HPC?

Third, Plaintiffs assert that they have "had only one week to review and analyze Defendants' Answers to Plaintiffs' Complaint which contain Counter-Claims and Affirmative Defenses asserted for the first time in this proceeding." (D.E. 999 at 1). This argument is betrayed by the actual facts. INA's counterclaim and affirmative defenses were originally filed on December 8, 2008. (D.E. 9). Further, since March 31, 2010, INA has listed each of the affirmative defenses in its discovery responses (Exhibits "B" and "C"). INA amended these responses on May 13, 2010 and served them upon Plaintiffs again. (Exhibits "D" and "E"). Then, on July 23, 2010, INA amended those responses once again. (Exhibits "F" and "G"). These affirmative defenses are described in excruciating detail.. Plaintiffs' arguments do not just fail to "ring true," they are simply false.

Fourth, Plaintiffs state that they "will not have had the benefit of reviewing and incorporating Mr. Halmos' deposition testimony where necessary in its dispositive motion." This

argument is wholly without merit. Peter Halmos is the only corporate representative and shareholder of IYC and HPC – Mr. Marino's client.  If they need facts, they can get an affidavit.

The bottom line is that the Court set a deadline and explained in unequivocal terms that it would not be extended. Yet again, Plaintiffs disregarded the warning.  The result is one they brought upon themselves – the deadline has passed to file a dispositive motion.

**D.     The Potential Rationale Behind Plaintiffs' Prohibited Request**

Perhaps the reason why Plaintiffs continually defy the Federal Rules of Civil Procedure and this Court's Orders is because they believe there are no penalties associated with their actions.  INA requests that this Court prove Plaintiffs wrong!

Time and time again, this Court has issued final warnings.  The most recent warning was that if any "further transgressions" occur, dismissal would be the only option (D.E. 877 at 4).  At a minimum, Plaintiffs should be barred from filing a dispositive motion.

 WHEREFORE, INA respectfully requests that this Court enter an order as follows:

A.     Denying the relief requested by the Plaintiffs;
B.     Awarding INA its attorneys fees incurred in responding to Plaintiffs Motion for Extension; and
C.     Granting such further relief as the Court deems just and equitable under the circumstances.

### CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BROWN SIMS, P.C.

By:  /s/ Frank J. Sioli
      Frank J. Sioli
      Florida Bar No. 009652
      Datran Two – Suite 1609
      9130 South Dadeland Boulevard
      Miami, Florida 33156-7851
      Telephone: 305.274.5507
      Facsimile: 305.274-5517

*Attorneys for Defendant*
*Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Michael A. Varner
Robert M. Browning
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713.629-5027

- 6 -

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via Certified Mail, return receipt requested &
via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi Vigil
& Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)