UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 08-10084-CIV-BROWN

PETER HALMOS; INTERNATIONAL
YACHTING CHARTERS, INC.; and
HIGH PLAINS CAPITAL,

       *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH AMERICA
and STRICKLAND MARINE INSURANCE, INC.
(f/k/a STRICKLAND MARINE AGENCY, INC.),

       *Defendants.*
_____/

## INSURANCE COMPANY OF NORTH AMERICA'S RESPONSE TO PLAINTIFFS' OBJECTION TO JUDGE KLEIN'S RULING (D.E. 1006) AND MEMORANDUM OF LAW

Insurance Company of North America ("INA") files this Response to Plaintiffs' Objection to Judge Klein's Ruling (D.E. 1006) and would show the Court as follows:

### FACTUAL BACKGROUND

On June 23, 2009, INA subpoenaed certain records of Peter Halmos & Sons (PH & Sons) and Intelligence Services, Inc. ("ISC") (Exhibit "A"). The 2 subpoenas requested the corporate entities to provide backup documents to support millions of dollars in claims for reimbursement sought by International Yachting Charters ("IYC"). Exhibit A-1 to each subpoena shows a listing of the detailed invoices for both ISC and PH & Sons. The only backup supplied for each monthly invoice was a single page with the description "Administration, Staff Support, and Allocated Overhead" for ISC and "Administration and Logistical Support" for PH & Sons. See Exhibit "B" for a few examples.

A.   **Deposition of Corporate Representative of Peter Halmos & Sons**

Although the subpoenas requested backup documentation for each invoice, the corporate representative made no effort to provide the specific documentation. Instead, he reproduced 140 boxes of documents that had been produced, most of which was not responsive to the requests. (Exhibit "C", p. 52, lines 11-14). At the deposition of the corporate representative of PH & Sons, Mr. DeMahy asked Mr. Halmos to produce the backup documents for the first invoice on the list. (April 30, 2007). Mr. Halmos pulled the documents attached as Exhibits "A" and "B" to his deposition (attached hereto as Exhibit "D"). After noting that it had taken over an hour for Mr. Halmos to partially produce the documents for the first request, Judge Klein adjourned the deposition. Rather than taking more time, Judge Klein required the Plaintiffs to provide the back-up information supporting each invoice claimed. (Exhibit "C," pp. 84:13-88:23). Specifically, he declared:

> This deposition is being adjourned. Mr. Halmos, you are required to get the back-up material for each item that you claim is – is a measure of some damage to IYC because Peter Halmos & Sons and Intelligence Services have billed IYC for those services. (Exhibit "C," p. 84:13-22).

When Plaintiffs later reproduced their production (63 boxes) they did so without separating the documentation by invoices, in direct contravention of Judge Klein's order. Judge Klein then ruled that Plaintiffs' subsequent production failed to comply with his decision. Judge Klein found:

> Such production was not in compliance with the subpoena <u>or</u> the undersigned's ruling, and further that Mr. Halmos as corporate representative of Peter Halmos & Sons, Inc., and Intelligence Services, Inc. shall provide specific supporting document by invoice; that is, for each individual invoice, within 10 days from date. The undersigned also finds that all costs

associated with this deposition expended by Defendant be assessed against Mr. Halmos and in favor of Defendant, and further, that Mr. Halmos shall appear for deposition within 5 days from complying with this ruling. (Exhibit "F," p. 2).

Plaintiffs' contempt of Judge Klein's ruling is obvious; the same documents previously produced are now organized by date in 63 boxes. It is impossible to determine which documents support the amounts claimed. Only Mr. Halmos can know what documents backup the invoices. (Exhibit "F," p. 2). This demonstrates Plaintiffs are "hiding the ball" for their damage claim. The Court only needs to look to Plaintiffs' footnote number five in their Response wherein they state "There is no distinction between the backup for Peter Halmos & Sons versus Intelligence Services, Inc..." (DE 1006, page 4).

According to Plaintiffs, the supporting documentation for PH & Sons, April 30, 2007 invoice would be found in boxes 36-38 (Plaintiff's Exhibit F to DE 1006). When asked to produce the backup documents for the invoice in question Mr. Halmos began a show for the Court and produced Exhibits "A" and "B" to his deposition. Exhibit I demonstrates the time periods covered by the documents selected by Mr. Halmos at the PH & Sons deposition. It is obvious; Mr. Halmos has NOT produced the requested information for April 2007, but produced backup documentation found in 8 boxes for 10 different months over 3 years.

