UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**Case Number:  08-10084-CIV -BROWN**

PETER HALMOS; INTERNATIONAL
YACHTING CHARTERS, INC.; and
HIGH PLAINS CAPITAL,

                *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH AMERICA
and STRICKLAND MARINE INSURANCE, INC.
(f/k/a STRICKLAND MARINE AGENCY, INC.),

                *Defendants.*

_____/

**INSURANCE COMPANY OF NORTH AMERICA'S**
**PRE-HEARING LIST REQUIRED BY D.E. 979**

    Insurance Company of North America ("INA") files this Pre-Hearing List Required by

D.E. 979, and in support thereof, INA would show the Honorable Court as follows:

**ISSUES SUBMITTED**

    INA understands that the scope of this submission only extends to reimbursement

requests made for "Salvage Charges", "Protection Against Loss" and "Part B: Liability

Coverage" as these terms are used in the INA Policies with respect to the S/Y LEGACY and

M/V MONGOOSE. The submission of any other items exceeds the scope of D.E. 706[1] and this

Court's discussion of issues to be addressed in the evidentiary hearing.[2] INA objects to any

attempt to introduce such items, if they are submitted.

---

[1] Incorporating relief sought in D.E. 698.

[2] Transcript of August 12, 2010 hearing at pp. 4, 14-15.

Plaintiffs bear the burden of proof on the matters to be submitted, and on several occasions, INA attempted to coordinate this submission with Plaintiffs in accordance with the Court's request at the August 12, 2010 hearing. Plaintiffs have not, however, provided any substantive response to these requests, so INA has no idea what witnesses Plaintiffs may call, what documents Plaintiffs may attempt to submit, and what claims Plaintiffs intend to introduce in this submission. Additionally, Plaintiffs failed to respond to the detailed Workbook prepared by INA's expert George Uhl or to Mr. Uhl's May 17, 2010 presentation to Plaintiffs concerning this Workbook and INA's attempt to delineate Plaintiffs' damages. Pursuant to D.E. 698, Plaintiffs were to provide this information no later than June 1, 2010. Furthermore, in accordance with the joint procedures adopted by the parties with respect to the settlement meetings on June 3, 4, 10, and 11, Plaintiffs promised to: (1) advise INA whether Mr. Uhl's figures reflected their damage claims and (2) confirm that the payments referenced in Mr. Uhl's subsequent Workbook represent the correct resolution of a significant portion of this dispute. INA made payment of the amounts resolved in the meetings, but Plaintiffs have not negotiated the checks nor have Plaintiffs advised INA whether the matters resolved are still in issue and whether the Workbook reflects the Plaintiffs' damage claims. As INA cannot anticipate what matters are currently at issue or what testimony or evidence may be necessary prior to receipt of Plaintiffs' witnesses and evidence, INA reserves the right to present witnesses (on direct, cross and rebuttal), testimony and documents after receipt and review of Plaintiffs' evidence and testimony.

Should the scope of this hearing expand to include reimbursements with respect to the SOL Claim (to which INA objects), Plaintiffs' failure to produce documents has deprived INA of essential information related to Upham/Rybovich litigation, which is imperative to rebut the claims of IYC. INA has moved for reconsideration of this Court's ruling found in D.E. 871[3] in

---

[3] D.E. 980.

order to obtain the necessary information and to circumvent the prejudice that would result to INA due to exclusion of these documents and information. The SOL Claim cannot be submitted for resolution without the consideration of the documents produced by Plaintiffs in the Upham/Rybovich litigation.

## WITNESS LIST

1.    Pamela A. Harting-Forkey
      Assistant Vice President

      Ms. Harting-Forkey will testify with respect to:

      (a)    The submission of claims by Plaintiffs and/or documents submitted by Plaintiffs in support of the claims;

      (b)    INA's response (written or oral) to any submission of claims by Plaintiffs including, but not limited to, requests for additional information/documentation;

      (c)    Actions taken by INA in response to claims submitted by Plaintiffs including, but not limited to, experts hired, reports received, and what INA relied upon in adjusting claims;

      (d)    Communications with Plaintiffs (and/or their representatives) including, but not limited to, coverage communications;

      (e)    Payments made by INA and/or why certain items were not paid;

      (f)    The adjusting of the claims and whether any items submitted were reasonable or necessary;

      (g)    The allocation of claims under the applicable policies; and

      (h)    Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA.

2.    Tom Campbell (adversely by deposition and/or by cross-examination)
      Pillsbury Winthrop Shaw Pittman

      Mr. Campbell will testify with respect to:

      (a)    The submission of reimbursement requests by Plaintiffs related to PWSP's invoices and/or documents submitted by Plaintiffs in support of the claims for PWSP's invoices;

      (b)    The nature of the work completed by PWSP as it relates to coverage under INA's policies;

    (c)     The submission of supporting documents by PWSP and/or Plaintiffs related to PWSP's fees and expenses;

    (d)     Payments made by INA;

    (e)     Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA.

3.     George Uhl
     Partner
     Matson, Driscoll & Damico, LLP

     Mr. Uhl will testify with respect to:

    (a)     His work as a forensic accountant and the matters reflected in his expert report;

    (b)     His Workbook and the documentation to support the items in the Workbook for which Plaintiffs seek recovery;

    (c)     Payments by INA;

    (d)     Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA

4.     Tom Danti
     Metcon USA

     Mr. Danti will testify with respect to:

    (a)     Reasonableness and necessity of expenses for salvage and protection against loss of the S/Y LEGACY;

    (b)     Whether the S/Y LEGACY was in maritime peril once it was extracted from the sanctuary;

    (c)     Other matters which cannot be contemplated until submission pursuant to D.E. 979 has been received and reviewed by INA.

