08-10084.or28

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.

_____/

## ORDER ENFORCING SETTLEMENT AGREEMENT

**This matter** came before this Court on a Status Conference as plaintiffs and defendant Strickland Marine had issues regarding a settlement agreement.

The settlement at issue was reached after a two day settlement conference and was memorialized on the record in the Courtroom on May 6, 2010. The Court heard from counsel and - to the extent necessary, the parties. The Court ordered the parties to file briefs regarding the Court's authority to enforce the settlement agreement and the parties have complied. The Court has considered those briefs, carefully reviewed the transcript memorializing the settlement, and considered all other pertinent materials in the file.

There are two issues of controversy surrounding the settlement agreement: (1) plaintiffs' insistence on reciprocal releases from third party insurance agents; and (2) purported standard language in the release regarding outstanding claims or liens. Both parties agree, however, that this

1

Court has the authority to enforce the settlement agreement and further that settlement agreements are favored by Florida courts and should be enforced whenever possible. (Citations omitted).

Addressing first the alleged issue of plaintiff insisting on reciprocal releases from non-party insurance agents, the Court has no problem concluding that this was never a part of the settlement agreement and there is nothing to indicate that this matter was ever discussed with the defendant, much less that there was agreement on same. Plaintiff Halmos insists that when discussing the fact that defendant wanted him to release the insurance agents as part of the settlement agreement, he stated to the Court <u>in chambers</u>, that he would only agree to that if there were mutual releases (emphasis added). The Court has no recollection, one way or the other, as to whether this was said <u>in chambers</u> (emphasis added), but need not resolve that question to resolve the issue at hand.

Plaintiffs take extreme literary licence when they make the statement that "[T]hat portion of the Agreement was agreed to during mediation" (page 1 of the brief). Agreed to with whom? There is no dispute that this was never mentioned in Court (see p. 1 of plaintiffs' brief). This is despite the following facts: (1) The Court admonished the parties to speak up if there was "anything that we need to add ..." (page 7 of the transcript); (2) plaintiffs were specifically asked if there was anything they wished to add (page 10 of the transcript); (3) the Court had forgotten about releasing the agents and was reminded of same by defendant - which Mr Klock specifically agreed to (page 12 of the transcript); (4) Mr. Halmos was an active participant in the Courtroom when the agreement was memorialized (see pages 15-16 of the transcript); and (5) Mr. Halmos made very clear ... on behalf of all plaintiffs, that he wanted this settlement to take place (id.).

The first reason the mutual release claim is not found to be a part of the agreed settlement is because it simply wasn't there. Did Mr. Halmos change his mind at that time about insisting on same?[1] Did something else happen we don't know about? Has Mr. Halmos changed his mind back

---

[1] Assuming for the sake of argument he raised it the first time, as he claims.

again, thus the issue? Any or all of these things might have happened/could have happened - but none is appropriate for obstructing the settlement. This case quite resembles, in pertinent facts, the case of Murchison v. Grand Cypress Hotel Corp., 1343 F. 3d 1483 (11th Cir. 1994), and there is no reason for this Court to reach a different conclusion than that reached in said case.

Finally on this issue, further support for the fact that the mutual releases were never a part of the agreement is the fact that defendant could not have agreed to same if it wanted to. Those releases involved entities who were not parties to the lawsuit. While defendant could easily (and without their permission) seek releases to protect those agents, there's nothing even vaguely resembling a showing that defendant could represent to the Court that those non-parties would reciprocate. Plaintiffs' most telling comment that "Strickland does not want to agree to this rather basic term..." (page 3 of the brief) indicates that plaintiffs' objective here is to try to reform the release. Nowhere does it say that Strickland did, in fact agree to this condition ... probably because there's absolutely nothing to support that claim.

Turning to the second issue, plaintiffs object to purportedly "standard language" that "all liens have been paid fully, compromised, or will be satisfied fully, from the settlement proceeds and that all balances have been fully paid, or will be fully paid or compromised..." - notwithstanding the clear representation in open Court by plaintiffs that there are no liens or balances. This is yet another chapter in plaintiffs' apparent "litigation for the sake of litigation" strategy as has been noted in this case on numerous occasions. Nonetheless, the Court, if nothing else, tries to be consistent (though one or more of the parties might scoff at this suggestion).

The language at issue was clearly never discussed. To allow same would necessitate this Court agreeing with defendant as to the "standard language" argument it makes. Quite clearly it was stated that "[W]e didn't discuss every word in the settlement" and "we all know what standard stuff is in the release" (pages 17-18 of the transcript). Nonetheless, this Court is unable to conclude that

3

<u>in this case</u>, the language at issue would be standard (emphasis added). Without discussing the amount of the settlement herein, suffice it to say - just like defendant might have been unable to perform regarding the mutual releases for the agents, it would have been possible, theoretically, for plaintiffs to be unable to comply with this language given the amounts of money at issue in this case. The Court thus concludes that said language is not a part of the agreed release.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant shall prepare a release consistent with this order.

2. The release shall include language of a mutual release between this defendant and plaintiffs.

3. The release shall be delivered to plaintiffs on or before Monday, September 20, 2010.

4. The plaintiffs shall execute said releases and return same to defendant on or before Monday, September 27, 2010.

5. Any failure to comply with this order shall result in adverse consequences to the party at fault.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of September, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record