IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.
_____/

**Plaintiffs' Request For Evidentiary Hearing And Response to Defendant's Motion for Contempt Due to Plaintiffs' Failure to Comply with D.E. 1022 and Memorandum of Law [D.E. 1062]**

On September 28, 2010, INA filed yet another motion for contempt claiming that Plaintiffs failed to comply with Special Master Klein's ruling (D.E. 990), and this Court's order denying Plaintiffs' motion for reconsideration. (D.E. 1022 and D.E. 1030).[1] Neither assertion has any substance to it. Plaintiffs respond as follows, *and request that an evidentiary hearing be held by this Court* as to whether or not Plaintiffs have complied with Special Master Klein's ruling and this Court's order denying Plaintiffs' motion for reconsideration.

As will be shown below, and at the evidentiary hearing, there was no reason for this motion to be filed. Plaintiffs believe that if the Court were to conduct an evidentiary hearing, it might assist in stemming the flow of this type of motion, which since, it has no basis in fact, is being filed for some other reason, which could range from simply

---

[1] INA also certifies to this Court that it conferred in good faith in an attempt to resolve the motion prior to filing it.

diverting time away from plaintiffs' trial preparation time to attempting to distract the Court's attention from more serious sanction motions that are pending before the Court.

### Timeline of Events

On August 16, 2010, Special Master Klein issued his Finding that Plaintiffs failed to produce documents in compliance with his ruling. (D.E. 990). Special Master Klein's ruling required "backup" documents to be produced as to each invoice generated by Peter Halmos & Sons and Intelligence Services Corporation. Plaintiffs appealed the Special Master's ruling and informed this Court that Plaintiffs had in fact produced all "backup" documents, organized chronologically, and in boxes arranged and labeled by month. Each invoice was a monthly invoice, thus each box with the same date of the invoice was the "backup" for that given invoice. (D.E. 1006). This Court denied Plaintiffs' appeal, and subsequent motion for reconsideration (D.E. 1026), as the Court indicated that the standard was whether or not the Special Master abused his discretion, and the Court found that Plaintiffs had not met that standard. (D.E. 1030).

The very same day this Court denied Plaintiffs' motion for reconsideration, counsel for the corporate Plaintiffs, JC Antorcha, called counsel for INA, Robert Browning, and requested from him exactly what INA was looking for in the production. Mr. Browning indicated that, preliminarily, what INA was looking for were "sub-invoices" that would add up to the monthly total invoice, and that he would inform Plaintiffs what, if anything else, his client wished to be produced. Mr. Browning requested that undersigned counsel confirm via email that no "sub-invoices" existed. Undersigned counsel did just that. *See Exhibit "A."* Surprisingly, having not heard from INA in two weeks, and no deposition dates having been requested in those two weeks, nor

whether any other further documents were required of Plaintiffs, INA's next communication regarding the topic was sent by Mr. Browning on September 23, 2010 indicating that INA would file a motion for sanctions as Mr. Halmos had not "complied with his obligations nor has he appeared for deposition." *See Exhibit B.* Finally, on September 28, 2010 INA filed its motion for sanctions requesting that this Court award sanctions against Plaintiffs and even cites to a previous order of this Court regarding "further transgressions of Plaintiffs."

The matter is thus clearly before this Court. Further, this Court's hands are no longer tied by an abuse of discretion standard as they once were when the Court denied Plaintiffs' motion for reconsideration. As a result, Plaintiffs request an evidentiary hearing, should the Court think one is needed, so that Plaintiffs can show the Court first-hand what was produced and how a box with, for example, a label of July 2006 contains the backup documentation for the invoice for services during July 2006[2] – and how this rather direct and seemingly non-confusing pattern applies to all invoices and all boxes.

### Standard for Holding Plaintiffs In Contempt

INA requests that this Court hold Plaintiffs in Contempt[3]. In order to find Plaintiffs in civil contempt, INA must prove by clear and convincing evidence that "(1) the underlying order was clear, definite, valid and lawful; (2) the contemnor had the ability to comply with the order, and (3) the contemnor failed to comply . . . ." *See United States v. J. McCorkle*, 2000 WL 33725124 (M.D. Fla. 2000). INA has failed to prove by clear and convincing evidence that Plaintiffs failed to comply with Special Master Klein's

---

[2] It should be noted that Special Master Klein never looked at the production nor held any hearing prior to sanctioning Plaintiffs.

[3] It should also be noted that the order is directed at the third party corporations PHS and ISC. Although owned by Mr. Halmos, they are separate legal entities, and not parties to this lawsuit.

order. Further, if in fact Plaintiffs have not complied with the order, it is because after what Plaintiffs have done in attempting to comply with the order, nothing remains that can be done, and thus the order is incapable of being complied-with.

