IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.
_____/

**PLAINTIFFS' OBJECTION TO INA'S TESTIMONY,
CANCELLATION OF HEARING, AND DEMAND FOR JURY TRIAL**

    This Court offered to assist the parties in determining a number of remaining disputes after the mediation session in chambers. The plan was that after the plaintiffs and INA had met and resolved what they could resolve[1], that the Court would entertain a session during which it would determine whether or not certain claims within certain pre-defined categories could be resolved. It was never intended to be a motion *in limine* to resolve on a non-jury basis various issues that were ultimately to go to a jury.

    It has become clear from a reading of the voluminous materials submitted by INA in the way of testimony that INA is not interested in the agreed-upon mission, but rather thinks it might be useful to short-circuit the need for a jury by having a number of factual issues determined by the Court. For sure, plaintiffs are not interested in that plan, nor do they believe that the Court had this in mind.

---

[1] Out of 6,700 requests for repayment/reimbursement that INA claimed needed further documentation/explanation, 6,200 were resolved, for a total of $1.5 million being paid by INA. The remaining 500 entries, Plaintiffs do not agree to have them heard by this Court, as one thing has been made clear, this hearing will turn into an adjudication of all issues, but for the one issue that Plaintiffs believed there was agreement on.

After a careful review of the materials submitted by INA, the plaintiffs believe that no good purpose will be served by holding a hearing as there clearly is no agreement of the parties regarding the matters to be determined. The view of the opposing parties on what is to be done is too disparate for a successful session. *Therefore, the hearing should be canceled and the matter set for trial before a jury as soon as convenient for the Court.*[2]

### The Issue To Be Litigated Was Clear

On September 3, 2010 INA filed its Pre-Hearing list as required by D.E. 979. *See D.E. 1023.* In it, INA feigns confusion as to what the issue being submitted to the Court will be and objects to any issues that exceed the scope of D.E. 706, and thus attempts to define the issue as INA understands it, but was never agreed upon by the parties. That same "confusion" was expressed in INA's Submission of Direct Testimony In Compliance With D.E. 979. *See D.E. 1039.* As a result of their strategic "confusion", INA attempts to interject testimony and issues that Plaintiffs never agreed to have this Court determine—clearly in an attempt to have this Court determine the majority of the issues in the case instead of the jury[3].

The issue for this Court's determination at the October 4, 2010 evidentiary hearing, as was expressed to this Court during mediation, and which this Court noted at the August 12, 2010, was supposed to be whether or not requests for repayment/reimbursement by Plaintiff, IYC, which the parties agree fall under either liability, protection against loss or salvage, *have sufficient back up or explanation to*

---

[2] The Court has indicated on a number of occasions that this session was dependent upon the agreement of the parties and an agreement on the subjects to be mediated/arbitrated. *See August 12 Transcript,* 4/18-20.
[3] This hasn't been the only attempt, INA recently filed a motion to strike Plaintiffs' demand for jury trial. It seems INA would not like this matter to be decided by a jury of Mr. Halmos' peers.

*support payment by INA*.  Clearly, that is not what INA intends on doing and Plaintiffs will not be brought before this Court at the evidentiary hearing to litigate matters they did not agree to.  As a result, Plaintiffs move to strike INA's submission of testimony, move to strike the evidentiary hearing and requests that this Court set the matter for trial before a jury of Mr. Halmos' peers.  In support thereto, Plaintiffs state the following:

On May 6, 2010, this Court held mediation in chambers.  During that mediation, the parties *agreed* that there remained requests for repayment/reimbursement submitted by IYC that remain unpaid.  INA claimed that those charges did not have sufficient backup or explanation to warrant payment.  The Court was gracious enough to offer its services and resolve the issue by holding an evidentiary hearing in which the Court would determine whether or not Plaintiffs had sufficient backup for payment of the requests for repayment/reimbursement.  In other words, the adequacy of the backup was the only issue to be determined by this Court.

As a result, on May 18, 2010, the parties submitted a Joint Motion For Abatement. (D.E. 698).  In it, the parties stated the issue and the procedure for resolution.  Primarily, "INA or Mr. Uhl will explain the reason items were not paid and if not paid due to INA's contention that documentation was inadequate, INA will state in general terms the nature of the documentation that INA considers adequate documentation."  *See D.E. 698 at ¶(3).*  Further "[t]he parties agree that any of plaintiffs' demands for payment for out-of-pocket repayments and expenses under the INA Policy related to the invoices and supporting documentation or other evidence submitted to INA by plaintiffs that remain unresolved at the cessation of the mediation will be submitted to Judge Brown for resolution in his capacity as the trial judge by joint

motion." *Id. at ¶(6).* The Court subsequently adopted the procedure in its Order. *See. D.E. 706.*

