UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV- BROWN

PETER HALMOS, *et al.*

*Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH AMERICA, *et al.*

*Defendants.*
_____/

### INSURANCE COMPANY OF NORTH AMERICA'S RESPONSE TO PLAINTIFFS' OBJECTION TO INA'S TESTIMONY, CANCELLATION OF HEARING, AND DEMAND FOR JURY TRIAL [D.E. NOS. 1084 AND 1085]

Insurance Company of North America ("INA") through its undersigned counsel hereby files its Response to Plaintiffs' Objection to INA's Testimony, Cancellation of Hearing, and Demand for Jury Trial [D.E. Nos. 1084 and 1085] and moves the Court to immediately enter an Order denying the relief requested by Plaintiffs, awarding INA its attorneys' fees, and in support thereof shows the following:

### INTRODUCTION

Plaintiffs through their notice, challenge at least two orders of this Court establishing an evidentiary hearing to resolve pending issues in this case. (D.E. 706 and DE 979). INA intends to fully comply with the Court's Orders and to participate in the evidentiary hearing process, a process which was the product of a joint motion seeking the very relief from the Court of which Plaintiffs now complain. Plaintiffs also conflate the issue of whether the Court has the power to schedule such a hearing with issues over the scope of the evidentiary hearing. INA believes that Plaintiffs are wrong on both challenges, but this response primarily addresses the Court's power to schedule an evidentiary hearing. The proper time to challenge the scope of the issues to be

decided at the hearing is during the course of the hearing itself. Plaintiffs should not be permitted to "cure" their evidential deficiencies by unilateral fiat in defiance of this Court's Orders.

## OBJECTION TO PLAINTIFFS' NOTICE

Plaintiffs failed to confer with INA regarding their Notice in violation of Local Rule 7.1.A.3. Had Plaintiffs done so, INA would have informed them of the pending Court Orders, Plaintiffs' obligations pursuant to those Orders, and the lack of any basis upon which Plaintiffs could conceivably attempt to unilaterally cancel a COURT ORDERED evidentiary hearing. INA would further have informed Plaintiffs that their actions were sanctionable. Due to the Plaintiffs' failure to confer with INA regarding this relief, Plaintiffs violated Local Rule 7.1.A.3 and this Court should strike the Notice. *See, e.g.*, D.E. Nos. 794 and 1051.

## FACTUAL BACKGROUND

The factual background is well-known to the Court, the pertinent facts are summarized as follows:

- The Court requested confidential mediation statements from the parties for the initial mediation session which occurred on May 6 and May 7. The mediation statement submitted to the Court by INA leaves no doubt that: (1) the issue of coverage was before Mediator Brown, and (2) all claims asserted by Plaintiffs were intended to be resolved by the mediation process.

- The Court approached the parties following the initial mediation session with the request that the parties try to formulate a joint procedure by which the parties could amicably resolve the remaining issues in the case.

- The Parties negotiated the terms of a joint motion entitled "Plaintiff and Defendant's Joint Motion for Abatement" D.E. 698 ("Joint Motion DE 698"). The explicit terms of the second paragraph of Joint Motion DE 698 depict the scope of the charges that the parties wished to resolve by the process contemplated by this Order:

  > After mediation and at the request of the Court, the parties met to discuss the approximately $14,000,000 in charges which Plaintiffs claim remain unpaid. The parties agreed upon a procedure by which these issues could be resolved initially by agreement and, if that was unsuccessful, by the Court. The procedure is as [outlined in the remainder of Joint Motion D.E. 698]

  D.E. 698 at 1.

- Paragraph 6 of Joint Motion DE 698 describes the evidentiary hearing process contemplated by the Parties in this joint motion:

  > The parties agree that *any of plaintiffs' demands for payment for out-of-pocket repayments and expenses under the INA Policy* related to the invoices and supporting documentation or other evidence submitted to INA by Plaintiffs that remain unresolved at the cessation of mediation *will be submitted to Judge Brown for resolution in his capacity as the trial judge by joint motion*. These remaining unresolved issues *will be the subject of an evidentiary hearing* conducted in the manner prescribed by the Court. . . . The parties also agree that these depositions will serve both for the evidentiary hearing and as depositions in the trial of this matter. This process and the concomitant deadlines should be outlined by Judge Brown at the conclusion of the mediation process.

  D.E. 698 at 3 (emphasis added).

- At the time that Joint Motion D.E. 698 was agreed to by the parties, Plaintiffs contended that there were approximately $14,000,000 in charges related to the S/Y LEGACY which Plaintiffs claim remain unpaid. (Exhibit "A"). Each one of Plaintiffs' submissions expressly listed the unresolved vendor invoices as "Legacy Salvage Charges" and "Expenses to Protect". (Exhibits "B," "C," and "D").

