08-10084.no6

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10084-CIV-MARTINEZ-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

      Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

      Defendants.

_____/

### NOTICE OF HEARING

**This matter** is before this Court on Plaintiffs' Objection to INA's Testimony...(D.E. 1084), and Plaintiff's Pro Se Objection to...Hearing...(D.E. 1085). The Court has considered the "objections" and all pertinent materials in the file. No law has been cited to allow for the filing of "objections" to a hearing AGREED to and scheduled long ago, and rescheduled recently without objection. To the extent the Court construes same as motions, again they violate Local Rule 7.1(a)(1).

Apparently, plaintiffs do not like what was filed by defendant ... three (3) weeks ago ... and now, some mere days before, want to change their position entirely and cancel the very hearing **AGREED** to and scheduled long ago, and rescheduled recently without objection.

1

Paragraph 6 of D.E. 698 set forth, and still sets forth, the agreement of the parties for the hearing commencing October 18, 2010. While plaintiff Halmos cites from a transcript of August 12, 2010, two things must be considered with that language: (1) The Court can force parties to comply with agreements that were made orders of the Court (see D.E. 706); and if plaintiff wanted this hearing canceled after the August 12th hearing, he had more than ample time to raise same ... especially when the hearing was rescheduled. Plaintiffs are completely disingenuous when they claim they will not waive any matter that is properly before the jury ... they already have!

Unfortunately, plaintiffs wish to "kill an ant with an elephant". The real issue is the scope of the hearing. Filings of proposed testimony to be offered by defendant (which may or may not be allowed at the hearing) do not change the scope of the hearing. It will be governed by the Joint Motion of the parties (D.E. 698) and subsequent Order of the Court (D.E. 706). In large part, plaintiffs are correct - the hearing is to resolve question(s) surrounding the documentation supporting claims. Defendant will not be permitted to take a position at this hearing that it has not taken prior to the filing of the Joint Motion. However, the task of determining whether the items at issue are covered under the policy clearly is an issue at this hearing. Undoubtably, plaintiffs have understood this all along. See, e.g., D.E. 964.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that a hearing has been set for **Thursday, October 14, 2010, at 10:30 A.M., at the United States District Court, 301 North Miami Ave., Miami, Florida, Tenth Floor.** The parties are required to meet today and confer in a good faith effort to resolve the issues illustrated in this Notice.

(a) Thirty (30) minutes has been scheduled for this hearing. The Court may also consider a postponement of the hearing ... but only to commence on October 25th.

(b) In the event the parties are able to resolve this matter they shall promptly notify the Court of same.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of October, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record