08-10084.oap

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER RE: MOTION FOR SANCTIONS

**THIS MATTER** is before this Court on Defendant, Insurance Company of North America's, Motion for Sanctions (D.E. 888). The Court has considered the motion, the response, the reply and all pertinent materials in the file.

Defendant moves the Court to impose sanctions because Plaintiffs failed to present Donald Dinsmore ("Dinsmore"), one of Plaintiffs' expert witnesses, for a deposition. It is undisputed that Defendant failed to serve a subpoena on Dinsmore. Def.'s Reply 2-3.; Pl.'s Resp. 3. A deposition for Dinsmore was scheduled, and Plaintiffs contend that they telephonically attended assuming the deponent was served. Pl.'s Resp. 3.

Defendant argues, *inter alia*, it had no obligation to subpoena Dinsmore because Dinsmore was a testifying expert. Def.'s Reply 2. Further, Defendant claims that Plaintiffs had an obligation

-1-

to produce Dinsmore within the period set out by the Court for discovery. Id. Plaintiffs argue that they had no duty to produce Dinsmore and it was incumbent upon Defendant to have Dinsmore served with a subpoena. Pl.'s Resp. 1. Plaintiffs also ask this Court to sanction Defendant, *inter alia*, for causing them Plaintiffs to appear at the unattended deposition. Pl.'s Resp. 3.

1. Plaintiffs complied with their duty to make Dinsmore available for a deposition

It is black letter law that if a party is to be examined, a notice of examination under Federal Rule of Civil Procedure 30(b)(1) is sufficient to require a *party's* attendance. Fed. R. Civ. P. 30(b)(1). However, if the deponent is a *nonparty*, he or she must be subpoenaed under Federal Rule of Civil Procedure 30(a)(1), which provides that the attendance of a witness at the taking of a deposition may be compelled by subpoena as provided in rule 45.[1] Id.

Here, it is undisputed that Defendant failed to serve a subpoena on Dinsmore. As to this issue, Plaintiffs claim that the following conversation occurred at the deposition:

> When some time had passed and Dinsmore had not appeared Mr. Browning [Defendant's counsel] and the writer [Plaintiffs' counsel] engaged in a discussion of the situation. The writer asked whether the witness had been subpoenaed and the answer was no. Mr. Browning stated that the plaintiffs were obligated to produce the witness.

Pl.'s Resp. 3. Defendant did not dispute this characterization of this conversation in its reply. Def.'s

---

[1] Although rule 30(a)(1) does not say so expressly, some circuits have found that if the deponent is an officer, director or managing agent of a party then a subpoena is not necessary and a notice of examination is sufficient notice, because rule 37(d) provides for sanctions when an officer, director, or managing agent of a party fails to appear for the taking of his or her deposition after being served with a notice of examination. See, Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group, 55 F.3d 463 (9th Cir. 1995); Peitzman v. City of Illmo, 141 F.2d 956 (8th Cir. 1944), cert denied, 323 U.S. 718 (1944); Fed. R. Civ. P. 37(d). Dinsmore does not fall under this exception to rule 30(a) because it is undisputed that he is a nonparty. Both parties refer to Dinsmore as "Expert" (Def.'s Mot. 1; Pl.'s Resp. 1), and neither party refers to him as either a party or an officer, director, or managing agent of a party.

Reply 1-4. Further corroborating this account of the conversation, Defendant reiterated in its reply that Plaintiffs had an obligation to provide Dinsmore for the deposition regardless of whether Dinsmore was subpoenaed. Def.'s Reply 2-3.

Although it is true that Defendant had the right to depose Dinsmore as a testifying witness under rule 26(b)(4), Defendant may have confused this right with a party's non-existent duty to compel a nonparty deponent's attendance without a subpoena. Defendant's motion for sanctions is groundless.[2]

2. <u>Payment of Plaintiffs' reasonable expenses for attending the Dinsmore deposition</u>

Federal Rule of Civil Procedure 30(g), which provides a specific remedy for the failure of a party to serve a subpoena on a witness, states the following:

> [A] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:
> . . .
> (2) serve a subpoena on a nonparty deponent, who consequently did not attend.

Fed. R. Civ. P. 30(g). Rule 30(g) is directly on point in this matter. Accordingly, this Court orders Defendant to pay Plaintiffs' reasonable expenses for attending the Dinsmore deposition, including attorney's fees.

---

[2] Defendant raises the issue of Plaintiff's failure to provide Dinsmore's expert report to Defendant prior to the Dinsmore deposition. Def.'s Mot. 2. While rule 26(a)(2)(B) requires "a report from the expert, [and that] the deposition may be conducted only after the report is provided", here Defendant chose to schedule the Dinsmore deposition without having the report. Because the report is unrelated to the subpoena of Dinsmore, Plaintiff's alleged failure to provide the report does *not* excuse Defendant's failure to subpoena Dinsmore.

Therefore, the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's motion for sanctions is **DENIED.**

2. Defendant's motion to strike Donald Dinsmore's expert designation is **DENIED.**

3. Plaintiffs' request for sanctions is hereby **GRANTED.** This Court awards Plaintiffs reasonable expenses for attending the deposition, including attorney's fees. If the parties cannot resolve the amount and payment of same, this Court will decide those issues, upon proper motion. The parties should be cautioned, however, that an unreasonable position by either party requiring said motion may result in the imposition of additional sanctions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of October, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:     Counsel of record