08-10084.o38

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

### ORDER RE: PLAINTIFFS' OBJECTIONS TO HEARING

**This matter** came before this Court on Plaintiffs' Objection to INA's Testimony...(D.E. 1084), and Plaintiff's Pro Se Objection to...Hearing...(D.E. 1085). The Court has considered the "objections", the response, the reply, and all pertinent materials in the file. In addition, a hearing was held on October 14, 2010, and argument of counsel considered. The Court finds this motion to be little more than the child that doesn't like the way the game is going and wants to take his toys and go home. No law has been cited to allow for the filing of "objections" to a hearing **AGREED** to and scheduled long ago, and rescheduled recently without objection. To the extent the Court construes same as motions, again they violate Local Rule 7.1(a)(1).

Apparently, plaintiffs do not like what was filed by defendant...three (3) weeks ago, and now, some mere days before, want to change their position entirely and cancel the very hearing **AGREED**

to and scheduled long ago, and rescheduled recently without objection. Paragraph 6 of D.E. 698 set forth the agreement of the parties for the hearing commencing October 18, 2010. While plaintiff Halmos cites words from a transcript of August 12, 2010, two things must be considered with that language: (1) The Court can force parties to stick to agreements that were made orders of the Court (see D.E. 706); (2) and if plaintiff wanted this hearing canceled after the August 12th hearing, he had more than ample time to raise same...especially when the hearing was rescheduled. Plaintiffs are completely disingenuous when they claim they will not waive any matter that is properly before the jury...they already had when they agreed to the hearing they have now "changed their minds on" and no longer wish to participate in.

At the hearing the Court offered to grant plaintiffs' wish and cancel the hearing...provided they were willing to reimburse defendants for the costs incurred in preparation for same. Not surprisingly, plaintiffs wished to "have their cake and eat it too". Because they did not like the pre-filings of the defendant they wanted the hearing canceled, and for defendant to eat its own expenses. Indeed, though the real issue was, arguably, the scope of the hearing and, viewed in a light most favorable to plaintiffs the proposed testimony would exceed that scope, no effort was made by plaintiffs to address limiting same. This Court was left with no question that all plaintiffs wanted was to do away with the very hearing they had agreed to...at almost the last hour.

This is hardly the first time plaintiffs have made agreements and then reneged. For example, plaintiff IYC claimed, in a motion to compel (D.E. 153), that there was no agreement to extend the time for INA to provide a privilege log (see page 3 of the motion). The response (D.E. 165, Ex. A) attaches an e-mail to counsel for IYC specifically discussing the extension and reflecting that plaintiff's counsel agreed to same. Despite filing a reply (D.E. 201), that assertion is not disputed

or even discussed. In April, 2010, this Court issued an Order to Show Cause (D.E. 629) further outlining plaintiffs' reneging on an agreement. In June, 2010, we again revisited plaintiffs' reaching agreements that later are not agreements (D.E. 798). The Court notes at that time "[I]t bears repeating that this is not the first time this has happened…but, perhaps, it will be the last". Alas, twas not to be!

Plaintiffs have previously been sanctioned and even held in civil contempt. (See, e.g., D.E. 266, 751, 877 and 882). Plaintiffs have been warned of the possibility of more severe sanctions. None of these have stemmed the tide of impropriety. The Court finds plaintiffs' continued and repetitive conduct tantamount to bad faith. At some point, the Court will seriously have to consider the sanction of dismissal. Although this Court announced at the hearing that sanctions would be imposed, upon further reflection, plaintiffs are entitled to "due process" on this issue.

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** as follows:

1. The evidentiary hearing is canceled.

2. Plaintiffs shall have five (5) days to show good cause, in writing (not to exceed five (5) pages) why sanctions should not be imposed pursuant to the inherent powers of the Court. See, e.g., Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010); Eagle Hospital Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009); In re Sunshine Jr. Stores, Inc., 456 F.3d

1291, 1304 (11th Cir. 2006).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of October, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record