UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
Case Number: 08-10084-CIV -BROWN

PETER HALMOS, *et al.*

                                  *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH AMERICA, *et al.*

                                  *Defendants.*
_____/

**DEFENDANT INSURANCE COMPANY OF NORTH AMERICA'S
REPLY IN SUPPORT OF ITS
<u>MOTION TO STRIKE PLAINTIFFS' DEMAND FOR A JURY TRIAL [D.E. 1061]</u>**

      Defendant and Counter-Plaintiff, Insurance Company of North America now files its Reply in Support of Its Motion to Strike Plaintiffs' Demand for a Jury Trial [D.E. 1061]. The issue before the Court is whether Plaintiffs invoked the Court's admiralty jurisdiction, thereby waiving their right to a jury trial. Since Plaintiffs' Fourth Amended Complaint contains an "identifying statement" (under the heading "Jurisdiction and Venue") identifying at least one of their claims as an admiralty or maritime claim, Plaintiffs have invoked the Court's admiralty jurisdiction. Consequently, Plaintiffs have waived their right to a jury trial and the Court should strike their jury demand. In support of this conclusion, INA presents the following Memorandum of Law.

## I. <u>MEMORANDUM OF LAW</u>

      The issue before the Court is *not* a party's right to a jury trial in a case falling under the Court's admiralty jurisdiction and some other basis for federal jurisdiction. The issue is whether the Plaintiffs have chosen to plead the case as falling within the Court's admiralty jurisdiction, which results in a nonjury trial. In guidance of this issue, Defendant asks the Court to follow

binding Eleventh Circuit Precedent as set forth in the case of *Romero v. Bethlehem Steel*.[1] *See* INA Mot. Strike [D.E. 1061] at 2–4. Plaintiffs, by contrast, ask the Court to follow non-binding, inapplicable precedent from the Fourth Circuit as set forth in the opinion of *In re Lockheed*. *See* Pls.' Resp. INA Mot. Strike [D.E. 1095] at 4–6.

This is not the first time that a court in this jurisdiction has been asked to choose between *Romero* and *In re Lockheed* when determining a party's right to a jury trial in an admiralty proceeding. Less than two years ago, in the case of *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1189 n.15 (11th Cir. 2009), the Eleventh Circuit specifically declined to follow *In re Lockheed*, opting instead to follow *Romero* and its progeny.

In *St. Paul Fire & Marine*, the Eleventh Circuit was tasked with determining an insured's right to a jury trial where the insurer filed a declaratory judgment action in admiralty and the insured filed a counterclaim in diversity. *Id.* at 1185. Although the insured's counterclaim contained a jury demand, the trial court struck the demand finding that the insurer, as plaintiff, had the right to file the suit in admiralty. *Id.* Relying on *In re Lockheed*, the insured argued that he was the real plaintiff-in-interest, and that, consequently, his jury demand should control. *See id.* at 1188–90. It would be unfair, the insured argued, to allow an insurer to deprive an insured of its right to a jury trial simply by beating him to the courthouse door. *Id.* As the real plaintiff-in-interest, the insured argued that his pleadings should control. *Id.*

Declining to follow *In re Lockheed*, the Eleventh Circuit found that it was bound by *Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968 (5th Cir. 1978). *St. Paul Fire & Marine*, 561 F.3d at 1188–89. In doing so, the Eleventh Circuit explained that "*Harrison* addressed what happens when both admiralty and some other ground of federal jurisdiction exist

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions rendered prior to October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

in the same case and the plaintiff invokes admiralty jurisdiction under Rule 9(h)." *Id.* at 1188. Citing *Harrison*, the Eleventh Circuit held that "by electing to proceed under Rule 9(h), rather than by invoking diversity jurisdiction, the plaintiff may preclude the defendant from invoking the right to a trial by jury which may exist otherwise." *Id.*

