08-10084.or31

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Case Number:  08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

      Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

      Defendants.

_____/

## ORDER SPECIALLY SETTING CASE FOR TRIAL

**This matter** is before the Court *sua sponte*. The parties were requested to submit notices regarding the proposed length of time needed to try this case so the trial could be scheduled. The parties complied (see D.E. 1099 and 1103).

Defendant's filing is little more than a shameless pandering to the Court to support its pending motion to strike the jury trial. Plaintiffs' filing is liberal, to be sure, but far more reasonable ... and far more credible.  It bears noting that plaintiffs - who have the burden of proof for the most part, think this case can be tried a lot quicker than defendants do - if you accept defendant's filing at face value - which this Court obviously does not.

It does not go unnoticed that the original scheduling report (D.E. 27) contained estimates by plaintiffs of 10-15 days for trial and by defendant of 25-30 days.  The Court further notes that when

1

it set the case for a two week period (D.E. 335) there was no objection filed... and this was before the extra-contractual claims were bifurcated.   A subsequent trial setting (D.E. 389) set the case for a three week period, without objection, and with a defendant that is no longer a party still in the case. Since that time, several counts of the complaint have been dismissed ... and the amount of time for trial has risen?  In D.E. 501 the Court scheduled the case for a two week period commencing July 19, 2010 - without objection.

The Court finds that it must manage its calendar, and this case in particular as it has gotten totally and completely out of control.  To allow it to go unfettered will allow what this Court stated early on - "it's all about the journey, not the destination".

Accordingly, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1.   This case is specially scheduled to commence trial on Tuesday, February 22, 2011.  It will end no later than Friday, March 18, 2011.

2.   Excluding jury selection and opening statements (which will be completed in one day), plaintiffs will have twelve (12) days to present their case, including rebuttal. Defendant will have four (4) days - if needed - to present its case.  Two days are allotted to closing arguments, charging the jury[1], and deliberation.[2]

3.   Prior to the start of the trial, plaintiffs shall elect whether they want to set aside any of

---

[1]In the event the Court grants the motion to strike the jury trial, it will not change the trial date or reduce the amount of time allotted, but will simply redistribute that time to the parties. The schedule would also be less rigid if the parties had to recess and resume trial at a later date.

[2]Although time is being allotted for the jury's deliberation, there will, of course, be no limitation placed on same.

their twelve (12) days for rebuttal.

4.    The Pre-Trial Conference will be held on Wednesday, February 2, 2011, commencing at 10:00 A.M.  This, along with the trial, shall take place at the U.S. District Court, 301 N. Miami Ave. Tenth Floor, Miami, Florida.

5.    Except as modified herein (if at all), the parties shall comply with paragraphs 1, 3, 6 and 7, of D.E. 389. The parties shall be aware that the provisions of paragraph 8 of that order are applicable. Regarding paragraph 6, as an addendum thereto it is further **ORDERED AND ADJUDGED** as follows:

a.    Four (4) packets of jury instructions shall be submitted.  The Court notes its strong preference for the Eleventh Circuit standard instructions and will use same whenever possible.

b.    The first shall be the preliminary instructions - for the venire, and then for the sworn in jury.  The latter shall contain the provision allowing for note taking.

c.    The second shall be all those instructions the parties agree to.

d.    The third shall be plaintiffs' proposed instructions not agreed to.

e.    The fourth shall be defendant's proposed instructions not agreed to.

6.    The Court notes that this is at least the fifth time this case has been set for trial.  It will not be continued absent extra-ordinary circumstances... such as an order from a U.S. District Judge or a life or death medical emergency.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of October, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of record