IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

      Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

      Defendants.
_____/

## PLAINTIFFS' RESPONSE TO ORDER RE: PLAINTIFFS' OBJECTIONS TO HEARING [D.E.1118]

On October 25, 2010, this Court entered its Order RE: Plaintiffs' Objection To Hearing. Once again, the Court takes shots at Plaintiffs and likens their conduct to "tantamount bad faith" for objecting to a hearing that was *presumably agreed upon by the parties*. The Court has requested that the Plaintiffs respond to the Court's inquiry to show good cause why sanctions should not be imposed for the cancellation of the hearing[1]. The fact is that Plaintiffs never agreed to waive their right to a jury trial on the issue of coverage, the very issue INA intends to try. Yes, Plaintiffs could have moved to strike the testimony, but, apparently, the Court is now of the view that "whether the items at issue are covered under the policy clearly is an issue at this hearing." *See DE 1094 at 2.* It is that misconception by the Court, and INA's strategy, that Plaintiffs objected to, because they are unwilling to waive jury trial by showing up at an evidentiary hearing. Plaintiffs thus had "good cause" to cancel this optional hearing and respond

---

[1] The Court indicated that it thought that plaintiffs should have moved to strike INA's testimony rather than cancel the hearing.

as follows:

On September 15, 2010, INA filed its Submission of Direct Testimony ("INA's Submission"). *See D.E. 1039-1043.* INA's Submission proffered the direct testimony of 12 witnesses. Only one of those, George Uhl, even came close to addressing the issue of the adequacy of the backup regarding repayment and reimbursements, the supposed purpose of the hearing. The balance of the testimony was a clear attempt by INA to try the issue of coverage before this Court--an issue not agreed upon to be tried. As a result, Plaintiffs filed their objections to the testimony and moved for the hearing to be cancelled. *See D.E. 1084.* This Court subsequently issued its Notice of Hearing. *D.E. 1094.* In it, the Court stated "the task of determining whether the items at issue are covered under the policy clearly is an issue at this hearing. Undoubtedly, plaintiffs have understood this all along." *See. Id. citing D.E. 964.* That, however is not the case.

### The Issue Of Coverage Was Never The Issue To Be Tried

This Court cites to D.E. 964 to establish "knowledge" that coverage would be the issue tried by the Court. D.E. 964 was Plaintiffs' notice of applicable policy provisions filed in direct response to this Court's Order Re: Status Conference For Evidentiary Hearing. D.E. 935. There, the Court required the parties to submit "in writing the provisions/coverages/language in the policy that they claim provides coverage for these items at issue . . . WITHOUT ARGUMENT . . ." *Id. at 2.* From that statement in this Court's order, requiring submissions WITHOUT ARGUMENT[2], the Court now finds "knowledge."

First, this "finding" is a direct contradiction of what the Court said on August 3, 2010,

---

[2] Clearly, Plaintiffs would have submitted argument and objections to this Order in lieu of submissions without argument had they known that an innocuous sentence would later be interpreted by this Court, contrary to previous findings by this Court and agreements, to mean knowledge that the issue of coverage was "understood all along" to be one of the issues tried.

from the bench:

> INA will present whatever they want to present. You will present whatever you want to present, and *I will decide [whether] there is sufficient documentation, in which case it should be covered. There is not sufficient documentation, in which case it should not be covered. Period. End of discussion.*[3]

Subsequently, when INA stated that "[W]e do not accept that they are covered . . . ." The Court responded, *"Well now, wait a minute . . . . Okay. Fine. So let's not waste our time, then, INA is denying coverage for all of the attorneys' fee claims, and we will proceed accordingly. . . . Okay. We don't need to have an evidentiary hearing."* Tr. 18/18-19/7. That is exactly what should have occurred.

Plaintiffs wasted their time reading through voluminous materials, believing that the issue to be tried was adequacy of the backup, only to find that INA was indeed denying coverage. Now, irrespective of the fact that this Court hit the nail on the head regarding INA's two-faced representations regarding coverage, Plaintiffs are somehow on the hook for sanctions. Had Mr. Engerrand been straightforward with the Court that INA indeed was denying coverage, and wanted an in-limine ruling on coverage issues, the hearing would never have been set. But when discussed, this Court finds fault with Plaintiffs for having to put the pin back in the grenade.

