08-10084.oaq

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER GRANTING MOTION TO STRIKE JURY TRIAL

**This matter** is before this Court on defendant Insurance Company of North America's Motion to Strike ...Jury Trial ... (D.E. 1061). The Court has considered the motion, the response, the reply and all pertinent materials in the file.

The Fourth Amended Complaint states in paragraph 6 that there is diversity jurisdiction. In paragraph 7 it states that "this court has subject matter jurisdiction over <u>some of the causes</u> ...under 28 U.S.C. § 1333 in that <u>certain claims</u> invoke this Court's original maritime jurisdiction"(emphasis added). Parenthetically, nowhere in the complaint do plaintiffs ever explain which "causes" or which "certain claims" are being referred to. This is relevant because, since the time of the filing of said complaint, counts have been abated and/or dismissed. The Court (and the parties for that matter) have no way of determining which of the remaining counts are or are not the "some of the causes"

-1-

referred to or the "certain claims." What the Court does know is that this is a suit regarding marine insurance and "Federal courts have long considered actions involving marine insurance policies to be within the admiralty jurisdiction of the federal courts and governed by federal maritime law." All Underwriters v. Weisberg, 222 F. 3d 1309, 1312 (11th Cir. 2000).

Defendant seeks to strike the demand for jury trial based on plaintiff's invoking of maritime jurisdiction, citing to this Court binding Fifth Circuit case law. See Romero v. Bethlehem Steel Corp., 515 F. 2d 1249 (5th Cir. 1975).[1] Plaintiffs attempt to overcome this binding authority with essentially four retorts: (1) their complaint does not refer to Fed.R.Civ.P. 9(h); (2) case law from the non-binding Fourth Circuit, In re Lockheed Martin Corporation, 503 F. 3d 351 (4th Cir. 2007), supports plaintiffs; (3) there is a demand for jury trial in the complaint; and (4) there is a Seventh Amendment right to a jury trial.

Initially, no case law is cited to support the novel argument that the specific reference to Fed.R.Civ.P. 9(h) is a prerequisite to invoking the Court's maritime jurisdiction, and none is known to exist. The several cases dealing with this question make reference to a statement invoking said jurisdiction in the general sense. See, e.g., Romero, 515 F.2d at 1252; see also Beluga Holding, Ltd. v. Commerce Capital Corp., 212 F.3d 1199, 1203 (11th Cir. 2000); St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d 1181, 1184 (11th Cir. 2009) (statement in complaint that "[T]his action concerns a policy of marine insurance on a vessel which is deemed a maritime contract, giving rise to admiralty and maritime jurisdiction" held to result in non-jury trial). In the case of T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F. 2d 585 (5th Cir. 1983), the

---

[1]Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981).

plaintiff, just as in this case, alleged diversity jurisdiction and then stated "This is also a suit for breach of a maritime contract and for maritime tort." Id. at 587. While the Court indicated (in dicta) that "the preferable technique might be to expressly invoke Rule 9(h) ...", id. at 587-88, it nonetheless followed Romero and denied a jury trial. The Court found that "this quoted language from the complaint is a simple statement asserting admiralty or maritime claims under the first sentence of Rule 9(h) ...". Id. at 588.

With regard to the second argument, not only is the law cited by plaintiffs non-binding, when the Eleventh Circuit had the opportunity to decide between the two cases (Romero and In re Lockheed), it followed binding precedent and decided against the latter. See St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc., 561 F.3d at 1189.[2]

Finally, the Court addresses the plaintiffs' arguments trumpeting the Seventh Amendment and the demand for jury trial in the complaint. No case is cited for the proposition that the Seventh Amendment guarantees a right to a jury trial in every case. In fact, quite the opposite is true. There are exceptions to that right and one of those exceptions is in cases of maritime jurisdiction. See, e.g., Beiswenger Enterprises Corp. v. Carletta, 86 F. 3d 1032, 1037 (11th Cir. 1996). Several cases indicate that making a demand in the complaint for a jury trial is far from dispositive of the issue ... including but not limited to the leading case, Romero, where there was a demand for jury trial in the complaint. As Judge Wilson noted in his concurring opinion in the St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc., case: (1) "[G]enerally speaking the Seventh Amendment does not extend the right to a jury trial to cases in admiralty," 561 F.3d at 1195; and (2) most importantly, despite his

---

[2]Actually, the Court relied on the later case of Harrison v. Flota Mercante Grancolombiana, S.A., 577 F. 2d 968 (5th Cir. 1978), which followed Romero.

-3-

belief that the Fourth Circuit "sets forth a more persuasive analysis," Judge Wilson found the Court "bound by the Fifth Circuit's analysis... ." Id. If that binds the Eleventh Circuit Court of Appeals, it most certainly binds this Court as well.[3]

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that defendant Insurance Company of North America's Motion to Strike ...Jury Trial ... be and the same is hereby **GRANTED**. This ruling will affect the prior order setting the cause for trial in that: (1) jury instructions are no longer needed; (2) more time will be available for the trial on the merits; and (3) if the parties wish the Court to consider some "flexibility" in the scheduling, they may request same by proper motion, such as working 4 days per week instead of five, limiting hours and days, and/or possibly not trying the case in 4 successive weeks.

Finally, along with the above, if any party wishes to utilize deposition testimony in lieu of live testimony, that party must designate by line and page, the portions of depositions to be utilized, and serve same on opposing counsel on or before **December 10, 2010.** Within five (5) days thereafter, the adverse party shall serve its objections thereto, if any, and any cross-designations to be utilized. Within five (5) days thereafter, objections to cross-designations, if any, shall be served. On or before **January 7, 2011**, the parties shall file and deliver to Chambers a packet containing:

---

[3]This Court recognizes that it has the discretion to allow this case to be tried by a jury, despite finding that plaintiffs are not entitled to same. The Court chooses not to exercise that discretion however, due to the absurdly vituperative manner in which the parties have chosen to litigate this case to date, which, the Court believes, would only be exacerbated by a trial before a jury. Besides the reasons noted in the penultimate paragraph herein, the Court would add that, given the frequent "blurring" that has occurred in this case of the rules of procedure, to say nothing of the rules of conduct, the Court has previously expressed, and renews herein, its fear of a far greater chance of error were this case to be tried before a jury.

(1) the complete depositions[4] (if not already filed) of all depositions to be utilized as substantive evidence at trial in lieu of live testimony; (2) the pages and lines to be offered; (3) the objections to same and cross-designations; and (4) the objections to the cross-designations.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of November, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record

---

[4] "Mini" deposition transcripts may be used.