08-10084.o42

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before this Court on Plaintiffs' Motion for Reconsideration ...(D.E. 1126). The Court has considered the motion and all pertinent materials in the file.

The motion is nothing more than an attempt to re-argue, which is not proper in a motion for reconsideration. See KRSTIC v. Princess Cruise Lines, Ltd., 706 F. Supp. 2d 1271 (S.D. Fla. 2010) (cited by plaintiffs at Mot. p 2, n. 1). That case further points out that "it is an improper use of the motion to reconsider to ask the Court to rethink what the Court ... already thought through - rightly or wrongly." Id. at 1282 (citing In re Garcia, No. 01-945-CIV-GOLD, 2002 WL 32372583, at *1 (S.D. Fla. Nov. 4, 2002)). That is precisely what is being requested in this motion.[1]

---

[1] Interestingly, the plaintiffs apparently (now) object to the fact that the Court indicated it would question the witnesses, allowing the parties to submit questions to the Court (Mot. p. 2, n. 2) ... though this is the first time such an objection was raised. Plaintiffs' complaint that there

In addition, plaintiffs' contention is inaccurate. The objection that the Court "finds fault with the Plaintiffs for bringing the motion" is belied by the fact that this Court announced - on the record - that it would not even consider a motion for sanctions from the defendant. Tr. p. 5. If that's not good enough for plaintiffs, the Court again reiterates it finds no fault on the part of plaintiffs for bringing the motion. What the Court did find fault with was Plaintiffs' attempt, once again, to "kill an ant with an elephant" by canceling the deposition, rather than simply allowing it to continue after Mr. Engerrand offered to move away from Ms. Dennis, and then to seek relief from the Court for any improper activity which may have occurred prior to that time.

Arguments (2) and (3) totally distort this Court's ruling and, in any event, are clearly nothing more than re-argument. This Court is not going to address each and every (mostly) irrelevant point of this motion, except to address Plaintiffs' contention that the Court found the testimony of Mr. Burke "not credible." The Court made no such finding - in fact, the Court stated that it "need not decide who to believe to resolve this issue." Order p. 2. The Court did state that it found credible the testimony of the defense witnesses, that is, that no "communication" was either intended, or received, by any foot-tapping which might have occurred. By this statement, however, the Court was not finding Mr. Burke's testimony that he observed foot tapping to be not credible. The comments regarding Mr. Burke's testimony were directed to the reasons why that testimony was insufficient evidence of "motive," for lack of a better word. As the Court stated in its Order, Mr. Burke's testimony, even if believed, was insufficient to prove Plaintiffs' contention - "[V]iewed in a light most favorable to plaintiffs, there is simply not enough evidence for this Court to afford the relief

---

was an "absence of cross-examination" ignores the fact that the Court allowed the parties to submit questions after the Court's questioning of the witnesses.

sought".[2]

Finally, one personal invective hurled at the Court needs to be addressed... and that is footnote 9 of the motion. Yes, it is correct that "the only witness asked as to whether or not he had been convicted of a felony and whether his employer represented him in the past..." was Mr. Burke.[3] The absurdity of the inference is born out by the record:

1. The impetus for the questions regarding Mr. Burke's employment and criminal history came not from the Court but from the defense. See Tr. pp. 15-17.

2. There was nothing preventing plaintiffs from seeking the same information about defense witnesses who testified after Mr. Burke.

Therefore, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3RD day of November, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record

---

[2] Apparently, to plaintiffs, these words are significantly different from their suggested words that "the testimony did not support the conclusion" (Mot. p. 9).

[3] The court will not dignify the racial slant with a response.