IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.
_____/

**PLAINTIFFS' RESPONSE TO MOTION BY NON-PARTY JOHN F. ROTH FOR RELIEF FROM COURT'S ORDER DATED OCTOBER 7, 2010 (D.E. 1079) PURSUANT TO RULE 60**

On October 22, 2010, John F. Roth, asked that this Court's October 7, 2010 Order, which found that Mr. Roth violated this Court's previous Order (D.E. 1020), be amended since it was "issued without affording him notice and an opportunity to be heard or present evidence . . . ."[1] That motion should be denied not only for the reasons originally given by the Court, but also because in his response, not only does he not exculpate himself, but he has (1) exacerbated his improprieties,[2] and (2) provided direct evidence that contradicts the "credible" Ms. Dennis. Furthermore, the Court should impose stricter sanctions against Mr. Roth as it is clear that he, a lawyer, in fact willfully violated this Court's Order, sanction INA's lawyers for leading this Court

---

[1] Motion By Non-Party For Relief From Court's Order Dated October 7, 2010 (D.E. 1079) ("Motion")
[2] Mr. Roth, in his attempt to exculpate himself, makes it clear that in response to the Court' Order And Notice of Hearing (D.E. 1020) which required INA to specifically inform Ms. Dennis of her rights, was not simply forwarded to Ms. Dennis as the Court previously thought, *but was "interpreted improperly" and in direct contrast to what the Court Order required.*

astray in regards to Ms. Dennis's testimony. The Court should also find Ms. Dennis in contempt of Court for lying to it.

In support thereof, Plaintiffs state the following:

### Mr. Roth Directly Violates This Court's Order

On September 2, 2010 this Court issued its Order and Notice of Hearing (D.E. 1020) regarding the footsie incident. In it, the Court requested, *inter alia*, but *did not order*, Ms. Dennis to "appear and testify". The Court further stated that should she do so, "she may have counsel representing her if she wishes." *Id.* at 2. On October 27, 2010, during the footsie hearing, this Court asked Ms. Dennis if she understood "that [she] was not ordered to be here today." She responded "No." And, in fact, she was "told that I had to be here [by Mr. Roth]." *See October 22, 2010 Tr. 27/24-28/6.* Not only did Mr. Roth not inform Ms. Dennis of her right to an attorney (*Id. at 28/7-9),* he, in an e-mail, compelled her attendance and indicated that he, as employer, would provide counsel, hardly what this Court had in mind:

> Connie:
>
> We received an order this morning on motions filed following your deposition. The attached order **requires your appearance on October 7, 2010 . . . . You will be represented by counsel. . . .**[3]

Thus, Mr. Roth, Ms. Dennis's employer and an attorney, sends an email interpreting an order of this Court (1) requiring her to be present at the hearing, and (2) informing her that she will be represented by counsel, interestingly the very same firm under the gun for alleged improprieties. Not only is that opposite from what the Court

---

[3] Roth Motion at 5-6 (emphasis added)

required, but exactly the situation that was meant to be avoided—the continued pressure of the employer on its employee to tell INA's story of events.

Mr. Roth, claims that "in retrospect . . . he could have made this point more clearly." *Motion at 6.* Yet, his "brief cover e-mail" was clear and direct and specifically contradicts this Court's order. If there is any doubt, Plaintiffs point to the preceding sentence where Mr. Roth states: "Ms Dennis's presence for the hearings *was going to be required by her employer INA, even though it was no formally ordered by this Court.*" *Id.* That's right, no order of this Court was going to get in the way of the employer/employee relationship, especially in one which INA and its attorneys got caught foot-tapping.

### The Supplemental "Evidence" Clinches The Wrongdoing

In attempting to exculpate Mr. Roth's improper actions, he files two affidavits as supplemental evidence – one from himself and the second from INA counsel, Robert Browning, who was present at the evidentiary hearing[4]. These filings ironically put Ms. Dennis's live testimony before this Court into question, and in fact puts one of his attorneys in the spotlight for this Court.

