UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NUMBER: 08-10084-CIV-BROWN

PETER HALMOS, *et al.*

    *Plaintiffs*,

vs.

INSURANCE COMPANY OF
NORTH AMERICA, *et al.,*

    *Defendants*.

_____/

**REPLY OF NON-PARTY JOHN F. ROTH TO PLAINTIFFS'
RESPONSE TO NON-PARTY'S MOTION FOR RELIEF
FROM THE COURT'S OCTOBER 7, 2010 ORDER [D.E. 1079]**

    Non-party John F. Roth, by and through his undersigned counsel, files this Reply in Support of his Motion for Relief From this Court's Order dated October 7, 2010 [D.E. 1079] (the "Order"). In the Order, which denied the Plaintiffs' request for sanctions relating to the so-called "footsie" incident and granted Defendant INA's motion for a protective order, the Court made the following statement: "INA does not escape completely unscathed. Mr. Roth acted improperly in his ethical duties when he: (1) told Ms. Dennis she had to appear; but, more importantly; (2) failed to advise her that she had a right to be represented by counsel." Order at p. 3. Mr. Roth filed his Non-Party Motion for the limited purpose of bringing additional evidence to the Court's attention and to seek a modification of the Order on this limited point – a point which was collateral to the "footsie" issue but is naturally is of great professional concern to Mr. Roth.

    This is not an issue that would seem to have any real impact on the Plaintiffs in this matter; rather, it is a matter that impacts Mr. Roth personally and Mr. Roth alone. The Plaintiffs have

nonetheless filed a Response in opposition to the Non-Party Motion, and Mr. Roth will reply to arguments made in that Response that pertain to him.

## REPLY

The principal purpose of the Plaintiffs' Response appears to be re-argue the "footsie" issues that have already been raised and decided by this Court. Many of the arguments made in Plaintiffs' Response echo those already made in their "footsie" motion and subsequent motion for reconsideration. *See* Plaintiffs' Response to Defendant's Motion for Protective Order Related to Resumption of Connie Dennis's Deposition, Motion for Sanctions, etc. [D.E. 916]; Plaintiffs' Motion for Reconsideration of Order Re: Footie Motions [D.E. 1126]. In addition, the relief sought in Plaintiffs' current Response is also basically identical to the relief sought in Plaintiffs' prior filings -- and has nothing to do with Mr. Roth personally. *See* [D.E. 916] & [D.E. 1126].[1] Notably, the Plaintiffs did not assert or raise any issue concerning Mr. Roth's conduct at the evidentiary hearing or even after this Court issued its October 7, 2010 Order.

The Court has now issued two orders denying the relief that Plaintiffs seek on this issue. *See* Order Re: Footsie Motions [D.E. 1079] at p. 2 (concluding that the "Court need not decide who to believe to resolve this issue -- though the Court does find the testimony of Ms. Dennis and Mr. Engerrand to be credible. Viewed in a light most favorable to plaintiffs, there simply is not enough evidence for this Court to afford the relief sought. There is a quantum leap made by plaintiffs from what was seen and observed at the deposition to the conclusion reached."); Order Denying Motion for Reconsideration [D.E. 1132] at p. 1 (holding that Plaintiffs' Motion for

---

[1] In the last paragraph of their response, Plaintiffs indicate that they seek the following relief: "this Court should sanction INA for failing to advise the Court of Mr. Dennis's misrepresentations, awards [sic] costs and fees in favor of Plaintiffs for the time spent responding to the Motion, [and] revoke Mr. Engerrand's *pro hac vice* status . . . ." Response at p. 5.

Reconsideration was "nothing more than an attempt to re-argue, which is not proper in a motion for reconsideration").

In filing the present Response, Plaintiffs apparently wish to reargue the "Footsie Motions" for a third time. The motion by non-party John F. Roth was filed prior to Plaintiffs' Motion for Reconsideration, and in fact Plaintiffs referenced the non-party motion and attached affidavits in Plaintiffs' Motion for Reconsideration of Order Re; Footsie Motions. *See* [D.E. 1126] at pp. 6, 7. The Court, with the full benefit of both Mr. Roth's non-party motion and Plaintiffs' arguments, already denied Plaintiffs' motion for reconsideration of the "Footsie Motions."

Mr. Roth will not engage with the Plaintiffs on their re-argument of the "footsie" motions, as that was not the purpose of his Non-Party Motion; however, he does reply to the arguments made in Plaintiff's Response directed at him individually:

First, Plaintiffs assert that Mr. Roth "wilfully violated this Court's Order." Response at p. 1. There is simply no basis for such an assertion. Mr. Roth takes his responsibilities to the Court and to his client very seriously. In his brief cover e-mail, and in a subsequent telephone conversation with Ms. Dennis and counsel of record for INA, Mr. Roth indicated to Ms. Dennis that she could be represented at the hearing by counsel for INA if she so wished. However, Ms. Dennis was clear that she planned to tell the truth, had nothing to hide, and did not need to be represented by counsel. That was a reasonable decision for the witness to make under the circumstances, and there was no need or obligation for Mr. Roth and INA's counsel to make her proceed otherwise. In addition, while Mr. Roth's cover e-mail could have indicated that she was not required to appear at the hearing by the Court (as opposed to her employer INA), he also appended a complete copy of the Court's Order to his September 2, 2010 e-mail to Ms. Dennis for Ms. Dennis to review.

