IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

        Plaintiffs,

Vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

        Defendants.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND FOURTH AMENDED COMPLAINT
TO DELETE IDENTIFING STATEMENT AND MOTION TO VACATE COURT ORDER
STRIKING JURY TRIAL [DE 1130] WITH AN INCORPORATED MEMORANDUM OF
LAW.**

Plaintiffs move for an Order allowing an amendment to the Fourth Amended

Complaint for the sole purpose of deleting Paragraph 7 which sets forth an identifying

statement invoking admiralty jurisdiction where the said complaint contains no causes of

action solely in admiralty and for an Order vacating this court's Order Striking Jury Trial;

[D.E. 1130]

### INTRODUCTION

This case has been pending for over two years. There have been four

amendments to the complaint, every one of which demanded a trial by jury. The case

has been transferred by stipulation, ***as a jury trial,*** from a United States District Judge

to the Chief United States Magistrate Judge for pre-trial and trial by jury by stipulation of

the parties. At no time, did the parties stipulate to have the case in chief tried non-jury. In fact, the presiding chief magistrate judge has *always* made reference to the fact that the matter was to be tried by a jury.

As the case moved to its final stages, for the very first time, the defendant filed a motion to strike the jury trial demand, a motion never before filed even though earlier renditions of the pleadings had in fact included the same identifying statement found in Paragraph 7. On November 11, 2010, this Court granted INA's Motion to Strike Jury Trial on the basis that Plaintiffs invoked this Court's original admiralty jurisdiction by pleading both 28 USC §1333 (admiralty) set forth in Paragraph 7 and 28 USC §1132 (diversity) set forth in Paragraph 6 and entered Court Order [D.E. 1130] striking plaintiffs' demand for a jury trial.

For the reasons more fully set forth below, plaintiffs respectfully suggest to the Court that a failure to exercise its discretion pursuant to Rules 60(b)(6) or Rule 15 of the Federal Rules of Civil procedure to allow an amendment to the Fourth Amended Complaint to delete Paragraph 7 and to vacate Court Order [D.E. 1130] would constitute an abuse of discretion under the circumstances of this case and established case law.

## Rule 60(b) (6)

The court has the authority to grant plaintiff's motion to amend pursuant to Rule 60(b) (6) of the Federal Rules of Civil Procedure which provides, *inter alia,* that upon "motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief. *See Fed. R. Civ. P Rule 60(b) (6).* Rule 60(b) (6) is referred to as the "catch-all" or "equitable clause' of Rule 60 which permits relief from a judgment or order. *See Cano*

2

*v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). Rule 60(b) (6) gives courts "ample power" to "accomplish justice" by rescinding or amending orders for "any other reason justifying relief from the operation" of an order." *See Jackson v. People's Republic of China*, 794 F.2d 1490, 1494 (11th Cir. 1986).

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND

Alternatively, the Court should permit an amendment to the Fourth Amended Complaint pursuant to Fed.R.Civ.P. 15(a) (2) to delete Paragraph 7 and to vacate Court Order [D.E. 1130]. In all other respects the fourth amended complaint remains intact. The pertinent portion of Rule 15(a) (2) reads: "The court should freely give leave when justice so requires."

As grounds the Plaintiffs show:

Paragraph 7 of the Fourth Amended Complaint (Complaint) alleges that "the Court has subject matter jurisdiction over some of the causes of action herein under 28 USC § 1333 in those certain claims invoke this Court's original jurisdiction . . . ." However, the Fourth Amended Complaint *contains no causes of action brought solely under the admiralty jurisdiction of the Court. All causes of action set forth in the Fourth Amended Complaint are common law claims for which the Plaintiff is entitled to a jury trial.*

Furthermore, Paragraph 6 of the Complaint invokes subject matter jurisdiction under 28 U.S.C. §1332(a) commonly referred to as "diversity of citizenship". Should Paragraph 7 be omitted, jurisdiction is founded on diversity of citizenship for common law causes of action. The Defendant's sole basis to support its belated Motion to Strike

Plaintiff's demand for jury trial is based on the existence of the identifying statement found in Paragraph 7 invoking admiralty. Should the court grant this motion to amend to delete Par. 7, the defendant's only basis to deprive the plaintiffs of a jury trial vanishes.

