IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.
_____/

## PLAINTIFFS' MOTION TO CONFIRM ABATED CLAIMS

On November 24, 2010, INA issued two subpoena duces tecum for the deposition of Peter Halmos as the Corporate Representative of Intelligence Services, Corp., ("ISC") and Peter Halmos & Sons ("PHS").[1] The subpoenas commanded the custodian's appearance on November 29, 2010, for deposition. On November 29, 2010, Mr. Halmos appeared for deposition as corporate representative of ISC and PHS.[2]

At the beginning of the deposition, co-counsel or the corporate plaintiffs, Joe Klock, informed Judge Klein that at the last hearing before Chief Magistrate Judge Brown, the chief judge had indicated that no questions were to be asked regarding abated claims. Exh C at 5. Klock then pointed out that the services rendered by PHS and ISC were rendered in connection with abated claims. Exh C at 4. Mr. DeMahy, counsel for INA, terminated the deposition after being told that the services provided by PHS and ISC had been abated.

Mr. DeMahy indicated that the matter should be brought to the Court for

---

[1] Obviously, a defendant does not get to select the records custodian of a third party witness. The two third party witnesses did, however, designate Peter Halmos for this particular deposition.
[2] The transcript of the deposition is attached in miniature form as Exhibit "C." References to the Exhibit C will be referred to as "Exh C at _____."

determination, although he elected not to take up the Court's generous offer to be available by telephone. Due to the fact that the issue needs early resolution in light of the fact that the parties do not agree on what is an abated claim, plaintiffs file this motion promptly. Plaintiffs request that the Court issue an order declaring that the ISC and PHS invoices have been abated and thus further inquiry regarding those invoices would be outside the scope of discovery in this action. In support thereof, Plaintiffs state the following:

As early as July 3, 2010, Plaintiffs informed INA that the damages incurred with respect to the invoices related to ISC and PHS were not being sought by Plaintiffs in this action. To that effect, Hugh Morgan, counsel for the corporate Plaintiffs, emailed INA and informed them that INA's spreadsheet of damages was incorrect since the claims of PHS and ISC, *inter alia*, had been abated. INA even included this document in a unilateral filing made to the Court. *See DE 847, Exhibit 1, pages 8-9 of 12.* On July 6, 2010, at the commencement of the first go around of the ISC and PHS deposition, counsel for the corporate Plaintiffs informed Mr. DeMahy and Special Master Klein that "Plaintiffs have taken the position that [Plaintiffs] are not seeking claims regarding [ISC and PHS] in the contract action and that those damages are abated." *See Exhibit A, Tr. 3/25-4/7*. Judge Klein was inclined to allow the questioning based upon his view that although abated, plaintiffs might later pursue them, presumably in this action.

On November 23, 2010, this Court clearly indicated that such reincarnation of abated claims was not to be the subject of discovery when Chief Judge Brown told Mr. DeMahy, in open court: "Defendant, you don't ask questions about abated claims." *See Exhibit B.* Tr. 30/10. That ruling by this Court is consistent with clear caselaw that says that discovery geared towards a plaintiffs' extra-contractual claims is premature and

irrelevant until there has been resolution of the coverage dispute between the insured and the insurer. See *Milinazzo v. State,* 247 F.R.D. 691, 696 (S.D. Fla. 2007); see also *XL Specialty Insurance Company v. Skystream, Inc.,* 988 So. 2d 96, 98 (Fla. 3d DCA 2008)[3]. Irrespective of this Court' clear pronouncement that the abated claims are off limits at the PHS and ISC deposition and that Plaintiffs have informed INA that the claims have been abated *and are not part of the contract action*, Mr. DeMahy wished to proceed with the deposition. Upon being informed, once again, that these claims were abated, Mr. DeMahy indicated that the issue was for this Court to determine whether or not the claims had been abated.

As a result, the corporate plaintiffs request an order of the Court stating that as a result of this Court's Order regarding abatement of extra-contractual claims (DE 364) and Plaintiffs representation that the claims had been abated, that the ISC and PHS invoices/damages are not a part of the underlying contract action and thus have been abated.

WHEREFORE, Plaintiffs request and order of this Court determining that the ISC and PHS claims/damages have been abated consistent with this Court's previous rulings and with Plaintiffs representations to INA and now to this Court that those damages had been abated and are not being pursued in the underlying contract action.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel stipulates that the parties attempted to amicably resolve the issue during the deposition, however, it was determined that the issue would have to be determined by this Court.

---

[3] It should be noted that INA moved for the abatement of claims, received the relief requested, and now seeks discovery of the very thing they wished to have abated. INA should not be allowed to proceed with discovery of abated claims if Plaintiffs were denied such discovery.

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

Respectfully submitted,

Joseph P. Klock, Jr.  FBN 156678
Juan Carlos Antorcha FBN 0523305
RASCO KLOCK REININGER PEREZ
ESQUENAZI VIGIL & NIETO
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

By:  /s/ Juan Carlos Antorcha

THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:   (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD &
SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone:  (305) 294-9556
Facsimile:   (305) 292-1982
jack@spottswood.com

PETER HALMOS, pro se
c/o Meyers & Associates, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL  33418
Telephone:  (561) 249-1712
Facsimile:  (561) 249-1709
gail@meyerscpa.com

By: _/s/ Peter Halmos_ (for)

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2010, I electronically filed the foregoing

4

document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Juan Carlos Antorcha

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## Service List

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
BROWN SIMS P.C.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman, Esq.
Counsel for Defendant, Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan, Esq.
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960
cpayne@dldlawyers.com

SPOTTSWOOD, SPOTTSWOOD
 & SPOTTSWOOD
Jack Spottswood, Esq.
500 Fleming Street
Key West, Florida 33040
Telephone:  (305) 294-9556
Facsimile:   (305) 292-1982
jack@spottswood.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL  33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL  33402-3475
Telephone: 561-650-0406
Facsimile: 561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com

4840-8462-2600, v.  1