UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**Case Number: 08-10084-CIV-BROWN**

PETER HALMOS, *et al.*

*Plaintiffs*,

vs.

INSURANCE COMPANY OF NORTH AMERICA, *et al.*

*Defendants*.

_____/

**INSURANCE COMPANY OF NORTH AMERICA'S
<u>MOTION TO EXCLUDE PLAINTIFFS' EXPERT DONALD DINSMORE</u>**

COMES NOW Defendant, Insurance Company of North America ("INA"), and files its Motion to Exclude Plaintiffs' Expert Donald Dinsmore. In support of its Motion, INA presents the following Memorandum of Law.

**I. <u>Memorandum of Law</u>**

Plaintiffs have designated Donald Dinsmore "to provide testimony regarding claims previously made and related breach of contract issues, as well as defendants [sic] defenses alleging *inter alia* that claims made were not properly made or were not received in an acceptable format." *See* Pls.' Notice Expert Discl. [D.E. 620] at 4. Plaintiffs have further indicated that Dinsmore will "address Plaintiffs [sic] insurance claims and testify as to claims previously made, which claims were paid, *and which policy terms were breached by Defendants.*" *Id.* at 2 (emphasis added).

For multiple reasons, the Court should act now to exclude the testimony of Mr. Dinsmore. As will be explained in greater detail below, the Court should exclude Dinsmore because Plaintiffs have failed to comply with their Rule 26 and Local Rule 16.1 expert disclosure obligations by failing to provide INA with Dinsmore's expert report. Furthermore, Dinsmore is a lawyer and Plaintiffs have indicated that he is likely to testify on purely legal conclusions. Thus, for many of the same reasons that the Court excluded INA's expert, Mark Houck, the Court should likewise exclude Dinsmore.

**A.     The Court Should Exclude Dinsmore Because Plaintiffs Failed to Provide an Expert Report in Compliance with Rule 26 and Local Rule 16.1**

On March 29, 2010, Plaintiffs designated Donald Dinsmore as a testifying expert in this case. *See* Pls.' Notice Expert Discl. [D.E. 620] at 2, 4–5. At that time, Plaintiffs indicated that Dinsmore had not yet completed his expert report, and that it would be forthcoming upon the completion of certain depositions. *Id.* Specifically, Plaintiffs indicated that Dinsmore needed to be able to review and evaluate the depositions of "persons identified in [INA's] forthcoming interrogatory responses as having knowledge of the handling and disposition of Plaintiffs' insurance claims." *Id.* at 4–5.

Deciding to grant Plaintiffs a reprieve, the Court subsequently ordered that all of Plaintiffs' expert reports would be due on May 3, 2010, *except* for the reports of Dinsmore and another of Plaintiffs' experts, James MacDonald. *See* Order [D.E. 651] at 2. Although granting this reprieve, the Court was silent on the exact date by which Plaintiffs were to produce these final two reports. *See id.* However, Rule 26(a)(2)(C)(i) dictates that, "*absent a stipulation or court order*," a party *must* serve its expert reports at least 90 days before the date set for trial. Fed. R. Civ. P. 26(a)(2)(C)(i) (emphasis added). Here, the Court has set trial for Tuesday, February 22, 2011. *See* Order [D.E. 1121] at 2. Thus, under Rule 26, Plaintiffs were required to serve Dinsmore's expert report no later than November 24, 2010. *See* Fed. R. Civ. P. 26(a)(2)(B); Order [D.E. 1121] at 2.

Under the Court's Local Rules, however, Plaintiffs were actually required to serve Dinsmore's expert report even earlier. Under Local Rule 16.1(k), Plaintiffs were required to exchange Dinsmore's report no later than 90 days prior to the pre-trial conference. *See* S.D. Fla. L.R. 16.1(k). Here, the Court scheduled the pre-trial conference for Wednesday, February 2, 2011. *See* Order [D.E. 1121] at 3. Thus, Plaintiffs were actually required to provide Dinsmore's expert report no later than November 4, 2010. *See* S.D. Fla. L.R. 16.1(k).

As of the date of the filing of this Motion—some five weeks after Plaintiffs' absolute deadline under Fla.L.R, 16.1(k)—Plaintiffs have still not provided INA with an expert report from Dinsmore. Consequently, as Plaintiffs' have failed to timely serve Dinsmore's expert report, the Court should exclude his testimony. Under Rule 37(c)(1), a party that fails to comply with the disclosure requirements of Rule 26(a) "is not allowed to use that information or witness

to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."[1] Fed. R. Civ. P. 37(c)(1).

