08-10084.or34

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA et al.,

    Defendants.
_____/

## ORDER RE: PLAINTIFFS' RESPONSE TO ORDER

**This matter** is before this Court on Plaintiffs' Response to Order...(D.E. 1127). This Court has considered the response, and all pertinent materials in the file.

Interestingly, and not surprisingly, the response starts with attacking the Court and then jumps into the argument made at the hearing. The first paragraph of the order to which this is a response begins with the fact that "[N]o law has been cited for the filing of "objections" to a hearing ..." and "[T]o the extent the Court construes same as motions (sic) again they violate Local Rule 7.1(a)(1)". This is totally ignored in this response. Apparently things like following the law and the local rules take a significant backseat to ranting and raving and attacking the Court. Nonetheless it is those very rules and laws that govern our practice and procedure.

The ranting includes using a statement made by the Court after the plaintiffs filed their objections to the hearing (in D.E. 1094) as justification for the filings they made before any such statement was made! They claim that "[I]t is that misconception by the Court (referring to D.E.

1

1094), and INA's strategy, that Plaintiffs objected to...", but that statement was made in the record some five (5) days after the objections were filed! Apparently they not only were objecting to what INA did, but also what the Court was going to do!

While there is a difference of opinion over the issues to be considered at the hearing agreed to by the parties, coverage was always a part of same...though to what extent was the real dispute. The Court agrees with plaintiffs that the issue was exactly what plaintiffs relied on (see pages 2-3 of the response, quoting this Court from August 3, 2010). Apparently, however, plaintiffs seem to think (now) that the Court could decide "coverage" as discussed in that very quote without deciding "coverage"...or without deciding what provision(s) of the policy did or did not provide same.

Having so stated, there is a basis for plaintiffs' "rantings and ravings" with respect to the perceived scope of the hearing, and the Court is unable to find that defendant did not contribute to this problem. Indeed, plaintiffs have chosen to ignore the Court's first pronouncement on the issue (see D.E. 1118) - "though the real issue was, arguably, the scope of the hearing and, viewed in a light most favorable to plaintiffs the proposed testimony would exceed that scope...".

The Court set a three (3) day hearing on (it thought) a specific area of disagreement of the parties, pursuant to their wishes (the Court thought) to have the Court streamline and narrow the remaining areas of disagreement. Defendant filed proffered testimony of twelve (12) witnesses. Clearly, unless plaintiffs were going to stand mute to this testimony and not offer any testimony of their own, three (3) days for this hearing was a joke - and defendants admitted as much at the hearing on plaintiffs objections, yet did nothing before hand to seek more time or question why the Court had ONLY set three (3) days for a hearing that clearly would have exceeded that time based solely on defendant's filings and its alleged perception of what was to take place.

Therefore, after careful consideration of the matter, and concluding that, although plaintiffs

handled this matter in a procedurally improper fashion, the cause of the problem was not all one-sided, the Court will NOT impose any sanctions against plaintiffs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this <u>8th</u> day of December, 2010.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:  Counsel of record
     Special Master