IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.
_____/

### PLAINTIFFS' RESPONSE TO INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO COMPEL RESPONSES FROM SPENCER BOAT COMPANY, INC. AND CHRISTOPHER A. UPHAM [D.E. 1146]

The Plaintiffs urge the Court to either deny INA's motion or alternatively to enter an order specifying the documents to be supplied by the third parties to INA in order to protect the Plaintiffs from being in violation of the confidentiality agreement, and to make sure that any previous violations of that agreement can be ascertained. In support thereof, Plaintiffs state the following:

On November 11, 2010, INA filed its Motion To Compel responses from Spencer Boat Company, Inc., and Christopher A. Upham. As the Court may recall, these third parties are in litigation with IYC and Peter Halmos in *International Yachting Charters, Ltd., v. Christopher A. Upham, Individually and d/b/a/ Acuadeportes, CRSA, as owners and operators of the M/V Sol*, Case No. 2003-CA-004410-AN, 15th Judicial Circuit, Palm Beach County, Florida ("Sol Litigation"). INA wishes to obtain documents which are subject to a state court ordered confidentiality agreement in the Sol Litigation.

This Court has previously stated with respect to that confidentiality agreement that it would not be in a position to overrule an order of a state circuit judge. *See infra* at 3. However, the state judge has entered an order effectively allowing this Court to decide which documents can be produced so that all parties can be protected. Therefore, the Court should either decline to order the documents to be produced, or alternatively, indicate the specific documents to be produced in accordance with the state court's deference to this Court.

The needed specificity is also required by the fact that INA has previously indicated that it has had access to some of these documents[1]. If that is the case, then this Court should not be asked to order the production of the documents that are already in the possession of INA, nor should an omnibus order sought from the Court by INA be used to protect anyone who may have previously disobeyed the state court order.

On May 7, 2010, Special Master Klein denied IYC's motion for protective order (D.E. 482), despite the fact that there was a confidentiality agreement which controlled the production of the documents in the Sol Litigation. (D.E. 482-2). Then, on June 7, 2010, after INA's counsel, Mr. Browning, acknowledged that INA had reviewed at least some of the documents in question, Special Master Klein ordered INA to go before

---

[1] Apparently, INA has already obtained some of these documents and has been working with the Sol defendants in breach of the confidentiality agreement. Although INA wishes to back track now and actually claims "confusion" as to whether they had "received" the documents (clearly indicating that INA has reviewed but not received the documents), the record speaks for itself. In particular, Mr. Browning, counsel for INA, when asked by Special Master Klein whether the document he required to be produced in the Sol Litigation were "those documents produced to you, Mr. Browning? Mr. Browning responded "We're reviewing those records currently, Judge." Judge Klein confirmed: "So you have everything except for those four documents? Mr. Browning: Correct. *See* June 7, 2010 Tr. 4/15-5/5.

2

Judge Cox, the state court judge in the Sol Litigation, and "tell him of my ruling so that he can either agree with it or not." *See Exhibit A, June 7, 2010 Tr. 17/8-18/23.*

In response, at the June 7, 2010 hearing, INA argued that this Court need not obtain permission from a state court prior to compelling production of non-objectionable documents. The Special Master disagreed and held that "[INA] must go before Judge Cox, tell him what I have done and get him to agree to release [the documents]." *Id.* at 20/2-13. Subsequently, INA filed objections with Chief Magistrate Judge Brown regarding portions of Special Master Klein's ruling. (D.E. 753).

INA argued that the Special Master erred in requiring permission from the state court before the Federal Court could compel production of the non-objectionable documents. *Id.* at 4-5. While this Court affirmed the ruling of the Special Master, it noted "INA has cited to no legal authority that would allow this Court to overturn the Confidentiality Order of the state court, which, in effect, is what is needed for the relief sought." (D.E. 871 at 2). Chief Magistrate Judge Brown then concluded: *In fact, this Court has no such authority, as 'lower federal courts posses no power whatever to sit in direct review of state court decisions.'"* (emphasis added). *Id.* (citations omitted).

Thereafter, INA moved to unseal the state court records in the Sol Litigation. On August 31, 2010, Judge Cox (1) held that the Confidentiality Order remained in full force and affect, subject to further order of the state court or this Court, (2) denied INA's motion to unseal the records, "for the federal court to direct production of records, and (3) reserved ruling on sanctions stemming from Mr. Browning's representation to this Court that INA had in fact reviewed the confidential records that were presumably sealed. *See Exhibit B at 2.*

INA now comes before this Court, once again, requesting that the documents be unsealed, despite the fact that it has a number of those documents. So, presumably, it is asking the Court to exercise the discretion given to it by the state court to produce these documents. If Your Honor is inclined to accept the state court invitation, Your Honor should not order the production of any documents that INA already has in its possession, since there would be no valid reason to do so.

Therefore, the Plaintiffs request that the Court either refuse to order further production, or if it is inclined to do so, that it specify the documents to be produced to avoid any misunderstanding, to protect parties that are producing documents covered by a confidentiality agreement to have any exposure, and to prevent anyone that has already violated a state court order to try to hide behind a broad order of disclosure by this Court.

Respectfully submitted,

Joseph P. Klock, Jr.  FBN 156678
Juan Carlos Antorcha FBN 0523305
RASCO KLOCK REININGER PEREZ
ESQUENAZI VIGIL & NIETO
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

By: /s/ Juan Carlos Antorcha

THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:  (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD &
SPOTTSWOOD

Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: (305) 294-9556
Facsimile: (305) 292-1982
jack@spottswood.com

PETER HALMOS, pro se
c/o Meyers & Associates, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418
Telephone: (561) 249-1712
Facsimile: (561) 249-1709
gail@meyerscpa.com

By: _____

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Juan Carlos Antorcha

5

## Service List

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
BROWN SIMS P.C.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman, Esq.
Counsel for Defendant, Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan, Esq.
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960
cpayne@dldlawyers.com

SPOTTSWOOD, SPOTTSWOOD
   & SPOTTSWOOD
Jack Spottswood, Esq.
500 Fleming Street
Key West, Florida 33040
Telephone: (305) 294-9556
Facsimile: (305) 292-1982
jack@spottswood.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone: 561-650-0406
Facsimile: 561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com

4814-3297-3832, v. 1