IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.
_____/

## MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

"The man who complains about the way the ball bounces is likely the one who dropped it."[1] The wisdom of Lou Holtz is particularly apt here, where the Court has been subjected to the chronic whining complaints of INA[2] that the Plaintiffs, who have produced hundreds of thousands of documents, have intentionally hidden some. Now, Plaintiffs discover that it is INA which has failed to produce and hidden documents.

The Plaintiffs, therefore, request that this Court intervene, order that the hidden documents be produced, order that witnesses be produced that can be questioned by Plaintiffs about where hidden documents might be, and provide Plaintiffs with counsel fees and such further sanctions as may be appropriate as the scope of the deceit unfolds.

---

[1] Lou Holtz, retired University of Notre Dame football coach.
[2] Defendant, Insurance Company of North America ("INA")

In support of their motion, Plaintiffs would show:

## BACKGROUND

1.  On June 5, 2009, INA served objections and responses to the Request for Production and purportedly produced all non-privileged documents responsive to the Requests. Production of documents soon followed.

2.  Based upon the recent testimony of INA's claims adjuster, Pamela Harting-Forkey,[3] and based upon INA's Response to the Civil Remedy Notices ("Notices")[4] filed with the Department of Financial Services ("DFS"),[5] it is clear, however, that INA failed to produce certain non-privileged documents that fall squarely within the scope of the Requests.

3.  Specifically, IYC's document Requests No. 5 and No. 7 seek respectively:

> [t]he complete claims files for all claims made under the Policies, including all pictures of any insured vessel, all amounts paid under any Policies, and any witness statements concerning all Policies or claims under the Policies" and "all documents concerning claim memoranda, diaries, notes or communication regarding claims under the Policies."[6]

4.  Although INA responded to Requests No. 5 and No. 7 by producing a number of documents, the testimony of Pamela Harting-Forkey and INA's Response to the DFS indicate that numerous electronic records – including those referred to by Ms.

---

[3] In particular, on July 19, 2010, INA's claims adjuster, Pamela Harting-Forkey, testified that INA maintains electronic records of the claims at issue in its *OMNI* computer database. The relevant pages of Pamela Harting Forkey's deposition transcript are attached hereto as Exhibit "A."

[4] A true and correct copy of INA's Response to the Notice, including its exhibits which reflect computer printouts of some of the electronic records held by INA, are attached hereto as Exhibit "B."

[5] Plaintiffs filed a Complaint/Civil Remedies Notice before the Florida Department of Financial Services for INA bad faith actions in handling the various claims. INA responded to the complaint via letter.

[6] See Exhibit "C".

Harting-Forkey in her deposition *and* any untold number of other electronic documents which INA maintains in its *OMNI* computer database – were improperly withheld from IYC.

5.  Not only has INA failed to produce all of the electronic records responsive to Requests No. 5 and 7, but it has also failed to produce certain e-mails under the guise that said communications contain word product. For example, attached hereto as Exhibit "D" is an email communication exchanged between Plaintiff's counsel and INA of which INA takes the unsupported position that the e-mail exchanged between the parties are subject to redaction under the work product doctrine. That same non-redacted email was produced by Plaintiffs since it was received by Mr. Halmos and his counsel. Not only is it not privileged based on the recipients, but the "redacted" language is also clearly not privileged even if Mr. Campbell and Mr. Halmos were not one of the recipients. See Exhibit "E". Plaintiffs would thus request an in camera inspection of INA's purported privileged documents.

## **MOTION AND INCORPORATED MEMORANDUM OF LAW**

6.  The Federal Rules of Civil Procedure permit parties in litigation to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Specifically relating to documents in their possession, parties subject to a request must produce:

> (A) Any designated documents **or electronically stored information** – including writings, graphs, charts, photographs, sound recordings images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably useable form; or (B) any designated tangible things. *Id.* at 34(a)(1) (emphasis added).

7.  Regarding such requests for production, the courts have emphasized that

3

the "rules are broad, and litigants are required to comply with all properly propounded document requests." *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693 (6th Cir. 2001).

8. Similarly, the courts have found that when "construed too broadly, the work product privilege can interfere with the essential function of the discovery process of narrowing issues for trial." *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 698 (S.D. Fla. 1990).

9. In cases where a party has failed to comply with the rules of discovery, Fed. R. Civ. P. 37 authorizes a panoply of sanctions for discovery abuse. *See e.g. In re: Seroquel Products Liability Litigation*, 244 F.R.D. 650, 656 (M.D. Fla. 2007) (Rule 37(b)(2) states that a court may grant sanctions against a party that "fails to obey an order to provide or permit discovery.")

10. As established above, INA failed to appropriately respond to IYC's document requests by failing to produce non-privileged information which it stores electronically and has also improperly redacted certain email communications under the theory that said communications are protected by the word product doctrine.

11. INA obviously possessed these documents for some time, yet it has chosen – despite IYC's clear requests – to improperly withhold these documents from the Plaintiffs. If INA is allowed to purposely withhold documents it views as potentially detrimental to its cause, it has more likely than not withheld documents which it views as advantageous to IYC's case. These actions reveal a clear lack of regard for the Court, its officers, and the parties before it, and these improper tactics likely will continue without this Court's intervention.

12. In light of above referenced Federal Rules of Civil Procedure, their broad construction, and INA's failure or refusal to produce all of the responsive, non-privileged

documents in this case, INA should be required to fully and completely comply with IYC's Request for Production and sanctioned pursuant to Fed. R. Civ. P. 37.

WHEREFORE, Plaintiffs respectfully move for an order of this Court to Compel INA to comply with the discovery requests discussed herein, to order the depositions of individuals with knowledge of where such documents might be, for an award of the appropriate sanctions, including an award of attorneys' fees and costs.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel hereby certifies that counsel for movant has conferred Robert Browning, counsel for INA, who did not respond to undersigned's inquiry.

Respectfully submitted,

Joseph P. Klock, Jr.  FBN 156678
Juan Carlos Antorcha FBN 0523305
RASCO KLOCK REININGER PEREZ
ESQUENAZI VIGIL & NIETO
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

By: /s/ Juan Carlos Antorcha

THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:  (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD &
SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone:  (305) 294-9556
Facsimile:  (305) 292-1982

5

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

jack@spottswood.com

PETER HALMOS, pro se
c/o Meyers & Associates, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL  33418
Telephone:  (561) 249-1712
Facsimile:  (561) 249-1709
gail@meyerscpa.com

By: _____

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Juan Carlos Antorcha

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## Service List

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
BROWN SIMS P.C.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman, Esq.
Counsel for Defendant, Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan, Esq.
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960
cpayne@dldlawyers.com

SPOTTSWOOD, SPOTTSWOOD
   & SPOTTSWOOD
Jack Spottswood, Esq.
500 Fleming Street
Key West, Florida 33040
Telephone: (305) 294-9556
Facsimile: (305) 292-1982
jack@spottswood.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Roberto M. Vargas
C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone: 561-650-0406
Facsimile: 561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com

4851-8923-9304, v. 1