08-10084.or35

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA et al.,

    Defendants.
_____/

### ORDER RE: PETER HALMOS' NOTICE OF JOINDER

    **This matter** is before this Court on plaintiff Peter Halmos' Notice of Joinder (D.E. 1144). This Court has considered the response, the reply, and all pertinent materials in the file.

    "Out of the blue" plaintiff files this Notice of Joinder. There are six items on that notice. All but number six were filed, briefed and completed prior to the filing of the notice.

    The reply is quite telling in a number of ways. First, it is filed on behalf of Peter Halmos individually. It appears that Mr. Halmos is now being represented, individually, by Ver Ploeg and Lumpkin, P.A. Therefore, within five (5) days of the order, Mr. Halmos will make an election - in writing - either he will represent himself or he will be represented by said law firm.[1]

    Second, the reply notes that INA improperly filed a response to this Notice as opposed to a

---

    [1] The Court notes, parenthetically, that months ago it all but begged Mr. Halmos to retain counsel.

motion to strike and therefore the Court should deny the request for relief contained in the response. This is not withstanding that any reading of the response clearly indicates it is clearly a motion to strike. If the Court should reject treating the response as a motion to strike since it is not labeled as such, it will treat the "notice" in exactly the same fashion. It seeks no relief, it makes no argument, it is not filed pursuant to any rule allowing same...in short it is an irrelevant filing. Even if we somehow accept that a notice of joinder is somewhere, somehow, permitted, what law is there that allows same after the matters it is addressed to are already briefed?

Plaintiff suggests that no prejudice has been shown - although it was raised in the response. Plaintiff disingenuously cites the case of <u>Crowley v. Chait</u>, 2004 WL 5434953 (D.N.J. 2004) for the proposition that "late <u>notice</u> of joinder...was permissible where no prejudice was caused to Defendants" (emphasis added)(Reply p. 2). Besides the fact that the best case plaintiff apparently can find to support his position is a non-reported, non-binding decision from New Jersey, the more important fact is that, viewing this matter in a light most favorable to plaintiff the case was not read ... or failing that, it was significantly mis-represented. A reading of the case clearly indicates that the court was considering a <u>motion</u> - which is significantly different from this "notice", since a motion requires compliance with Local Rule 7.1(a)(1) and (3)!

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that Peter Halmos' Notice of Joinder (D.E. 1144) be and the same is hereby **STRICKEN from the record**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of December, 2010.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record
    Special Master