08-10084.o52

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER RE: MOTION FOR CLARIFICATION OR EXTENSION OF TIME

**This matter** is before this Court on Plaintiffs' Motion for Clarification or...Extension of Time (D.E. 1219). The Court has considered the motion and all pertinent materials in the file. The Court notes that the motion cites no legal authority for the relief sought (see Local Rule 7.1(a)(1)), perhaps because there's really nothing to clarify and because there's a noted dearth of law supporting the excuse of "holiday somnambulance". The motion ignores, of course, that the motion filing deadline was originally in March, 2010, and was not extended by any Court order. This appears to be yet another example of "no good deed goes unpunished".

The order is clear and unambiguous. There is no reason to suggest that it does not apply to motions in limine other than counsel's imagination. "Any motion that could have been filed on or before December 15, 2010" means "Any motion that could have been filed on or before December

1

15, 2010". Also, "no further extensions will be considered" means "no further extensions will be considered". The Court did say that motions would be considered "with extremely good cause shown". "Holiday somnambulance" doesn't meet that requirement.

Accordingly, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of January, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record