**08-10084.o53**

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN-DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

      Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

      Defendants.

_____/

### ORDER RE: MOTION TO EXCLUDE TESTIMONY

**This matter** is before this Court on Plaintiffs' Motion to Exclude Testimony...(D.E. 1184).
The Court has considered the motion, the response, the reply, and all pertinent materials in the file.
Plaintiffs' make a strong argument in support of their position that Mr. Uhl should be excluded from
testifying as an expert, but don't prevail on their claim that he should be barred entirely.

Opinion wise, Mr. Uhl has done nothing an ordinary finder of fact can't do - by his own
admission. Though he is an expert CPA, he admits that this expertise has nothing to do with the
opinions he has offered in this case. The Court agrees with plaintiffs that the use of the term
"general business principles" is little more than a fiction to allow Mr. Uhl to opine on the sufficiency
of documentation submitted. This Court does not find that Mr. Uhl's expert opinion will assist the
trier of fact, and further finds insufficient a foundation for, or an acceptance of any supported and

1

recognized "general business principles". As admitted by Mr. Uhl, there are no standards applicable herein, and no showing as to why his opinion would carry any more weight in this area than anyone who has had any real life experiences. Therefore the motion is **GRANTED** as to the opinion testimony of Mr. Uhl.

However, the Court **DENIES**, the motion as to Mr. Uhl's testimony as a summary witness. The materials compiled by Mr. Uhl clearly fit within the definition of FRE1006. While plaintiffs argue that he should be excluded as a summary witness as well because "the schedules could have been prepared by a person who did not even have a CPA license" (page 7 of the reply), that misses the point. From a standpoint of presenting expert testimony, plaintiffs are right, but for summary purposes what is relevant is that he compiled them and no one else did. Plaintiffs argue the summary must be accurate and non-prejudicial (emphasizing the latter). Giving plaintiffs the benefit of the doubt, even if Mr. Uhl's opinions are prejudicial (and the Court does not make such a finding), there's no showing that there is anything prejudicial about the charts/summaries. Plaintiffs also note that these summaries are only to be used in "exceptional circumstances" (page 8 of the reply). This case is replete with exceptional circumstances.

Accordingly, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**, in part, and **DENIED,** in part.

**DONE AND ORDERED** in Chambers at Miami, Florida, this <u>10th</u> day of January, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of record

2