08-10084.oat

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER ON MOTIONS TO STRIKE

**This matter** came before this Court on Defendant, Insurance Company of North America's ("INA's") Motion to Strike the Corporate Plaintiffs' Motion for Partial Summary Judgment Evidence (D.E. 1101) and Motion to Strike Exhibits to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (D.E. 1102). The Court having reviewed the motions, the responses and replies, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that the Motions are **GRANTED** in part and **DENIED** in part, as follows:

### I. Applicable Law

In Saunders v. Emory Healthcare, Inc., 360 Fed.Appx. 110 (11th Cir. 2010), the Court stated that "[t]o be admissible in support of or in opposition to a motion for summary judgment, a document must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." Id. at 113 (citing 10 A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice

and Procedure: Civil §2722, at 382-84 (3d ed. 1998)). However, the Court also stated that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." Id. at 112 (citing Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999) (internal quotation marks omitted); see also Pritchard v. Southern Co. Scvs., 92 F.3d 1130, 1135 (11th Cir.) , amended on reh'g in part, 102 F.3d 1118 (11th Cir. 1996); Church of Scientology Flag Svc. Org., Inc. v. City of Clearwater, 2 F.3d 1514, 1530 (11th Cir. 1993).[1]

**II. Motion to Strike the Corporate Plaintiffs' Motion for Partial Summary Judgment Evidence**

   A. Deposition Excerpts of Joseph Smith

      The Motion to Strike this evidence is **DENIED**. Although Plaintiffs failed to file the deposition transcript with their motion, they filed the transcript immediately upon the filing of the Motion to Strike. There was no prejudice to Defendant by the delay in filing, in that Mr. Smith is the Defendant's own corporate representative, and it was aware of his testimony, as evidenced by the citation of same in its Response.

   B. Documents Not Produced in Discovery and
   D. Documents Which Have Not Been Authenticated-October 1, 2001 Robert J. Arnold Letter

      The Motion to Strike this evidence is **DENIED** as moot, in that Plaintiffs have agreed to withdraw this exhibit from their motion, and it will not be considered by the Court.

   C. Hearsay Documents

     1. Exh. A [D.E. 1031-1] and [D.E. 1032-1, Ex. A and B]

      The Motion is **DENIED** as moot as to the Oct. 1, 2001 Robert J Arnold Letter (see above). As to the faxes from Halmos to Bill Meyers (IYC's insurance agent), to the extent that the faxes are being offered to prove notice, as opposed to the truth of the matters asserted in the faxes, the faxes are not hearsay, and can be authenticated at trial by Halmos; therefore the Motion to strike those documents is **DENIED**.

---

[1] Similarly, the newly revised version of Fed.R.Civ.P. 56, effective December 1, 2010, provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2).

As to the fax from Bill Meyers to Vance Barker (an employee of Strickland), there has been no showing that the facts contained in this document cannot be reducible to admissible evidence at trial either through the testimony of Mr. Meyers and/or as a business record IYC and/or Strickland. Accordingly, the Motion is **DENIED**.

2. Exh. B [D.E. 1031-1] and [D.E. 1032-1, Ex. D]

The Motion to Strike this evidence is **DENIED**. Plaintiff Halmos can testify at trial from his own personal knowledge as to the statements he made in the letter.

3. Exh. C [D.E. 1031-1] and [D.E. 1032-1]

INA concedes that this Exhibit qualifies as an admission by a party opponent and has withdrawn its objection. Accordingly, the Motion to Strike this evidence is **DENIED** as moot.

4. Exh. D [D.E. 1031-1]

The Motion to Strike this evidence is **GRANTED**, due to Plaintiffs' failure to respond to Defendant's argument that the document constitutes inadmissible hearsay.

5. Exhibit E [D.E. 1031-1] and [D.E. 1032-1, Ex. G]

The Motion to Strike these emails between Plaintiff Halmos and Stewart Hutchinson is **DENIED**. There has been no showing that the facts which Plaintiffs seek to prove through this document cannot be reducible to admissible evidence at trial either by way of testimony from Plaintiff Halmos or Mr. Hutchinson, or as a business record of IYC.

