**08-10084.oaz**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL YACHTING CHARTERS, INC., and HIGH PLAINS CAPITAL,

Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH AMERICA and STRICKLAND MARINE INSURANCE, INC., (f/k/a STRICKLAND MARINE AGENCY, INC.),

Defendants.

_____________________________________/

**ORDER RE: MOTIONS FOR CONTEMPT**

**This matter** is before this Court on Defendant...'s Motion for Contempt...(D.E. 1072), and Plaintiff's Motion for Contempt and For Sanctions (D.E.1129). The Court has reviewed the motions, the responses, and the replies, as applicable, the additional materials submitted per the Court's order (i.e. D.E. 1190), the Transcript of the Status Conference on this matter (D.E. 1150) and all pertinent materials in the file.

Unfortunately, this matter brings to the Court, again, the tactics of plaintiffs. While the core of the defendant's argument stems from the aforementioned Status Conference and the fact that there were only two issues to be resolved, plaintiffs now argue that it is defendant making that statement, not plaintiffs. Also quite clearly, plaintiffs never came close to specifically raising the issues brought to a head in these filings.

Regrettably, there is "clear and convincing evidence" that plaintiffs are "vexatiously multiplying and delaying" the proceedings herein, once again. In the first place, plaintiffs have done nothing affirmatively to either bring to the Court the alleged discrepancies raised herein or to attempt to resolve them. Plaintiffs' "love of the journey" is further born out by their actions (or, more accurately, inactions) in attempting to resolve these issues. When defendant questions why Halmos was "under duress" when he signed this release with all the extraneous language added/deleted etc., that is ignored in the response. When defendant asks why the issues raised in the response (along with plaintiffs' own motion for relief) were not discussed with defendant per the local rules, that, too, is ignored. As if that weren't enough, plaintiffs have created new rules of practice in the federal courts - anything that shows up anywhere in the record is deemed before the Court for resolution. But, most tellingly and incredibly, plaintiffs' own words belie their position herein.

This Court issued an order (D.E. 1160) requesting, in essence, plaintiffs to show where these matters were brought before the Court (emphasis added). The response (third page - it is not paginated)[1] is most telling - including a rare but appreciated candid admission by plaintiffs that "[I]t is understandable...that the Court may have gotten the impression that all issues had been resolved except the two issues covered at the hearing...".

What that response does not address, however, is that plaintiffs, themselves, reinforced that understanding...after the hearing! Apparently overlooked by plaintiffs is D.E. 1010 (sealed) filed August 27, 2010. Plaintiffs stated, quite clearly therein, that "in the preparation of the 'typical documents', an issue or two has come up...". They go on to state (page 3 of said document) "the 'essential terms' were announced and agreed upon except for the mutual releases between the third

[1]See Local Rule 5.1(a)(4).

party insurance agents and the Warranty of NonTransfer of Released Matter". Apparently the Court was not the only one besides the defendant that believed there were only two issues remaining! This Court is completely unable to reconcile what happened prior to and including plaintiffs' own filing of August 27, 2010, with the position plaintiffs now attempt to take before this Court. It is, quite simply, unconscionable!

**THE CASE WAS SETTLED BETWEEN THESE PARTIES AND IS SETTLED**. The dilatory tactics of plaintiffs as clearly evidenced by their own accidental or intentional...but either way...diametrically inconsistent positions requires this Court to act. Plaintiffs admit that the only changes from the August 12, 2010 release (the one that preceded the comments in D.E. 1010) subsequently submitted reflect only the changes ordered by the Court on the two issues discussed (see D.E. 1188 at the fourth page). The Court therefore concludes that what plaintiffs are engaging in at this time is: (1) a frivolous attempt to go back before August and revisit matters that they, themselves, have admitted in a Court filing are no longer issues; and (2) vexatiously and unreasonably multiplying the proceedings (see 28 U.S.C. §1927).

Accordingly, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's motion for contempt and sanctions (D.E. 1072) is **GRANTED**. Plaintiff's motion for contempt and sanctions (D.E. 1129) is **DENIED**.

2. This case is hereby **DISMISSED, with prejudice** against defendant Strickland Marine Insurance Insurance, Inc. (f/k/a Strickland Marine Agency, Inc.).

3. The court retains jurisdiction to enforce the settlement.

4. Strickland shall resubmit to plaintiffs the same release (exhibit D to D.E. 1072)

forthwith.

5. Plaintiffs shall execute same without any additions, corrections, deletions or extraneous markings of any kind and return same to defendant within five (5) days of receipt of same. A return of the release with any of these 'changes' shall be deemed by the Court to be no return at all.

6. Based on a finding of Contempt, a fine of $5,000, per day, will be imposed for every day after the five(5) days said receipt is not returned, properly executed (emphasis added).

7. The Court further finds that sanctions are proper under 28 U.S.C. §1927. All reasonable costs, expenses, and attorney's fees incurred in the making of this motion and the activities leading up to same (beginning with the original submission of the release to be executed) are awarded to defendant (emphasis added). If the parties cannot agree on the amount of same, the Court will decide same, upon proper motion. However, if the Court finds either side has acted unreasonably in necessitating such a motion, sanctions may also be imposed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of January, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record