IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO STAY ORDER RE: MOTIONS FOR CONTEMPT
[D.E. 1235] PENDING APPEAL**

On January 18, 2011, this Court entered its Order Re: Motions For Contempt ("the Order"), demanding that the Plaintiffs sign a settlement agreement, the terms of which Plaintiffs claim was not agreed to. The Order also provides that unless Plaintiffs execute the Court's settlement agreement within five days, they will incur a $5,000.00 per day fine for each day that they fail to do so (the "Penalty Provision"). That fine begins to accrue five days after January 18, 2011.

Plaintiffs have filed a notice of appeal, seeking review of the Order. Unless the Court enters a stay of the Penalty Provision of the Order, Plaintiffs will be in the position of potentially having to either waive their right to appeal by executing the document, or to pay $5,000.00 per day for a right to appeal the Order. Plaintiffs therefore request a stay of the Penalty Provision of the Order until such time as the United States Court of Appeals for the Eleventh Circuit has disposed of the appeal.

While the law is clear that this Court has the right to enforce a settlement agreement *as announced in open Court*, the Plaintiffs believe that the Court erred in requiring that Plaintiffs sign an agreement as drafted by Strickland with release language that *was never agreed upon or announced in open Court* and which contains language that could harm Plaintiffs. Plaintiffs therefore request the ability to appeal the Court's Order without either waiving their rights to do so or paying a tolling fee of $5,000.00 per day, a problem that only exist because of the Court-ordered penalty fee.

In determining a motion for stay pending appeal, the Court must consider four factors. "These factors are (1) whether the movant has made a showing of likelihood of success on the merits,[1] (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest." *In re Lickman v. Lickman*, 301 B.R. 739, 742 (M.D. Fla. 2003) *citing Ruiz v. Estelle,* 650 F.2d 555, 565 (5th Cir. 1981).

### I.  Likelihood of Success on the Merits

On August 27, 2010, at the request of this Court, the Plaintiffs filed Plaintiffs' Notice of Filing Memorandum of Law Regarding Authority of the Court to Enforce Settlement. (D.E. ___)The document was filed under seal pursuant to the settlement terms as announced in open Court[2]. As was detailed therein, this Court does have authority to enforce the settlement agreement, so long as there was a meeting of the minds as to the essential terms of the settlement agreement. As detailed in Plaintiffs' Response to Strickland's Motion for Contempt and Plaintiffs Motion For Contempt (D.E.

---

[1] Plaintiffs would suggest that a provision that requires that a party pay for the privilege of appealing an order is *ipso facto* unlikely to be upheld on appeal.

[2] Plaintiffs reincorporate the arguments and law cited therein as if fully set forth in this section.

1129) the essential terms as drafted by Strickland were not agreed to. The parties believe that a settlement agreement that contains terms not agreed to in open court is not subject to an order requiring that it be executed by the parties, and that the appellate court will so hold.

## II.  Irreparable Injury Has Been Shown

Absent a stay, Plaintiffs will be irreparably harmed. This Court's Order puts Plaintiffs between a rock and a hard place – sign the settlement agreement, potentially relinquishing Plaintiffs' rights on appeal, or suffer "$5,000/day" in fines and reserves jurisdiction for yet more fines as the price of exercising one's constitutional rights to review an order of a judge. Clearly, a stay should be granted.

## III.  Strickland Will Not Be Harmed

A stay will have no affect whatsoever on Strickland. No monies are transferring hands nor are any of its rights being affected. As a result, no harm can come from a stay.

## IV.  A Stay Serves the Public Interest

The public interest would be served by a stay. Clearly, the public has an interest in insuring that settlement agreements are enforced according to the terms that parties agree upon and that a party is not forced to sign an agreement that clearly includes terms that were *not announced in open Court.*

## Conclusion

For the foregoing reasons, Plaintiffs seek an Order of this Court suspending the accrual or payment of the penalty provision pending disposition of the appeal by the Eleventh Circuit. Plaintiffs would request that the Court treat this, if it could, in an

expeditious manner so that it has the ability to seek the same relief from the Eleventh Circuit should this Court deny the relief requested.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1.A.3, Counsel for the Plaintiffs, JC Antorcha emailed counsel for Strickland Marine Insurance, Inc., Scott A. Bassman, in a good faith attempt to confer as to whether or not they would oppose such relief. Undersigned counsel has not heard back from Mr. Bassman.

Joseph P. Klock, Jr.  FBN 156678
Juan Carlos Antorcha FBN 0523305
RASCO KLOCK REININGER PEREZ
EASQUENAZI VIGIL & NIETO
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.675.7707

By: /s/ Joseph P. Klock, Jr.

THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:  (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD & SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone:  (305) 294-9556
Facsimile:  (305) 292-1982
jack@spottswood.com

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, pro se
c/o Meyers & Associate, C.P.A.
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418
Telephone: (561) 249-1712
Facsimile: (561) 249-1709
gail@meyerscpa.com

By: /s/ Peter Halmos

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Juan Carlos Antorcha

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## Service List

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

David P. Horan
HORAN, WALLACE & HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

4821-1830-3752, v. 1

7