UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA, KEY WEST DIVISION

**CASE NO. 08-10084-CIV-MARTINEZ/BROWN**

PETER HALMOS, et al.,

Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH AMERICA, et al.,

Defendants.
_______________________________________/

**OBJECTIONS TO SPECIAL MASTER, JUDGE HERBERT KLEIN'S RECOMMENDATION REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW [D.E. 1236]**

Plaintiffs object to Judge Klein's January 18, 2001, recommendation denying Plaintiffs' Motion to Compel Production of Documents and For Sanctions and Incorporated Memorandum of Law. (D.E. 1192)[1]. In that recommendation, Judge Klein improperly held that "[b]esides the failure to comply with Local Rule 26.1 H, the same or similar substantive relief requested by Plaintiffs has twice before been rejected; in a September 10, 2009 Order by Judge Brown; and at a December 16, 2010 hearing by recommendation of the undersigned which recommendation as approved by Judge Brown by Order dated December 30, 2010."

Plaintiffs request that this Court overturn Judge Klein's recommendation as:

(1) Plaintiffs did not fail to comply with Local Rule 26.1 H; and

(2) the "same or similar substantive" relief has never been denied by this Court – a finding that is clearly an abuse of discretion by the Special Master.

[1] A copy of the transcript of the proceedings is attached hereto as Exhibit 1.

The issue in question is this: The Special Master had before him a document produced by INA, but which INA had redacted which may have come from the Omni database, and had deposition testimony by one of INA's employees, Pamela Harting Forkey, who testified that INA kept online notes in an Omni database regarding Plaintiffs' claim. *See Exhibit A to Exhibit 2 hereto, Tr. 23/1 – 25/7.*

Counsel for Plaintiffs, JC Antorcha, checked INA's privilege log and could not find any document entitled Omni Notes or which referred to Omni in any way, and thus emailed counsel for INA, Robert Browning, regarding the documents. *See Exhibit 3.* No response followed to the multiple inquiries and as a result Plaintiffs moved to compel. *See Exhibit 2.*

## I. The Redacted Document

In one of the thousands of pages produced in this case, INA produced an email from Pamela A. Hartin-Forkey to Tom Campbell and copying Peter Halmos. Despite the fact that it was an email sent to Mr. Halmos and his ***attorney***, Tom Campbell, INA redacted the contents of the document. *See Exhibit D to Exhibit 2 hereto.* Undersigned counsel, JC Antorcha, was able to find the document within one of Plaintiffs' own documents produced to INA without any redaction. *See Exhibit E to Exhibit 2 hereto.*

As can be seen from the non-privileged document (the non-redacted one), it is a screen shot from the presumably electronic "omni notes" of INA (a.k.a the claims file). The screen shot indicates various important "notes:" First, INA is admitting to the fact that the "vessel is a dark blue which is unable to be matched." Thus, a special blue paint that would not allow for simple refinishing as proposed and argued by INA's adjuster. Second, that for the Hit and Run incident, there was damage and that INA

was going to issue payment for $25,000.00.[2] Obviously, this is a rather important piece of information for INA to claim it had "inadvertently" redacted.

**II. The Omni Notes**

Ms. Pamela Harting-Forkey testified that INA maintains electronic records of the claims at issue in its OMNI computer database. *See Exhibit A to Exhibit 2.* Presumably, these electronic records consist of emails such as the abovementioned emails that contain information that goes directly to damages and notice of claims. INA has decided to not produce these documents claiming that there is a blanket privilege of any document they wish to include in what appears to be a borderless and non-containerized "claims file."

These files were requested (Exhibit C to Exhibit 2 hereto), and yet INA chose to not produce these documents. Judge Klein denied Plaintiffs' motion to compel based on (1) Local Rule 26.1 H and (2) the fact that "same or similar substantive relief requested by the Plaintiffs has twice before been rejected." Both basis for denial were in error.

