08-10084.obg

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER DENYING MOTION FOR SANCTIONS

**This matter** is before this Court on defendant INA's Motion for Sanctions...(D.E. 1243). The Court has considered the motion, the response, the reply, and all pertinent materials in the file. The Court finds there is one simple fact missing from this motion that requires denial of same...there is simply no showing that plaintiffs, in fact, had these documents in their possession. Suggesting that they must have...should have...gotta have...doesn't change that fact.

This is a motion that is on the borderline of being in bad faith. It appears to be more about argument as to why the claims related to the *Sol* should be denied than an actual motion related to sanctions. Defendants are late, again, to raise this issue. The fact that they just received certain materials does not explain their own complicity in not obtaining same long ago. Most importantly, the fact that these materials exist does not mean the plaintiffs had them in their possession. Indeed,

a review of Plaintiffs' Ex Parte Emergency Motion for Protective Order filed under Seal on November 6, 2009, supports plaintiffs' position, at least in part. While the Court makes no comment on the truth or lack thereof of the allegations contained in that motion, it is clear that allegations regarding disappearance of what may be the materials at issue here were made long before plaintiffs were accused of not producing them. In addition, there is merit, again in part, to plaintiffs' argument that a substantial part of the quoted material in the motion is actually from depositions defendant has had for a while (see pages 5-6 of the motion).

The Court has previously warned defendant not to continue to attempt "to kill an ant with a shotgun". To the extent that defendant ASSUMES the Court has any prejudices against plaintiffs it would be wise to understand the differences between disagreements with who runs this Court verses a lack of objectivity regarding the case.

Accordingly, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of February, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record