IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

**CASE NO. 08-10084-CIV-MARTINEZ/BROWN**

PETER HALMOS, et al.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

    Defendants.

_____/

**PLAINTIFFS' NOTICE OF CLARIFICATION AS A RESULT OF INSURANCE
COMPANY OF NORTH AMERICA'S REPLY TO PLAINTIFFS' RESPONSE TO D.E.
1278 AND MEMORANDUM OF LAW IN SUPPORT [D.E. 1303]**

On February 22, 2011, INA filed its reply to Plaintiffs' Response To D.E. 1278 And Memorandum of Law In Support. After reading INA's response, Plaintiffs would like to clarify arguments made in Plaintiffs' response (D.E. 1291).

First, as the Court will recall, it gave Plaintiffs two days to respond to INA's Motion For Sanctions (D.E. 1277), the week before trial was to commence. In those two days, Plaintiffs' counsel attempted to inquire from Mr. Halmos as to whether or not the document was produced. Mr. Halmos believed that the document was produced, but could not recall the exact details. As a result, Plaintiffs' counsel was directed to Mr. Halmos's assistant, Mike Kirkpatrick, who assisted Mr. Halmos in the third party production. Mr. Kirkpatrick stated that the document was produced as a result of the

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

ISC and PHS third party production—since the document belongs to PHS and not any of the Plaintiffs. Apparently, after reading INA's reply, it was not[1].

Second, as INA points out, Plaintiffs' response was not verified. The simple reason for that was that Mr. Halmos could not remember whether or not the document was produced and when. Plaintiffs have brought to the Court's attention that Mr. Halmos's condition worsened in the last couple of weeks, as such, Mr. Halmos was not in any condition, nor was his counsel in the position to rely on Mr. Halmos for the response that was required to be filed within two days[2]. It would have been unethical to have Mr. Halmos sign a verified pleading when he could not recall the exact details of what occurred, nor had the opportunity to confirm what he believed to be the case[3].

Plaintiffs stand by the remainder of their response contained in D.E. 1291.

Respectfully submitted,

Joseph P. Klock, Jr.  FBN 156678
Juan Carlos Antorcha FBN 0523305
RASCO KLOCK REININGER PEREZ
ESQUENAZI VIGIL & NIETO
283 Catalonia Avenue
Coral Gables, Florida  33134
Telephone: 305.476.7105
Facsimile: 305.476.7102

---

[1] Mr. Halmos believes the document from PHS was either given to INA prior to the litigation, or produced during the litigation. First, the document was produced in the Sol litigation as a result of a subpoena requesting all documents detailing conversations with ACE/INA. Thus, the document would not have been produced in the Sol litigation had it not been given to ACE/INA prior to the subpoena. Second, the document details an incident in which Mr. Halmos was injured and which he believes he either sent the document to INA as a result of the incident or had conversations with INA regarding the document and the incident. Again, Mr. Halmos is in the process of checking his files.

[2] As INA has so artfully pointed out, the last two responses to the prior sanctions motion contained Mr. Halmos's affirmation. The fact of the matter is, that in those responses undersigned counsel had the opportunity to inquire of Mr. Halmos, and Mr. Halmos had sufficient time to review his records at his own pace and confirm the truthfulness of the response. In this case, with the shortened time frame, and Mr. Halmos's condition, he could not.

[3] The Court should note that this is the exact issue Plaintiffs' counsel is concerned with in respect to setting the trial prior to Mr. Halmos's health improving. Mr. Halmos is in no position to assist counsel in preparing for trial, let alone be present at trial and assist counsel in cross examination of witnesses.

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

By: /s/ Joseph P. Klock, Jr.

THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone:  (305) 296-5676
Facsimile:  (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD &
SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone:  (305) 294-9556
Facsimile:  (305) 292-1982
jack@spottswood.com

PETER HALMOS, pro se
c/o Meyers & Associates, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418
Telephone:  (561) 249-1712
Facsimile: (561) 249-1709

gail@meyerscpa.com

By: [signature]

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## CERTIFICATE OF SERVICE

I hereby certify that on 23rd day of February 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Juan Carlos Antorcha

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

### Service List

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida  33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Telephone: (713) 629-1580
Facsimile:  (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant,
Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan
HORAN, WALLACE &
HIGGINS, LLP
608 Whitehead Street
Key West, FL  33040
Telephone:  (305) 294-4585
Facsimile:  (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne
& Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL  33134
Telephone:  (305) 443-4850
Facsimile:  (305) 443-5960

4851-0512-0264, v.  1