IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**CASE NO. 08-10084-CIV-MARTINEZ/BROWN**

PETER HALMOS, et al.,

        Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.,

        Defendants.

_____/

### PLAINTIFFS' NOTICE REGARDING ORDER CONTINUING TRIAL

In the February 22, 2011 hearing, the Court altered its preliminary ruling regarding the appointment of experts, ruled that it would for now accept the opinions of the experts provided by Plaintiffs as true and correct and would not make court appointments, continued the trial date to May 2, 2011, and indicated that it would enter an order on February 28, 2011 which, *inter alia*, would bar "Mr. Halmos from participating in any proceeding in this case unless and until permitted to by all three of his medical practitioners and by the Court." *February 22, 2011 Tr. 8/6-9.*

In its oral ruling of February 22, the Court allowed the parties to furnish a brief memo and case law limited solely to the issue of whether the intended order as read was "legally incorrect". In response, the Plaintiffs furnish to the Court case law which support the fact that it would be impermissible for the Court to try this case without Mr. Halmos's participation and to deny Mr. Halmos the requested continuance.

It is axiomatic that the issue of granting a continuance is within the sound discretion of the trial court. *See Gastaldi v. Sunvest Resort Communities, LC et. al.,* 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010)(Judge Altanoga), *citing Arabian Am. Oil Co., v. Scarfone,* 939 F.2d 1472,

1479 (11th Cir. 1991). "Yet such discretion is not without its limits; in this district a court may grant a continuance of a trial only on exceptional circumstances. . . .Nor may a court deny a continuance when the need for one is warranted." *Id. citations omitted.* This Circuit considers the following factors when reviewing whether a trial court abused its discretion in denying a motion to continue:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the extent to which the moving party might have suffered harm as a result of the district court's denial[1].

Each of these factors in the present case support a continuance of at least three months, if not six months, as opposed to the Court's two months.

First, the matter is "ready" for trial. Both parties have moved diligently in preparing the case for trial – and it is in fact ready for trial.

Second, both doctors indicated that a continuance is needed for Mr. Halmos' health to improve. While the doctors did not indicate he would improve, the fact is that neither doctor gave an indefinite amount of time that was needed. One physician stated three to six months, the other, stated six months. Thus, indicating Mr. Halmos should be ready for trial in six months.

Third, the Court has never alluded to the fact that a continuance may inconvenience it, besides its calendar. Further, there is no prejudice to INA. The parties have acknowledged that a stay should be entered during the continuance. Further, as it stands right now, INA is merely floating the monies it may have to pay out to Plaintiffs.

---

[1] *Id. citing Romero v. Drummond Co.,* 552 F. 3d 1303, 1320 (11th Cir. 2008).

2

Fourth, should this Court not grant the requested continuance in its entirety, Plaintiffs will be harmed. Not only is Mr. Halmos a party,[2] *Mr. Halmos is also all three Plaintiffs' essential main fact witness.* Further, he is needed at the trial to assist counsel in cross-examination of witnesses and general trial preparation. While the Court is correct in observing that Mr. Halmos has been deposed extensively thus far, the Court obviously knows that that testimony will not be useful as ordered or as to content for putting on his or the corporate plaintiffs' cases.

### a. It is Reversible Error to Refuse the Continuance Requested by Plaintiffs

While Plaintiffs have not found a case within this circuit or district, there are several federal cases and a few Florida state court cases that have held that it is an abuse of discretion and a denial of due process for this court to deny the continuance plaintiffs requested as a result of Mr. Halmos' illness. *See Harrah v. Morgenthau,* 89 F.2d 863 (D.C. Cir. 1937)(refusal to grant continuance where a plaintiff was his only witness and was so seriously ill that his appearance in court would probably have resulted in his death is error.); *Gaspar v. Kassem,* 493 F. 2d 964 (3rd Cir. 1974)(it is an abuse of discretion to deny continuance and new trial when defendant is in Syria and unable to return for trial due to illness, irrespective of the annoyance to the trial judge's calendar); *Latham v. Crofters, Inc.,* 492 F.2d 913 (4th Cir. 1974)(it is an abuse of discretion to deny motions for continuance and for new trial when president of defendant corporation, who was an essential witness, was unable to appear at trial due to a very severe heart attack); *Davis v. Operation Amigo, Inc.,* 378 F. 2d 101 (10th Cir. 1967)(illness of litigant severe enough to prevent him from appearing for trial is always a legitimate ground for seeking a

---

[2] While not wishing to put words in the Court's mouth, it appears that the Court believes that Mr. Halmos's problem can be mostly cured by having a lawyer represent his *pro se* claims. This ignores his right to represent himself and the need of both himself, and a lawyer if he hired one, to be able to access the resources that he has traditionally provided in the presentation of his *pro se* claims and the corporate lawyers to represent him and prepare for trial, which the doctors agree is not the case now and will not be for the times indicated.

