UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, et al.,

                      *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

                      *Defendants.*

## INSURANCE COMPANY OF NORTH AMERICA'S RESPONSE TO PLAINTIFFS' NOTICE OF CLARIFICATION (D.E. 1305) AS PERMITTED BY D.E. 1311 AND PROVISION OF INFORMATION REQUESTED BY THE COURT

I.    INA's Response:    Insurance Company of North America ("INA") files this Response to address the accuracy of certain representations made by Plaintiffs in D.E. 1305. In support thereof, INA quotes particular statements from D.E. 1305, and below each statement explains why the statement is inaccurate:

A.    Statement: "Mr. Halmos believes [that the March 16, 2005 letter] from PHS was either given to INA prior to the litigation, or produced during the litigation." (D.E. 1305, fn 1.)

Comment: INA already demonstrated that the document was not produced by Plaintiffs. The March 16, 2005 letter was recently produced by Upham in response to INA's third party subpoena. Plaintiffs' affirmative representation that the March 16, 2005 letter was given to INA is contrary to the reasons advanced by International Yachting Charters Ltd. and Peter Halmos in support of the entry of a confidentiality/protective order in the Upham Litigation.[1] Mr. Sharpstein, on behalf of International Yachting Charters Ltd. and Peter Halmos,[2] offered the following explanation in support of the entry of the confidentiality/protective order:

In November of last year, I began to communicate with Mr. Dominguez[3] and Mr.

---

[1] The term "Upham Litigation" refers to the case captioned International Yachting Charters Ltd. et. al. v Upham et. al., Case No. 50 2003 CA 004410 XXON AN, Palm Beach County, FL
[2] The transcript of the May 7, 2009 hearing before Judge Cox in the Upham Litigation reveals that Mr. Sharpstein represents both Peter Halmos and International Yachting Charters Ltd. in that hearing. (Cox Hr'g Tr. (May 7, 2009) at 2:2 in the Upham Litigation.) (Exhibit A)
[3] Counsel for Upham.

1

> Perry[4]...and request a confidentiality order, protective order. I'll give you the history of that, but the fundamental reason why we [want] that is the records that are going to be produced are private records of IYC, a closely held corporation, that owns the boat in question, Legacy and Mr. Halmos...Mr. Halmos is involved in other litigation, particularly with the Legacy. After this accident which is the subject matter of this case, the Legacy was moored in Key West during Hurricane Wilma and...there has been a lot of litigation involving that, but right now there is a pending case against Ace Insurance Company[5] which is the insurer...So [we] bring this up and don't want this case to be a sharing for them to get unfair advantage for Ace. We believe [Upham] are looking to either assist Ace or deal with them. We are not saying [Upham] are not entitled to [the documents] they certainly are. We just want the protective order and confidentiality agreement so that [these] documents remain confidential in this litigation. They can use it and not provide it to this other company [ACE] who has pending litigation at this time...

(Cox Hr'g Tr. (May 7, 2009) at 4:19 to 6:10 in the Upham Litigation) (Exhibit A).

A copy of the "Agreed Confidentiality Protective Order," in the Upham Litigation is attached hereto as Exhibit B (as requested by the Court in D.E. 1311). Plaintiffs' representations to Judge Cox do not reflect any intention to produce documents to INA. In contrast, they evince Plaintiffs' plan to prevent INA from securing the discovery to which INA was entitled, in contravention of their obligations under Fed.R.Civ.P. 26.

Mr. Halmos' unsupported conjecture about what he "believes" was produced does not satisfy the minimum investigatory standards imposed as a prerequisite for filing a motion or paper with the Court. *Gutierrez v. City of Hialeah*, 729 F.Supp. 1329 (S.D.Fla. 1990) (holding that Rule 11 places an affirmative duty to inquire into the factual basis of a paper before filing it with the court. A signor can no longer rely solely on his personal interpretation of the facts, conclusory allegations of fact, speculation, suspicion, rumor or surmise to sustain a reasonable belief). Plaintiffs failed to perform their obligation to independently investigate Mr. Halmos' beliefs.

