UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case Number: 08-10084-CIV-BROWN

PETER HALMOS; INTERNATIONAL
YACHTING CHARTERS, INC.; and
HIGH PLAINS CAPITAL,

                  *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH AMERICA
and STRICKLAND MARINE INSURANCE, INC.
(f/k/a STRICKLAND MARINE AGENCY, INC.),

                  *Defendants.*
_____/


FILED by AOS D.C.
APR 06 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. – MIAMI

### INSURANCE COMPANY OF NORTH AMERICA'S AMENDED VERIFIED EMERGENCY MOTION FOR RELIEF FROM TRIAL ORDER AND/OR CONTINUANCE

The Defendant, INSURANCE COMPANY OF NORTH AMERICA ("INA"), by and through its undersigned counsel, hereby files this Amended Verified Motion for Relief from Trial Order and/or for Continuance, and in support thereof states as follows:

1. As this Court is aware this matter has been set for trial on numerous occasions, and the trial has been continued due to circumstances that have arisen solely with regard to the Plaintiff. The Defendant has been ready, willing, and able to try this case for quite some time and is ready to proceed now.

2. Unfortunately, the undersigned counsel, who is lead trial counsel for INA in this matter, is also lead trial counsel in an action styled *Jennifer Colon v. Wal-Mart, USA, LLC and Dex Products,* in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and has been specially set to start that trial involving

the wrongful death of an infant on April 25, 2011, and is expected to take eight trial days. (See Exhibit "A".)

3.  Prior to the receipt of the current Trial Order from this Court, Defendant and trial counsel were aware that they would be a back-up case starting May 2, 2011, and advised the State Court action of the back-up status. Counsel was monitoring the other case scheduled before this Court and was awaiting a resolution of the trial status before doing anything further.

4.  Now that this Court has in fact set the trial in this matter for certain to start May 2, 2011, the Defendant has an irreconcilable conflict and would suggest to this Court that it speak to the Judge in the *Colon* matter, Judge Jennifer Bailey (305/349-7152), as suggested by the "Resolution of the Florida State-Federal Judicial Council Regarding Calendar Conflicts Between State and Federal Courts," to resolve the undersigned counsel's conflict since he cannot be at both places at one time, starting May 2, 2011. (See Exhibit "B".)

5.  Both cases are similar cases involving many witnesses and a high cost of litigation.

6.  Undersigned counsel has filed a similar Motion in the *Colon* matter and would respectfully request that the two judges discuss this matter. Undersigned counsel would also respectfully suggest that he be allowed to conduct and finish the trial in the *Colon* matter, which as been set several times previously, and have several additional days in which to prepare for the trial before this Court, and then start on May 9, 2011 if possible. Undersigned counsel and his client needs at least several days to prepare for this Trial.

Case Number: 08-10084-CIV- BROWN

### CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for INA, Pete DeMahy, conferred with counsel for Plaintiff, JC Antorcha, regarding the filing of this Motion and the relief requested. Mr. Antorcha indicated that Plaintiffs are opposed to the relief sought herein. At Mr. Antorcha's explicit request to attach communications betweencounsel, the communication between the parties is attached hereto as Exhibit "C", as requested by Mr. Antorcha.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document was served on the above date on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by M/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing, on this ___6___ day of April, 2011.

DeMahy Labrador Drake Payne & Cabeza
Counsel for Insurance Company of North America
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL  33134
Tel: 305.443-4850/Fax: 305.443-5960

By: _____
    Clinton S. Payne
    FBN 0044644
    Pete L. DeMahy
    FBN 241822

3

Case Number: 08-10084-CIV- BROWN

## SIGNATURE NOTARIAL ATTESTATION

The statements contained in the foregoing Emergency Motion for Relief from Trial Order and/or for Continuance are true and accurate.

DATED at Miami-Dade County, FL this 6th day of April, 2011.

_____
**Pete L. DeMahy**
Print Name

**STATE OF FLORIDA** )
         Miami ) ss:
**COUNTY OF** Dade )

The foregoing instrument was acknowledged before me this 6th day of APRIL 2011, by Pete L. DeMahy, who is personally known to me and who did take an oath.

