08-10084.o59

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

### ORDER RE: CORRECTED PLAINTIFFS' VERIFIED MOTION FOR OTHER RELIEF

**This matter** is before this Court on Corrected Plaintiffs' Verified Motion for Other Relief... (D.E. 1337). The Court has reviewed the Motion, and all pertinent materials in the file. To be kind, this motion is perplexing.

In the first place, an original motion was filed (D.E. 1335) which was in violation of Local Rule 7.1(c) in that it exceeded the page limits, as pointed out in the "sort of" response ("response") to that motion. This resulted in the instant motion - which is still in violation of the Local Rules, specifically, Rule 5.1(a)(4) (font size).

In addition, plaintiffs state the motion was filed in the week prior to trial because it could not be filed earlier ... according to plaintiffs, because there was a "stay" in effect that "ended". This

1

Court has neither any idea what "stay" is being referred to nor when it ended. See Mot. n. 1.

What this Court is aware of is that this motion attempts to address an Order entered March 22, 2011, on a motion (D.E. 1275) which was fully briefed as of February 22, 2011 - until plaintiffs thereafter filed a Notice of Clarification that was accepted by the Court, which then afforded defendant an opportunity (with specific parameters) to respond to same, and the Order followed. What this Court is also aware of is that on March 2, 2011, an Order was entered (orally announced at the hearing of February 22, 2011) that stated "all proceedings in the case are frozen, except as modified by the Court on proper motion". No such motion was ever filed as it regards the relief requested in the instant motion. Giving plaintiffs all the benefit of the doubt, the "freeze" could be construed as a "stay" - but there's no expiration date attached to same.

If this motion requires expedited briefing, why wasn't a motion filed as provided for in the March 2, 2011, Order? Plaintiffs - again being given all the benefit of the doubt, might say it's because of Mr. Halmos' health. However, this Court, in that same Order stated in pertinent part, "Mr. Halmos is barred from participating in any proceedings in this case unless and until permitted to by all three of his medical practitioners and by the Court". No such medical clearance has been sought from this Court, much less granted - yet the instant motion is verified and signed by Mr. Halmos. So, while he complains earlier that the Order in question couldn't be responded to because he was precluded from responding, nothing, legally has changed - but this motion has been filed.

The timing of this motion, as pointed out in the "response" is questionable, at best. Much of the material in this motion - if not all of it - was available to plaintiffs prior to their response to the original motion and their Notice of Clarification. This is, in effect, a third attempt at responding to the original motion. As to the complaint about not setting an evidentiary hearing ... there was no request for same in either the response or the Notice of Clarification. Since the Notice of

Clarification admitted that misrepresentations were made in the response to the original motion and that the document(s) at issue may not have been produced, did plaintiffs not think sanctions would follow ... and did they not think this would occur without a hearing in light of said admissions? Plaintiffs' own words give rise to a Rule 11 sanction - there was no need for a hearing.

Having stated all of the above, if this Court were to turn to the merits of the motion it would have no choice but to, once again, continue this case - and one thing stands out in the motion - giving all of plaintiffs' arguments all due consideration, there is nothing in this motion that couldn't and/or shouldn't have been raised earlier ... but plaintiffs would have succeeded in obtaining yet another delay of the case. As this Court stated early on in this case, it appeared "to be about the journey, not the destination" (see, e.g., D.E. 1121). Nothing has happened to change that view ... except that the destination is now at hand.

However, turning briefly to the merits of the motion - plaintiffs confuse availability of information in general with compliance with rules and orders of the Court. They seem to think that the "end all" is prejudice or the lack of it. The applicable law, they might suggest, is that rules, laws, orders and the like are not important unless there's prejudice. No law, unimportant though it might be, has been cited in support of that proposition.

Plaintiffs address the seriousness of the sanctions by characterizing this Court's sanctions as flowing from the plaintiffs' failure "to produce the final draft of the March 16, 2005 letter ..." (emphasis added) (Corr. Mot. p. 3). Those words "the final draft" are not in the Court's Order - at least in part because plaintiffs never raised this fact - though it surely was known long before this motion was filed. They then equate the fact that because somewhere out there the defendants knew of the information in the letter, to "no harm, no foul". That is simply not correct and, more importantly, not the law. That document will undoubtedly be offered as evidence in this case ... but

3

wouldn't have been had it not been discovered in the Upham documents. What is missing from plaintiffs' position is that - while, arguably, defendants were not prejudiced with regard to the general information contained in that document which they arguably were aware of from other sources (and this is NOT a finding of the Court, but merely an acceptance in favor of plaintiffs for the purpose of this motion), the defendants very likely would have been prejudiced from the inability to offer the document(s) at issue ... and plaintiffs' actions as discussed in D.E. 1319 were sanctionable in any event. The Court learns now, for the first time one week before trial, that there were drafts of the non-produced document.

Ironically, plaintiffs complain about the severity of the sanctions imposed when the Court, as that Order reflected, very seriously considered the sanction of dismissal but opted for the lesser sanctions imposed. Plaintiffs suggest the sanctions imposed are too severe for "allegedly not producing one, specific document ...". Apparently plaintiffs believe that each transgression stands on its own and the Court has no right to look back at the history of this case and at the history of prior transgressions. Having so stated, however, the Court does find that at least two matters in the motion need to be addressed by defendants.

In the first place, this Court made the sanctions applicable as to any documents produced in the Upham case. Plaintiffs raise the question of why these sanctions should apply as to documents already properly produced in the instant case. The Court finds this position interesting, since plaintiffs have steadfastly, in several filings, taken the position they couldn't produce these materials because of the Confidentiality Order in Upham. Secondly, why shouldn't plaintiffs be allowed to utilize evidence already produced or testimony already given in response to the previously produced documents? The sanctions will prevent the introduction of new materials or new testimony.

Therefore and the Court being otherwise fully advised in the premises it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Corrected Plaintiffs' Verified Motion for Other Relief... (D.E. 1337) is **DENIED**, except as stated below.

2. Defendant shall be permitted up to five (5) pages to address the issues of previously produced materials and previously elicited testimony, or will be permitted to address same orally before the Court on Friday, May 6, 2011.

The Court adds a final point as a courtesy to plaintiffs. On page 16 of the motion, plaintiffs address a motion of former defendant Strickland (footnote 13) which the Court allegedly "has yet to rule on". Plaintiffs don't specify which motion they are talking about, but if they are referring to Sealed D.E. 1268, that motion was resolved long ago by Sealed D.E. 1282.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2d day of May, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record