UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, Individually and on behalf
of other insureds and pursuant to ACE-INA
Insurance contract, and INTERNATIONAL
YACHTING CHARTERS, INC.,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA,

    Defendant.
_____/

## ORDER ON MOTION TO VACATE CONSENT

THIS CAUSE came before the Court upon Plaintiff's Motion to Vacate Consent of Referral to Magistrate Judge **(D.E. No. 1343)**, which was filed on the eve of trial. The parties in this case previous consented to jurisdiction by United States Magistrate Judge Stephen Brown.

Rule 73(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(c)(4) provide that the district court may vacate a consent referral when a party shows "extraordinary circumstances." Plaintiff Halmos claims those extraordinary circumstances are present in this case.

Defendant Halmos claims, first, that Judge Brown attempted to compel him to consent to jurisdiction by stating during the September 10, 2009 status conference that the only way Plaintiff could receive an extension of time was to consent. During that status conference, Judge Brown stated, "[I]f you want more time, you are stuck with me to get you more time." In this

case, however, the undersigned has an independent recollection that before the September 10, 2009 status conference, the undersigned had already determined that the undersigned would not grant any further extensions of time. On September 3, 2010, a week before the status conference, the undersigned denied the parties' Joint Motion for Extension of Deadlines in Scheduling Order, Continuance of the Trial Setting, and Request for Expedited Consideration. (D.E. No. 238.) The statement by Judge Brown about which Plaintiff complains was nothing more than a simple statement of fact. It was not coercive to note that the undersigned denied the continuance sought by the parties. Judge Brown did not promise Plaintiff that he would grant a continuance if Plaintiff consented to jurisdiction. Instead, he merely noted that the undersigned had already made a determination regarding the continuance and that if the parties wanted someone else to make a determination on the issue, they could consent to jurisdiction. That is an accurate description of the effect of consent, made without promises or threats. To the extent that Plaintiff had an incentive to consent, it was based solely on the undersigned's already existent adverse ruling—which was made entirely on the merits of the motion in question—rather than on any statements by Judge Brown during September 10, 2009 hearing.

Plaintiff next asserts that consent should be withdrawn because Judge Brown formally asked him whether he would consent during the September 10, 2009 hearing. Specifically, Judge Brown asked Plaintiff individually about consent before Judge Brown asked the Defendants individually about consent.[1] Rule 73(b)(1) provides that "a magistrate judge may be informed of

---

[1] Before Judge Brown asked either party about consent individually, however, counsel represented to Judge Brown that the parties had all agreed to consent. Judge Brown asked the parties one at a time regarding consent only *after* counsel made that representation. Plaintiff's motion omits any mention of this portion of the transcript.

a party's response to the clerk's notice [regarding consent] only if all parties have consented to the referral." Fed. R. Civ. P. 73(b)(1). That rule refers, however, to the form from the clerk's office regarding consent. Rule 73(b)(2) expressly provides that the district judge and the magistrate judge may directly remind the parties of the magistrate judge's availability, provided that the parties are advised that they are free to withhold consent without adverse substantive consequences. Fed. R. Civ. P. 73(b)(2). It is undisputed that the parties in this case were so advised. Furthermore, in addition to advising the parties that they were free to withhold consent, Judge Brown openly expressed hesitancy about asking the parties one by one regarding consent, even simply to confirm that they had agreed to consent. Under the circumstances, Plaintiff clearly could have objected to being asked individually about consent. Plaintiff did not object. Judge Brown told Plaintiff that Judge Brown was asking Plaintiff to confirm his consent first because Plaintiff was "the first name on the list," and asked him if that was okay. Plaintiff replied, "That is okay." Then Judge Brown asked Plaintiff if he consented to jurisdiction by Judge Brown, and Plaintiff stated that he did. Eighteen months passed before Plaintiff—whose filings and extensive litigation experience demonstrate that he is familiar with the Federal Rules of Civil Procedure despite proceeding *pro se*—filed a motion to withdraw that consent. Under the circumstances, the undersigned finds that Plaintiff was not pressured into consenting. The undersigned further finds that Judge Brown's colloquy regarding consent does not provide "extraordinary circumstances" sufficient to withdraw consent.

    Plaintiff also asserts that statements made by Judge Brown warning the parties against "forum shopping" by moving the undersigned to withdraw the reference constitute "threats." Having read Judge Brown's statements, the undersigned finds that they are not threats.

