UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**CASE NO. 08-10084-CIV-MARTINEZ/BROWN**

PETER HALMOS, et al.,
    *Plaintiffs,*
vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.
    *Defendants.*
_____

**INSURANCE COMPANY OF NORTH AMERICA'S RESPONSE
TO PLAINTIFF'S MOTION TO DISMISS (D.E. 1351)
AND MEMORANDUM OF LAW IN SUPPORT**

Insurance Company of North America ("INA") files this Response to Plaintiff's Motion to Dismiss (D.E. 1351) and Memorandum of Law in Support, and in support thereof, INA would show:

**SUMMARY OF ARGUMENT**

INA's counterclaim seeks a declaration of rights under the terms of various insurance policies issued by INA to International Yachting Charters, Inc. ("IYC") and High Plains Capital ("HPC"). Plaintiff's Motion to dismiss the counterclaim is predicated on Plaintiff's bald assertion that INA is not the real party in interest in, and indispensible party to, the counterclaim, in spite of the fact that the only insurer issuing each of these policies is INA. Plaintiff's Motion is simply conclusory and unsupported argument. Even assuming Plaintiff's conclusory arguments have merit, which INA denies, Plaintiff Peter Halmos ("Halmos") does not have standing to assert these arguments since he moves to dismiss INA's Amended Counterclaim against IYC and HPC – not the portions of INA's counterclaim asserted against him personally. Further, Plaintiff's Motion is untimely. Finally, the only evidence before this Court is that INA issued the

1

applicable insurance policies, thus any declaration of rights with respect to those policies belong solely to INA. Therefore, Plaintiff's Motion should be denied.

Sanctions are proper in response to this frivolous filing. Plaintiff's Motion has absolutely no merit. Instead, it appears to be asserted as Plaintiff's last ditch effort to derail this trial. Such abuse of the legal process should not be tolerated.

### RESPONSE TO PLAINTIFF'S "FACTUAL" BACKGROUND

Halmos takes an isolated statement from this Court's Order on INA's Motion to Dismiss and assumes that it constitutes an adjudication that ACE Limited issued the insurance policies at issue in this case. (D.E. 1351, pp. 3-4). As an initial matter, the phrase "ACE Limited" is not found in the cited reference and, therefore, Halmos' arguments are entirely misplaced. (*See* D.E. 902). Further, this Court apparently took the pleadings at face value (as it must when considering a Motion to Dismiss) and simply repeated the allegations found within Paragraph 4 of Plaintiffs' Fourth Amended Complaint. (D.E. 688, ¶ 4). Finally, no part of the Court's Order can be determined to be an adjudication that ACE Limited issued the policies at issue. Instead, the only evidence is that those policies were issued by INA to IYC and HPC. (D.E. 688-2, p. 2, 688-3, p.2, 688-4, p. 2, 688-5, p. 2, and 688-6, p. 16). Therefore, Plaintiff's bald assertions are devoid of any evidentiary value.

Plaintiff next spends a page describing INA's Certificate of Interested Persons. (D.E. 1351, p. 4). INA admits that it contains the disclosure outlined in Paragraph 11 of Plaintiff's Motion. (D.E. 1351, p.4). This fact is not relevant, however, because ACE Limited is not in privity with IYC and HPC. INA issued the policies at issue to IYC and HPC. (D.E. 688-2, p. 2, 688-3, p.2, 688-4, p. 2, 688-5, p. 2, and 688-6, p. 16). Plaintiff's conclusion that "ACE LIMITED

is the parent of INA that issued the Policies to IYC and HPC" is immaterial and cannot serve as the basis for any relief.

Halmos takes another page describing information that he contends is found in A.M. Best's Insurance Report. (D.E. 1351, pp. 5-6). No evidence establishing these "facts" is attached to the Plaintiff's Motion. Therefore, these statements are merely unsupported assertions by Halmos. Further, there is nothing to support Halmos' ultimate conclusion that "ACE LIMITED is the real party in interest and/or an indispensible party to INA's counterclaim." (D.E. 1351, p. 5).

