UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No. 08-10084-CIV-MARTINEZ/BROWN

Peter Halmos, et al.,

        Plaintiffs,

vs.

Insurance Company of North America, et al.,

        Defendants.
_____/

## PRO SE PLAINTIFF'S REPLY TO RESPONSE OF INSURANCE COMPANY OF NORTH AMERICA (D.E. 1376) TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM (D.E. 1351)

Plaintiff Peter Halmos, pro se, files this Reply to Defendant's Response and Memorandum of Law.

INA's Response is fundamentally a non-response:

1.    INA does not – because it cannot – respond to this Court's direct and definitive Order (D.E. 902) that the:

> "Policies issued to Plaintiffs IYC and HPC by Defendant INA through its parent company, ACE USA Group" (referred collectively as "ACE INA"). *See* Motion at p. 3 and Exhibit "A."

To evade this Court's definitive Order referenced above, INA states that "the only insurer issuing these Policies is INA" (Response at p. 1), as if saying so somehow makes it so.

2.    INA does not – because it cannot – respond to the undisputed fact that INA's parent does not have a Certificate of Authority as required by the Florida

1

Insurance Code. While ignoring the unambiguous requirements of the Florida Insurance Code, specifically chapters 624 and 626 as detailed in the Motion (see Motion at p. 14-19), INA states "...no authority is provided demonstrating that a parent company of an insurer must be authorized...," as if saying so somehow makes it so. INA does not respond to the cited authority such as F.S. 624.401(1) (see Motion at p. 15); F.S. 624.04 (see Motion at p. 15); 624.401(4)(a) and (b) (see Motion at p. 15); F.S. 624.155, 624.01, 624.155(1)(a)(2) (see Motion at p. 15); F.S. 626.901 (see Motion at p. 16); F.S. 622.903 (see Motion at p. 17).

    3.    INA does not – because it cannot – respond to the invocation of Rule 12(b)(7) which expressly allows the dismissal of INA's counterclaim to be raised at any time, including on appeal (See Motion at p. 3). Instead, INA continues its reliance on a strategy of slinging mud to divert attention towards anything but the merits of Plaintiff's arguments (see Response at p. 6). And the beat goes on….

    4.    Because INA has no legitimate response to the substantive issues raised by the Motion, INA's Pavlovian catch-all defense is that "…Peter Halmos does not have standing…," as if somehow shooting the messenger dilutes the message. Regardless of this Court's decision as to dismissal of INA's counterclaim, the <u>message</u> remains intact: F.S. 624.401 (2010) governs insurance companies in Florida with administrative, civil and criminal enforcement provisions. (See Motion at p. 15-19).

Moreover, the competent trial <u>evidence</u> of record, introduced by the Defendant, refutes INA's position that only the named insured's (i.e., IYC and HPC) have rights under the "Policies" issued by INA <u>through its parent</u>:

The representations of Ms. Pamela Harting-Forkey in her June 15, 2006

2

letter (Trial Exh. M 11) expressly states "my purpose is to confirm and/or clarify the contents" of John Kimball's June 1. 2006 (Trial Exhibit L11) letter to Michael Pennekamp. Ms. Harting-Forkey's June 15, 2006 letter expressly represents:

> "To your letter, then and in response: 1. ACE agrees with your summary, save transit to and from shipyards...." (July 15, 2006 at p. 3)

Mr. Kimball's June 1, 2006 letter summarizing verbal representations made by Ms. Harting-Forkey while aboard Legacy states that:

> "It is confirmed the Policies provide coverage to International Yachting Charters Services, Inc. ("IYC"), High Plains Capital Corp. ("HPC"), Peter Halmos and others individually ("Owner") for all loss and damage caused by and/or resulting from Hurricanes Katrina and Wilma in 2005...." (June 1, 2006 at p. 1)

Despite the representations made by ACE to its policyholder, upon which the insured most certainly relied, ACE now repudiates those representations because it is convenient to do so.

