08-10084.o63

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

**This matter** is before this Court on Plaintiff's Motion...to Dismiss Counterclaim...(D.E. 1351). The Court has reviewed the motion, the response, the reply, and all pertinent materials in the file.

This motion seeks to have the counterclaim dismissed on the basis that INA has failed to prosecute the counterclaim in the name of the real party in interest Ace Limited, and/or failed to join it as an indispensable party, or for lack of subject matter jurisdiction. The motion is based on a false premise - taking a line taken out of a summary of allegations in a Court order on a motion to dismiss and converting it somehow into a finding of the Court. See Mot. ¶¶ 7-8 (quoting D.E. 902, p. 1 ("The Court's operative conclusion for purposes of this Motion is that the Policies issued to IYC and HPC were issued through INA's parent".))

While plaintiff is correct that the question of subject matter jurisdiction may be raised at any time, the Court notes, with more than passing interest, that the purported basis for this motion derives from an order entered in July, 2010 ... and this motion was filed during trial in May, 2011.

The Court finds this motion to be without merit. The Court notes that if there were merit to this motion, it would apply to the complaint as well as the counterclaim ... since if the wrong parties brought the counterclaim ... which is based on the insurance policies at issue, they are the very same parties sued as defendants and alleged to be responsible - under the very same policies - to plaintiffs. By definition, the party filing a counterclaim is the same party who has been sued. All claims herein (the claim and the counterclaim) arise out of insurance policies ... the same insurance policies ... the ones filed by plaintiffs ... the ones which clearly state "The Company Providing This Insurance is Insurance Company of North America". (see D.E. 688, Exs. 2-6). If defendant has no counterclaim because it is not the proper party, then the plaintiffs have also sued the wrong party, which would require the entire case to be dismissed. Furthermore, since the faulty premise herein comes, in large part, from plaintiffs' own allegations in the complaint[1], in order to grant this relief the Court would have to find serious wrongdoing by plaintiffs. Thankfully, the Court, in finding this motion devoid of merit, need not reach that issue.

The fatal problems with this motion are twofold: (1) plaintiff relies on "The Court's operative conclusion..." (Mot. p. 3) and tries to turn that background statement into a definitive finding of the Court; and (2) even if it were somehow true (which it's not), the motion fails to show how the parent company is an indispensable party or how this has divested the Court of subject matter jurisdiction. Simple reliance on FRCP 19(b) does not suffice. When arguing that a party is "indispensable", one

---

[1] See, e.g., Fourth Amended Complaint (D.E. 688), ¶¶ 19, 33, 41, 46, 53, 160 and 164.

must explain how/why that party is indispensable. That is nowhere to be found in the motion. Moreover, there is nothing in this motion that would show how plaintiff would be prejudiced by INA making this counterclaim...just as plaintiffs don't contend that INA won't or can't be responsible if plaintiffs prevail.

The sentence relied on from D.E. 902 was not the resolution of any issue presented therein. Furthermore, the "Order" in that document doesn't have anything to do with who issued the policies and actually doesn't begin until page 3 of that document. The Court will be generous with plaintiff and call this a non-lawyer mistake.

Therefore, and the Court being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**. Having given plaintiff the benefit of the doubt as to the "non-lawyer mistake", the Court will deny defendant's request for sanctions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of June, 2011.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record