UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and
HIGH PLAINS CAPITAL,

    *Plaintiffs,*

v.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    *Defendants.*
_____/

**PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' DIRECTED VERDICT MOTION**

    Plaintiffs, International Yachting Charters, Inc., High Plains Capital, and Peter Halmos, hereby file their Reply in support of Plaintiffs' Directed Verdict Motion.

**Background**

    On the first day of trial, Plaintiffs moved for a directed verdict on INA's coverage defenses based on the authority of *Wollard* and its progeny.[1] *See* Transcript of Bench Trial – Vol. 1 (May 3, 2011) at 88:10-90:11. On August 15, 2011, INA filed its Response to Plaintiff's

---

[1] *Wollard v. Lloyd's & Companies of Lloyd's*, 439 So.2d 217, 218 (Fla. 1983); *Saewitz v. Lexington Ins. Co.*, 133 Fed. Appx. 695, 699 (11th Cir. 2005) (holding that money paid by an insurer to insureds as partial settlement of the insured's claim constitutes an admission of liability by the insurer); *Plante v. USF&G Specialty Ins. Co.*, 2004 WL 741382, at *4-5 (S.D. Fla. 2004) (holding that insurer admitted liability under the policy by making even partial payment on the insured's claim); *Marraccini v. Clarendon Nat'l Ins. Co*., 2003 WL 22668842, at *3 (S.D. Fla. 2003) (insurer's payment establishes that insured has valid claim and acts as verdict in favor of insured).

Directed Verdict Motion [D.E. 1411]. Plaintiffs submit that INA's Response is inappropriate in light of the Court's directive that the proper venue for the parties to address the issue was through their findings of fact and conclusions of law.[2] In an abundance of caution, and to avoid the tedium of yet another motion to strike, Plaintiffs file their Reply in further support of their motion for a directed verdict.

### Argument and Law

In its Response to Plaintiffs' Motion for a Directed Verdict, INA asserts that INA did not waive its coverage defenses by paying portions of Plaintiffs' claim(s) after the commencement of the instant lawsuit. The lukewarm tenor of INA's response reflects the inescapable truth that INA's position is contrary to well-established Florida law. Even an insurer's partial payment of its insured's claim operates as an admission of liability and a waiver of coverage defenses. *See Plante v. USF&G Specialty Ins. Co.*, 2004 WL 741382, at *4-5 (S.D. Fla. 2004); *Marraccini v. Clarendon Nat'l Ins. Co*., 2003 WL 22668842, at *3 (S.D. Fla. 2003). INA offers no compelling reason for this Court to deviate from established Florida law.

---

[2] Following Plaintiffs' oral Motion, the Court invited Mr. Demahy to respond. *Id*. at 90:12. After hearing Mr. DeMahy's argument, the Court reserved ruling on Plaintiffs' Motion. *Id*. at 91:17-19. INA subsequently made its own motions at the close of Plaintiffs' case in chief. *See* Transcript of Bench Trial – Vol. 14 (May 27, 2011) at 151: 22-158:8. The Court also reserved ruling on INA's motions, and upon Mr. Marino's request for an opportunity to respond, the Court issued the following clear directive: "[t]he decision's going to be made by a findings of fact and conclusions of law. And not before." *See* Transcript of Bench Trial – Vol. 14 (May 27, 2011) at 158:21-22. Plaintiffs understood the Court's directive to apply to each of the trial motions on which the Court reserved ruling. The undersigned communicated with counsel for INA (pursuant to S.D. Fla. L.R. 7.1), to clarify the basis for a "response" three and a half months after the motion, but no attorney admitted in this case responded. Mr. Roth, INA's representative, responded by e-mail, but his observation was limited to the effort spent by Plaintiffs addressing the issue in their proposed findings of fact and conclusions of law. No attorney of record has explained the basis for INA to file a written response on August 15th to an oral motion made on May 3, 2011.

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

### A. INA Waived It's Coverage Defenses by Making Payments on Plaintiffs' Claims Despite Having Knowledge of the Coverage Defenses Available to INA

INA argues that there is no waiver because INA did not knowingly or intentionally relinquish its rights with respect to the coverage defenses it asserted against Plaintiffs' claims. As a basis for its argument, INA asserts that many of its defenses only became apparent to INA after the initial reservation of rights letter was issued, and that an insurer is not required to be aware of all possible defenses at the time it writes its first reservation letter.[3] INA misses the point by a mile; both factually and legally.

Florida's confession of judgment law[4] applies in this instance because at the time that INA issued its post-litigation payments (October 27, 2008 through February 14, 2011), it was already aware of (and had already raised) the coverage defenses that it now seeks to employ to void coverage. INA's payments constitute a waiver because the payments were made despite INA's knowledge that such coverage defenses might apply. Courts in this jurisdiction agree that an insurer's payment waives or suspends any defenses available to it under a policy. *Scratch Golf, LLC v. Lexington Ins. Co.*, 2009 WL 4377556 at *2 (11th Cir. 2009) ("Where an insurer, with knowledge of the breach of a condition, . . . pays or partially pays any loss under the policy, it recognizes the policy as still in existence and must be considered to have waived its defense"), citing to *Hartford Fire Ins. Co. v. Mut. Sav. & Loan Co.,* 68 S.E.2d 541, 545-46 (Va. 1952); *see also Young v. Gremillion*, 924 So. 2d 1285, 1292-93 (La. Ct. App. 2006) (An insurer's voluntary and unconditional payment of part of an accident victim's damages interrupted the prescriptive

---

[3] *See* INA's Response to Plaintiffs' Directed Verdict Motion [D.E. 1411] at 2-3, citing to *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 267 F.3d 1303, 1309-10 (11th Cir. 2001).

[4] *See Plante v. USF&G Spec. Ins. Co.*, No. 03-23157CIVGOLD, 2004 WL 741382, at *4 (S.D. Fla. March 2, 2004) (Under Florida law, "once an insurer has made payment on plaintiff's claims, it has waived its coverage defenses that would otherwise exist regardless whether it pays the policy limits or an amount less than that. . . .") and cases at note 1, *supra*.

period within which the accident victim had to bring suit); Lee E. Russ & Thomas E. Segalla, Couch on Insurance, §239:125 (3d ed. 2009) ("The making of partial payments necessarily recognizes the liability of the insurer and has been deemed to constitute a waiver of *any condition* on which nonliability could be predicated."); 44A Am. Jur. 2d Insurance §1634 (2d ed. 2011) ("An insurer which, with knowledge of a breach of condition, pays the full amount of loss to the insured thereby waives the breach of condition or the right to declare forfeiture.").

Where, as here, an insurer has knowledge of a defense at the time it issues payment, the waiver of the condition itself need not be intentional. *Scratch Golf, LLC.*, 2009 WL 4377556 at *2, citing to *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.,* 589 F.Supp. 428, 430 (W.D. Va. 1984) (Finding Nationwide waived its defense of misrepresentation and arson because "Nationwide intended to pay Borg-Warner and at the time it made the payment, it knew of the defenses of misrepresentation and arson against A&E"). "While waiver is an intentional relinquishment of a known right. . . , 'it is not necessary . . . to waive a claim, that a party be certain of the correctness of the claim and of its legal efficacy; it is enough if he knows of the existence of the claim and of its reasonably possible efficacy.'" *A & E Supply Co.,* 589 F.Supp. at 431-32. INA's post-litigation payments were both intentional and unconditional, and thus operate as a waiver of INA's coverage defenses.

### B. INA's Post-Litigation Payments On Plaintiffs' Claims Were Both Intentional and Unconditional

INA points to three instances wherein it allegedly "reserved its right to contest coverage" for the payments it issued to Plaintiffs.[5] Each of INA's examples fail to reserve INA's right to assert coverage defenses with respect to the payments at issue. Trial Exhibit O8 is an October 27, 2008 letter from Pamela Harting-Forkey to Peter Halmos which enclosed a check in the amount

---

[5] *See* INA's Response to Plaintiffs' Directed Verdict Motion [D.E. 1411] at 2.

of $4,807,468,46.00, which purported to exhaust the 2005 Policy's limit for hull damage to the Legacy as a result of Hurricane Wilma (the Legacy-Wilma Claim). But that coverage is not at issue here. Trial Exhibit V13 is a July 2, 2008 letter from Pamela Harting-Forkey to Peter Halmos, which did not concern any tender of payment to Plaintiffs (or any reservation of rights pertaining to such payment) and is, accordingly, inapposite. Finally, Trial Exhibit 256-6 is a May 1, 2009 email from Kenneth Engerrand to Hugh Morgan (as counsel for IYC), regarding a hand-delivered check in the amount of $1,001,995.42 for the Legacy-Wilma Claim. In his email, Mr. Engerrand explains that the check was issued as a result of a two-step process undertaken by INA to confirm that the items paid meet the requirements of reasonableness, necessity and coverage. With respect to the "Backup Material," Mr. Engerrand states:

> "[h]owever, some of the items do not appear to meet the requirements of reasonableness, necessity or coverage under the Policy. As a consequence, INA reserves the right to contest reasonableness, necessity and coverage for any charges *not included* within this or prior payments (whether on the IYC List or not) and, by making this payment, does not waive any rights with respect to charges *not included* within this or prior payments."

*See* Trial Exhibit No. 256-6 (emphasis supplied). Later on in his email, Mr. Engerrand expressly states: "[t]his payment is made without reservation with respect to the charges included within this payment and it is INA's position that it is made within the 60-day cure period permitted by Florida statutes." *Id*. *See also* Trial Exhibit No. 256-4 (a February 23, 2009 letter from Mr. Kenneth Engerrand, on behalf of INA, to Peter Halmos, concerning another payment issued by INA wherein Mr. Engerrand again states: "[INA] is not requesting a release from you for this payment nor is it reserving its rights with respect to this payment."). Contrary to its current statement to this Court, INA did not reserve its right to assert coverage defenses with respect to the post-litigation payments that were made by INA. There can be no doubt, based on INA's own admissions, that INA's payments were intended to be unconditional payments on the claims.

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

Despite making these payments, INA now seeks to avoid any additional liability for damages that are covered under the Policies at issue. By invoking the coverage defenses of lack of notice, failure to cooperate and fraud or concealment, INA seeks to distract the Court from seeing the obvious: INA did not pay its insured the full amount owed under the Policies prior to suit being filed. The law is inarguably clear that INA's post-litigation payments on Plaintiffs' claims constitute a waiver of defenses to those claims. Accordingly, Plaintiffs' Motion for a directed verdict on INA's coverage defenses should be granted in favor of Plaintiffs and against INA.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order granting Plaintiffs' Directed Verdict Motion, and for any further relief the Court deems proper.

Respectfully submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL  33131
305-577-3996
305-577-3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Brenton N. Ver Ploeg**
Florida Bar No. 171470
bverploeg@vpl-law.com
**Stephen A. Marino, Jr.**
Florida Bar No. 79170
smarino@vpl-law.com

6

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on August 22, 2011 on all counsel or parties of record on the Service List below.

s/Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**

## SERVICE LIST

Frank J. Sioli, Jr., Esq.
Zascha B. Abbott, Esq.
Brown Sims, P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, FL  33156
Telephone:  (305) 274-5507
Facsimile:   (305) 274-551
fsioli@brownsims.com
*Counsel for INA*

Kenneth G. Engerrand, Esq.
Michael A. Varner, Esq.
P. Michael Bowdoin, Esq.
Brown Sims, P.C.
1177 West Loop South
10th Floor
Houston, TX  77027-9007
Telephone:  (713) 629-1580
Facsimile:   (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com
mbowdoin@brownsims.com
*Counsel for INA*

Scott A. Bassman, Esq.
Dara L. Jebrock, Esq.
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 South Dadeland Boulevard
Suite 1400
Miami, FL  33156
Telephone:  (305) 350-5303
Facsimile:   (305) 373-2294
scott.bassman@csklegal.com
dara.jebrock@csklegal.com
*Counsel for Strickland Marine Insurance, Inc.*

David P. Horan, Esq.
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, FL  33040
Telephone:  (305) 294-4585
Facsimile:   (305) 294-7822
dph@horan-wallace.com
*Counsel for INA*

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

Clinton Sawyer Payne, Esq.
DeMahy Labrador Drake Payne & Cabeza, PA
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL  33134
Telephone:  (305) 443-4850
Facsimile:   (305) 443-5960
cpayne@dldlawyers.com
*Counsel for INA*

Joseph P. Klock, Esq.
Rasco, Klock, Reininger, Perez, Esquenazi, Vigil & Nieto
283 Catalonia Avenue
Suite 200
Coral Gables, FL 33134
Telephone:  305-476-7100
Facsimile:  305-476-7102
jklock@rascoklock.com
*Counsel for Peter Halmos, International Yachting Charters, Inc., and High Plains Capital*

Hugh J. Morgan, Esq.
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, FL  33040-6542
Telephone:  (305) 296-5676
Facsimile:   (305) 296-4331
hugh@hjmorganlaw.com
*Counsel for Peter Halmos, International Yachting Charters, Inc., and High Plains Capital*

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
*Counsel for Peter Halmos*