UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and
HIGH PLAINS CAPITAL,

    *Plaintiffs,*

v.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    *Defendants.*
_____/

**PLAINTIFFS' RENEWED MOTION FOR
RELIEF FROM MARCH 22, 2011 ORDER [D.E. 1319]**

Plaintiffs, International Yachting Charters, Inc. and High Plains Capital ("Plaintiffs"), are obviously aware that this Court has considered the issue of the "March 16, 2005 Letter" (the "Letter") several times. Plaintiffs are nonetheless compelled to undertake a renewed effort to clarify for the Court the circumstances surrounding the production of the letter and to obtain relief from this Court's March 22, 2011 Order [D.E. 1319] (the "Sanctions Order"), pursuant to Fed. R. Civ. P. 60(b). The Sanction Order was based upon INA's representation that Plaintiffs had failed to produce the Letter to INA during discovery. At the time INA raised the issue, Plaintiffs were scrambling to prepare for trial. The trial and post-trial motions having been completed, Plaintiffs investigated further and recently determined with certainty that the Letter

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

was produced to INA on at least five separate occasions. Accordingly, Plaintiffs seek relief from the Sanctions Order, as follows:

**Factual Predicate**

INA filed its Motion for Sanctions Due to Plaintiff's Most Recent Withholding of Material Documents, Request for an Expedited Briefing Schedule, and Memorandum of Law on February 14, 2011 [D.E. 1275], the eve of the first trial setting of this action. It was the third such motion filed by INA in a brief period of time. INA represented that "Plaintiffs wrongfully withheld material documents that relate to the condition of the S/Y Legacy from discovery in this case…" *Id*. at 1. The document at issue in INA's Motion is the March 16, 2005 Letter from Peter Halmos to Bruce Brakenhoff of Perini Navi, USA, concerning the physical condition of the Legacy. INA represented to the Court that it had just located the Letter in the documents from the Upham Case, obtained pursuant to a non-party subpoena (*Id*. at 3), and that Plaintiffs had failed to produce the Letter in response to INA's previous discovery requests.

On February 17, 2011, Plaintiffs responded to INA's Motion, asserting that the Letter had previously been produced to INA.[1] Plaintiffs were initially confused as to the time and manner in which the Letter had been produced, and mistakenly asserted that the Letter had been produced on July 23, 2006, and that it was located in a box labeled "March 2005." Plaintiffs owned up to their error in their subsequent Notice of Clarification [D.E. 1305], but stood by their previous assertion that the letter had already been produced. It is now clear that Plaintiffs were correct in their assertion, but did not have the resources to prove, with specificity, that INA's accusation was incorrect.

---

[1] Plaintiffs' Response to INA's Motion for Sanctions [D.E. 1291], at 3.

2

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

The Court granted INA's Motion for Sanctions on March 22, 2011 [D.E. 1319] because the proclaimed failure to produce the Letter "effectively prevented [INA] from doing any discovery regarding [the Letter] and from offering any evidence or testimony with regard to same." *Id*. at 5-6. The Sanctions imposed by the Court precluded Plaintiffs from "challenging the [L]etter or any such documents from the Upham case by offering any evidence or testimony to contradict, explain or otherwise distinguish any statements made within the [L]etter or such documents or the significance of those statements." *Id*. at 6.

At trial, the Court held that the Sanctions Order prevented Plaintiffs from admitting evidence pertinent to their claims and defenses. *See e.g.*, Transcript of Bench Trial – Vol. 1 (May 3, 2011) at 213:8-215:23; Vol. 2 (May 4, 2011) at 7:6-23; 102:3-22; Vol. 7 (May 11, 2011) at 13:14-19:14; Vol. 8 (May 16, 2011) at 141:23-144:12; Vol. 9 (May 17, 2011) at 45:6-48:2; Vol. 19 (June 13, 2011) at 18:3-30:25 (re: Exhibit O-18); 42:23-43:9 (re: Exhibit S-18); and 56:17-57:9 (re: Exhibit 509). The documents and the testimony excluded pursuant to the Sanction Order are important to Plaintiffs' case.[2]

---

[2] The Court should also note that at trial, Plaintiffs attempted to admit into evidence a document identified with Bates number PS001380. Counsel for INA objected to the introduction of the document into evidence based upon his implication that documents bearing the "PS" Bates label had never been produced prior to trial:

> Mr. DeMahy: This Bates number is different in style and enumeration from any other Bates stamped document I've seen in this case. I haven't seen this…I don't know what "PS" stands for in this case or who produced it.

*See* Transcript of Bench Trial, Vol. (June 13, 2011) at 54:21-55:2. Based upon INA's assertion that the "PS" labeled documents had never been produced, the Court refused to permit it and other similarly labeled documents from being admitted into evidence. *Id*. at 58:5-6. But the "PS" labeled documents were part of Plaintiffs' initial production of documents. Further, Plaintiffs' March 5, 2010 Amended Answers to INA's First Interrogatories [D.E. 1418-1, pp. 12-31] clearly repeatedly reference the Bates range PS000001-PS005036. Plaintiffs are therefore at a loss as to how INA can claim to have been surprised at trial by documents bearing a "PS" Bates number.

3

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

Plaintiffs respectfully suggest that undisputed facts show that the sanctions imposed against them were improper. INA's allegations against Plaintiffs were couched in a way as to appear factually correct, but were not. INA was given the opportunity to inspect and copy the Letter on five different occasions during the course of discovery, but chose not to. INA's allegation that it did not have a copy of the letter may have been correct, but the reason <u>why</u> INA did not have the letter – because INA chose not to copy it when produced – cannot be the basis for sanctions against Plaintiffs.

### The Letter Was Produced - Repeatedly

<u>First Production</u>: At the March 9 and 10, 2010 deposition of Plaintiffs IYC and HPC, the documents detailed in Plaintiffs' March 5, 2010 Amended Answers to INA's discovery requests [D.E. 555-1] were made available for inspection and copying.[3] The documents available at the March depositions included three copies of the Letter,[4] labeled with Bates numbers IYC-1002387 – IYC-1002395 (attached hereto as Exhibit A); HL000084 – HL000092 (attached hereto as Exhibit B); and HL003723 – HL003731 (attached hereto as Exhibit C).

<u>Second Production</u>: The documents requested by INA were again made available for inspection and copying at the July 6, 2010 depositions of IYC and HPC. The July 6, 2010 production included the three copies of the Letter, as referenced above. An additional 57,274 documents, bates numbered PLOG00001 – PLOG57274, were also made available at the July 6,

---

[3] Fed. R. Civ. P. 34(b)(2)(B) requires a party responding to discovery requests to make the responsive documents available for inspection and copying. At all times, Plaintiffs produced the Letter for inspection and copying, Bates numbered and as it was kept in the normal course of business. And Plaintiffs identified the specific Bates ranges in which three of the four copies of the Letter existed in its March 5, 2010 Amended Answers to Interrogatories. *See* D.E. 555-1.

[4] The admitted version of the Letter is bates numbered IYC-1002387 – IYC-1002395, and differs from the other copies of the Letter only by virtue of the "CONFIDENTIAL" stamp it bears, indicating that it was produced in the Upham Case. *See* Trial Exhibit No. B-20.

2010 depositions. Included in the PLOG00001 – PLOG57274 documents was a fourth copy of the Letter, bates numbered PLOG02036 – PLOG02044 (attached hereto as Exhibit D).

The July 6, 2010 depositions were adjourned by Special Master Klein in response to INA's complaint that Plaintiffs had produced too many documents. Special Master Klein ordered Plaintiffs to limit the documents made available for inspection to certain back-up documents. *See* Transcript of Videotaped Deposition of Peter Halmos at 76:8-88:23. Plaintiffs delivered to INA copies of the back-up documents, limited as per Special Master Klein's Order. INA, not Plaintiffs, defines the scope of the documents that it wanted copied.

Third Production: At the July 23, 2010 deposition of Peter Halmos, Plaintiffs again made available for inspection and copying the documents INA requested (now comprising approximately 160 boxes containing 400,000 documents). The available documents included the four copies of the Letter. Those same documents were made available yet again at the January 25-27, 2011 and February 11, 2011 depositions (fourth and fifth productions).

INA thus had numerous opportunities to inspect and copy the Letter from the documents it requested and which Plaintiffs produced. INA elected to copy some of the documents that Plaintiffs produced, but decided (on at least five occasions) not to copy any of the four available versions of the Letter. INA then obtained copies the documents from the Upham Case and cried "foul," ignoring in its motions the five missed opportunities to copy the document that it alleged had been withheld.

As "proof" of Plaintiffs' alleged failure to produce the Letter, INA offers that its personnel could not locate another copy of the Letter among the documents it chose to copy.[5] INA does not (and cannot) allege that the Letter did not exist among the numerous documents it

---

[5] See Affidavit of Carley Stene [D.E. 1303-1]; Affidavit of Paul Michael Bowdin [D.E. 1303-4]; and Affidavit of Orlando Dominguez [D.E. 1303-5].

requested and demanded be available at each deposition.[6] And INA cannot allege that the Bates ranges that included the four Bates numbered copies of the Letter were not identified in discovery responses no later than March 5, 2010. INA's motion and "proof" do not support a finding that Plaintiffs withheld the Letter, only that it did not copy the Letter prior to copying documents in the Upham Case. The undisputed evidence, which Plaintiffs acknowledge was belatedly discovered, is that the Letter was produced by Plaintiffs and available to INA since at least March 2010.

### Memorandum of Law

Pursuant to Federal Rule of Civil Procedure 60(b), the Court has discretion to vacate an order on the basis of newly discovered information or other circumstances which warrant relief. *Dugan v. United States*, 521 F.2d 231, 233 (5th Cir. 1975) (Motion to vacate order on basis of newly discovered evidence is addressed to sound discretion of district court and decisions of district court may be overturned on appeal if there is abuse of discretion under circumstances of each individual case). To prevail on a Rule 60(b) motion on the basis of newly discovered information, a party must generally show that: (1) newly discovered evidence is of facts existing at time of prior decision; (2) moving party is excusably ignorant of facts despite using due diligence to learn about them; (3) newly discovered evidence is admissible and probably effective to change result of former ruling; and (4) newly discovered evidence is not merely

---

[6] Mr. Bowdoin represent in his affidavit [D.E. 1275-4] that Plaintiffs did not produce the Letter during discovery. Mr. Bowdoin states that he "examined the discovery produced by Plaintiffs in this matter." But the March 5, 2010 Amended Discovery Responses [D.E. 555] specifically reference (approximately 40 times) the Bates ranges that include three different copies of the Letter. So unless Mr. Bowdoin is prepared to state under oath that he personally reviewed each of the documents in those Bates ranges and did not see any copies of the Letter, then he will have to admit that his February 14, 2011 affidavit is worded too broadly to be accurate.

cumulative of evidence already offered. *Am. Civil Liberties Union v. Dep't of Def.*, 406 F.Supp.2d 330, 331 (S.D. N.Y. 2005).

The Rule also permits a court to set aside a judgment for "any other reason justifying relief from the operation of the judgment" and essentially "untethers the discretion of judges from the constraints of common law remedies and grants broad remedial power to vacate judgments where justice so requires." *Shoshone-Bannock Tribes of Fort Hall Reservation v. Leavitt*, 408 F.Supp.2d 1073, 1080 (D. Or. 2005). This particular portion of the Rule is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300 (5th Cir. 2007) (Holding that the district court abused its discretion in failing to conduct an evidentiary hearing on motion to vacate order of dismissal).

Plaintiffs respectfully acknowledge that this issue was discussed several times immediately prior to and during trial. And that the Court may not be enthused about the prospect of revisiting its decision yet another time. But the purpose of Rule 60 is to afford relief in the exceptional circumstances where justice so requires. Plaintiffs respectfully contend that the instant situation presents just such an exceptional circumstance.

Plaintiffs have essentially been held responsible for INA's failure (or refusal, depending on your perspective) to copy the Letter when given repeated opportunities to do so. Plaintiffs were not allowed an evidentiary hearing to get to the bottom of the matter prior to the Court's ruling on same. Notwithstanding Plaintiffs' initial error with regard to the time and manner of their production of the Letter, the clear and undisputed fact is that Plaintiffs produced several copies of the Letter to INA during the discovery period, as set forth above.

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

INA did not establish that the Letter was not produced, only that it did not procure a copy the Letter prior to copying the Upham Case documents. INA was prejudiced by its own failure to copy the Letter during the five separate occasions it was physically made available,[7] not by any discovery violation on Plaintiffs' part.

The Rule providing for relief from final judgment, order, or proceeding should be liberally construed in order to achieve substantial justice. *Steverson*, 508 F.3d at 305. It violates the basic principles of fairness and justice to enforce sanctions against Plaintiffs for INA's failure to do what it could have, but allegedly did not, do – copy the Letter on any of the five opportunities it had to do so. Accordingly, the Sanctions imposed against Plaintiffs for the alleged withholding of the March 16, 2005 Letter should be reversed, and the documents that were denied admission into evidence should be admitted and considered by the Court in rendering its decision in this case.[8]

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order relieving Plaintiffs from the sanctions imposed in the Court's March 22, 2011 Order, admitting into evidence *nunc pro tunc* (as part of the record relied on by the Court in making its findings of fact and conclusions of law) those documents that were offered at trial but refused admission due to

---

[7] Plaintiffs theoretically could have reviewed all 160 boxes of documents in response to INA's sanctions motion. Given the burden of proof, limitations of resources on Plaintiffs' side and the proximity of the motions to the trial dates, this Court can easily understand that Plaintiffs' failure to physically locate the Letter within its production was the excusable result of an inability to prepare for trial (including pretrial motion practice) while at the same time allocating resources to search for the Letter. Given the history of events leading up to the trial, the Court should forgive Plaintiffs for the choice it made, and for not having the resources to do both things. Whether the Court should forgive INA for the content of its motion and affidavits is a different question.

[8] The specific documents that Plaintiffs seek to have admitted into evidence are Exhibits O-18, S-18 and 509 (*see* Vol. 19 (June 13, 2011) at 18:3-30:25; 42:23-43:9; and 56:17-57:9, respectively. Plaintiffs also seek admission of PS001380 (*see* Vol. 19 (June 13, 2011) at 54:21-55:2).

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

the March 22, 2011 Order, permitting Plaintiffs to submit an affidavit explaining the statements made in the Letter, and for any further relief this Court deems equitable, just and proper.

## CERTIFICATION OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE THE ISSUES PRESENTED IN THE MOTION

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Respectfully submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL  33131
305-577-3996
305-577-3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
Florida Bar No. 79170
smarino@vpl-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF or e-mail on September 21, 2011 on all counsel or parties of record on the Service List below.

s/Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**

CASE NO. 08-10084-CIV-MARTINEZ/BROWN

## SERVICE LIST

Clinton Sawyer Payne, Esq.
Pete L. DeMahy, Esq.
DeMahy Labrador Drake Payne & Cabeza, PA
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com

Kenneth G. Engerrand, Esq.
Michael A. Varner, Esq.
P. Michael Bowdoin, Esq.
Robert M. Browning, Esq.
Brown Sims, P.C.
1177 West Loop South, 10th Floor
Houston, TX 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com
mbowdoin@brownsims.com

Joseph P. Klock, Esq.
Juan Carlos Antorcha, Esq.
Rasco, Klock, Reininger, Perez, Esquenazi, Vigil & Nieto
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: 305-476-7100
Facsimile: 305-476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Peter Halmos, *pro se*
c/o Meyers & Associates, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418
Telephone: 561-249-1712
Facsimile: 561-249-1709
Via Email

C. Wade Bowden, Esq.
Jones Foster Johnston & Stubbs, P.A.
505 S. Flagler Drive, Suite 1100
P.O. Box 3475
West Palm Beach, FL 33402-3475

David P. Horan, Esq.
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Hugh J. Morgan, Esq.
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, FL 33040-6542
Telephone: (305) 296-5676
Facsimile: (305) 296-4331
hugh@hjmorganlaw.com