**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

**CASE NO. 08-10084-CIV-BROWN**

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and
HIGH PLAINS CAPITAL,

    *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC. (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    *Defendants.*

_____/

> FILED by _AJS_ D.C.
>
> OCT 17 2011
>
> STEVEN M. LARIMORE
> CLERK U. S. DIST. CT.
> S. D. of FLA. – MIAMI

**PRO SE PLAINTIFF'S REPLY TO INA RESPONSE DE 1423**
**AND INCORPORATED MEMORANDUM OF LAW**

The Response by Insurance Company of North America (INA") and its counsel (together

"ACE et al.") continues to misrepresent that Plaintiffs' documents production in this case is <u>not</u>

governed by Fed. R. Civ. P. 34 and Local Rule 34.1 ("Rule 34")[1] but, instead, is governed by and

limited to those documents of Plaintiffs' Rule 34-compliant production which ACE et al.

unilaterally and without disclosure chose to copy. Plaintiffs have been sanctioned and, among

others, denied their rights to fully and fairly present their case due to their alleged inability to

rebut ACE et al.'s Fed. R. Civ. P. 60(b)(3) prevarications.[2]  In full compliance with Rule 34,

---

[1] Fed. R. Civ. P. 34 and Local Rule 34.1 require: (1) The producing party "to produce and permit the requesting party or its representative to inspect, copy, test or sample (any designated documents or electronically stored information) in the responding party's possession, custody or control." (Rule 34(a)(i)); (2) Production of "…documents as they are kept in the ordinary course of business … unless otherwise stipulated or ordered by the Court." (Rule 34(b)(2)(E)(i)).

[2] About 50% of the 1,400 docket entries in this case relate to ACE et al.'s Rule 60(b)(3) planned and carefully executed scheme "directed at the judicial machinery itself … where the impartial function of the court have been directly corrupted." (*Id.*) *See* Motion for Relief, pp. 17-19.

including the October 23, 2009 Order by the Court's Special Master, the March 16, 2005 Letter with Bates stamp and all 5,036 "PS" Bates-stamped documents were timely produced by Plaintiffs in this case.

## I. "THE COURT: HOLD IT. THE MERE FACT THAT THESE HAVE BATES STAMPS ON THEM, IS INDICIA THAT THEY HAVE PREVIOUSLY BEEN PRODUCED...."[3]

Contrary to the Response and as detailed in Plaintiff's March 5, 2010 Amended Answers[4] providing a written inventory of documents with Bates stamps Plaintiffs may use at trial, three copies of the March 16, 2005 Letter with Bates stamps IYC-1 002387 – IYC-1 002395; HL 000084 – HL 000092; and HL 003723 – HL 003731, were physically produced for unrestricted inspection and copying at the March 9-10, 2010 deposition of Plaintiffs pursuant to the October 23, 2009 Order by the Court's Special Master Herbert Klein. A fourth copy of the March 16, 2005 Letter with Bates stamp PLOG 02036 – PLOG 02044 was physically produced for unrestricted inspection and copying at the July 6, 2010 deposition of Peter Halmos & Sons, Inc. ("PHS") pursuant to the October 23, 2010 Order by Special Master Mr. Klein. All 5,036 "PS" documents with Bates stamp PS 001 – PS 5036, including the April 1, 2004 Fire Suppression System Letter with Bates Stamp PS 1380, were again produced for unrestricted inspection and copying at the March 9-10, 2010 deposition pursuant to the October 23, 2009 Order by Special Master Mr. Klein.

Thereafter, all Bates-stamped documents, including as referenced above, comprising about 160 boxes were again made available for inspection and copying pursuant to the October 23, 2009 Order by Special Master Mr. Klein at Plaintiffs' depositions on July 6, 2010; July 23, 2010, January 25-27, 2011; and February 11, 2011.

---

[3] Transcript of Bench Trial – Vol. 8 (May 16, 2011) at 93:6-8.
[4] DE 544 and DE 545; Exhibits 62 and 63 to March 9-10, 2010 Dep. Tr.; Motion for Relief at pp. 6-10.

**OCTOBER 23, 2009 ORDER OF THE COURT'S SPECIAL MASTER**

On October 23, 2009, the Court's Special Master Mr. Klein ordered as follows: "I can require Mr. Halmos to bring back up documents to his deposition. Bring back up documents to your deposition covering all these damages." (October 23, 2009 Hrg. Tr., p. 142:13-18). By "all these damages," Special Master Mr. Klein specified all claims by all Plaintiffs:

> The Court: I want you to do this, put that in writing so that come trial time, you're not going to suddenly find another document that supports your allegations. You are stuck with these documents. (Emphasis added) (October 23, 2009 Hrg. Tr., pp. 59:2-25 and -60:1-4).

Contrary to ACE et al.'s Response, Plaintiffs complied with the Court's Orders including by referencing for the record that all of Plaintiffs' Rule 34-compliant documents are physically at depositions because, as Special Master Mr. Klein ordered, Plaintiffs are "stuck with these" at trial. Because ACE et al. sought Special Master Mr. Klein's October 23, 2009 Orders and did not object to them pursuant to DE 510, ACE et al. are also "stuck with these" Bates-stamped documents at trial.[5]

Plaintiffs March 5, 2010 sworn Amended Answers detail "in writing" an inventory of documents with Bates stamps. Pursuant to Rule 34 and the October 23, 2009 Order by the Court's Special Master, all Bates-stamped documents identified in Plaintiffs' March 5, 2010 Amended Answers were physically present at the March 9-10, 2011 deposition and, without restriction, available to ACE et al. for inspection and copying. As Plaintiffs' corporate representative, Peter Halmos was required to testify under oath what documents support Plaintiffs' claims and how many boxes are physically present in the March 9, 2010 deposition room:

---

[5] Pursuant to Order DE 510, objections to rulings of the Special Master prior to February 16, 2010, must be filed within five days and post-February 16, 2010, must be filed within ten days.

The Court: Count the boxes.

The Witness: There's 115 here.

Question: Mr. Halmos, it's your testimony that you brought with you the 115 boxes of documents?

Answer: That's what's in the room right now.

March 9, 2010 Dep. Tr., p. 299.

Contrary to ACE et al.'s Response, the above March 9, 2010 deposition box-counting did not occur in a vacuum. Two months before, at the January 6, 2010 Pretrial Discovery Conference Hearing, IYC/HPC counsel Hugh Morgan alerted the Court that ACE et al. had already been misrepresenting Plaintiffs' production:

The Court: So, you are saying that they have all the documents we are talking about.

Mr. Morgan: Judge, I think they have every single document that we know of. Mr. Halmos spent days and days and weeks putting together all this stuff and giving it to them. No client I ever had in my life spent so much time producing documents as he did in this case.

January 6, 2010 Hrg. Tr., p. 54

The Court: I assume … that plaintiffs have copies of the documents they produced.

Mr. Morgan: Yes, it is.

The Court: Good. So, plaintiffs, you can bring all of your documents, and defendants, you can bring your documents.[6]

Id., p. 55

Contrary to ACE et al.'s Response, all 115 boxes of Bates-stamped documents were physically present and expressly made available to ACE et al. for unrestricted inspection and copying at the March 9-10, 2010 deposition. For the July 6, 2010 deposition, an additional approximately 45 boxes of Bates-stamped documents not listed in the March 5, 2010 Amended

---

[6] Plaintiffs (1) complied with the Court's directive; (2) provided an inventory of Bates-stamped documents in the March 5, 2010 Amended Answers; and, (3) produced to ACE et al. "all your documents" for unrestricted inspection and copying, including copies of the March 16, 2005 Letter with Bates stamp at each deposition.

Answers inventory were expressly made available to ACE et al. for unrestricted inspection and copying. Thereafter, all 160 boxes of documents with Bates stamps were physically present for unrestricted inspection and copying at the July 23, 2010; January 25-27, 2011; February 11, 2011 depositions, and in the courtroom during trial.

## II. PLAINTIFFS GAVE ACE ET AL. UNRESTRICTED CARE, CUSTODY AND CONTROL OF PLAINTIFFS' BATES-STAMPED DOCUMENTS FOR RULE 34 INSPECTION AND COPYING

Following ACE et al.'s October 22, 2009, inspection of Plaintiffs' partial production, ACE et al. complained about having to pay for copies of Plaintiffs' production that are duplicates, wanting Plaintiffs to provide an invoice for "non-duplicate docs." To avoid yet another of ACE et al.'s fabricated Rule 60(b)(3) discovery disputes, on November 4, 2009, Plaintiffs agreed to convey care, custody and control of Plaintiffs' documents production with Bates stamps to ACE et al. solely for the purpose of their unrestricted inspection and copying pursuant to Rule 34. Accordingly, after November 4, 2009,[7] ACE et al. unilaterally determined – without disclosure to Plaintiffs or the Court – which of Plaintiffs' Bates stamped documents physically produced for inspection and copying at each deposition that ACE et al. chose to copy. This post-November 4, 2009, procedure was triggered by ACE et al.'s repudiation of agreements to pay for copies. In so doing, ACE et al. irrevocably memorialized their knowledge of Rule 34 requirements that documents Plaintiffs "produced" is defined as Bates-stamped documents produced for inspection and copying:

---

[7] There was one exception in July 2010. *See* Motion for Relief at pp. 6-17 where, on July 13, 2010, pro se Plaintiff was ordered by the Court's Special Master to provide, by July 22, 2010, copies of previously produced documents limited to the October 2005 – October 2008 time period.

> There is no legitimate interpretation of Judge Klein's order which can be construed to permit you to hold hostage <u>documents produced to INA for inspection and copying</u> prior to the October 23, 2009 hearing. Those documents were not part of the hearing held that day and Judge Klein issued no ruling related to them. Your actions are clear evidence of Plaintiffs' on-going delay tactics and discovery abuse. (Emphasis added) (November 4, 2009 email from INA counsel of record Robert Browning).[8]

Given the October 23, 2009 Orders by the Court's Special Master Mr. Klein referenced above and ACE et al.'s refusals to pay for copies, and contrary to ACE et al.'s Response, Plaintiffs had no choice but to convey to ACE et al. – in their care, custody and control only for inspection and copying purposes – Plaintiffs' Rule 34-compliant documents production. Consequently, on and after November 4, 2009, Plaintiffs: (1) continued their records keeping of all documents with Bates stamps produced at depositions for inspection and copying; (2) conveyed to ACE et al.'s care, custody and control all such documents solely for unrestricted inspection and copying purposes; (3) had no knowledge whatsoever which Bates-stamped documents of Plaintiffs' production ACE et al. unilaterally chose to copy; and, (4) complied with Special Master Mr. Klein's October 23, 2009 Order to have all Bates-stamped documents Plaintiffs' may use at trial at the depositions of Plaintiffs.[9]

Although the March 5, 2010 Amended Answers were filed by IYC (DE 545 and March 9-10, 2010 Dep. Exh. 63) and HPC (DE 544 and March 9-10, 2010 Dep. Exh. 62), contrary to ACE et al.'s Response, they insisted that pro se Plaintiff's deposition be expanded (despite four days of IYC and HPC depositions already exceeding the 14 hours the Court authorized) to

---

[8] ACE et al. demanded copies of Plaintiffs' pre-November 4, 2009 production without paying for the copies as agreed.

[9] For example, (1) <u>Mr. DeMahy</u>: Yesterday we received production, some on Friday and some before that, and we got 60,000 documents in original form that haven't been copied for us … We are in the process today of copying them. (November 11, 2009 Dep. Tr., pp. 5:23-25 and p. 6:1-4); (2) <u>Mr. Bowdoin</u>: Mr. Halmos produced seven boxes of documents that are in the corner there … It was an original I had to have copied. (November 12, 2009 Dep. Tr. p. 518:1-4.)

include all Bates-stamped documents referenced in the IYC and HPC March 5, 2010 Amended

Answers and physically produced for unrestricted inspection and copying at the March 9-10,

2010 deposition:

> Mr. Horan: I am reading from Exhibit 63 and Exhibit 62 and both of
> those exhibits are sworn to under a verification that says, "I declare
> under penalty of perjury that the answers to the foregoing
> interrogatories are true and correct based upon my personal
> knowledge." Executed March 4, 2010 signed by Peter Halmos....
>
> Mr. Bassman: He has been notified Your Honor as a party, who is
> seeking claim in this case.
>
> The Court: You can ask him questions of which he has personal
> knowledge.

March 10, 2010 Dep. Tr. pp. 11-15.

Consequently, pro se Plaintiff was extensively questioned about Plaintiffs' Bates-stamped

documents production as detailed in the March 5, 2010 Amended Answers, all of which

documents were physically produced for unrestricted inspection and copying at the March 9-10,

2010 deposition.  Again on July 6, 2010, July 23, 2010; January 25-27, 2011; and February 11,

2011, pro se Plaintiff was questioned about all Bates-stamped documents, comprised of about

160 boxes, physically produced and re-produced for unrestricted inspection and copying at each

such deposition. Because even documents ACE et al. produced to Plaintiffs are supportive of

Plaintiffs' claims, pursuant to Special Master Mr. Klein's October 23, 2009 Orders, documents

ACE et al. produced to Plaintiffs were also physically brought by Plaintiffs to depositions[10]:

> Mr. Antorcha: ...the boxes that are here are not just boxes we
> produced to you. It's every other document that you guys produced to
> us, INA produced to us, and third party subpoenas.

---

[10] Given the Special Master's October 23, 2009 Order that at trial, Plaintiffs are "stuck" with the
documents produced and physically present at each deposition, Plaintiffs had no choice but to have all
Bates-stamped documents supporting their claims physically present and available for inspection and
copying at each deposition.

Mr. DeMahy: Why would you give us that?

Mr. Antorcha: We are not giving it to you at all. We are bringing it in.[11]

March 9, 2010 Dep. Tr., pp 270-271.

### III.  ADDITIONAL EVIDENCE – EVIDENCE THE COURT DID NOT PREVIOUSLY CONSIDER

On October 22, 2010, John Roth, counsel for INA, filed his Motion for Relief (DE 1115) from the Court's Order (DE 1079) pursuant to Rule 60 ("Roth Motion"). Mr. Roth requested "removal of the Court's statement in the Order to the effect Mr. Roth breached any ethical duties." Seeking relief, Mr. Roth submitted "additional evidence – evidence the Court did not previously consider." (Roth Motion, pp. 1-2). The Roth Motion did not provide or imply any basis for the "extraordinary remedy which may be invoked only upon showing of exceptional circumstances. (Griffin v. Swim-Tech Corp., 722 F.2d 677, 68 0 (11th Cor. 1984)." *See* DE 1421. Nevertheless, the presiding Magistrate readily granted the Roth Motion (DE 1163) without Plaintiffs even having an opportunity to file a response.

This Reply likewise presents additional evidence directed to ACE et al.'s Response of which the Court did not have the benefit.[12] The "extraordinary circumstance" warranting the relief now requested is not that IYC/HPC counsel were "busy preparing for trial" (DE 1421 at p. 2), but that the Court's sanctions Orders at issue and bench trial rulings are predicated upon ACE et al.'s overt Rule 60(b)(3) knowingly false representations. No possible prejudice accrues to

---

[11] In an abundance of caution, Plaintiffs' compliance with Special Master Mr. Klein's October 23, 2009 Orders inadvertently included privileged documents listed in Plaintiffs' privilege log. For example, at the July 6, 2010 video-taped deposition of pro se Plaintiff as corporate representative of PHS: Mr. Halmos: I'm not fumbling ... all I've done is taken out some things that are privileged because this is not for him. (July 6, 2010 Dep. Tr. p. 78:16-23).

[12] Significantly relevant is the Court's March 2, 2011 Order: "Mr. Halmos is barred from participating in any proceedings in this case unless and until permitted ... by the Court." (Order at p. 5).

ACE et al. due to Plaintiffs' relief from Orders ACE et al. procured by means of serial violations of Fed. R. Civ. P. 60(b)(3).

Contrary to ACE et al.'s Response, the additional evidence now before the Court proves: (1) Plaintiffs timely produced four Bates-stamped copies of the March 16, 2005 Letter pursuant to (a) Fed. R. Civ. P. 34; (b) Local Rule 34.1; (c) October 23, 2009 Orders by the Court's Special Master. (2) The 5,036 "PS" documents were likewise timely produced in this case by Plaintiffs with Bates stamp PS 001 – PS 5036. *See also* Affidavits of Peter Halmos and Michael Kirkpatrick, attached as Exhibits 1 and 2, respectively, and incorporated by reference as if fully set forth herein.

## IV.   CONCLUSION AND RELIEF REQUESTED

Pursuant to and in full compliance with the Orders dated October 23, 2009, and January 6, 2010, referenced above, all documents with Bates stamps were timely produced to ACE et al. at depositions for unrestricted  inspection and copying in this case pursuant to Rule 34. Among Plaintiffs' Rule 34-compliant production are (1) four copies of the March 16, 2005 Letter, each with Bates stamps, and (2) all 5,036 "PS" documents with Bates stamps. ACE et al. has not presented any competent evidence whatsoever to support its Rule 60(b)(3) concealment misrepresentations. Which of Plaintiffs' timely and Rule 34-compliant Bates-stamped documents production ACE at al. unilaterally and without disclosure chose to copy, and "upload" to an alleged third party's data storage system, cannot possibly be considered as a good faith basis for ACE et al. to misrepresent to the Court that Plaintiffs concealed something, let alone be the "evidence" upon which the Court's Orders at issue are predicated.

WHEREFORE, pro se Plaintiff again requests an evidentiary hearing so there is, at the very least, a full, fair and impartial appellate record, <u>in addition to</u> the relief requested in the Motion for Relief (DE 1422).

Submitted by,

_____
Peter Halmos, pro se
c/o Myers & Associate, CPA
4540 PGA Blvd., Suite 216
Palm Beach Gardens, FL 33418
Telephone: (561) 249-1712
Facsimile: (561) 249-1709

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on October 17th, 2011, on all counsel of record identified on the attached Service List via U.S. Mail.

## SERVICE LIST

Frank J. Sioli
Zascha B. Abbott
Brown Sims P.C.
Suite 1609
9130 S. Dadeland Blvd.
Miami, Florida 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-5517
fsioli@brownsims.com

Kenneth G. Engerrand
Michael A. Varner
P. Michael Bowdoin
Robert Browning
Brown Sims P.C.
1177 W. Loop South, Tenth Floor
Houston, Texas 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com

Scott A. Bassman
Valerie M. Jackson
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd., Suite 1400
Miami, Florida 33156
Telephone: (305) 350-5300
Facsimile: (305) 373-2294
scott.bassman@csklegal.com

Clinton Sawyer Payne
Pedro Louis DeMahy
DeMahy Labrador Drake Payne & Cabeza
Alhambra Circle – Penthouse
150 Alhambra Circle
Coral Gables, Florida 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960

David P. Horan
Horan Wallace & Higgins LLP

608 Whitehead Street
Key West, Florida 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Joseph P. Klock, Jr.
Juan Carlos Antorcha
Rasco Klock Reininger Perez Easquenazi
Vigil & Nieto
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 476-7105
Facsimile: (305) 476-7102
jklock@rascoklock.com
jantorcha@rascoklock.com

Hugh J. Morgan
The Law Office of Hugh J. Morgan
P.O. Box 1117
Key West, Florida 33041
Telephone: (305) 296-5676
Facsimile: (305) 296-4331
hugh@hjmorganlaw.com

Brenton N. Ver Ploeg
Stephen A. Marino
Ver Ploeg & Lumpkin, PA
100 SE 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

C. Wade Bowden
Greenberg Traurig, PA
Suite 300 East
777 S. Flagler Drive
West Palm Beach, Florida 33401
Telephone: (561) 650-7922
bowdenw@gtlaw.co