08-10084.o70

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 08-10084-CIV-BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and HIGH
PLAINS CAPITAL,

    Plaintiffs,

vs.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    Defendants.
_____/

## ORDER DENYING MOTION FOR RELIEF

**This matter** is before this Court on Pro Se Plaintiff's Motion for Relief...(D.E. 1422). The Court has reviewed the motion, the response, the reply, and all pertinent materials in the file.

Despite this latest motion, the journey will be coming to an end. This Court will not respond to, nor dignify, the latest attack on it except to state the following. It is without dispute that the March, 2005 letter (exhibit B20 in the trial record) is of great significance. In one breath, plaintiff would have the Court believe that plaintiffs produced this document pursuant to Fed.R.Civ.P. 34, that defendant saw this document ... a document which, viewed in a light most favorable to defendant might be grounds for voiding the entire policy and, by extension the Legacy claim from Hurricane Wilma ... yet chose not to copy it.  This is particularly relevant because there is no evidence produced (at least so far ...) that said document, nor it contents, nor its subject matter was

1

ever presented to defendant prior to the August, 2005 policy renewal which was prior to the claim arising from Hurricane Wilma.[1]

In the next breath, plaintiff would have the world believe that defendant knew it had the document but chose not to do any discovery, nor list any witnesses, nor list any experts regarding same - all so defendant could file its motion for sanctions (D.E. 1275). Defense counsel must have had nightmares when this "biased" Court denied two similar motions addressing the report prepared after Hurricane Wilma from the vessel manufacturer and the alleged withholding of other materials! (See D.E. 1238, 1243 and 1284, 1287).

The Court will not allow the journey to continue any further - at least "not on its watch." This motion presents at least the third, fourth or fifth different version of why plaintiffs should not be sanctioned re: D.E. 1275. The history of their ever-changing theories has been discussed - to some extent - previously, and has been outlined in the response to the motion.[2]

Apparently Mr. Halmos's memory is better now than when D.E. 1305 was filed. However, that document states that uncertainty of accuracy caused the prior response to be filed in an unverified form. The instant motion is also not verified.[3] An affidavit did not accompany the motion - one was only filed after the response was filed.

On the issue of actual production, this Court will go no further than to state that plaintiff's position essentially is: "we produced voluminous documents and the March 16, 2005 letter was in there somewhere, and defendant either saw it or should have seen it." Plaintiff is responsible for

---

[1] Viewed in a light most favorable to plaintiff, there is some "information" regarding the Halon system from a year prior to the writing of said letter, but none between the date of the letter and the renewal.

[2] To demonstrate plaintiff's ever-changing positions, compare this motion with the Corrected Plaintiffs' Verified Motion... (D.E. 1337).

[3] It should be noted that Mr. Halmos has filed several motions in this case which were verified. See, e.g., D.E. 1324, 1337, 1354.

plaintiff's own production. The excuse that it took plaintiff seven months to locate the document within those voluminous documents in the form which they were produced is no excuse at all. The Court finds, as it did with the previous motion filed by the corporate plaintiffs, that Mr. Halmos's excuses ring hollow when analyzed in light of the applicable law - again adequately set forth in the response to the motion.[4]

Defendant additionally raises the issue of Mr. Halmos's lack of standing to bring the current motion, which Mr. Halmos fails to address in the reply. If the motion is filed on behalf of the owner of the Legacy, it is improper, in that such a motion has already been filed by counsel for the corporate owner of the Legacy, and has been denied. If the motion is filed on behalf of Mr. Halmos, *pro se*, it is likewise improper, as the matters at issue have nothing to do with his *pro se* claims. Despite the Court having allegedly schemed against plaintiffs and committed other atrocities outlined in this latest motion, it nonetheless allowed Mr. Halmos unfettered opportunity to examine, cross-examine, make objections, and argue voluminous matters at trial that went far beyond his *pro se* claims. Thus it would be inappropriate, at this time, to make said distinction and the motion will not be denied on this basis, but rather for the reasons stated, *supra*.

Therefore, and the Court being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that the motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of November, 2011.

_____
STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of record

---

[4]For example, to the extent that plaintiff seeks relief pursuant to Fed.R.Civ.P. 60(b)(1) or (b)(2), plaintiff has failed to establish that defendant would not be prejudiced by the relief he seeks, or that there is any "newly discovered evidence" which could not have been discovered earlier by plaintiff through reasonable diligence. Nor has plaintiff established any improper conduct on the part of defendant by clear and convincing evidence. See Fed.R.Civ.P. 60(b)(3).