The analysis does not end at Plaintiffs lack of responsiveness to Judge Klein's order or the subpoena. A significant portion of the documents in the 63 boxes produced to INA after Judge Klein's ruling were INA's *own documents produced in this litigation.* This is obvious because INA's bates labels from this litigation are on all of these documents. (Exhibit "E"). This is just a few pages from January 2006. There are literally ten's of thousands of INA documents produced in the 63 boxes. INA paid approximately $16,000.00 only to find that Plaintiffs violated Judge Klein's ruling. Further, Plaintiffs not only re-produced INA's

3

documents, but produced INA's privilege logs. (Exhibit "G" demonstrates just one month of many). There is no conceivable scenario which would make these documents related to any reimbursement claim.

**B.   Plaintiffs Inadvertently Admit Their Long-Term Discovery Abuse**

   1.   Plaintiffs Scrambled the Documents

When Plaintiffs originally produced documents to INA, they were scrambled and in no logical order. Plaintiffs claimed that was how they were maintained in the ordinary course of business because a hurricane scrambled them. (Exhibit "H" p. 38:17-42:21). The previous production by Plaintiff's contained PH-IYC-HPC 0000001- 0076,618 and Control Numbers 00001-40460. These documents were all produced in sequence. Mr. Halmos stated during a hearing before Judge Klein:

> We have already produced, your Honor, 42,000 unredacted documents. We produced 11 cartons yesterday for inspection. These documents are produced as they are kept in the ordinary course of business. *I read the rules, and the rules say that we're allowed to produce in the ordinary course how the documents are kept. That's how we produced them.* They can say whatever they want. (Exhibit "H," p. 39:8-20).

Plaintiffs have just reproduced the same documents previously produced – just placed in chronological order. Plaintiffs admit that the scrambled manner in which they were originally produced to INA is not how they were maintained in the ordinary course of business. Instead, Plaintiffs admit that "[t]he documents were stored as they are kept, chronologically, in the ordinary course of business." (D.E. 1006 at 2).

This is a material and sanctionable admission. INA has spent hundreds of thousands of dollars organizing these scrambled documents. For Plaintiffs to admit that the documents were maintained in chronological order means that Plaintiffs forced INA to waste hundreds of

4

man hours and hundreds of thousands of dollars to decipher their claims. INA has repeatedly informed the Court of Plaintiffs' discovery abuses –particularly those related to its damages.

2. <u>Plaintiffs Have Withheld Documents Ordered To Be Produced</u>

This Court previously declared with respect to the subpoenaed documents that "[a]ll objections, including those as to privilege, have been waived." (D.E. 464 at 2 ¶ 2.b). Within their Motion, Plaintiffs admit that "Mr. Halmos began looking through the boxes and pulling out documentation supporting each invoice, and, at the same time, separating documents that were privileged." (D.E. 1006 at 2). Plaintiffs' admission that Mr. Halmos was still "separating documents that were privileged" demonstrates that Plaintiffs are not complying with the orders or this court. In light of D.E. 464, Plaintiffs' violation can only be deemed another attempt to deprive INA of documents it needs for an evidentiary hearing or trial. Plaintiffs have admittedly violated another Court Order. INA should be awarded costs for the deposition, the production, and this motion.

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 53(f), the court must decide *de novo* all objections to findings of fact and legal conclusions made or recommended by a master, unless the parties agree that the review will be for clear error or that the findings of the special master will be final. The Court may impose discovery sanctions, including dismissal, when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2).

## CONCLUSION

For the reasons discussed herein, INA requests that this Court affirm Judge Klein's ruling and award INA its costs for the deposition and this appeal.

## CERTIFICATE OF SERVICE

  I hereby certify that on **September 1, 2010**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                     Respectfully submitted,

                     BROWN SIMS, P.C.

                     By:  /s/ Frank J. Sioli
                         Frank J. Sioli
                         Florida Bar No. 009652
                         Datran Two– Suite 1609
                         9130 South Dadeland Boulevard
                         Miami, Florida 33156
                         Telephone: 305.274-5507
                         Facsimile 305.274-5517

                     ***Attorneys for Defendant, Insurance Company of North America***

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713-629-5027

**SERVICE LIST**

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via Certified Mail, return receipt requested
& via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse

Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone:  561-650-0406
Facsimile:  561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com
(via CM/ECF)