5.     Roy Merritt (by deposition)
     Merritt Boat & Engine Works

     Mr. Merritt will testify with respect to:

    (a)     Reasonableness and necessity of expenses for protection against loss for hurricane-related damage to the M/V MONGOOSE;

(b)     Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA.

6.     Robert Nailon (by deposition)
       Entrix, Inc.

       Mr. Nailon will testify with respect to:

(a)     Reasonableness and necessity of remediation costs required by the NOAA agreement;

(b)     Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA.

7.     Allen and David Byrd (adversely by deposition);
       Byrd Diving

       Allen and David Byrd will testify with respect to:

(a)     Whether the S/Y LEGACY was in maritime peril once it was extracted from the sanctuary; and

(b)     Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA

8.     Corey Ranslem
       Secure Waters, L.L.C.

       Mr. Ranslem will testify with respect to:

(a)     Reasonable security measures (and the cost thereof) which should have been implemented to protect the S/Y LEGACY following its grounding in October 2005; and

(b)     Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA.

9.     David Merideth (adversely by deposition)
       David Merideth MD JD MBA PLLC

       Dr. Merideth will testify with respect to:

(a)     The rendition of legal services and billing by his firm; and

     (b)    Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA.

10.    Janet Thomas (by telephone)[4]
Claim Director

Ms. Thomas will testify with respect to:

    (a)    Communications with Plaintiffs regarding protection against loss; and

    (b)    Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA.

11.    Anthony Knowles
Newport Marine Surveyors

Mr. Knowles will testify with respect to:

    (a)    The valuation of items contained in the workbook; and

    (b)    Other matters which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA.

## DOCUMENT CATEGORY LIST

The following categories of documents may be submitted at the evidentiary hearing of this matter (depending on Plaintiffs' submission pursuant to D.E. 979), including demonstrative presentation thereof:

    (1)    The Workbook prepared by forensic accountant, George Uhl,[5] and all of the supporting documentation referred to in the Workbook. Additional categories, some of which are included in the Workbook are listed hereafter;

    (2)    Requests for reimbursement submitted by Plaintiffs and supporting documentation;

    (3)    Invoices, statements, fee bills and supporting documents related to work by Heally & Baille;

---

[4] Ms. Thomas will be overseas and available by telephone on October 6, 2010, as she will be visiting her son, who has finished two tours of duty in Iraq and will be on brief leave at this time.

[5] The Workbook has been produced to the Plaintiffs and the Court, including at the meeting of May 17, 2010 and pursuant to D.E. 698.

(4)     Invoices, statements, fee bills and supporting documents related to work by Paxton & Smith, P.A.;

(5)     Invoices, statements, fee bills and supporting documents related to work by Alley, Maass, Rogers & Lindsay, P.A.;

(6)     Invoices, statements, fee bills and supporting documents related to work by Blank Rome LLP;

(7)     Invoices, statements, fee bills and supporting documents related to work by Caplin & Drysdale;

(8)     Invoices, statements, fee bills and supporting documents related to work by Jordan Burt LLP;

(9)     Invoices, statements, fee bills and supporting documents related to work by Reeder & Reeder, P.A.;

(10)    Invoices, statements, and fee bills related to work by David Meredith MD JD MBA PLLC;

(11)    Invoices, statements, fee bills and supporting documents related to work by Tristan Bourgoignie, P.A.;

(12)    Invoices, statements, fee bills and supporting documents related to work by Pillsbury, Winthrop, Shaw, Pittman;

(13)    Invoices, statements, fee bills and supporting documents related to work by Kekst and Company, Inc.;

(14)    Invoices, statements, bills and supporting documents related to other professional services which IYC/HPC/Halmos may request within their lists;

(15)    NOAA settlement agreements;

(16)    Deposition of Tom Campbell;

(17)    Deposition of David Merideth;

(18)    Communications between INA and Plaintiffs;

(19)    Requests by INA for information supporting claims;

(20)    INA Policies;

(21)    IYC, HPC and Halmos Discovery Responses;

(22)   Communications by and between INA and IYC/Halmos related to payment of the Hull Limits under the S/Y LEGACY Policy;

(23)   Proof of payment and communications related to payment pursuant to the S/Y LEGACY and M/V MONGOOSE Policies;

(24)   Depositions of David and Allen Byrd;

(25)   Depositions of Peter Halmos in the Upham/Rybovich Litigation (May 15, 2007 and Nov. 11, 2009);

(26)   Pleadings from the present litigation;

(27)   Pleadings and other documents from the Upham/Rybovich Litigation;

(28)   Plaintiffs' insurance policy applications;

(29)   Documentation pertaining to the removal of the S/Y LEGACY from imminent marine peril;

(30)   Deposition of Roy Merritt;

(31)   Deposition of Robert Nailon; and

(32)   Other documents which cannot be contemplated until Plaintiffs' submission pursuant to D.E. 979 has been received and reviewed by INA.

## CERTIFICATE OF SERVICE

I hereby certify that on **September 3, 2010,** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

8

Respectfully submitted,

BROWN SIMS, P.C.

By:   /s/ Frank J. Sioli
          Frank J. Sioli
          Florida Bar No. 009652
          Datran One – Suite 1609
          9130 South Dadeland Boulevard
          Miami, Florida 33156
          Telephone: 305.274-5507
          Facsimile 305.274-5517

*Attorneys for Defendant, Insurance
Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713-629-5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via Certified Mail, return receipt requested
& via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse

Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone:  561-650-0406
Facsimile:  561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com
(via CM/ECF)