### (1) Plaintiffs Did Not Fail To Comply With Special Master Klein's Order

Special Master Klein ordered Peter Halmos as corporate representative of ISC and PHS to provide "back up documentation" for the invoices, generated by these entities, attached to the deposition duces-tecum served on ISC and PHS. In response, Mr. Halmos produced 63 boxes of documents, each labeled by month in support of the invoice generated for that month. *All of the documents in the given box labeled for a given month are the backup documents for the invoice generated for that month.* Despite that rather clear method of producing and segregating the documents, Special Master Klein sanctioned Mr. Halmos and found "[o]nly Mr. Halmos can know what documents he claims backup the invoices; anyone else, including the Defendant can only guess . . . ." *See D.E. 995 at 2.* Plaintiffs are indeed puzzled—if all the documents in a given box labeled for a given month are the "backup" for a given invoice with the same month, what guessing remains?

Plaintiffs have even gone as far as making a chart of the boxes produced, assigning a number to each box and then inputting the box number next to the invoice to which it would apply. *See Exhibit C & D.* Thus, for example Box #'s 2-3, which were labeled in the production to INA as November 2005 1 of 2 and 2 of 2 (see exhibit C), apply to the invoice generated by PHS and ISC for November of 2005 (see exhibit D). Again, all the documents in those boxes are the back-up for the invoice. Clearly, Mr. Halmos complied with the Court's order.

### (2) If Plaintiffs' Actions Do Not Comply With Special Master Klein's Order, Then The Order Can Not Be Complied With

Although this Court chastised Plaintiffs for being direct with respect to Special Master Klein's findings and sanctions, the fact is that Plaintiffs were and remain at odds, and confused with Special Master Klein's Findings. Plaintiffs have done everything possible to comply with Special Master Klein's ruling, yet they were sanctioned for producing documents that were requested. Maybe the notion of 63 boxes being produced clouded the issue, but in an attempt to simplify the issue, it is as if Plaintiffs had issued one invoice and the backup to that invoice was five boxes and produced those five boxes, why would they be sanctioned? Plaintiffs produced 63 boxes as backup for the invoices generated by ISC and PHS and matched them according to the monthly invoice. There really remains nothing else that can be done, and thus, the order is one that cannot be complied with should Mr. Halmos be found to have not complied.

### (3) This Game Needs To Stop

In its motion for sanctions, INA represents to this Court that Mr. Halmos failed to attend his deposition regarding these two entities. (DE 1062 at 2.). That is a direct misrepresentation to this Court. Not only did Mr. Halmos appear at the first round of PHS and ISC depositions, he never refused to appear at the subsequent deposition, whenever the issue of the adequacy of the documents/backup was resolved. Clearly, INA isn't suggesting to the Court that they were willing to proceed with the deposition without, what they claim to be, the adequate documents. Further, counsel for the corporate Plaintiffs had a direct conversation with Mr. Browning and requested what documents INA would consider adequate so that the issue could be resolved and the

matter put to bed. Irrespective of that, INA represents to the Court that Mr. Halmos failed to appear. Pure gamesmanship.

## Conclusion

This matter can easily be resolved by the Court at an evidentiary hearing, should it so require one after reading the above response. The Court can simply pick up an invoice and request Plaintiffs to pull the box that corresponds with that invoice. If it wasn't clear by now, Plaintiffs would be pulling the same box labeled by month that corresponds to the given monthly invoice. At the end of the evidentiary hearing, Plaintiffs would request that INA be sanctioned for materially (1) misrepresenting the production of documents as produced by Mr. Halmos, (2) misrepresenting INA's attempt to confer and (3) misrepresenting Mr. Halmos unwillingness to attend the PHS and ISC deposition. Further, that all fees associated with responding to INA's motion, Plaintiffs' objections to Special Master Klein's rulings and Motion for rehearing be paid by INA as it is clear that had INA not misrepresented the production of documents *none of this would have occurred.*

Respectfully submitted,

Joseph P. Klock, Jr.  FBN 156678
Juan Carlos Antorcha FBN 0523305
RASCO KLOCK REININGER PEREZ
ESQUENAZI VIGIL & NIETO
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

By: /s/ Joseph P. Klock, Jr.

LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone: (305) 296-5676
Facsimile: (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD
    & SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: (305) 294-9556
Facsimile: (305) 292-1982
jack@spottswood.com

PETER HALMOS, pro se
c/o Meyers & Associates, CPA
5725 Corporate Way, #101
West Palm Beach, FL 33407
Telephone: (561) 684-6604
Facsimile: (561) 684-3381
gail@meyerscpa.com

By: *[signature]*

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Juan Carlos Antorcha

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## Service List

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com


Scott Bassman
Dara Jebrock
Counsel for Defendant, Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

David P. Horan
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

4852-6457-2935, v. 1

9