Thereafter, the parties appeared on August 3, 2010, in which the Court requested from the parties whether or not the matter "should simply be set for an evidentiary hearing per docket entry 706, or should the Court resolve the language issues addressed?" *August 3, 2010 Transcript, pg 4, lines 5-7.* The Court further stated:

> Look at docket entry 706. I will set this down for an evidentiary hearing. INA will present whatever they want to present. You will present whatever you want to present, and *I will decide [whether] there is sufficient documentation, in which case it should be covered. There is not sufficient documentation, in which case it should not be covered. Period. End of discussion.*[4]

That "procedure" was solidified by Mr. Marino, counsel for the plaintiffs in which he stated "it seems like we agree that the areas for which we are seeking reimbursement are agreed to, and we have provided certain documentation. The defense seems to be asking for greater and impermissible documentation . . . ." *Id. at 12/25-13/5.*

Mr. Engerrand, back tracked during the hearing, when the Court specifically asked "Now these areas, at least the ones that are agreed to . . . the basis for that agreement is . . . that under some provisions under some theory of the policy they are covered. Am I correct? *Id. 18/8-12.* Specifically, Mr. Engerrand stated "We don't accept that they are covered under those, but those are the three areas of the policy where they assert coverage." *Id. 18/15-17.* The Court, seemingly surprised, "Well now, wait a minute . . . . Okay. Fine. So let's now waste our time, then, INA is denying

---
[4] Id. at 7/5-12.

coverage for all of the attorneys' fee claims, and we will proceed accordingly. . . . Okay. We don't need to have an evidentiary hearing." Tr. 18/18-19/7. Mr. Engerrand, then backtracked and stated "Well, no. We are not denying. . . ." *Id. at 19.*

The Court and Mr. Engerrand continued where it seemed that an agreement was reached:

> **The Court**: All right. Let me see if I understand this now. Within the area under which you *have agreed to make payment*, if the fees were incurred by the plaintiff, and if they were, for want of a better term, reasonable and necessary, I take it you are prepared to pay it?
>
> **Mr. Engerrand**: If they are covered under the policy; one of those three section of the policy, Your Honor. *Id. at 20/12-19.*

Thus, it seemed that there was an agreement that INA was willing to agree that requests were made and payment should be made should this Court find that adequate backup or explanation existed supporting each request. Well, as has been the case with INA since the day the S/Y Legacy was grounded, INA represents one thing—this time to this Court, but means another.

INA's recent direct testimony filed with this Court is proof positive that INA has no intention of presenting before this Court the issue as to whether or not the requests for repayment/reimbursement contain sufficient back up. In fact, nine out of the 10 witnesses INA intends on introducing set forth "testimony" that has nothing to do with adequate back up or explanation as to repayment/reimbursements. The only witness that arguably would testify as to adequate backup is George Uhl, who prepared the spreadsheet that INA claims to be an accurate accounting of the claims submitted. Further, much of the actual direct testimony is simply INA's employees praising INA's delay of payment and testifying that practically nothing Mr. Halmos is seeking is covered

under the policy. Since that is the case, as was expressed by the Court, there is no need for the evidentiary hearing.

The only issue that was to be heard by this Court is whether or not a claim submitted for repayment/reimbursement contains sufficient backup. "Period." Plaintiffs object to INA's attempt to have this Court sit as the fact-finder on all other issues – a clear indication of what INA wishes to happen and would happen if this hearing were to proceed. Plaintiffs will not be put in a situation where the results of an evidentiary hearing before this Court may waive any issue that should be properly brought before the jury.

The Court has made it clear that the hearing would be held only on those matters to which there was agreement of the parties. Based upon the submissions of INA, there is no agreement of the parties as to what is to be resolved, as a result, the hearing should be cancelled and trial scheduled before a jury.

The plaintiffs thank the Court for its willingness to assist, which the Court made clear was dependent upon the joint agreement of the parties. As that does not exist, and plaintiffs will not agree for the Court to decide any issue that should properly be before the jury, the hearing should be cancelled. It would appear that the case is ready to be tried, and plaintiffs urge that the Court set the matter for trial at the Court's earliest convenience.

Finally, as the testimony submitted by INA has nothing to do with the hearing that was supposed to take place, the plaintiffs would ask that it be stricken.

Respectfully submitted,

Joseph P. Klock, Jr.  FBN 156678
Juan Carlos Antorcha FBN 0523305
RASCO KLOCK REININGER PEREZ
ESQUENAZI VIGIL & NIETO
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

By:  /s/ Joseph P. Klock, Jr.



LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:   (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD
&  SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone:  (305) 294-9556
Facsimile:   (305) 292-1982
jack@spottswood.com

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8th, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Juan Carlos Antorcha

## Service List

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan
HORAN, WALLACE &
HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne
& Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

4814-2639-2327, v. 1