- The Court granted the "Parties Joint Motion for Abatement" on the terms outlined in DE 706. Under the terms of D.E. 706, the Court adopted the evidentiary hearing procedure contemplated in Paragraph 6 of D.E. 698, as follows:

  > The stipulation in paragraph 6 *is made an Order of the Court* pursuant to stipulation of all parties. That stipulation provides that in the event this evidentiary hearing takes place it will be 'conducted in the manner prescribed by the Court.' In the event that this paragraph must be utilized, a conference setting forth the procedures for said hearing will be held. However, *dissatisfaction with said procedures by any party shall not be grounds for opting out of this stipulation*. This entire order approving the joint motion is contingent on acceptance of same. *If any party does not wish to be bound by this agreement, it shall opt out, in writing, within three (3) business days of the docketing of this order*.

  D.E. 706 at 2 (emphasis added).

- D.E. 706 was docketed on May 24, 2010. The deadline for opting out of the agreement was May 27, 2010. Plaintiffs did not "opt out" by May 27, 2010 and are therefore bound by its terms.

- On June 1, 2010, just a week after DE 706 was entered, Plaintiffs filed their Emergency Motion for Compliance ("Emergency Motion") which was eventually rejected by this Court. (D.E. Nos. 717 and 730).[1] In that Emergency Motion, Plaintiffs made the following acknowledgement:

  > The purpose of the stay was to allow parties time necessary to resolve the claim involving repayment/reimbursement of some 14 million dollars on an expedited basis and thus eliminating those facts and **legal issues** from further litigation in an effort to mitigate expense and time to conduct a jury trial. . . . *All items not resolved will be submitted to mediation. Items remaining unsolved [sic] will be determined by the Court at an evidentiary hearing* proceeded by a pre-evidentiary hearing conference (see Court Order at D.E. 706).

---

[1] D.E. 730 did also quash the deposition of Thomas Campbell because it was scheduled the same day as a settlement conference contemplated by D.E. 706. In all other respects, Plaintiffs' request for relief was denied. D.E. 730.

D.E. 717 at 1-2 (emphasis added).

- The parties previously agreed to be bound by the procedures articulated by the Court. *See* D.E. 706. It is clear that the Court and the parties considered the resolution of coverage issues to be a fundamental component of the evidentiary hearing. During a hearing before the Court on August 3, 2010, the Court clearly articulated the burden of proof assumed by Plaintiffs at the evidentiary hearing to establish whether the items are covered claims under the INA Policy.

  > THE COURT: Whatever it is. The burden is on you, as plaintiffs, to show that that is a covered claim under the policy.

  Exhibit "E" p. 8: 18-20.

- During the same hearing, the following colloquy occurred

  > THE COURT: Very good. So far we are making head-way.
  > Now, whose burden is it to show that the legal services rendered come within the purview of salvage work? You are right, Mr. Marino. Plaintiffs have to do that. Okay. How far do they have to go to show that?
  > The answer to that question is simple. How long do your legs have to be?
  >
  > MR. MARINO: Just to reach the ground, sir.
  >
  > THE COURT: Thank you. End of discussion. (Exhibit "E" p. 11: 2-10).

- On August 16, 2010, the Court issued its Order setting the evidentiary hearing. (D.E. 979). This Order reiterates that the evidentiary hearing was scheduled based upon D.E. 706.

- On September 27, 2010, this Court held a teleconference with both Parties regarding D.E. 1020. This Court provided INA with two options regarding the evidentiary hearing and the hearing contemplated by D.E. 1020. At no time during that teleconference did Plaintiffs' counsel state any objection to proceeding with the evidentiary hearing.

- On September 29, 2010, this Court issued its Order rescheduling the evidentiary hearing. (D.E. 1066). Once again, there was no objection from Plaintiffs. Despite having INA's witness list, direct examinations, and document lists, Plaintiffs waited another twenty-three days to ever raise an issue. D.E. Nos. 1084 and 1085.

## MEMORANDUM OF LAW

Plaintiffs' Notice evinces a total disregard of this Court's Orders. This Court issued two ORDERS setting the evidentiary hearing. (D.E. Nos. 706 and 979). The Court delayed the trial of this case in order to afford the parties an opportunity to resolve these matters by the procedure agreed to by the parties and entered as the law of this case by the Court. Plaintiffs' unilateral NOTICE that the hearing should be cancelled is not only contrary to the Plaintiffs own agreement, but is also contrary to the Orders of this Court after the expenditure of countless hours by the Court in hearings, mediation, and pre-trial actions. (D.E. Nos. 1084 and 1085). Plaintiffs have no right, power, or ability to unilaterally cancel an evidentiary hearing set by Court Order.

There is (and has never been) any question that the evidentiary hearing was to involve all of the $14,000,000.00 in unresolved vendor invoices which Plaintiffs claimed as S/Y LEGACY salvage, protection against loss, and NOAA negotiation charges (Exhibits "A," "B," "C," and "D") or that it was to determine two issues, whether those charges were covered under the policy and whether the charges claimed by plaintiffs were reasonable and necessary. Plaintiffs made the decision not to provide support for their assertion that these unresolved items are covered under the INA Policy – in contravention of this Court's instructions. Plaintiffs again made the decision to limit their claim to only $1,255,853.84 in invoices for consideration at the evidentiary hearing – in contravention of Joint Motion D.E. 698 and this Court's Order D.E. 706. The Court will

have to address Plaintiffs' default in their evidentiary submissions and burden of proof at the evidentiary hearing, but Plaintiffs' failures should not be heard to form the basis of Plaintiffs' unilateral cancellation of the evidentiary hearing. Plaintiffs' chose to take these actions at their peril, and now must face the consequences. This is consistent with D.E. 979 which stated that a failure to comply "*shall* result in adverse consequences to the at fault party." D.E. 979 (emphasis added). INA respectfully requests that this Court enforce its Orders and that the evidentiary hearing continue as set forth in D.E. 706 and D.E. 979.

The prejudice associated with a cancellation of the evidentiary hearing is immense. INA has spent in excess of $300,000.00 preparing for this hearing. This is compounded by the hundreds of hours of witness time has been spent to prepare and the countless hours invested by the Court.

Further, should this Court acquiesce to the Plaintiffs' improper unilateral cancellation of the evidentiary hearing, the trial of this matter would expand from a two week trial to one which could last for months as every single remaining line item would have to be discussed and examined in such a trial.

Additionally, to the extent that Plaintiffs contend that unresolved reimbursement requests submitted in D.E. 1037 are the *only* S/Y LEGACY salvage charges, protection against loss charges, or NOAA negotiation charges sought in this litigation, then this Court should enter an order dismissing all other reimbursement requests from the Plaintiffs' claims for breach of contract. Otherwise, the Plaintiffs will merely attempt to raise these issues again. The resulting prejudice is obvious.

WHEREFORE, INA respectfully requests that this Court hold the Court-ordered evidentiary hearing on October 18, 2010 through October 20, 2010 as scheduled, award INA its

attorneys' fees and costs for having to respond to the Notice, and for such further relief as the Court deems just and equitable under the circumstances.

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: /s/ Frank J. Sioli
Frank J. Sioli
Florida Bar No. 009652
Datran Two – Suite 1609
9130 South Dadeland Boulevard
Miami, Florida 33156-7851
Telephone: 305.274-5507
Facsimile: 305.274-5517

*Attorneys for Defendant*
*Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713.629-5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407
(via Certified Mail, return receipt requested
& via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse

Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone: 561-650-0406
Facsimile: 561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com
(via CM/ECF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10084-CIV- BROWN

PETER HALMOS, et al.,

*Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

*Defendants.*

**ORDER DENYING
PLAINTIFFS' OBJECTION TO INA'S TESTIMONY, CANCELLATION
OF HEARING, AND DEMAND FOR JURY TRIAL [D.E. NOS. 1084 AND 1085]**

On this day came on to be heard Plaintiffs' Objection to INA's Testimony, Cancellation of Hearing, and Demand for Jury Trial [D.E. Nos. 1084 and 1085]. The Court, after considering the Motion, the Response, the Reply (if any), and arguments of counsel, is of the opinion that the Motion is not well taken and should in all things be DENIED. It is therefore

ORDERED, ADJUDGED, and DECREED that the evidentiary hearing scheduled for October 18, 2010 through October 20, 2010 shall proceed as scheduled. It is further

ORDERED, ADJUDGED, and DECREED that the evidentiary hearing shall be conducted as outlined by this Court's previous Orders.

Signed this _____ day of _____, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE
JUDGE

1

Peter Halmos, Int'l Yachting Charters, Inc. &
High Plains Capital v. Insurance Co. of North America
Case Number: 08-10084-CIV-BROWN

**SERVICE LIST**

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, FL 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Mr. Joseph P. Klock, Esq.
Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
5725 Corporate Way, #101
West Palm Beach, FL 33407

Mr. Frank J. Sioli
Ms. Zascha Abbott
Datran Two – Suite 1609
9130 South Dadeland Blvd.
Miami, FL 33156-7851

2

|  |  |
|---|---|
|  | Telephone: 305-274-5507<br>Facsimile: 305-274-5517<br>fsioli@brownsims.com<br>zabbott@brownsims.com |
| Kenneth G. Engerrand<br>P. Michael Bowdoin<br>Michael A. Varner<br>Robert M. Browning<br>Brown Sims, P.C.<br>1177 West Loop South, Tenth Floor<br>Houston, Texas 77027<br>Telephone: 713-629-1580<br>Facsimile: 713-629-5027<br>kengerrand@brownsims.com<br>mbowdoin@brownsims.com<br>mvarner@brownsims.com<br>rbrowning@brownsims.com | Roberto M. Vargas<br>C. Wade Bowden<br>Jones Foster Johnston & Stubbs, P.A.<br>505 S. Flagler Dr., Suite 1100<br>P.O. Box 3475<br>W. Palm Beach, FL 33402-3475<br>Telephone: 561-650-0406<br>Facsimile: 561-650-0430<br>rvargas@jones-foster.com<br>wbowden@jones-foster.com |