The *Harrison* opinion specifically identified and relied upon *Romero* as the seminal case in "the development of Rule 9(h) . . . ." *Harrison*, 577 F.2d at 986. As such, the *Harrison* court properly applied *Romero* and held that the plaintiff's invocation of admiralty jurisdiction precluded the defendant from demanding a jury trial. *Id.* Thus, in *St. Paul Fire & Marine*, when the Eleventh Circuit opted to follow *Harrison* instead of *In re Lockheed*, it endorsed *Romero*. *See St. Paul Fire & Marine*, 561 F.3d at 1189 n.15 (rejecting *In re Lockheed* in favor of binding Eleventh Circuit precedent). By applying *Harrison* instead of *In re Lockheed*, the Court reinforced the fact that *Romero* remains the controlling law in this jurisdiction. *Id.* The facts of *Romero* are directly in line with the facts of this case, while *In re Lockheed* involves the effect of a counterclaim as opposed to the consequences of the plaintiff's deliberate pleading choice.

Just like in the case at bar, the plaintiff in *Romero* brought claims arising under both diversity and admiralty jurisdiction. *Romero*, 515 F.2d at 1253–54. As in the present case, the court had to determine whether the plaintiff waived his right to a jury trial by invoking the court's admiralty jurisdiction. *Id.* Just like the case at bar, the plaintiff argued that he was entitled to a jury trial because he also alleged causes of action arising under the court's diversity jurisdiction. *Id.* The court in *Romero* held as follows:

> Appellant's [plaintiff's] final argument on this point is slightly more involved. It runs something like this. Even if he did not succeed in withdrawing the reference to 9(h), that reference applied only to one of two separate causes of action. That is, the complaint alleged one cause of action based on diversity and one cause of action in admiralty. As to the diversity-based cause, he is plainly entitled to a jury trial. Moreover, although there is ordinarily no right to a jury in an admiralty suit,

> the Supreme Court in *Fitzgerald v. United States* carved out an exception to that rule based upon considerations of judicial economy when an admiralty claim is tried together with a cause of action upon which there exists a right to trial by jury. Since he had a right to jury trial on the diversity-based cause of action, appellant [plaintiff] concludes, under *Fitzgerald* he likewise was entitled to a jury on the admiralty count. We reject this argument for a *number of reasons*.

*Id.* at 1253 (emphasis added).

In rejecting the insured's argument that he was entitled to a jury trial, the Court of Appeals affirmed the *Romero* trial court's decision to strike the plaintiff's jury demand, explaining that:

> The unification of the admiralty and civil rules in 1966 was intended to work no change in the general rule that admiralty claims are to be tried without a jury. Federal Rule of Civil Procedure 9(h) serves only as a device by which the pleader *may claim* the special benefits of admiralty procedures and remedies, including a non-jury trial, when the pleadings show that *both* admiralty and some other basis of federal jurisdiction exist. Of course, an action for personal injury cognizable in admiralty may also be brought, assuming the existence of some independent jurisdictional base like diversity of citizenship, as a civil suit pursuant to the "savings to the suitors" clause of 28 U.S.C. § 1333. In these civil suits the plaintiff is entitled to a jury trial "in accordance with the principles governing civil actions generally." [But here,] Judge Steger read [plaintiff's] complaint, which contained an unwithdrawn reference to 9(h), as an election to proceed without a jury on all claims.

*Id.* at 1252 (internal citations omitted) (emphasis added).

A few years after it decided *Romero*, the Fifth Circuit was again confronted with a similar scenario concerning a plaintiff's right to a jury trial in an admiralty proceeding. In the landmark case of *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks*, the Fifth Circuit solidified its holding in *Romero* by once again holding that a plaintiff who invokes the court's admiralty jurisdiction is precluded from demanding a jury trial even where the plaintiff also brings a cause of action in diversity. 702 F.2d 585, 586 (5th Cir. 1983). In ruling that the plaintiff had *no* right to a jury trial, the *T.N.T. Marine* court explicitly held that "a suit falling under admiralty as well as diversity jurisdiction will be treated as an admiralty case for purposes of the right to a jury trial (Rule 38(e)) if the pleading contains an 'identifying statement' asserting an

- 4 -

admiralty or maritime claim." *Id.* at 587. The court continued, "[t]he plaintiff may elect to have a suit treated as either a diversity or admiralty suit, each option having its advantages and disadvantages, but the plaintiff's case will be treated as one in admiralty 'by a simple statement in his pleading to the effect that the claim is an admiralty or maritime claim.'" *Id.* (citing Fed. R. Civ. P. 9 Advisory Committee Note (1966 Amend.). "Therefore," the court concluded, "there is no right to a jury trial where the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though diversity jurisdiction exists as well." *Id.* (citing *Romero*, 515 F.2d at 1249).

Although *T.N.T. Marine* was decided by the Fifth Circuit after the split with the Eleventh Circuit, the Eleventh Circuit has subsequently adopted the Fifth Circuit rule that the presence of a simple identifying statement is enough to invoke the Court's admiralty jurisdiction. In 2000, when deciding the case of *Beluga Holding, Ltd. v. Commerce Capital Corp.*, the Eleventh Circuit recognized that "Rule 9(h) . . . provides that the rules of admiralty control a case as long as at least one claim in the case is cognizable in admiralty." In 2009, the Eleventh Circuit specifically explained that "the pleader has the right to determine procedural consequences (including the right to a jury trial) by a *simple statement* in his pleading that the claim is an admiralty claim." *St. Paul Fire & Marine Ins.*, 561 F.3d at 1188 (citing Fed. R. Civ. P. 9(h), advisory committee's note) (emphasis added).

Here, Plaintiffs' Fourth Amended Complaint contains an "identifying statement" identifying at least one of Plaintiffs' claims as an admiralty claim. *See* INA Mot. Strike [D.E. 1061] at 4. Consequently, Plaintiffs have affirmatively invoked the Court's admiralty jurisdiction, and Plaintiffs have no right to a jury trial "even though diversity exists as well." *See id.*

Plaintiffs would have the Court believe that the Fourth Amended Complaint contains no such identifying statement. In fact, Plaintiffs' Response expressly claims that "[t]he Plaintiffs did not include any statement in the FAC identifying any specific claim as an admiralty claim. Nor does the FAC otherwise indicate any intent by the Plaintiffs . . . to pursue *any* of their claims under the Court's maritime jurisdiction and rules." Pls.' Resp. INA Mot. Strike [D.E. 1095] at 3–4 (emphasis added). Plaintiffs further protest that they "never invoked Rule 9(h) . . . ." Pls.' Resp. INA. Mot. Strike [D.E. 1095] at 6.

But the Complaint *does* expressly contain an identifying statement. Further, the Plaintiffs here *did* invoke the Court's admiralty jurisdiction, even citing to the admiralty jurisdiction statute. As pointed out in INA's Motion to Strike, the Fourth Amended Complaint contains the following identifying statement: "Further, this Court has subject matter jurisdiction over some of the causes of action presented herein under 28 U.S.C. § 1333 in that certain claims invoke the Court's original maritime jurisdiction." Pls.' 4th Am. Compl. [D.E. 688] at 3 ¶ 7. Although not specifically making reference to Rule 9(h), this simple statement is sufficient to invoke the Court's admiralty jurisdiction. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 345 (5th Cir. 1991). In *T.N.T. Marine*, the plaintiff pled diversity jurisdiction and asked for a jury trial; however, the plaintiff added: "This is also a suit for breach of a maritime contract and for maritime tort." *T.N.T. Marine Serv., Inc.* at 587. That simple reference, without any mention of Rule 9(h) or even to the admiralty jurisdiction statute as the Plaintiffs did in the present case, was sufficient to invoke Rule 9(h) and a nonjury trial. A specific reference to Rule 9(h) is unnecessary as the court noted in *Teal*, "under our jurisprudence, a party need not make a specific reference to Rule 9(h) in order to fall under our admiralty jurisdiction." *Teal*, 933 F.2d at 345 *(quoting T.N.T. Marine Serv., Inc.,* 702 F.2d at 588). Instead, even though the "complaint did not specifically invoke

Rule 9(h), this court held that a case cognizable under both admiralty and diversity jurisdiction will be treated as an admiralty action if the plaintiff asserts a "simple statement asserting admiralty or maritime claims." *Id.*

By including an "identifying statement" in their Fourth Amended Complaint, Plaintiffs have proactively invoked the Court's admiralty jurisdiction. *See* Pls.' 4th Am. Compl. [D.E. 688] at 3 ¶ 7; *Romero*, 515 F.2d at 1253–54; *St. Paul Fire & Marine*, 561 F.3d at 1188–89. Thus, it makes no difference that Plaintiffs originally had the *right* to proceed under diversity jurisdiction in accord with the saving-to-the-suitors clause. All that matters is that Plaintiffs affirmatively *opted* to invoke the Court's admiralty jurisdiction—which was also their *right*.

The Plaintiffs' election to invoke the Court's admiralty jurisdiction disposes of the Plaintiffs' claim to a Seventh Amendment right to a jury trial "[i]n suits at common law". Pls.' Resp. INA Mot. Strike [D.E. 1095] at 4. For 180 years, the Supreme Court has recognized that the right to a jury trial in suits at common law does not extend to cases in admiralty or equity. In *Parsons v. Bedford*, 28 U.S. 433, 446 (1830), the Court stated: "The phrase 'common law,' found in this clause is used in contradistinction to equity, and admiralty, and maritime jurisprudence." The Supreme Court has often reiterated the rule that the Seventh Amendment does not apply to admiralty or equity actions, as recently as *Curtis v. Loether*, 415 U.S. 189, 193 (1974) and *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). Consequently, the *Romero* court could authoritatively cite "the general rule that admiralty claims are to be tried without a jury." *Romero*, 515 F.2d at 1252.

Apart from *In re Lockheed*, Plaintiffs cite to only one other case in support of their position. Specifically, Plaintiffs rely on this Court's unpublished opinion in *Manrique v. Fagan*, No. 08-60501-CIV-TORRES, 2009 U.S. Dist. LEXIS 61794 (S.D. Fla. Mar. 16, 2009). But

*Manrique* does nothing to help Plaintiffs' cause. In *Manrique*, the Court specifically qualified its decision to allow the plaintiff a jury trial by explaining that "[i]f a plaintiff files an *in personam* action in federal court cognizable under diversity 'at law' jurisdiction or admiralty jurisdiction, either party may demand a jury trial, *unless the plaintiff has chosen to identify the claim as an admiralty or maritime claim* as permitted by Federal Rule 9(h)(1)." *Manrique*, 2009 U.S. Dist. LEXIS 61794, at *16. The Court further concluded: "[t]hus, if a plaintiff chooses to file in federal court an otherwise diverse case under admiralty jurisdiction, and invokes Rule 9(h)(1), then the plaintiff's intent for admiralty jurisdiction and its rules will apply throughout the case." *Id.* (citing *Harrison*, 577 F.2d at 968). The primary difference between *Manrique* and this case is that, in *Manrique*, the court found that "[a]t [no] time in this case has Plaintiff invoked Rule 9(h)." *Id.* at *17. Instead, the plaintiff brought the suit in state court under the saving-to-suitors clause so as to have a jury trial by not submitting to the admiralty jurisdiction of the court.

That is precisely contrary to the situation in the present case. In this case, Plaintiffs made their affirmative election to base federal subject matter jurisdiction on this Court's admiralty jurisdiction as pled in Plaintiffs' (five) Complaints in federal court, in contrast to the situation in Manrique where plaintiff found herself in federal court as a result of the defendant's removal petition. The Plaintiffs in this case have made their election, they should not be allowed to escape from their choice.

Also, Plaintiffs have invoked Rule 9(h) with their statement in the Fourth Amended Complaint invoking the admiralty jurisdiction of this Court. Consequently, this case properly belongs on the Court's admiralty docket, and Plaintiffs are not entitled to a jury. Accordingly, the Court should grant INA's Motion to Strike and try this case to the bench.

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**BROWN SIMS, P.C.**

By: /s/ Frank J. Sioli
    Frank J. Sioli
    Florida Bar No. 009652
    Datran Two – Suite 1609
    9130 South Dadeland Boulevard
    Miami, Florida 33156-7851
    Telephone: 305.274-5507
    Facsimile: 305.274-5517

*Attorneys for Defendant*
*Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713.629-5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418
(via Certified Mail, return receipt requested
& via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone:  561-650-0406
Facsimile:  561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com
(via CM/ECF)