Second, and more importantly, the Parties' Joint Motion For Abatement listed exactly what the issue to be tried was supposed to be: "INA or Mr. Uhl will explain the reason items were not paid and if not paid due to INA's contention that documentation was inadequate, INA will state in general terms the nature of the documentation that IAN considers adequate documentation." *See D.E. 698 at* ¶3. Further "[t]he parties agree that any of plaintiffs' demands

---

[3] August 3, 2010 Transcript, pg 4, lines 5-7.

for payment for out-of-pocket repayments and expenses under the INA Policy related to the invoices and supporting documentation or other evidence submitted to INA by plaintiffs that remain unresolved at the cessation of the mediation will be submitted to Judge Brown for resolution in his capacity as the trial judge by joint motion." *Id. at* ¶3. Where does this Court find in that filing that "coverage" was an issue? Instead, Plaintiffs point to the fact that the issue agreed upon and stated in that document is the "supporting documentation."

The law is clear, "[t]he right of jury trial is fundamental, and courts must indulge every reasonable presumption against waiver." *See Bowles v. Bennett*, 629 F. 2d 1092, 1095 (5th Cir. 1980) *citing Aetna Insurance Co. v. Kennedy,* 301 U.S. 389, 393, 57 S. Ct. 809, 812, 81 L.Ed. 1177 (1937). Further, "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firma place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Id. citing Dimick v. Schiedt,* 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935); *see also McAfee v. U.P. Martin*, 63 F.3d 436, 437 (5th Cir. 1995)(stating "because the right to a jury trial is a fundamental right . . . courts should indulge every reasonable presumption against waiver . . . . A waiver should not be found in a 'doubtful situation.'"); *Haynes v. W.C. Caye & Company, Inc.,* 52 F. 3d 928, 930 (11th Cir. 1995)(stating "waivers should be scrutinized with the utmost care"); *Jennings v. McCormick*, 154 F. 3d 542, 545 (5th Cir. 1998)(stating that in order for courts to find a waiver of jury trial they must find "a knowing and voluntary relinquishment of the right in a doubtful situation.").

Irrespective of the heightened standard for a Court to find waiver, this Court deemed plaintiffs to have waived the "coverage issue" based on a direct response to this Court's Order Re: Status Conference For Evidentiary Hearing, D.E. 935 and 964, in which Court required the parties to submit "to the Court in writing the provisions/coverages/language in the policy that

they claim provides coverage for these items at issue . . . WITHOUT ARGUMENT. Yet, neither the Joint Motion for Abatement, nor Mr. Engerrand's representation before this Court, makes any mention of coverage issue being litigated.

### The Timing of the Filing of the Objection

The Court takes issue with the "last hour" filing of the Plaintiffs. Plaintiffs respectfully point to the fact that in the three week period between September 15, 2010, the date of INA's filing of the testimony, and October 8, 2010, the date of Plaintiffs cancellation of the hearing, there are approximately forty-five docket entries. Of most importance are Strickland's motion for sanctions, motions for summary judgment and a presumably serious witness tampering issue. As a result, Plaintiffs, aside from other cases which occupy their time, did not analyze INA's entire filing until after the "Footsie hearing." It was then, *not at the August 12, 2010 hearing as referenced by this Court, that Plaintiffs did not want to proceed.* What conceivable reason is there to have a hearing when INA intends to deny coverage and not resolve the claims? So, Plaintiffs cancelled the hearing.

The Court likes to paint a picture that Plaintiffs have "once again" reneged on an agreement. That being said, had Mr. Engerrand truthfully responded to this Court at the August 3, 2010 hearing regarding denying the coverage and proceeding to trial, none of this would have occurred. That hearing left the impression that coverage was not an issue. Lastly, to have found waiver, or how this Court puts it, "changed their minds", the waiver must have been a knowing and voluntary relinquishment, with all doubts decided in Plaintiffs' favor. Plaintiffs believe a response to this Court's order regarding applicable policy provisions is anything but that. So, maybe Plaintiffs did indeed use a sledge hammer instead of a scalpel, however, it became readily apparent the scalpel would not have worked.

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

Respectfully submitted,

Joseph P. Klock, Jr.  FBN 156678
Juan Carlos Antorcha FBN 0523305
RASCO KLOCK REININGER PEREZ
EASQUENAZI VIGIL & NIETO
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

By: /s/ Joseph P. Klock, Jr.

THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:   (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD &
SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone:  (305) 294-9556
Facsimile:  (305) 292-1982
jack@spottswood.com

PETER HALMOS, pro se
c/o Meyers & Associates, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL  33418
Telephone:  (561) 249-1712
Facsimile:  (561) 249-1709
gail@meyerscpa.com

By: /s/ Peter

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Juan Carlos Antorcha

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## Service List

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

David P. Horan
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

4818-4793-3703, v. 1