As the Court will no doubt recall, Ms. Dennis claimed before this Court that the only prep session she had was a meeting *the morning* of the hearing. *See Tr. 39/22-25.* The affidavits, however, establish that this was at least the second such session that she had, the other being a conference with Mr. Browning and Mr. Roth where (1) this Court's order was discussed, (2) the procedure of the hearing was discussed, and (3) that she had the right to independent counsel (this despite Mr. Roth's e-mail that

---

[4] Interestingly enough, or should we say tellingly, Mr. Roth does not file an affidavit of Ms. Dennis, and simply leaves it to allegations of "passage of time" and "nervousness" as to why Ms. Dennis's testimony and the "truth" are a "disconnect." *See Motion at 7.*

counsel would be provided, and the only counsel provided was far from independent.) *See Motion at 6.* Not surprisingly, Ms. Dennis does not remember a conference call where she was specifically told she had the right to independent counsel. In fact, not only did she not mention this meeting, but she testified to the exact opposite that she was never advised that she had the right to counsel.

Even more disturbing is the fact that counsel for INA, Robert Browning, was present at the hearing and did not inform the Court of Ms. Dennis's misinformation. He should have immediately informed the Court of the separate meeting; he did not. Once this Court's order comes out sanctioning Mr. Roth, then all of a sudden it is time to correct the record before the Court, which challenges credulity.

Finally, it should be noted that Mr. Roth's claim in his affidavit that he "was not in attendance at the evidentiary hearing . . . because he did not anticipate that [his] testimony was necessary at the hearing, . . ." likewise is disingenuous.[5] *Motion; Affidavit of John Roth*, ¶9. INA's general counsel decided not to show up at a hearing where his lead counsel and his employee were caught foot tapping during a deposition, a proceeding in which the *only other witness present at the deposition for INA was Mr. Roth.* Mr. Roth has found the time to be present at practically every other hearing no matter how trivial before this Court, but when there is a chance of being called up to testify before the Court – well, lets just submit an affidavit. With all due respect, this Court deserves more, and for sure Plaintiffs do as well.

Not only is it now clear that the foot tapping occurred, that Ms. Dennis was never

---

[5] Yet, when the hearing is discussed as it applies to Ms. Dennis, Mr. Roth alleges "[i]n light of the seriousness of the allegations, Ms. Dennis'[s] presence for the hearing was going to be required by her employer INA. Even though it was not formally ordered by the Court." *Motion at 6.* Throw Ms. Dennis under the bus, not a problem – sanction Mr. Roth, and all of a sudden staying consistent with the original plan have become quite a task.

informed that she had the right to independent counsel, but now we know that INA required, *irrespective of this Court's order*, that the employee be present and that more than one prep session occurred in which Ms. Dennis's deposition was reviewed question by question with Mr. Engerrand, and a subsequent event with Mr. Browning and Mr. Roth.  The time to have cleared this up was during the evidentiary hearing, not now.

As a result, this Court should sanction INA for failing to advise the Court of Ms. Dennis's misrepresentations, awards costs and fees in favor of Plaintiffs for the time spent responding to the Motion, revoke Mr. Engerrand's *pro hac vice* status, as it is now clear that Ms. Dennis's testimony is anything but reliable and the representations made to the Court about one prep meeting untrue, none of which are addressed by this Court's ruling on the footsie motion.

    Respectfully submitted,

    Joseph P. Klock, Jr.  FBN 156678
    Juan Carlos Antorcha FBN 0523305
    RASCO KLOCK REININGER PEREZ
    EASQUENAZI VIGIL & NIETO
    283 Catalonia Avenue
    Coral Gables, Florida  33134
    Telephone: 305.476.7105
    Facsimile: 305.476.7102

    By:  /s/ Joseph P. Klock, Jr.

    THE LAW OFFICE OF HUGH J. MORGAN
    Hugh J. Morgan
    P.O. Box 1117
    Key West, Florida 33041
    Telephone:  (305) 296-5676
    Facsimile:   (305)296-4331
    hugh@hjmorganlaw.com

CASE NO. 08-10084-CIV-MARTINEZ/BROWN
SPOTTSWOOD, SPOTTSWOOD & SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: (305) 294-9556
Facsimile: (305) 292-1982
jack@spottswood.com

PETER HALMOS, pro se
c/o Meyers & Associates, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418
Telephone: (561) 249-1712
Facsimile: (561) 249-1709
gail@meyerscpa.com

By: *[signature]*

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Juan Carlos Antorcha

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

**Service List**

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida  33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne
& Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL  33134
Telephone:  (305) 443-4850
Facsimile:  (305) 443-5960

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile:  (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

David P. Horan
HORAN, WALLACE &
HIGGINS, LLP
608 Whitehead Street
Key West, FL  33040
Telephone:  (305) 294-4585
Facsimile:  (305) 294-7822
dph@horan-wallace.com

4842-7099-7512, v.  1