Second, Plaintiffs criticize Mr. Roth for not attending the October 4, 2010 evidentiary hearing. However, Mr. Roth is an in-house counsel at INA located in Philadelphia, Pennsylvania; he is not counsel of record in this matter and has not been admitted *pro hac vice* in this matter. In addition, although the Court's order scheduling the evidentiary hearing identified a number of people that it would like to hear testimony from, the Court did not include Mr. Roth on that list. Accordingly, Mr. Roth did not anticipate that his attendance at the hearing was necessary.

Third, Plaintiffs assert that INA, Mr. Browning or Mr. Roth did not comply with their respective duties of candor toward the tribunal. Ms. Dennis' employer, INA, required her attendance at the evidentiary hearing to afford the Court an opportunity to question Ms. Dennis personally about Plaintiffs' claims, with the goal that the truth would be revealed. As noted above, Ms. Dennis stated that she had nothing to hide and that she would testify fully and truthfully to the Court. Her recollection of the events occurring during the deposition has been unwavering from the testimony at the deposition to the testimony before Judge Brown at the evidentiary hearing. Plaintiffs' now argue that INA's requiring Ms. Dennis to testify at the evidentiary hearing somehow clouds the truth. The argument is simply not supported by the record in this case and defies common sense.

Fourth, Plaintiffs further assert that Mr. Browning should have corrected Ms. Dennis' testimony during the October 4 evidentiary hearing as the testimony related to conversations that Ms. Dennis had with Mr. Roth and Mr. Browning. (This argument does not directly relate to Mr. Roth personally, but Mr. Roth responds to it nonetheless because it does relate to the conversation that he and Mr. Browning had with Ms. Dennis.) As an initial matter, it is not clear that there was anything to correct. The Court initially asked Ms. Dennis whether she had "[met] with or talk[ed] to anybody about your testimony here today" – to which she answered: "About what I am

supposed to say? No. I did meet with my attorneys." Transcript at p. 39, lines 3-6. The Court then followed this question up with a more narrow question: "[D]id you have any meetings with anybody from INA, and I am including the attorneys . . . .?" Transcript at p. 39, lines 8-11. In Ms. Dennis' mind, this question may not have included the earlier phone call that Ms. Dennis had with Mr. Roth and Mr. Browning (as opposed to an in-person meeting). Thus, there is nothing in the record suggesting that Ms. Dennis' answer was inaccurate.

Regardless, in making this argument, Plaintiffs failed to reference the applicable Rule of Professional Conduct. The applicable Rule (and the associated comments to that Rule) reveals that INA's counsel acted properly during the course of the evidentiary hearing. The pertinent Rule provides, in pertinent part, as follows:

> (a) False Evidence, Duty to Disclose: A lawyer shall not knowingly . . . (4) offer testimony or other evidence that the lawyer knows to be false. A lawyer may not offer testimony that the lawyer knows to be false in the form of a narrative unless so ordered by the tribunal. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures including, if necessary, disclosure to the tribunal.

Rule 4-3.3(a) of the Rules Regulating the Florida Bar.

Ms. Dennis' testimony concerning the number of times that she remembered "meeting with" INA's attorneys was neither false nor was it "material evidence" in this proceeding. She frankly admitted meeting with INA's counsel prior to the hearing. *See* Transcript at pp. 34, 39. Moreover, Ms. Dennis' recollection about the number of times that she met with or spoke to INA's counsel was not offered to mislead the tribunal, and when the Court pressed Ms. Dennis about her communication with Mr. Roth, she remembered the email from Mr. Roth and that she had received the Court's notice. *See* Transcript at p. 40.

## **CONCLUSION**

Mr. Roth takes his ethical responsibilities to the Court and to his client most seriously. Unethical conduct by a party or its counsel certainly deserves to be called out. However, "[w]e are just as anxious to protect the good name and reputation of a lawyer from groundless assaults as we are to punish a wrongdoer. Perhaps no profession renders a greater public service than the legal. A lawyer's greatest asset is his good name and reputation." *State v Beggs*, 51 So.2d 423, 424 (Fla. 1951). For the reasons outlined above, Mr. Roth respectfully requests that the Court modify its October 7, 2010 Order by removing the Court's findings that Mr. Roth "acted improperly in his ethical duties", and deny the relief sought by Plaintiffs in their Response.

        Respectfully submitted,

        COLSON HICKS EIDSON
        255 Alhambra Circle, Penthouse
        Coral Gables, Florida 33134
        Telephone: (305) 476-7400
        Facsimile: (305) 476-7444
        E-mail: curt@colson.com

        By: /s/ Curtis Miner
            Curtis B. Miner, Esq.
            (Fla Bar No. 885681)

*Attorneys for Non-Party John F. Roth*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ Curtis Miner
        Curtis B. Miner, Esq.

**SERVICE LIST**

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
4540 PGA Blvd, Suite 216
Palm Beach Gardens, FL 33418
(via Certified Mail, return receipt requested & via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713.629-5027

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)