Clearly, the Court has the discretion to grant this motion to amend to omit Paragraph 7. Moreover, under applicable law as applied to the circumstances of this case, it would constitute an abuse of discretion not to grant Plaintiffs' motion and not vacate Court Order [D.E. 1130]. What are the circumstances of this matter?

## The Circumstances

     A.    The original complaints and amended complaints have all demanded a trial by jury.

     B.    The case has twice been set specifically for trial by jury and has never been specifically set otherwise. (See Court Orders [D.E. 389] and [D.E. 501]).

     C.    All discovery was substantially completed including all of Plaintiffs' depositions and written discovery demands were filed while the demand for jury trial was pending and before the issuance of the Court Order striking the jury trial.

     D.    No causes of action invoking solely admiralty jurisdiction are found in the Fourth Amended Complaint and only common law actions are alleged. Should Paragraph 7 be deleted, no pleading invoking solely admiralty jurisdiction would remain.[1]

---

[1]The Court is referred to Plaintiffs' Memorandum of Law in Opposition to INA's Motion to Strike Plaintiffs' demand for Jury Trial and Request for a 2010 Bench Trial Setting [D.E. 1095] for argument as to why the cases cited by defendant are not applicable to the Motion to Amend.

E.    Defendants have been on notice of the demand for jury trial

throughout the proceedings and are not otherwise prejudiced.

## The Law

Not surprisingly, as demonstrated by case law cited herein, courts have

steadfastly protected the constitutional right to trial by jury.  Plaintiffs have demanded a

jury trial from day one and have not only not waived it but have zealously guarded their

right to a jury trial.[2]

This very district court was faced with circumstances almost identical to one at

bar in, *Gonzalez v. M/V Destiny Panama*, 203 F.R.D. 673, (S.D. Fla.) (Jordan, J.).

(Exhibit 1)  There, as here, the defendant's motion to strike plaintiffs' demand for jury

trial was based on a pleading in which the plaintiffs invoked the court's admiralty

jurisdiction. In *Gonzalez,* the plaintiffs pled Rule 9(h) while here the plaintiffs pled 28

USC § 1333, both pleadings being identifying statements which invoke the court's

original admiralty jurisdiction. The *Gonzalez* plaintiffs moved for leave to amend their

complaint to delete the Rule 9(h) election and add a statement expressly invoking

federal question jurisdiction, but did not plead *28 USC  § 1332 (diversity)*.  The

defendant maintained that the plaintiffs had elected to invoke the court's original

admiralty jurisdiction under Rule 9(h), and that their election was irrevocable.  Judge

Jordan disagreed.

---

[2] *See* Peter Halmos' Pro se Objection to October 18, 2010 Evidentiary Hearing and Request to Set This
Matter for Jury Trial [D.E. 1085];  Plaintiffs' Memorandum of Law In-Opposition to INA's Motion to Strike
Plaintiffs' Demand for Jury Trial and Request for a 2010 Bench Trial Setting [D.E. 1095]; and Plaintiffs'
Objection to INA's Testimony, Cancellation of Hearing, and Demand for Jury Trial [D.E. 1084].

There, even where diversity had not been specifically pled, as it has been here in the original and all amended complaints, Judge Jordan found that the *mere allegation of the defendant's citizenship* was enough to invoke diversity jurisdiction even though 28 USC §1332 (diversity) had not been pled. Compare that with Paragraph 6 of the instant Complaint which alleges diversity under 28 USC §1332.

Next, Judge Jordan recognized that since Rule 9(h) was pled together with a demand for a jury trial, that under *Romero vs. Bethlehem Steel Corp.* 515 F.2d 1249 (5th Cir. 1975), the plaintiffs were not entitled to a trial by jury *under the then existing pleadings.*

Judge Jordan's next step was to inquire into the appropriate law to apply to Plaintiffs' Motion to Amend its complaint to delete 9(h) where the complaint alleged admiralty, 9(h) and inconsistently, a demand for jury trial. The Court characterizes the 9(h) allegation as an "identifying statement" and ruled that as such the motion to amend *"to add or withdraw an identifying statement is governed by the principles of Rule 15."* Indeed, Judge Jordan ruled that the choice of pleading original admiralty jurisdiction was not irrevocable where the intent to demand a jury trial was also pled.

> While the complaint is technically inconsistent by virtue of making the Rule 9(h) election and demanding a jury trial, striking the plaintiffs' request for a jury is not warranted. See *Goldsby v. Colotex Corp.*, 591 F. Supp. 615, 618 (W.D.Mo.1984) (noting that the plaintiff's attempt to demand a jury trial is inconsistent with invocation of admiralty and maritime jurisdiction and Rule 9(h) election, but that the plaintiff would be given leave to amend her complaint to strike the 9(h) designation). It is clear that the identification of a claim under Rule 9(h), or the failure to identify a claim under Rule 9(h), is *not an irrevocable election. Rachal v. Ingram Corp.*, 600 F. Supp. 406, 407-08 (W.D. La. 1984) ("[I]t is undisputable that a Rule 9(h) election, whether to proceed in admiralty without a jury or at law with a jury, *is not irrevocable*.").

In further support, Judge Jordan specifically cited *Conti v. Sanko Steamship Company,* 912 F.2d 816, 818 (5th Cir. 1990) and *Subaru Distributors Corp v. General Ship Corp.*, 167 F.R.D. 342, 344. (D. Mass.1996).

In *Subaru,* the plaintiff alleged that subject matter jurisdiction existed under 28 USC § 1333 (and also under 46 USC § 740).  The *Subaru* court held that such allegation was not sufficient to designate the case as an admiralty case, however, even if it was sufficient, a motion to amend to delete such language should be granted.  Like Plaintiffs' complaint, the amended Complaint in *Subaru* pled 28 USC §1333 invoking admiralty jurisdiction and did not cite Rule 9(h): The pertinent portion of *Subaru* reads:

> But even if plaintiff's choice of language was sufficient to identify its claims as admiralty claims, I can see no reason why plaintiff should not be permitted to amend its complaint to eliminate the reference to 28 U.S.C. § 1333 and 46 U.S.C. App. § 740. Rule 9(h), Fed.R.Civ.P., provides, in pertinent part, that "[t]he amendment of a pleading to add or **withdraw** an identifying statement is governed by the principles of Rule 15."  Pursuant to Rule 15(a), Fed.R.Civ.P., when a party seeks to amend a pleading, "leave **shall** be freely given when justice so requires." (emphasis supplied) Thus, by the plain terms of Rules 9(h) and 15(a), Fed.R.Civ.P., I am required to grant a plaintiff leave to withdraw a 9(h) designation "when justice so requires" and I must grant such leave "freely."
>
> I find that justice does so require in this case.  First, under the "savings to suitors" clause, 28 U.S.C. § 1333(1), a plaintiff who has a claim which can be brought either as an admiralty claim or on the basis of diversity has the right to choose whether to invoke admiralty jurisdiction or diversity  jurisdiction. Although there are circumstances in which a party cannot revoke a choice once made, *if plaintiff's choice can be honored, it should be.  Duhon v. Koch Exploration Co.*, 628 F. Supp. 925, 928-30 (W.D. La., 1986) (emphasis added).

*Subaru Distributors Corp v. General Ship Corp.,* 167 F.R.D. 342, 344. (D. Mass.1996).
(*See* Exhibit 2).

In *Conti v. Sanko Steamship Company, Ltd.,* 912 F.2d 816 (5th Cir., 1990), a
case cited in *Gonzalez* and also in *Subaru,* the Fifth Circuit position was explained
thusly: "*a refusal to allow a plaintiff to amend his complaint to delete the invocation of
admiralty jurisdiction is an abuse of discretion.*" (emphasis added) (See Exhibit 3)

In *Conti,* as here, the plaintiff had pled both diversity and admiralty jurisdiction
and late in the process, the defendant moved to strike the demand for jury trial on the
basis that admiralty jurisdiction had been invoked. The plaintiff moved to amend, to
delete the reference to admiralty jurisdiction, so that the basis for jurisdiction was
diversity. The judge denied the motion to amend and granted the defendants' motion to
strike the jury trial, proceeded to try the case non-jury, and ruled against the plaintiff.
The plaintiff appealed to the Fifth Circuit. The *Conti* panel struck down the district
judge's exercise of discretion, holding: *"This action constituted an abuse of discretion."*
*Conti* at 817. (emphasis added)

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel conferred with counsel for INA, Robert Browning, who stated that
INA opposes this instant motion to amend to delete Paragraph 7.

## CONCLUSION

Case law strongly supports the granting of the relief sought pursuant to Rule
60(b) or Rule 15.

The deletion of the identifying statement invoking admiralty jurisdiction set forth
in Paragraph 7 leaves Paragraph 6 which reads: "This Court has subject matter
jurisdiction over this civil action under 28 U.S.C.§1332(a) because the matter in
controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is
between citizens of different states and in which a citizen or subject of a foreign state is
a party in interest."

The Fourth Amended Complaint contains no reference to Rule 9(h), contains no
causes of action solely in admiralty such as an in rem claim and contains only common
law causes of action triable as of right by a jury.

The plaintiff gains no tactical advantage should the motion be granted. The
defendant is not prejudiced because a jury trial has been demanded in each of the four
complaints and in fact the matter has been previously set to be tried by a jury. All
discovery to date has been taken while contemplating a jury trial.

The stipulation to have this case pre-tried and tried by an article 1 judge was
predicated upon the case being tried by a jury. The only prejudice that will result if this
motion is not granted would be to the plaintiffs, not to the defendant who was facing a
jury trial, which it knew and never objected to, for two years.

The law in this district as enunciated by Judge Jordan in *Gonzalez* is that it is the
plaintiff's choice whether to proceed non-jury in an admiralty common law case or to
elect a jury trial and that where election to invoke admiralty jurisdiction is pled such
election is not irrevocable. All of the elements cited by controlling law allowing the
pleader to amend exist under the circumstances of the instant case. The fact that our
courts strongly support the right to a jury trial was amply demonstrated by the holding

9

adopted in *Subaru*, (paraphrasing) *where the plaintiffs' right to a trial by jury can be
honored, it should be*. There is no good reason not to honor that right here.

Whether under Rule 60(b) or Rule 15, if Paragraph 7 is deleted, the case can
proceed as it is clearly pled, as common law actions triable by a jury. To do otherwise
would be error and an abuse of discretion.

Wherefore, the plaintiffs move the court grant its Motion to Amend to Delete
Paragraph 7 from the Fourth Amended Complaint and to vacate this Court's Order
Granting Defendant's Motion to Strike Jury Trial. [D.E. 1130].

By: /s/ Hugh J. Morgan FBN 0112362
LAW OFFICE OF HUGH J. MORGAN
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:  (305)296-4331
hugh@hjmorganlaw.com

Joseph P. Klock, Jr.  FBN 156678
Juan Carlos Antorcha FBN 0523305
RASCO KLOCK REININGER PEREZ
ESQUENAZI VIGIL & NIETO
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7111
Facsimile: 305.476.7102
jklock@rascoklock.com
jantorcha@rascoklock.com

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

SPOTTSWOOD,SPOTTSWOOD
   & SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: (305) 294-9556
Facsimile:  (305) 292-1982
jack@spottswood.com

PETER HALMOS, pro se
c/o Meyers & Associates, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL  33418
Telephone: (561) 249-1712
Facsimile: (561) 249-1709
gail@meyerscpa.com


By:  /s/ Hugh J. Morgan


## CERTIFICATE OF SERVICE

      I hereby certify that on November 29, 2010, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel or

parties who are not authorized to receive electronically Notices of Electronic Filing.


By: /s/ Hugh J. Morgan


11

## Service List

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite
1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan
HORAN, WALLACE &
HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne
& Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

Robert M. Browning
Brown Sims P.C.
1177 West Loop South
Tenth Floor
Houston, TX 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
rbrowning@brownsims.com