Mere "[n]otice of an expert's name is not enough to comply with Rule 26 disclosure requirements." *Dzafic v. Geovera Specialty Ins. Co.*, No. 8:08-CV-26-T-24EAJ, 2008 U.S. Dist. LEXIS 66164, at *4–5 (M.D. Fla. Aug. 15, 2008) (citing *Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004)). Instead, Rule 26 clearly "requires a written report from each expert witness." *Dzafic*, 2008 U.S. Dist. LEXIS 66164, at *5. And "the failure to disclose an expert report as required by Rule 26(a)(2)(B) renders such disclosure wholly deficient." *Warner v. Ventures Health Care of Gainesville, Inc.*, No. 5:00-CV-308-OC-10GJR, 2001 U.S. Dist. LEXIS 26230, at *7 n.10 (M.D. Fla. Aug. 1, 2001). Hence, a party's failure to timely serve an expert report is sufficient grounds for excluding the expert's testimony. *Id.*

"Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely inspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (internal citation omitted). And in the context of expert disclosures and reports, this Court has previously held that a "Plaintiff's failure to comply with the Court's Scheduling Order and the underlying rules of civil procedure *mandates* that the Court strike her proposed experts." *Rosado v. City of Hialeah*, No. 09-23469-CIV-KING, 2010 U.S. Dist. LEXIS 91048, at *5–6 (S.D. Fla. Aug. 11, 2010) (emphasis added).

There is no reason to believe that Plaintiffs' failure to disclose was either substantially justified or harmless. There are no Court orders that relieve Plaintiffs from complying with their Rule 26 and Local Rule 16.1 disclosure obligations. And INA has been harmed by Plaintiffs' failure to provide a report to the extent that Defendant has no idea what to expect from Dinsmore at trial, Defendant has had no opportunity to depose Dinsmore based on his report, and Defendant is no longer able to retain an expert to contest Dinsmore's findings. Furthermore,

---

[1] Substantial justification is "justification to a degree that could easily satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Dzafic*, 2008 U.S. Dist. LEXIS 66164, at *4 (quoting *Chapple v. Alabama*, 174 F.R.D. 698, 701 (M.D. Ala. 1997)). Failure to disclose is "harmless" where "there is no substantial prejudice to the party entitled to receive the disclosure." *Id.* Moreover, "[t]he non-disclosing party bears the burden of establishing that the failure to disclose was substantially justified or harmless." *Id.* (citing *Murdick v. Catalina Mktg. Corp.*, 496 F. Supp. 2d 1337, 1345 (M.D. Fla. 2007)).

Discovery closed almost five months ago, and there is no justification for Plaintiffs' failure to provide an expert report by now. *See* Order [D.E. 651] (setting the discovery deadline for June 25, 2010).

**B.     The Court Should Exclude Dinsmore Because Plaintiffs Have Indicated that He Intends to Testify as to Purely Legal Conclusions**

Plaintiffs' failure to provide an expert report is not the only reason to exclude Dinsmore. As noted above, Plaintiffs' Expert Disclosures indicates that Dinsmore will be providing testimony on "which policy terms were breached by Defendants." Pls.' Notice Expert Discl. [D.E. 620] at 2. But when excluding INA's expert Mark Houck, the Court already ruled that the question of whether INA breached the contract is "the *ultimate* jury question." Order [D.E. 1059] at 2. And even Plaintiffs acknowledge that the Eleventh Circuit has held that "an attorney cannot provide 'expert' testimony in the form of a legal conclusion." Pls.' Mot. Exclude Houck [D.E. 838] at 8 (citing *Montgomery v. Aetna Cas. & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990).

In support of their Motion to Exclude INA's expert Mark Houck, Plaintiffs further quoted the following language from a case out of the Southern District of Illinois—language which applies with equal force here:

> Merely being a lawyer does not disqualify one as an expert witness . . . However, a lawyer may not testify as an expert to purely legal matters. It must be posited as an *a priori* assumption [that] there is one, but only one, legal answer for every cognizable dispute. There being only one applicable rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge . . . . As another court put it: 'Each courtroom comes equipped with a 'legal expert' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards.

Pls.' Mot. Exclude Houck [D.E. 838] at 9 (citing *United States v. Cross*, 113 F. Supp. 2d 1282, 1284 (S.D. Ill. 2000) (internal citations omitted)); *see also Snap-Drape, Inc. v. C.I.R.*, 98 F.3d 194, 198 (5th Cir. 1996) (noting that Rule 704 does not allow experts to render conclusions of law).

In consideration of Plaintiffs' assertion that Dinsmore will provide testimony on "which policy provisions were [allegedly] breached by Defendants," it stands to reason that his anticipated testimony is intended to provide nothing more than legal conclusions. Consequently, the Court should exclude Dinsmore from testifying on these grounds.

It is also worth noting that Dinsmore has previously been excluded from testifying on many insurance handling-related grounds by other federal courts. *See, e.g.*, *Jones v. Reynolds*, No. 2:06cv57, 2008 U.S. Dist. LEXIS 40120 (N.D. Miss. May 16, 2008); *Burrell v. Sparkles Reconstr. Co.*, 657 S.E.2d 712, 719 (N.C. Ct. App. 2007). In *Jones*, the district court provided a detailed analysis of certain grounds on which Dinsmore was, and was not, qualified to testify. *Id.* at *29–33. Of particular interest, the Court excluded Dinsmore from testifying about:

1.   Whether a plaintiff is an unsophisticated insured;

2.   The body of law governing an insurance dispute;

3.   Whether a defendant breached any model codes for the insurance industry;

4.   Whether a defendant owed policy limits on a claim (he was, however, allowed to testify concerning the *amount* of a policy's limits);

5.   Whether an insured fulfilled policy conditions required to perfect a claim;

6.   The implications of violating a standard of conduct applicable to an insurer;

7.   Whether Code standards are evidence of a violation;

8.   Whether an insurer honored its promise to pay under the subject insurance policy;

9.   Any matters not specifically pleaded in Plaintiffs' Complaint; and

10.   Any other legal conclusions and other conclusions as to any ultimate fact.

*Id.* at *29–33.

As in *Jones*, the Court should exclude Dinsmore from testifying on any of the afore-enumerated grounds. It should further exclude him from testifying on any other impermissible grounds, as the Court, in its discretion, deems appropriate.

## II. CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, INA hereby prays that the Court grant INA's Motion to Strike Plaintiffs' Expert Donald Dinsmore, and that it further grant INA any and all other relief, whether general or special, at law, in equity, or in admiralty, to which it is justly entitled.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1.A.3, counsel for the moving party hereby certifies that he conferred in a good faith effort to resolve the issues raised in the motion and Plaintiffs refuse to respond whether they are opposed or unopposed to the relief sought herein.

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BROWN SIMS, P.C.

By: /s/ Frank J. Sioli _____
      Frank J. Sioli
      Florida Bar No. 009652
      Datran Two – Suite 1609
      9130 South Dadeland Boulevard
      Miami, Florida 33156-7851
      Telephone: 305.274-5507
      Facsimile: 305.274-5517

*Attorneys for Defendant*
*Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713.629-5027

**SERVICE LIST**

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
4540 PGA Blvd, Suite 216
Palm Beach Gardens, FL 33418
(via Certified Mail, return receipt requested &
via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi Vigil
& Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Ste. 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone: (561) 650-0406
Facsimile: (561) 650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com
(via CM/ECF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**Case Number: 08-10084-CIV-BROWN**

PETER HALMOS, *et al.*

*Plaintiffs*,

vs.

INSURANCE COMPANY OF NORTH AMERICA, *et al.*

*Defendants*.

_____/

**ORDER GRANTING
INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO EXCLUDE
PLAINITFFS' EXPERT DONALD DINSMORE**

On this day came to be heard Insurance Company of North America's Motion to Exclude Plaintiffs' Expert Donald Dinsmore, and the Court, being fully apprised of the circumstances, and having considered any and all responses, replies, and oral argument, if any, is of the opinion that it is well-taken and should be granted in all things. It is therefore:

ORDERED, ADJUDGED, AND DECREED that Insurance Company of North America's Motion to Exclude Plaintiffs' Expert Donald Dinsmore is hereby GRANTED in its entirety and Donald Dinsmore is hereby excluded from proffering any witness testimony at trial, or at any other time.

Signed on this _____ day of _____, 2010.

_____
STEPHEN T. BROWN
Chief United States Magistrate Judge

- 8 -