6. Exhibit F [D.E. 1031-1]

The Motion to Strike these emails between Plaintiff Halmos and Stewart Hutchinson is **DENIED**. There has been no showing that the facts which Plaintiffs seek to prove through this document cannot be reducible to admissible evidence at trial either by way of testimony from Plaintiff Halmos or as a business record of IYC.

7. Exhibit G [D.E. 1031-1] and [D.E. 1032-1, Ex. E]

The Motion to Strike these emails from Plaintiff Halmos to Strickland is **DENIED**. There has been no showing that the facts which Plaintiffs seek to prove through these documents cannot be reducible to admissible evidence at trial either by way of testimony from Plaintiff Halmos or as a business record of IYC.

8. Exhibit H [D.E. 1031-1]

The Motion to Strike these emails from Plaintiff Halmos to Strickland is **DENIED**. There has been no showing that the facts which Plaintiffs seek to prove through these documents cannot be reducible to admissible evidence at trial either by way of testimony from Plaintiff Halmos or as a business record of IYC.

9. Exhibit I [D.E. 1031-1]

The Motion to Strike this report is **DENIED**. There has been no showing that the facts which Plaintiffs seek to prove through this document (i.e. that Plaintiffs attempted to mitigate their losses) cannot be reducible to admissible evidence at trial by way of testimony from Plaintiff Halmos or as a business record of IYC.

10. Exhibit J [D.E. 1031-1]

The Motion to Strike these emails is **DENIED**. There has been no showing that the facts which Plaintiffs seek to prove through these documents cannot be reducible to admissible evidence at trial by way of testimony from Plaintiff Halmos.

11. Exhibit F [D.E.m 1032-1]

The Motion to Strike this correspondence is **DENIED**. There has been no showing that the facts which Plaintiffs seek to prove through this document (i.e. the receipt of the correspondence) cannot be reducible to admissible evidence at trial by way of testimony from Plaintiff Halmos or as a business record of IYC.

12. Exhibit in D.E. 688-9

The Motion to Strike this email is **DENIED**. There has been no showing that this document cannot be authenticated and the content testified to by Vance Barker at trial.

### III. Motion to Strike Exhibits to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment

A. Exhibits Referred to in D.E. 1053

The Motion to Strike this evidence is **DENIED**. See § II.C.1. above.

B. Exhibit I

The Motion to Strike this evidence is **DENIED**, in that Plaintiff has clarified that it cited

and attached the wrong page number of Peter Halmos' deposition with respect to the testimony it was relying on, and has now filed the entire deposition transcript of Peter Halmos.

C. <u>July 4, 2006 Letter</u>

The Motion to Strike this evidence is **DENIED**. To the extent INA argues that the document was not attached to the Opposition, it was attached as an exhibit to the Plaintiffs' Motion for Summary Judgment. <u>See</u> § II.C.2. above.

D. <u>Interrogatory Answers</u>

INA cites two cases from courts outside of this Circuit in its motion to strike plaintiffs' interrogatory responses because they constitute hearsay and do not fall under any exception. However as the District Court noted in <u>Casiano v. Gonzales</u>, No. 3:04CV67/RV/MD, 2006 WL 229956 (N.D. Fla. Jan. 31, 2006), Fed.R.Civ.P. 56 allows the court to consider answers to interrogatory answers, as long as they comply with the requirements Rule 56(e) and are based on personal knowledge and contain facts which can be converted into an admissible form at trial. <u>Id.</u> at *8. Moreover, <u>McMahan v. North American Lighting, Inc.</u>, 06-2039, 2007 LEXIS 28161 (C.D. Ill. Apr. 17, 2007) is distinguishable because in that case, the interrogatory answers contradicted the plaintiffs' later deposition testimony. The Court finds that it may consider Plaintiffs' interrogatory responses, which are sworn to by Plaintiff Halmos, to the extent that they are based on personal knowledge and contain facts which can be converted into an admissible form at trial. Accordingly, the Motion to Strike interrogatory responses is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of January, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record