**Memorandum of Law**

**I. Plaintiffs' Motion Was Timely**

Special Master Klein ruled that Plaintiffs motion was untimely as a result of Local Rule 26.1 H. However, Local Rule 26.1H provides that waiver shall only apply "absent a showing of reasonable cause for a later filing . . . ." And absent "reasonable cause" waiver is discretionary. *See Local Rule 26.1(H).* In deciding whether an untimely motion should be heard, this Court has stated that the following should be considered:

---

[2] As the Court will recall, it granted summary judgment for INA on the Hit and Run count as it found that there was no issue with respect to damages above the $70,000.00 deductible. Clearly, this email on its

"the danger of prejudice to the respondent; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of movant; and whether movant acted in good faith, with primary importance accorded to absence of prejudice to respondent and the interests of judicial administration." *See In re BankAtlantic Bancorp,* 2010 WL 3294342 (S.D. Fla. 2010 (Simonton, MJ)).

**a. Plaintiffs Have Shown Good Cause**

Despite having produced a 118 page privilege log with over 35 documents per page, INA seems to have not included the "Omni Notes" nor a way of deciphering whether an email or privileged document came from such a data base. In an attempt to see if the documents were produced in redacted form, counsel for Plaintiffs, JC Antorcha, after the slew of discovery that was occurring during the latter part of last year, and after having analyzed Mrs. Forkey's deposition, searched through the respective production and noticed that the documents do not appear to have been produced in a redacted fashion. The only "screen shots" produced were those that were provided to the Florida Department of Financial Services.[3] *See Exhibit B to Exhibit 2 hereto.* Thus, it seems that the other "omni documents" just don't exist, or INA wishes for them to not exist. Upon learning that the documents had not been produced, nor referenced in the privilege log identified as "omni", Plaintiffs moved to compel.

**b. There is No Prejudice to INA And Production Will Serve Judicial Administration**

Plaintiffs' request is simple, the documents regarding notice and damage should

---

face is evidence contrary to that ruling.

[3] As the Court can see from those screen shots, there is no privileged information contained therein - so what's the exact basis for not producing the remainder of the screen shots?

be produced *in camera* to the Court. Then, the Court should decide whether or not these documents are privileged. INA attempted to scare the Court into believing that these documents were privileged and that thousands of such documents would have to be produced and reviewed by the Court[4]. That is not the case. But, whatever the number, INA cannot shield incriminating documents from view by slipping them into the ever-expanding "claims file," which obviously does not come with a smoke detector.

(1) Plaintiffs' Request is Limited

Plaintiffs are merely requesting that documents with respect to the vessel, SOL, and whether INA received notice of that earlier claim, and that such documentation be turned over to the Court for its determination as to whether these documents are privileged. Further, Plaintiffs requested that documents such as the redacted email detailing damage calculations or describing the extent of damage to the vessel (i.e. that the Legacy's hull can not be buffed but must be repainted) be turned over to this Court and then to the Plaintiffs.

(2) These Documents Are Not Privileged

INA claims that *all* documents generated by INA are privileged claims handling documents. That is not the case, nor is that the law.

First, if INA has not included these documents on their privilege log, any purported privilege has been waived. *See The Regency of Palm Beach Inc., v. QBE Insurance Corp.*, 2009 WL 2513411, 3 (S.D. Fla. July 13, 2009).

Second, Plaintiffs are not seeking documents that are part of the claims-handling procedure of INA. The documents requested are notes regarding damages to the

[4] INA was able to provide *certain of the* "screen shots" to the Department of Financial Services, why would it be so difficult to provide the same to the Court but include those that are clearly missing.

vessel and notice of receiving a claim (i.e. such as the ones sent to the Department of Financial Services). These documents have nothing to do with how INA handled its claims or the procedure it instituted in the process of handling Plaintiffs' claims. And, even if they did, a blanket assertion of privilege is improper. *See St. Johns Insurance Company v. Nautilus Insurance Company*, 2008 WL 1897572, *1 (M.D. Fla. 2008)(stating "the work product doctrine generally would not protect all of an insurer's investigatory files.") *citing Cutrale Citrus Juices USA, Inc., v. Zurich Am. Ins. Group,* 2004 WL 5215191 (M.D. Fla. 2004); *see also National Security fire & Casualty Company v. Dunn,* 705 So. 2d 605 (Fla. 5th DCA 1997); *Fireman's Fund Insurance Company v. Signorelli*, 681 So. 2d 720 (Fla. 2d DCA 1996); *Allstate v. Ruiz*, 899 So. 2d 1121 (Fla. 2005).

**3. INA is Hiding Documents From This Court**

Based on the email that INA redacted improperly, it is clear that damaging information exists regarding Plaintiffs claims and INA is hiding information that goes directly to the claims asserted by Plaintiffs. The "redacted email" contains information directly relevant to the Hit and Run collision, the damages to the vessel, the fact that the vessel is a special color blue which must be repainted, and the fact that INA was offering monies *above the policy deductible* (which the Court entered summary judgment against Plaintiffs based on the fact that there was no evidence to the contrary—now there is). Clearly, the Court and the Plaintiffs must have all information before them on the issues that are relevant for trial.

**c. <u>This Court has Not Adjudicated this Issue Previously</u>**

Counsel for INA misled Judge Klein when he told him that this Court had adjudicated this issue previously. *Exhibit 1* (January 12, 2011 Transcript)(Tr.9/21-

11/19). Mr. Browning was referring to this Court's Order: Re Motion To Compel Production in which the Court denied Plaintiffs' Motion To Compel INA to Produce Documents (D.E. 247). This Court however, did not deny Plaintiffs' motion based on a finding of a blanket claims files privilege, but because of a "shotgun fishing expedition of documents" since Plaintiffs did not point the Court to a single document "possibly fitting the description argued by plaintiff as producible."

Now, Plaintiffs have alerted the Court to a redacted email that contained information directly relevant to the claims at issue and which should have been produced unredacted, and more importantly, the testimony of INA's Pamela Harting Forkey stating that there are Omni Notes with the information requested by Plaintiffs, which presumably refers to screen shots such as those sent to the Department of Financial Services but probably not as favorable to INA.

Judge Klein was also incorrectly led to believe that a December 16, 2010, hearing and recommendation approved by this Court's December 30, 2010, order addressed the same issue. It did not. The December 16, 2010, hearing and this Court's December 30, 2010, hearing adjudicated the issue of the third party subpoenas addressed to Upham and Rybovich, not the issue that was before Judge Klein. *See D.E. 1215.*

## **Conclusion**

The Omni documents Plaintiffs request are clearly relevant (as shown by the redacted email) and are clearly not privileged as claimed by INA. Those documents should be produced to the Court in camera or to Judge Klein *in camera*. Plaintiffs, contrary to INA's assertion, do not request or claim that the trial should be postpone one day regarding the improper retention of these documents – but do request that the

documents be produced immediately to the Court for its review.

Finally, Plaintiffs would like to emphasize that its request is limited to electronic notes regarding notice or damage analysis to the vessels. Plaintiffs are not interested in INA's claims handling procedure.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that counsel for the Plaintiffs' has conferred with Robert Browning, counsel for INA, in a good faith effort to resolve the issue. However, Mr. Browning has indicated that he opposes the filing of this Objection.

Respectfully submitted,

RASCO KLOCK REININGER PEREZ
EASQUENAZI VIGIL & NIETO
Joseph P. Klock, Jr. FBN 156678
Juan Carlos Antorcha FBN 0523305
283 Catalonia Avenue
Coral Gables, Florida 33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

/s/ Joseph P. Klock, Jr.

THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone: (305) 296-5676
Facsimile: (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD &
SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: (305) 294-9556
Facsimile: (305) 292-1982
jack@spottswood.com

PETER HALMOS, pro se
c/o Meyers & Associate, C.P.A.
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418
Telephone: (561) 249-1712
Facsimile: (561) 249-1709

gail@meyerscpa.com

By: ______________________

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Joseph P. Klock, Jr.

**Service List**

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims p.c.
1177 West Loop South
Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite
1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan
HORAN, WALLACE &
HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne
& Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

4818-4128-6408, v. 1