continuance.); *Marin v. Commissioner of Social Security*, 535 F. Supp. 2d 1263 (M.D. Fla. 2008)(it is indisputable that the ability to cross examine witnesses is fundamental to due process); *SSJ Mercy Health Systems, Inc., v. Posey*, 756 So. 2d 177 (Fla. 4th DCA 2000)("when undisputed facts reveal that the physical condition of either counsel or client prevents fair and adequate presentation of a case, failure to grant a continuance is reversible error."); *Minakan v. Husted*, 27 So. 3d 695, 698 (Fla. 4th DCA 2010)(due process requires that a party be given the opportunity to be heard and to testify and call witnesses on the party's behalf and the denial of this right is fundamental error.); *Monahan v. Washburn*, 507 N.E.2d 1045, 1047 (Mass. 1987)("the legitimate illness of a litigant is generally 'good cause' for granting a continuance.")

### b. Denial of Plaintiffs' Due Process Rights If This Court Bars Mr. Halmos From The Trial

As to barring a party from a case as a result of his medical condition, this issue has been addressed by the United States Court of Appeals for the Sixth Circuit. In *Helminski v. Ayerst Laboratories*, 766 F.2d 208 (6th Cir. 1985), in a highly analogous situation, the court was faced with whether or not a trial judge could bar a infirm plaintiff from the court room as a result of an alleged affect the presence of the that individual may have on the jury and the prejudice claimed by the opposing party therefrom. It ruled:

> We believe that the extent of a civil litigant's right to be present at trial is appropriately analyzed under the due process clause of the Fifth Amendment. Consistent with due process the right to be present may be sufficiently protected in the party's absence so long as the litigant is represented by counsel. . . . Nonetheless, since an attorney is merely the representative or agent of the litigant and not the litigant's "alter ego", a court may not exclude arbitrarily a party who desires to be present merely because he is represented by counsel; such exclusion would violate the due process clause of the Fifth Amendment.[3]

---

[3] Id. at 213.

The Sixth Circuit went on to consider "what circumstances might, consistent with due process, justify involuntary exclusion of a party." After analyzing each possible situation regarding a witness' mental and physical health, the court held "absent disruptive behavior, involuntary exclusion of a party who is able to comprehend the proceedings and aid counsel would constitute a denial of due process since exclusion of such a party would deny him the right to obtain a fair trial. *Id. at 217.*

The Court has set the matter for trial a little over two months from the date of the medical opinions. Those same unrebutted medical opinions indicated that Mr. Halmos would need a minimum of a three, and more like a six month stay in the proceedings so that his health could recover. Clearly, the Court is envisioning a trial without Mr. Halmos being present should it proceed on May 2, 2011, as that is *before the time that the medical experts suggested.* Respectfully, the Court should have set a trial date well into the "recovery period" to give Mr. Halmos the opportunity to attend the trial. The matter will be stayed, and the parties and the Court have effectively positioned the case in which all that would remain is for the matter to be tried. Thus, there is no harm to either party to continue the matter and set it for trial towards the latter end of the "recovery period." Be that as it may, if the Court proceeds as is, the denial of the requested continuance of six months is reversible error, and, barring Mr. Halmos from trial is, more than likely, a denial of Mr. Halmos' due process rights to a fair trial.

                                              Respectfully submitted,

                                              Joseph P. Klock, Jr.  FBN 156678
                                              Juan Carlos Antorcha FBN 0523305
                                              RASCO KLOCK REININGER PEREZ
                                              ESQUENAZI VIGIL & NIETO
                                              283 Catalonia Avenue
                                              Coral Gables, Florida  33134
                                              Telephone: 305.476.7105
                                              Facsimile: 305.675.7707

By: */s/ Joseph P. Klock, Jr.*

THE LAW OFFICE OF HUGH J. MORGAN
Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone: (305) 296-5676
Facsimile: (305)296-4331
hugh@hjmorganlaw.com

SPOTTSWOOD, SPOTTSWOOD &
SPOTTSWOOD
Jack Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: (305) 294-9556
Facsimile: (305) 292-1982
jack@spottswood.com

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## **CERTIFICATE OF SERVICE**

I hereby certify that on 25th day of February 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Juan Carlos Antorcha

## Service List

Frank J. Sioli
Zascha B. Abbott
BROWN SIMS P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott Bassman
Dara Jebrock
Counsel for Defendant, Strickland
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Facsimile: 305.373.2294
dara.jebrock@csklegal.com
scott.bassman@csklegal.com

David P. Horan
HORAN, WALLACE &
HIGGINS, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne &
Cabeza
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

4817-1979-3416, v. 1