B.  Statement: "First, the document was produced in the Sol litigation as a result of a subpoena requesting all documents detailing conversations with ACE/INA. Thus the document would not have been produced in the Sol litigation had it not been given to ACE/INA prior to the subpoena." (D.E. 1305 at 2 (fn 1)).

---

[4] Counsel for Rybovich Spenser.
[5] Plaintiffs improperly refer to the insurance carrier as "Ace" or "ACE/INA;" however, the name of the insurer is Insurance Company of North America.

Comment: Plaintiffs' argument is a *non sequitur*, as the March 16, 2005 letter does not mention INA or any conversations Halmos had with INA. Rather, the letter is directed to Perini Navi, the vessel manufacturer, and addresses manufacturing defects in the *Legacy*. INA reviewed the documents recently produced by Upham and Spencer Boat in the Upham Litigation. Based upon INA's review of that production, the March 16, 2005 Letter falls squarely within the scope of Request Two of Upham's Request for Production. Request Two reads as follows:

> Request No. 2: All documents, records and things, evidencing communications with Perini Navi after September 15, 2001, related to LEGACY.

Request No. 2, in Plaintiffs' Responses and Objections to Defendant Upham's Request for Production. (Exhibit C).

C. Statement: "Second the document details an incident in which Mr. Halmos was injured and which he believes he either sent the document to INA as a result of the incident or had conversations with INA regarding the document and incident." D.E. 1305 at 2 (fn 1).

Comment: Plaintiffs attempt to explain the fact that INA is not mentioned in the March 16, 2005 letter by asserting that the March 16, 2005 letter "details an incident in which Mr. Halmos was injured…." D.E. 1305 fn 1. While the March 16, 2005 letter describes an awful smell aboard the *Legacy*, and Mr. Halmos' falling through a hatch while he was investigating the source of the smell, INA has no record of Mr. Halmos making a claim for this injury. In fact, INA explicitly asked Mr. Halmos whether he was asserting a bodily injury claim. See Letter from Pamela Harting-Forkey, Assistant Vice President, Marine to Peter Halmos (May 23, 2008) (Exhibit D) and Letter from Pamela Harting-Forkey, Assistant Vice President, Marine to Peter Halmos (July 2, 2008) (Exhibit E). Mr. Halmos never provided a substantive response to these inquiries and did not submit a bodily injury claim based upon the facts detailed in the March 16, 2005 letter.

Mr. Halmos initially asserted bodily injury claims in this litigation. See D.E. 1 at ¶ 18; D.E. 40 at ¶¶ 14, 29, 72, 110, 150, 184; D.E. 339 at ¶¶ 59, 127, 250, 352; and D.E. 505 at ¶¶ 60, 128, 311, 329. As prolific as Plaintiffs' pleadings have been, none of the allegations of bodily injury set forth in Plaintiffs' myriad Complaints, describe the bodily injury averred in the March 16, 2005 letter. Halmos resisted any efforts to secure discovery on any of his alleged medical conditions. Plaintiffs subsequently withdrew any claims for bodily injury in this litigation. E-

mail from Peter Halmos to Kenneth G. Engerrand and Frank Sioli (November 24, 2009) (stating that Halmos' medical records are not at issue until the "bad faith" case is heard and demanding immediate withdrawal of the subpoena) Exhibit F. The withdrawal of Halmos' bodily injury claims were specifically addressed during the course of the November 24, 2009 hearing before Special Master Klein:

> THE COURT: The only question is to Mr. Halmos. Let me see if we can word this very carefully, that you are making no claim for emotional, physical or mental injury arising out of the incidents that occurred as set forth in the Second Amended Complaint except that if the bad faith claim is allowed to stand, you may make some claim for damages, physical damages or emotional damages, arising out of the bad faith claim. But if the bad faith claim no longer exists, that's the end of any claim you're making for any physical, mental or emotional injury.
> MR. HALMOS: Correct.
> THE COURT: That solves that problem.

(Klein Hr'g Tr. (November 24, 2009) at 72:13 to 73:6) (Exhibit O).

D.   Statement: "Mr. Halmos could not remember whether or not the document was produced and when...It would have been unethical to have Mr. Halmos sign a verified pleading when he could not recall the exact details of what occurred, nor had the opportunity to confirm what he believed to be the case." (D.E. 1305 at 2.)

Comment: Notwithstanding counsel's ethical considerations, Mr. Halmos signed both D.E. 1291 and D.E. 1305. As explained by the Supreme Court, a signature on a pleading, motion or other paper by either a counsel or a party has the same effect: a certification to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive. *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). The argument that a party can make affirmative, unqualified misrepresentations to the Court as long as they are not sworn is a direct assault on Rule 11.

Plaintiffs' reliance on Mr. Halmos' belief about what was produced does not comport with Plaintiffs' obligation to independently conduct a "reasonable inquiry" of the facts. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252 (11th Cir. 1996)(holding that an attorney must make a reasonable inquiry into both the legal and factual bases of a claim prior to filing papers with the Court and cannot rely on his client, even if the client is a lifelong friend.)

Plaintiffs further contend that Mr. Halmos' health may have been a contributing factor to

the factual inaccuracies contained in D.E. 1291. However, not only were Plaintiffs required to conduct an independent inquiry, it is fair to conclude that Plaintiffs' counsel have heightened responsibilities when counsel are aware that their client has disabilities or shortcomings. *Bernal v. All American Investment Realty, Inc.*, 479 F.Supp.2d 1291 (S.D.Fla 2007)(attorney's responsibility heightened when attorney is aware of a client's disability or shortcomings). Plaintiffs did not discharge their obligations in this case.

II.    Information Requested by the Court: The Court has asked INA to "obtain and attach: (1) the Corness deposition; (2) a copy of the Second Amended Complaint from the Patton case; and (3) a copy of the confidentiality Order from the Upham case." Mr. Corness' deposition was taken both in this case and in the *Patton* case. INA attaches as Exhibit G the transcript of the Corness deposition taken in this case. Attached hereto as Exhibit H and I are the transcripts of the Corness deposition taken in the *Patton* case. INA has secured a copy of the docket sheet for the *Patton* case. Exhibit J. The docket sheet reveals that no "Second Amended Complaint" was filed in the *Patton* case. INA attaches a copy of the Complaint (Exhibit K) a copy of the Second Amended Counterclaim (which does not appear to have been filed) (Exhibit L), and a copy of the Amended Counterclaim (Exhibit M). A copy of the Confidentiality Order entered in the Upham case was previously referenced and attached hereto as Exhibit B.

## CONCLUSION

Plaintiffs have withheld material documents applicable to the condition of the *S/Y Legacy*. Plaintiffs' Notice of Clarification affords further support for INA's request for sanctions.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Insurance Company of North America respectfully requests that the Court sanction Plaintiffs as the Court deems just and proper and grant Defendant any and all other relief to which it may show itself justly entitled, whether at law, in equity, or in admiralty.

## CERTIFICATE OF SERVICE

I hereby certify that on **March 9, 2011**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BROWN SIMS, P.C.

By: __/s/ Frank J. Sioli__
Frank J. Sioli
Florida Bar No. 009652
Datran Two – Suite 1609
9130 South Dadeland Boulevard
Miami, Florida 33156
Telephone: 305.274-5507
Facsimile 305.274-5517

*Attorneys for Defendant, Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713-629-5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Mr. Jack Spottswood
Spottswood, Spottswood & Spottswood
500 Fleming Street
Key West, Florida 33040
Telephone: 305.294-9556
Facsimile: 305.292-1982
jack@spottswood.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
4540 PGA Blvd, Suite 216
Palm Beach Gardens, FL 33418
(via Certified Mail, return receipt requested & via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
Telephone: 561-650-0406
Facsimile: 561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com
(via CM/ECF)