_____
Notary Public, State of Florida

My Commission Expires:



SUZETTE L. WECHSLER
MY COMMISSION # DD 968817
EXPIRES: March 19, 2014
Bonded Thru Notary Public Underwriters

4

Case Number: 08-10084-CIV- BROWN

## SERVICE LIST

Hugh J. Morgan
Law Office of Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone: (305) 296-5676
Facsimile: (305) 296-4331
hugh@hjmorganlaw.com

Joseph P. Klock, Esq.
Rasco Klock Reininger et al.
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
Telephone: (305) 476-7100
Facsimile: (305) 476-7102
jklock@rascoklock.com

Peter Halmos, pro se
4540 PGA Blvd, Suite 216
Palm Beach Gardens, FL 33418
Telephone: 561/249-1712
Facsimile: 561/249-1709

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr. PA.
Ver Ploeg & Lumpkin, P.A.
100 SE 2nd Street
30th Floor
Miami, FL 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Scott A. Bassman, Esq.
Valerie Jackson, Esq.
Cole, Scott & Kissane, P.A.
Counsel for Strickland Marine Ins.
Dadeland Centre II
9150 South Dadeland Blvd., Ste 1400
Miami, Florida 33156
Telephone: (305) 350-5303
Facsimile: (305) 373-2294
Scott.bassman@csklegal.com
Valerie.jackson@csklegal.com

Frank Sioli, Esq.
BROWN SIMS, P.C.
Co-Counsel for Insurance Company of North America
Datran One – Suite 908
9100 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-5517

David P. Horan, Esq.
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

C. Wade Bowden, Esq.
Jones, Foster, Johnston & Stubbs, P.A.
Counsel for IYC
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
West Palm Beach, FL 33402-3475
Telephone: (561) 650-0406
Facsimile: (561) 650-0430

5

ROUTING ☐ mp
☐ PLD ☐
☒ VMG ☐
☐ JP ☐

✓

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
Judicial Section: 03
Case No. 08-47501-CA-01

JENNIFER COLON

    Plaintiff(s),

v.

WALMART.COM, USA., LLC and DEX PRODUCTS

    Defendant(s).

UNIFORM ORDER SETTING CAUSE FOR JURY TRIAL, AND PRE-TRIAL INSTRUCTIONS

1ST April 25TH

    THIS CAUSE is set for Jury Trial before the undersigned Judge in a courtroom assigned for his/her use in the Dade County Courthouse, 73 West Flagler Street, Miami, Florida, for six (6) days commencing **April 18, 2011**, or as soon thereafter as the same may be heard.

    All attorneys should be thoroughly familiar with the cause and prepared to consider and determine such matters as are set forth in Rule 1.200(b). Failure to appear as directed or to otherwise strictly comply with the terms of this Order may result in sanctions, including dismissing the action, striking the pleadings, limiting proof or witnesses or taking any other appropriate action. It is further

    ORDERED AND ADJUDGED as follows:

*[handwritten: Prior pretrial deadlines stand.]*

    1.    The parties shall do all things reasonable and necessary to assure the availability of their witnesses for the entire trial period or to otherwise preserve their testimony for trial as provided by the Florida Rules of Civil Procedure. See Rules 1.300 and 1.460, F.R.Civ.P. and Rule 2.085 of the Florida Rules of Judicial Administration.

    2.    The following shall be done no later than sixty (60) days prior to the Monday of the trial period set forth above:

        (a)    Parties shall furnish opposing counsel with the names and addresses of all expert witnesses to be called at trial and all information regarding expert testimony that is required by Rule 1.280(4)(A). Each party is limited to one expert per specialty. No other expert testimony shall be permitted at trial. Information furnished pursuant to this paragraph shall be timely filed with the Clerk of the Court.

    3.    The following shall be done no later than forty-five (45) days prior to the Monday of the trial period set forth above:

        (a)    Parties shall furnish opposing counsel with a written list containing the names and addresses of all non-expert witnesses (impeachment, rebuttal or otherwise) intended to be called at trial and only those witnesses listed shall be permitted to testify. A written list identifying all exhibits intended to be offered shall also be furnished to opposing counsel and only those exhibits may be

ORDER SETTING JURY TRIAL, PRE-TRIAL CONFERENCE AND PRE-TRIAL INSTRUCTIONS - Case No.: 08-47501-CA-01
Docname: gj_jury_trial

Page 1 of 2

EXHIBIT
A

offered in evidence. Copies of witness and exhibit lists shall be timely filed with the Clerk of the Court.

(b) All exhibits to be offered in evidence at trial shall be made available to opposing counsel for examination and initialing.

(c) All plaintiff medical evaluations and other examinations pursuant to Rule 1.360 F.R. Civ.P. shall have been completed.

4. The following shall be done at least fifteen (15) days prior to the Monday of the trial period set forth above:

(a) All pre-trial motions, depositions noticed for use at trial and/or discovery matters or proceedings related thereto shall have been completed. **Counsel are admonished to undertake, initiate and/or complete all discovery in such a manner as to comply with the time limitations set forth herein. No further discovery procedures or depositions for preservation of testimony shall be allowed without specific leave of Court or Court-approved written agreement of counsel.**

(b) Counsel shall meet with a view toward exhausting all efforts to reach a settlement.

5. Counsel shall immediately notify this Court in the event of settlement and submit a Stipulation for and Order of Dismissal. Counsel shall also notify the Court of any pending hearings that will be canceled as a result of the settlement.

6. In the event the Trial of this matter is continued, then each time limitation and provision contained above shall apply as to the new trial date.

**DONE AND ORDERED** in Chambers, at Miami, Dade County, Florida, on this ___8___ of March, 2011.

Jennifer D. Bailey
CIRCUIT COURT JUDGE

IT IS HEREBY CERTIFIED that a true copy of this Order was mailed to each attorney of record and/or party appearing without counsel on the above date, as follows:

Original to Court File

Copies furnished to:
Donald Norton, Esq.  2525 N State Road 7  Hollywood, FL 33021
Pete DeMahy, Esq.  150 Alhambra Circle, PH, Coral Gables, FL  33134
Todd Enrenreich, Esq.  2601 S Bayshore Dr #650  Miami, FL 33133
John Crabtree, Esq.  328 Crandon Blvd #225  Key Biscayne, FL 33149

"If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Miami-Dade County Court's ADA Coordinator at Lawson E. Thomas Courthouse Center, 175 N.W. 1st Ave., Suite 2702, Miami, FL 33128, telephone numbers (305) 349-7175 for voice or (305) 349-7174 for TDD and 349-7355 for fax, within two working days of your receipt of this document. TDD users may also call 1-800-955-8771 for the Florida Relay Service."

ORDER SETTING JURY TRIAL, PRE-TRIAL CONFERENCE AND PRE-TRIAL INSTRUCTIONS - Case No.: 08-17501-CA-01
Docname: gl_jury_trial

Page 2 of 2

f all circuit judicial g shall be convened considering amend-

January 8, 1985.
January 31, 1989

# RESOLUTION OF THE FLORIDA STATE–FEDERAL JUDICIAL COUNCIL REGARDING CALENDAR CONFLICTS BETWEEN STATE AND FEDERAL COURTS

*Research Note*

Use WESTLAW® to find recent cases citing this resolution. In addition, use WESTLAW to find a specific term or to update this resolution; see FL-RULES and FL-RULESUPDATES Scope screens for further information.

### Revision

*Revised and readopted January 13, 1995*

WHEREAS, the great volume of cases filed in the state and federal courts of Florida creates calendar conflicts between the state and federal courts of Florida which should be resolved in a fair, efficient and orderly manner to allow for judicial efficiency and economy; and

WHEREAS, the Florida State–Federal Judicial Council which represents the Bench and Bar of the State of Florida believes that it would be beneficial to formally agree upon and publish recommended procedures and priorities for resolving calendar conflicts between the state and federal courts of Florida;

NOW, THEREFORE, BE IT RESOLVED

In resolving calendar conflicts between the state and federal courts of Florida, the following case priorities should be considered:

1. Criminal cases should prevail over civil cases.
2. Jury trials should prevail over non-jury trials.
3. Appellate arguments, hearings, and conferences should prevail over trials.
4. The case in which the trial date has been first set should take precedence.
5. Circumstances such as cost, numbers of witnesses and attorneys involved, travel, length of trial, age of case and other relevant matters may warrant deviation from this policy. Such matters are encouraged to be resolved through communication between the courts involved.

Where an attorney is scheduled to appear in two courts—trial or appellate, state or federal—at the same time and cannot arrange for other counsel in his or her firm or in the case to represent his or her client's interest, the attorney shall give prompt written notice to opposing counsel, the clerk of each court, and the presiding judge of each case, if known, of the conflict. If the presiding judge of a case cannot be identified, written notice of the conflict shall be given to the chief judge of the court having jurisdiction over the case, or to his or her designee. The judges or their designees shall confer and undertake to avoid the conflict by agreement among themselves. Absent agreement, conflicts should be promptly resolved by the judges or their designees in accordance with the above case priorities.

In jurisdictions where calendar conflicts arise with frequency, it is recommended that each court involved consider appointing a calendar conflict coordinator to assist the judges in resolving calendar conflicts by obtaining information regarding the conflicts and performing such other ministerial duties as directed by the judges.

REVISED AND READOPTED at Miami, Florida, this 13th day of January, 1995.

EXHIBIT B

**From:** Pete DeMahy <pdemahy@dldlawyers.com>
**Date:** Wed, 06 Apr 2011 09:36:17 -0400
**To:** Juan Carlos Antorcha <jantorcha@rascoklock.com>
**Conversation:** Halmos
**Subject:** Re: Halmos

JC, with all the accommodations you have received, I hardly think this is appropriate. You know how accommodating Judge Brown has been, the trial is non-jury, and he will accommodate your witnesses schedule easily, even out of turn, I am sure. By the way, which witness?

**Pete DeMahy, Esq.**



Alhambra Center - Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: 305.443.4850
Facsimile: 305.443.5960
www.dldlawyers.com



AV* Martindale-Hubbell Peer Review Rated

Confidentiality Notice: This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to PDeMahy@DLDLawyers.com, or by telephone at (305) 443-4850 and then delete the message and its attachments from your computer.

---

**From:** Juan Carlos Antorcha <jantorcha@rascoklock.com>
**Date:** Wed, 6 Apr 2011 09:20:48 -0400

Page 1 of 4



EXHIBIT C

**To:** Pete DeMahy <pdemahy@dldlawyers.com>
**Conversation:** Halmos
**Subject:** RE: Halmos

Please attach my email then—don't think accommodating our witnesses and accommodating you as well is a "black mark."

**From:** Pete DeMahy [mailto:pdemahy@dldlawyers.com]
**Sent:** Wednesday, April 06, 2011 9:19 AM
**To:** Juan Carlos Antorcha
**Subject:** Re: Halmos

I will re file it, and tell the judge you don't agree, another black mark to you guys.

Pete DeMahy, Esq.


Alhambra Center - Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: 305.443.4850
Facsimile: 305.443.5960
www.dldlawyers.com



-
Confidentiality Notice: This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to PDeMahy@DLDLawyers.com, or by telephone at (305) 443-4850 and then delete the message and its attachments from your computer.

---

**From:** Juan Carlos Antorcha <jantorcha@rascoklock.com>
**Date:** Wed, 6 Apr 2011 08:59:51 -0400
**To:** Pete DeMahy <pdemahy@dldlawyers.com>

**Conversation:** Halmos
**Subject:** RE: Halmos

Pete:

Thanks for your email. I have checked with our folks. Unfortunately, we have a problem, not only because we asked for three months more to accommodate Peter's recuperation, but because we have two key witnesses that will be unavailable if we start on May 9, but would be available if the trial begins on May 2 or the first week of June. As you know, we have been seeking a longer delay before trial so that Peter has sufficient time to rest, but the judge has over-ruled that concern, and set the trial for May 2. Thus, if the judge either keeps the trial on May 2 or moves it to June 1, we would be O.K. with it. Please let me know how you wish to proceed.

Thanks. JC


**From:** Pete DeMahy [mailto:pdemahy@dldlawyers.com]
**Sent:** Tuesday, April 05, 2011 10:41 AM
**To:** Juan Carlos Antorcha
**Subject:** Halmos

Hi JC, I am sure you saw my motion on the trial date. Brown denied it without prejudice because you and I did not confer, I never thought of that frankly, so here goes. Do you have any objection if we start the 9th?



Pete DeMahy, Esq.

 Alhambra Center · Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: 305.443.4850
Facsimile: 305.443.5960
www.dldlawyers.com



-
Confidentiality Notice: This e-mail transmission and any documents, files or previous e-mail messages

Page 3 of 4

attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is strictly prohibited. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to PDeMahy@DLDLawyers.com, or by telephone at (305) 443-4850 and then delete the message and its attachments from your computer.

------ End of Forwarded Message