Plaintiff also asserts that the reference should be withdrawn because Judge Brown acted as a mediator in the case. Plaintiff states that on two occasions, Judge Brown stated that only one Plaintiff objected to him being the mediator in the case, and Plaintiff asserts that Judge Brown "glared" at him from the bench when he said it. Plaintiff stated that "as I knew I had a jury trial and having no choice (of course hoping something positive might happen), I agreed to him conducting the compulsory mediation." Plaintiff later stated that "[u]nder no circumstances would I have agreed to a mediation with Judge Brown if I had anticipated any possibility that the case would be a [bench trial]." Plaintiff therefore admits in his own brief that he did have a choice and that he could have refused to agree to mediation with Judge Brown. Indeed, Plaintiff stated that he would have refused if he had anticipated Judge Brown's later rulings against him. The Court finds that Plaintiff was not coerced into using Judge Brown as a mediator and that Judge Brown serving as a mediator does not constitute the "extraordinary circumstances" necessary to withdraw the reference.[2]

Plaintiff next argues that the reference should be withdrawn because Judge Brown struck Plaintiff's jury demand. Plaintiff argues that Judge Brown was exposed to inadmissible evidence during mediation, so he should not be the trier of fact. Plaintiff does not seem to understand that during any bench trial the Court may be and likely will be exposed to inadmissible and unduly prejudicial evidence. When the judge in a bench trial issues findings of fact, the judge can be

---

[2] Plaintiff also asserts that at the conclusion of the mediation, Judge Brown engaged in an ex parte discussion with Plaintiff that made Plaintiff uncomfortable. Plaintiff does not expressly argue that this ex parte discussion provides grounds to withdraw the reference. Plaintiff stated that "I will not get deeply into the conversation," and the information he has provided does not constitute grounds, alone or in combination with the other factors he has raised, to withdraw the reference.

relied on to consider only the evidence that the court has admitted. *See Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("in bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions"). Plaintiff also points to dicta in a Fifth Circuit case stating that judges who conduct mediation should recuse themselves before becoming triers of fact. *See Becker v. Tidewater*, 405 F.3d 257, 260 (5th Cir. 2005). As dicta from another Circuit, however, this statement has no binding authority. Furthermore, Plaintiff has not filed a motion asking Judge Brown to recuse himself. In keeping with the Supreme Court's holding in *Harris v. Rivera*, the undersigned presumes that Judge Brown will not consider any "knowledge of adverse information not contained in the record" when he issues findings of fact. *Harris v. Rivera*, 454 U.S. at 346.

Plaintiff also argues that Judge Brown has demonstrated bias against him. He points specifically to Judge Brown's ruling that defense counsel tapping his foot against a deponent during a deposition did not provide Plaintiff grounds to terminate the deposition. The defense counsel testified that he tapped the deponent's foot by accident. The undersigned finds that Judge Brown's ruling does not demonstrate bias against Plaintiff. Similarly, the Court finds that Judge Brown's ruling denying Plaintiff's Request for A Ruling on Outstanding Discovery Motions and denying sanctions does not constitute grounds to withdraw the reference.

Plaintiff also argues that Judge Brown has attacked his credibility without an evidentiary hearing. Plaintiff points to Judge Brown's statement that Plaintiffs filed a notice of clarification when they "got caught with their hand in the cookie jar" regarding their failure to produce a certain document. Plaintiff also points to Judge Brown's statement that he found Plaintiffs' argument regarding trial scheduling to be "grossly incredible." These statements by Judge

Brown were made on the basis of arguments in open court and filings on the docket. They do not constitute "extraordinary circumstances" sufficient to justify withdrawing the reference.

Finally, Plaintiff asserts that Judge Brown has "banned" him from the trial. Plaintiff filed a motion for a continuance of this case asserting that his health problems required a continuance lasting a minimum of three to six months. Judge Brown issued a ruling in which he noted that this case, pending since 2008, had already been continued four times. He further noted that the medical opinions submitted by Plaintiff did not state with any certainty that a three to six month delay would put Plaintiff in any better health position. Judge Brown finally noted that the medical reports indicated that this litigation exacerbated Plaintiff's health condition. Judge Brown ruled that he would provide a two month continuance. He stated that Plaintiff could use the time to obtain counsel. Judge Brown also expressly provided that Plaintiff could proceed *pro se* if Plaintiff's health allowed it. Judge Brown stated, however, that if Plaintiff did not obtain counsel by the trial date, Judge Brown would consider Plaintiff's inability to appear and proceed *pro se* as evidence of an attempt to further delay trial in the case.

Courts have inherent authority to manage their trial dockets "so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Plaintiff Halmos cannot delay trial of this matter indefinitely simply by refusing to obtain counsel and then providing medical opinions stating that he cannot go to trial himself. Indeed, the medical opinions he provided do not state conclusively that he will ever improve, and they do state that this case worsens his condition. Judge Brown has the authority to limit the delay these factors can bring to this case. Furthermore, Judge Brown's order did not "ban" Plaintiff from trial. Instead, it stated that after a total of five continuances, Plaintiff must prosecute this case at

trial, even if this means he must obtain counsel to appear in his stead. The undersigned finds that alone or in combination with Plaintiff's other arguments, Judge Brown's ruling granting a two-month continuance does not constitute "extraordinary circumstances" justifying withdrawing the reference.

Plaintiff responded to adverse rulings by the undersigned by consenting to magistrate judge jurisdiction. Now, faced with adverse rulings from Judge Brown, he seeks to withdraw his consent. The Court finds that he has not shown "extraordinary circumstances" sufficient to warrant withdrawing the reference. It is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate Consent of Referral to Magistrate Judge **(D.E. No. 1343)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 2d day of May, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record