Halmos also contends that ACE Limited does not have a Certificate of Authority to transact insurance in Florida. (D.E. 1351, p. 6). Yet again, this is merely a conclusion unsupported by any evidence and it cannot serve as the basis for any relief. Moreover, Plaintiff has not proffered a scintilla of evidence to show why ACE Limited, the alleged ultimate parent of INA, is required to have any Certificate of Authority in the State of Florida.[1]

Halmos next contends that INA's name does not appear on any of the insurance payments. (D.E. 1351, p. 7). He cites to "Exhibit "C," but no such exhibit is found in the record. (*See* D.E. 1351 *generally*). Due to the lack of any admissible evidence, this entire argument is unsupported conjecture and should be ignored. (D.E. 1351, pp. 6-7).

Further, Halmos contends that certain documents were signed by individuals as officers of INA when these individuals were not officers of INA and, without any support, that ACE Limited could choose to repudiate those agreements. (D.E. 1351, pp. 7-8). Halmos provides absolutely no evidence to support his bald assertion that ACE Limited had a *legal right* to

---

[1] Plaintiff does not dispute, nor can he legitimately dispute, the fact that INA is a licensed insurer in the State of Florida. *See* http://www.floir.com/companysearch/each_comp.asp?PREDAY=5%2F20%2F2011+&IREID=101182&AUTHID=101182&FICTNAME=&CCRCNAME=&ADDRTYPE=ALL

repudiate any agreement between INA and Plaintiffs. (D.E. 1351, pp. 7-8). In fact, since only INA and IYC and HPC were in privity on the insurance policies at issue, only the parties to the insurance contracts would possess such legal rights. (D.E. 688-2, p. 2, 688-3, p.2, 688-4, p. 2, 688-5, p. 2, and 688-6, p. 16). Therefore, Plaintiff's entire assertion is irrelevant conjecture.

Finally, Halmos contends that certain testimony supports a conclusion that all of INA's parent companies issued the policies at issue. (D.E. 1351, p. 8). As an initial matter, there is no testimony submitted as evidence by Halmos in the record to support Halmos' baseless conclusion. (D.E. 1351). Also, Halmos' argument ignores the fact that only INA is a party to the insurance contracts at issue. (D.E. 688-2, p. 2, 688-3, p.2, 688-4, p. 2, 688-5, p. 2, and 688-6, p. 16). Therefore, all of these statements constitute unsupported conjecture.

## **MEMORANDUM OF LAW**

Plaintiff's Motion fails on both procedural and substantive grounds. Each shall be addressed in turn.

### A.  **Plaintiff's Motion Is Procedurally Defective**

#### 1.  Halmos Does Not Have Standing To Assert This Motion

Halmos lacks standing to move to dismiss the counterclaim asserted against IYC and HPC. The policies at issue in this suit were issued to IYC and HPC only. (D.E. 688-2, p. 2, 688-3, p.2, 688-4, p. 2, 688-5, p. 2, and 688-6, p. 16). No policy was ever issued to Halmos, individually. (D.E. 688-2, p. 2, 688-3, p.2, 688-4, p. 2, 688-5, p. 2, and 688-6, p. 16).

Since Halmos is not a party to any insurance policies at issue in the counterclaim, he lacks standing to move to dismiss the counterclaims directed at IYC and HPC. (D.E. 976). IYC and HPC are not parties to Plaintiff's Motion and have not moved to dismiss INA's

counterclaim. (D.E. 1351). On this ground alone, Plaintiff's Motion is defective and should be dismissed.

### 2. Halmos' Motion is Untimely

This Court previously issued an Order setting an absolute deadline to file motions such as Plaintiff's Motion. (D.E. 1202, p. 1). Specifically, this Court ordered that "any motion that could have been filed on or before December 15, 2010, shall be filed on or before Wednesday, January 5, 2011. No further extensions will be considered." (D.E. 1202, p. 1).

Plaintiff's Motion is not timely filed since it complains of issues associated with INA's Amended Counterclaim, which was filed on August 13, 2010. (D.E. 976). This counterclaim was merely an amended version of the counterclaim that had been on file since December 8, 2008. (D.E. 9). Further, the support upon which Plaintiff's Motion is based is a July 29, 2010 Order from this Court. (D.E. 902).[2] As such, Plaintiff's Motion could have been filed on or before January 5, 2011 in compliance with D.E. 1202. Since Halmos did not do so, Plaintiff's Motion is untimely.

Finally, Plaintiff's FRCP 19 claim is based upon Rule 19(a) – a failure to join an entity who could be joined in this proceeding. (D.E. 1351, p. 10-12). Motions to Dismiss under FRCP 19(a) must be brought prior to filing a responsive pleading or they are waived. FED. R. CIV. P. 12(h); *Manning v. Energy Conversion Devices, Inc.*, 13 F.3d 606, 609 (2nd Cir. 1994). Plaintiff waived his FRCP 19 claim by failing to assert it in Halmos' answer to INA's Amended Counterclaim. (D.E. 1021). Therefore, Plaintiff's Motion is untimely and should be denied.

---

[2] Plaintiff also contends that INA failed to join an indispensable party pursuant to Federal Rule of Civil Procedure 19. (D.E. 1351, p. 2). This Court set a joinder deadline of April 18, 2010. (D.E. 652). Therefore, any relief sought by Plaintiff under FRCP 19 is also time barred because it was not raised prior to this Court's January 5, 2011 deadline. (D.E. 1202, p. 1).

3.   Plaintiff's Motion Is Merely An Attempt To Delay The Trial Setting

The matters at issue in Plaintiff's Motion have existed since December 8, 2008. (D.E. 9). Despite that, Halmos waited until the first day of trial to file his motion. The unambiguous intent of the filing is to attempt to influence the trial setting.

This situation mirrors the last minute continuance based upon Halmos' alleged long-standing health issues which Plaintiffs filed on February 17, 2011 – just days prior to the last trial setting. (Sealed Filing Filed on February 17, 2011) as well as Plaintiffs' meritless mandamus to the Eleventh Circuit Court of Appeal and the Motion to Vacate. (D.E. 1343 and 1345). As the Court is aware, Plaintiffs have used last minute filings to attempt to delay other aspects of this proceeding.

This matter has now been in trial for ten days. INA requests that this Court not entertain Halmos' latest attempt to delay the trial of this matter, and to bring Plaintiffs journey to an end.

**B.   Plaintiff's Motion Is Substantively Meritless**

Plaintiff's Motion assumes, without any support, that ACE Limited has some form of contractual privity with Plaintiffs. Plaintiff's lack of proof on this matter alone is sufficient to deny Plaintiff's Motion.

Instead, the policies attached to Plaintiffs' Fourth Amended Complaint (which also serve as the basis for INA's Amended Counterclaim) demonstrate that INA, not ACE Limited, issued the policies at issue. (D.E. 688). In fact, each policy provides:

> The Company Providing This Insurance is:
>
> **Insurance Company of North America**

(D.E. 688-2, p. 2, 688-3, p.2, 688-4, p. 2, 688-5, p. 2, and 688-6, p. 16).  Therefore, these policies – standing alone – demonstrate that Plaintiff's Motion has no meritorious basis and should be

summarily denied. To the extent that any further discussion is warranted, INA will address each argument in the order they were raised.

   1.   Plaintiff's FRCP 19 Argument

Plaintiff's argument is no more than a regurgitation of Rule 19 and some associated case law. No argument related to any facts is made. (D.E. 1351, pp. 10-12). As such there is nothing to which INA can respond.

To the extent that any response is necessary, the only evidence is that INA, not ACE Limited, is the party in privity of contract with IYC and HPC. (*See* Section "B" above). Therefore, Plaintiff's conclusory arguments that ACE Limited is an indispensable party is in error and Plaintiff's Motion should be denied.

   2.   Plaintiff's FRCP 17 Argument

Without a smidgen of support, Plaintiff proclaims that INA issued the applicable policies to IYC and HPC "through INA's parent." (D.E. 1351, p. 12). Based upon this assumption, Plaintiffs conclude that ACE Limited must be the real party in interest. (D.E. 1351, p. 12). Plaintiff's entire argument is based upon this false assumption.

To the extent that any response is necessary, the only evidence is that INA, not ACE Limited, is the real party in interest. (*See* Section "B" above). Therefore, Plaintiff's conclusory arguments that ACE Limited is the real party in interest is in error and Plaintiff's Motion should be denied.

   3.   Plaintiff's Violation of Section 624.401 Argument

This entire argument is premised on the same false predicate outlined previously. This entire argument assumes – without any support – that ACE Limited issued the policies to IYC and HPC. As definitively demonstrated in Section "B" above, this did not occur. INA, not ACE

7

Limited, issued the policies at issue. (D.E. 688-2, p. 2, 688-3, p.2, 688-4, p. 2, 688-5, p. 2, and 688-6, p. 16).

Further, no authority is provided demonstrating that a parent company of an insurer must be authorized to transact business in Florida to enable its Florida licensed insurance company subsidiaries to issue policies in Florida. (D.E. 1351, p. 16-19). The simple reason why no authority is provided is because there is none. Florida law properly contemplates that the issuing company must be an authorized insurer. Plaintiff does not dispute that INA is and was so authorized. Therefore, Plaintiff's entire argument is frivolous.

**C.     Motion For Sanctions**

      1.     <u>The Law Governing Sanctions</u>

The goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. *Massengale v. Ray*, 267 F.3d 1298 (11th Cir.2001) (Rule 11 sanctions are designed to discourage dilatory or abusive tactics). *Pro se* litigants are equally subject to Rule 11 sanctions for filing of baseless or frivolous lawsuits. *See Schramek v. Jones*, 161 F.R.D. 119 (M.D.Fla.1995); *In re Cummings*, 381 B.R. 810 (S.D.Fla.2007) (Rule 11 subjects litigants and attorneys to potential sanctions for making representations to court for improper purpose).

A District Court has the discretion to award Rule 11 sanctions (1) when the party files a pleading that has no reasonable factual basis, (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law, or (3) when the party files a pleading in bad faith for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912 (11th Cir.2003). A finding of bad faith sufficient to support sanction is warranted where a party knowingly or

8

recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. *See In re Evergreen Sec., Ltd.*, 570 F.3d 1257 (11th Cir.2009); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277 (11th Cir. 2002)(Rule 11 sanctions are warranted if the party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support claim is merely weak).

    2.    <u>Sanctions Should Be Assessed</u>

Plaintiff's untimely Motion was filed in bad faith. As stated in Section "B" above, there is no evidence supporting Plaintiff's Motion. Instead, it based upon unsupported supposition, conjecture and conclusions. Further, Plaintiff's Motion intentionally avoids addressing the language of the very policies upon which the motion is based. (D.E. 688-2, p. 2, 688-3, p.2, 688-4, p. 2, 688-5, p. 2, and 688-6, p. 16). Therefore, Plaintiff's Motion was filed in bad faith and for the improper purpose of delaying the trial of this matter.

## **CONCLUSION**

Plaintiff's Motion is untimely, unsupported, and frivolous. It should be denied out-of-hand. Due to the frivolous nature of the filing, sanctions should be asserted against Plaintiff Peter Halmos.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Insurance Company of North America respectfully requests that the Court deny Plaintiff's Motion, grant INA's request for sanctions against Plaintiff Peter Halmos, and grant Defendant any and all other relief to which it may show itself justly entitled, whether at law, in equity, or in admiralty.

## CERTIFICATE OF CONFERENCE

Robert M. Browning, counsel for INA, spoke with Mr. Peter Halmos regarding Plaintiff's Motion on or about May 4, 2011. Mr. Browning informed Mr. Halmos that his motion was frivolous and asked Mr. Halmos to withdraw it. Mr. Browning informed Mr. Halmos that INA would seek sanctions if he did not withdraw the motion. Mr. Halmos stated that he would not withdraw the motion. Therefore, the Motion for Sanctions is necessary.

## CERTIFICATE OF SERVICE

I hereby certify that on **May 23, 2011**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BROWN SIMS, P.C.

By:   /s/ Frank J. Sioli
Frank J. Sioli
Florida Bar No. 009652
Datran Two – Suite 1609
9130 South Dadeland Boulevard
Miami, Florida 33156
Telephone: 305.274-5507
Facsimile 305.274-5517

*Attorneys for Defendant, Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713-629-5027

**SERVICE LIST**

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
4540 PGA Blvd, Suite 216
Palm Beach Gardens, FL 33418
(via Certified Mail, return receipt requested & via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475
W. Palm Beach, FL 33402-3475
(via CM/ECF)

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Mr. Joseph P. Klock, Esq.
Mr. Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com
(via CM/ECF)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**CASE NO. 08-10084-CIV-MARTINEZ/BROWN**

PETER HALMOS, et al.,

     *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA, et al.

     *Defendants.*

_____

**<u>ORDER DENYING PLAINTIFF'S MOTION (D.E. 1351)</u>**

  On this day came on to be heard Plaintiff's Motion and Incorporated Memorandum of Law to Dismiss Counterclaim for Failure to Sue in the Name of the Real Party in Interest, Join Indispensible Party, and for Lack of Subject Matter Jurisdiction (D.E. 1351). The Court, after considering the Motion, the Response (if any), the Reply (if any), and arguments of counsel, is of the opinion that the Motion is not well taken and should in all things be DENIED. It is therefore

  ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion and Incorporated Memorandum of Law to Dismiss Counterclaim for Failure to Sue in the Name of the Real Party in Interest, Join Indispensible Party, and for Lack of Subject Matter Jurisdiction (D.E. 1351) is denied.

  Signed this _____ day of _____, 2011.

              _____
              STEPHEN T. BROWN
              CHIEF UNITED STATES MAGISTRATE JUDGE

Peter Halmos, Int'l Yachting Charters, Inc. &
High Plains Capital v. Insurance Co. of North America
Case Number: 08-10084-CIV-BROWN

**SERVICE LIST**

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
Post Office Box 1117
Key West, Florida 33041
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com

Mr. Clinton S. Payne
Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, FL 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com

Mr. Joseph P. Klock, Esq.
Juan Carlos Antorcha, Esq.
Rasco Klock Reininger Perez Esquenazi
Vigil & Nieto
283 Catalonia Avenue
Second Floor
Coral Gables, FL 33134
(305) 476-7100
(305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com

Mr. Frank J. Sioli
Mr. Daniel Cruz
Datran Two – Suite 1609
9130 South Dadeland Blvd.
Miami, FL 33156-7851
Telephone: 305-274-5507
Facsimile: 305-274-5517
fsioli@brownsims.com
dcruz@brownsims.com

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418

C. Wade Bowden
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Dr., Suite 1100
P.O. Box 3475

2

Kenneth G. Engerrand
P. Michael Bowdoin
Robert M. Browning
Michael A. Varner
Brown Sims, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713-629-1580
Facsimile: 713-629-5027
kengerrand@brownsims.com
mbowdoin@brownsims.com
mvarner@brownsims.com
rbrowning@brownsims.com

W. Palm Beach, FL 33402-3475
Telephone: 561-650-0406
Facsimile: 561-650-0430
rvargas@jones-foster.com
wbowden@jones-foster.com