5.  INA further side steps other issues raised in the Motion including: (a) ACE's questionable practice of co-mingling funds amongst statutory insurance company subsidiaries (see Motion at p. 7); (b) the fraudulent execution of material documents, including documents submitted to State and Federal authorities, in which ACE Group employees, who are not officers or employees of INA, misrepresent themselves as employees and officers of INA (see Motion at p. 7-8); and, (c) the dispositive testimony of INA's corporate representative touching on these issues. (See Motion at p. 8).

3

## CONCLUSION

INA issued the "Policies" <u>through its parent</u>. (D.E. 902; Motion at p. 3, 4, 5, 6, 8, 9, 10, 12, 14, 15, 16, 17, 18, 19). INA's parent cannot be joined as a Counter-Plaintiff because it does not have a Certificate of Authority from the State of Florida. Consequently, this Court must dismiss INA's counterclaim. <u>Pit River Home and Agr. Co-op Assoc. v. U.S.</u> 30 F.3d 1088, 1089 (9th Cir. 1994); <u>Langer Insurance co. v. United Housing of New Mexico, Inc.</u> 488 F.2d 682 (5th Cir. 1974).

Respectfully submitted,

*/s/ Peter Halmos*

Peter Halmos, pro se
c/o Myers & Associate, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418
Telephone: (561) 249-1712
Facsimile: (561) 249-1709

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2011, I filed the foregoing document with the Clerk of the Court via hand-delivery. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via U.S. Mail.

By, _____
Peter Halmos, pro se

## Service List

Frank J. Sioli
Zascha B. Abbott
Brown Sims P.C.
Suite 1609
9130 S. Dadeland Blvd.
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-5517
fsioli@brownsims.com

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Brown Sims P.C.
1177 W. Loop South, Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile:  (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott A. Bassman
Valerie M. Jackson
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd., Suite 1400
Miami, Florida  33156
Telephone: (305) 350-5300
Facsimile:  (305) 373-2294
scott.bassman@csklegal.com

Clinton Sawyer Payne
DeMahy Labrador Drake Payne & Cabeza
Alhambra Circle – Penthouse
150 Alhambra Circle
Coral Gables, Florida  33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

David P. Horan
Horan Wallace & Higgins LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Joseph P. Klock, Jr.
Juan Carlos Antorcha
Rasco Klock Reininger Perez
Easquenazi Vigil & Nieto
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 476-7105
Facsimile: (305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

Hugh J. Morgan
The Law Office of Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone: (305) 296-5676
Facsimile:   (305) 296-4331
hugh@hjmorganlaw.com

Brenton N. Ver Ploeg
Stephen A. Marino
Ver Ploeg & Lumpkin, PA
100 SE 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

C. Wade Bowden
Jones Foster Johnston & Stubbs, PA
505 S. Flagler Drive, Suite 1100
W. Palm Beach, Florida 33402-3475
Telephone: (561) 650-0406
Facsimile: (561) 650-0430
wbowden@jones-foster.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No. 08-10084-CIV-MARTINEZ/BROWN

Peter Halmos, et al.,

      Plaintiffs,

vs.

Insurance Company of North America, et al.,

      Defendants.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION (D.E. 1351)

On this day came on to be heard Plaintiff's Motion and Incorporated Memorandum of Law to Dismiss Counterclaim for Failure to Sue in the Name of the Real Party in Interest, Join Indispensible Party, and for Lack of Subject Matter Jurisdiction (D.E. 1351). The Court, after considering the Motion, the Response and the Reply, is of the opinion that the Motion is well taken and should in all things be GRANTED. It is therefore

ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion and Incorporated Memorandum of Law to Dismiss Counterclaim for Failure to Sue in the Name of the Real Party in Interest, Joint Indispensible Party, and for Lack of Subject Matter Jurisdiction (D.E. 1351) is granted.

Signed this _____ day of _____ 2011.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE