UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 08-10084-CIV- BROWN

PETER HALMOS, INTERNATIONAL
YACHTING CHARTERS, INC., and
HIGH PLAINS CAPITAL,

    *Plaintiffs,*

v.

INSURANCE COMPANY OF NORTH
AMERICA and STRICKLAND MARINE
INSURANCE, INC., (f/k/a STRICKLAND
MARINE AGENCY, INC.),

    *Defendants.*
_____/

## PLAINTIFFS' OPPOSITION TO INA'S BILL OF COSTS

Plaintiffs, Peter Halmos, International Yacht Charters and High Plains Capital (collectively "Plaintiffs") oppose the Bill of Costs submitted by Insurance Company of North America ("INA") as the prevailing party in the matter. Defendant seeks $417,074.12 as taxable costs. The majority of these costs are non-taxable, duplicative, or not described with the required specificity. Thus, Plaintiffs object as follows:

**I. Introduction**

Only those costs specifically set forth in 28 U.S.C. § 1920 are taxable. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987) (holding the Court has the discretion to

deny any costs listed in 28 U.S.C. §1920).[1] As a threshold matter, INA fails to comply with the dictates of Local Rule 7.3(c) and file a memorandum of law that would presumably explain the propriety of its claimed charges.[2] The required memorandum is necessary in this case because a majority of the voluminous invoices submitted provide no insight into the purpose of the services billed, and are inadequate proof of the cost's "reasonable necessity." As to many of the costs claimed, INA refused to exercise its good faith duty to extract the plainly non-taxable charges from the proffered receipts. Without the proper evidentiary support, INA is not entitled to $381,441.54 of its claimed costs.

## II. Objections to Fees For Printed or Electronically Recorded Transcripts Necessarily Obtained For Use in the Case

INA seeks $147,077.53 in costs associated with depositions. But the invoices listed as support for these costs are full of overlap and non-taxable expenditures.[3] Recoverable costs under this heading include only "deposition-transcript fees and attendance fees of the court reporter or per diem." *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166 (S.D. Fla. Mar. 29, 2012). Other charges, "when incurred solely for the convenience of counsel, are not reimbursable under §1920: fees for expedited transcripts,

---

[1] Under 28 U. S. C. §1920, the prevailing party may recover:
    (1) Fees of the clerk and marshal;
    (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

[2] *See* Comments to Local Rule 7.3, stating "(2011) Amended to . . . require a bill of costs be supported by a memorandum of law."

[3] To the extent any of the invoices were duplicates of each other and/or unintelligible as to the name of the deponent, the amounts claimed therein are non-taxable.

compressed or mini-script versions, CD copies, ASCII, and exhibits." *Id.*; *see also Aguiar v. Natbony*, No. 09-60683-CIV, 2011 WL 4383224 (S.D. Fla. Apr. 15, 2011)("As to the plaintiff's objection for extra costs such as rush fees or condensed transcripts, the case law is clear that such added expenses are not taxable"); *Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123 (S.D. Fla. Aug. 1, 2008)(holding handling and delivery and courier charges are not taxable). Virtually every invoice submitted by INA improperly includes charges for at least one, if not all, of the above services. *See* Index of Invoices for Transcript Costs, attached as Exhibit A.

Furthermore, INA routinely ordered multiple copies of the same transcript and seeks to tax Plaintiffs for the multiple copies. Duplicates and additional excerpts of transcripts are not taxable costs. *See Hernandez v. Wilsonart Intern., Inc.*, No. 2:09-CV-747-FTM-36, 2011 WL 7092657 (M.D. Fla. Dec. 30, 2011)(holding only one copy of each report is permitted to be taxed); *Tesler v. Costa Crociere S.p.A.*, No. 08-60323-CIV, 2009 WL 1851091 (S.D. Fla. June 29, 2009)

As to the numerous video depositions, INA must demonstrate not only that the transcripts were necessarily obtained for use in the case, but also why <u>both</u> stenographically transcribed and videotaped copies of the depositions were necessary. *Perfect Web Tech., Inc. v. Infousa, Inc.*, No. 07-80286-CIV, 2009 WL 2407689 (S.D. Aug. 4, Fla. 2009); *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV, 2010 WL 3385388 (S.D. Fla. July 30, 2010). INA has submitted no statement or proof in support of its contention that both forms of deposition copies are recoverable for any of the listed video depositions. Consequently, all extra costs incurred for video depositions are not recoverable. *See* Exhibit A.

In addition, costs for daily trial transcripts and pre-trial hearing transcripts are not taxable unless they are reasonably necessary in preparation for trial, and the prevailing party cites evidence as to the same. *See Ferguson v. Bombardier Servs. Corp.*, No. 8:03-CV-539-T-30, 2007 WL 601921 (M.D. Fla. Feb. 21, 2007); *Sensormatic Elec. Corp. v. Tag Co. US*, No. 0681105CIV, 2009 WL 3208649 (S.D. Fla. Oct. 2, 2009); *Castillo v. Teledyne Cont'l Motors, Inc.*, No. 08-21850-CV, 2011 WL 1343051 (S.D. Fla. Mar. 16, 2011)(Citing *Maris Distributing Co. v. Anheuser–Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir.2002)("The Eleventh Circuit has stated that the cost of a daily (or expedited) transcript should not be awarded as a matter of course.") INA has cited no such evidence to support its claims.

The following are other specific "transcript" costs claimed as by INA that fall plainly outside the bounds of the federal guidelines: transcript fees attributed to a different case;[4] videos of ship inspections;[5] international travel by a court reporter to take an overseas deposition;[6] private investigator fees;[7] reimbursement for arbitrary checks without supporting invoices or receipts;[8] payment for the appearance of a skype technicians at a video deposition;[9] and excessive non-appearance and wait-time fees;[10] particularly where INA was the cancelling party.[11]

As a matter of law, Defendant is not entitled to $127, 355.40 of the requested costs.

---

[4] *See* Exhibit A at lines 78, 79, 146, 149-150.

[5] *Id.* at lines 56 and 95.

[6] *Id.* at lines 45-47.

[7] *Id.* at line 76.

[8] *Id.* at line 86 and 143.

[9] *Id.* at line 116.

[10] *Id.* at lines 49, 54, 108, and 140

[11] *Id.* at line 74.

4

### III. Objection to Fees and Disbursements for Printing

INA seeks $126,995.42 for what it labels "fees and disbursements for printing." *See* [D.E. 1490] at 151. The 154 pages of invoices and receipts that follow under this heading detail costs that appear almost exclusively as copying charges, and will be analyzed as such. To the extent these costs are duplicative in nature to those of printed or electronic transcripts requested under the heading in Section II, *supra,* INA must explain why these duplicate copies are necessary in order to recover the same.[12] *See McDaniel v. Bradshaw*, No. 10-81082-CIV, 2011 WL 6372788 (S.D. Fla. Dec. 20, 2011); *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009)("[T]he Court does not award costs for copies made merely for counsel's convenience, such as multiple copies of documents.").

As to the remainder of the invoices, Defendant fails to adequately identify the subject matter or purpose of the majority of the requested printing and/or copying costs. *See* Index of Invoices for Printing and Disbursements, attached as Exhibit B. Thus, it is impossible to identify whether these costs were "reasonably necessary" to the litigation. This is important because the burden falls on INA to prove that these listed costs are taxable under applicable law. *See Habersham Plantation Corp. v. Art & Frame Direct, Inc.*, No. 10-61532-CIV, 2011 WL 6138740 (S.D. Fla. Dec. 9, 2011)(The prevailing party bears the "burden to undertake the line by line analysis to support the taxable costs"). The vague nature of INA's blanket requests for printing costs related to several types of documents are facially inadequate and will not support

---

[12] These costs are listed as "duplicate transcripts" or "digital transcript" in Exhibit B, and all represent additional copies of transcripts for which costs were already claimed under the prior heading.

5

recovery without further clarification as to the substance and alleged use of these documents.[13] *See McDaniel,* 2011 WL 6372788.

Moreover, INA's inclusion of superfluous costs beyond printing and copying is impermissible. Charges for labeling, bates numbering, binders, and tabs are not taxable as a matter of law, and thus the request for the same should be denied. *Durden v. Citicorp Trust Bank, FSB,* No. 3:07-CV-974-J-34JRK, 2010 WL 2105921 (M.D. Fla. Apr. 26, 2010).[14] Furthermore, "it is not appropriate to tax the costs of extra copies or at a "color copy" rate when black and white copies . . . will suffice and these extra copies were not necessary from the standpoint of presenting the case to the Court." *Ferguson,* 2007 WL 601921. INA lists fifteen charges for color copies, ranging from twenty-five cents to nine dollars per copy, but does not provide justification for any of these items. Thus, costs for color copies should be denied, or in the alternative, reduced to the reasonable rate of ten cents per copy. *James v. Wash Depot Holding, Inc.,* 242 F.R.D. 651-52 (S.D. Fla. 2007) (citing *Mitchell v. Osceola Farms Co.,* Case No. 05-80825-CIV-COUN/SNOW (S.D. Fla. Mar. 29, 2007) (finding reasonable $0.10 per copy).

Lastly, INA also improperly seeks to tax Plaintiffs for the cost of an inadvertent production: INA demanded return of the documents shortly after their production.[15] *See* Exhibit B at line 178. In addition, INA mistakenly seeks to tax Plaintiffs for a number of documents that, as per their caption, are related to a different case. *Id.* at lines 224, 246, 250, and 270. In total,

---

[13] These costs are designated "unknown," for there is no ascertainable purpose for the charge.

[14] These charges are listed at [D.E. 1490] at 161 (Bates Capture for $144.96); 179 (Bates Capture for $205.36); 189 (Bates Capture for $500.58); and 286 (Binders for a total of $96.00 and Tabs for a total of $110.25) for a total of $961.15 in non-taxable costs.

[15] INA included two invoices for the same inadvertent production. *See* Exhibit B at lines 178 and 198. This duplicate and others should be excluded from the total taxable costs. *Id.* at lines 180 and 199.

$111,394.72 of INA's printing and disbursement should be denied because defendant has not evidenced these charges were reasonably necessary.

### IV. Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case

As to copying costs, "the prevailing party must demonstrate that copies were necessarily obtained for a reimbursable use." *George v. Fla. Dept. of Corr.*, No.07-80019-CIV, 2008 WL 2571348 (S.D. Fla. May 23, 2008). INA seeks exemplification and copying costs of $120,935.165 to be divided by three law firms in the following amounts: Brown Sims for $109,128.40, Horan Wallace & Higgins for $2,409.00, and DeMahy Labrador & Drake for $ 9,398.25. *See* [D.E. 1490] at 306. Plaintiff objects to these costs in their entirety because INA fails to list with any specificity the purpose of any individual copy. *See Id.* (holding "general copying costs without further description are not recoverable"). *Monelus*, 609 F. Supp. 2d at 335 ("As the prevailing party alone knows the purpose of the copies, it cannot simply make unsubstantiated claims that copies of the documents were necessary.")

Instead, each set of copying costs is listed as a large lump sums, noting only the number of pages copied and the cost per copy. In the case of Brown Sims, for example, the copying costs are improperly listed as follows:

| Date | Description of Disbursements | Amount |
|---|---|---|
| 12/31/2011 | Photocopies (1,091,284 @ $0.10) 04/16/2008 – 12/31/2011 | $109,128.40 |

[D.E. 1490] at 308. Specifically, the Brown Sims' invoice cites "repair estimates and surveyor billing" as the reason for photocopying cost. Primarily, this cost is undoubtedly not taxable under 28 U.S.C. § 1920 under any of the six categories. Even if INA supplied a colorable argument as to the taxability of this cost, the manner in which is listed is wholly insufficient and the request

7

should thus be denied.[16] *See Corines v. Broward County Sheriff's Office*, No. 05-61115-CIV, 2009 WL 790140 (S.D. Fla. Mar. 24, 2009)("In this case, the defendants have merely . . . listed the dates, amount charged, and the numbers of copies made. . . . Accordingly, it appears that the request to tax costs for the copies should be denied."); *see also Hernandez*, 2011 WL 7092657 (The party seeking recovery of photocopying costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. . . . A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made."); *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2011 WL 710699 (S.D. Fla. Mar. 1, 2011)("The movant's failure to itemize copies necessarily obtained for use in the case and those that were made for the mere convenience of counsel may result in a denial of an award of costs."); *Cappeletti Bros., Inc. v. Broward County*, 754 F. Supp. 197, 198 (S.D. Fla. 1991)("[T]he skeleton bill of costs does not distinguish between those photocopying or telecopying costs that were incurred for use in the case and those which were made for the convenience of counsel. This distinction is important because copies made for the convenience of counsel are not taxable"); *Flagstar Bank, FSB v. Hochstadt*, 08-80795-CIV, 2010 WL 1226112 (S.D. Fla. Mar. 4, 2010) ("Because it is impossible to discern the copies necessarily used for the case and those made for convenience of counsel, Defendants are not entitled to the costs as claimed.").

---

[16] To the extent INA requests copies regarding the adjustment of the claim, it is clear from Kenneth Engerrand's correspondence and trial testimony that he was acting an adjuster for INA as well as its attorney. Copies made to assist Mr. Engerrand while adjusting the claim are not taxable under 28 U.S.C. § 1920. It was INA's burden to apportion the costs of copies between Mr. Engerrand's roles as an adjuster and attorney. *See Habersham*, 2011 WL 6138740 at *5. Because INA failed to do so, this request should be denied in full.

The Horan Wallace & Higgins for and DeMahy Labrador & Drake invoices are no less objectionable and should be denied for the same reasons. Thus, as a matter of law, none of costs claimed as copying and exemplification fees are taxable to Plaintiffs.

### V. Objection to Fees for the Compensation of Court Appointed Experts

INA requests $21,805.52 in expenses for the special master. Special master fees are not recoverable as costs, however, where the special master regulates over depositions and discovery disputes, as is the case here. *See Perez v. Carey Intern., Inc.*, 373 Fed. Appx. 907, 915 (11th Cir. 2010) *cert. denied,* 131 S. Ct. 480 (U.S. 2010)(The special master functioned as a special master, not as a court-appointed expert, and his fees are not taxable as costs). Thus, this request for costs should be denied in full.

### VI. Conclusion

A majority of INA's costs should be excluded because it provided no explanation as to the "reasonable necessity" of the costs incurred. INA failed to submit to this Court, as required, a memorandum of law supporting these costs. *See* S.D. Fla. Local Rule 7.3(c). It did so after Plaintiffs made a good-faith effort to notify INA in detail of the Bill's many deficiencies. *See* May 2, 2012, Facsimile from Stephen Marino to Pete DeMahy, attached as Exhibit C. For this reason, INA should not be permitted to explain or justify its alleged taxable costs in rebuttal to Plaintiffs' response. By ignoring Plaintiffs' letter and not submitting a required memorandum of law, INA passed twice on the opportunity to review and substantiate its Bill of Costs. This Court should not allow INA a third chance to present arguments that were previously required by law.

For the foregoing reasons, Peter Halmos, International Yacht Charters and High Plains Capital respectfully request that this Court reduce the amount of taxable costs in each category as follows:

1. <u>Fees For Printed or Electronically Recorded Transcripts Necessarily Obtained For Use in the Case:</u> Fees should be reduced by $127,355.40, resulting in an award of $19,722.13 in costs to Defendant under this category.

2. <u>Fees for Disbursements or Printing:</u> Fees should be reduced by $111,394.72, resulting in an award of $15,560.70 in costs to Defendant under this category.

3. <u>Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case:</u> Fees should be reduced by $120.935, resulting in an award of zero costs to Defendant under this category.

4. <u>Fees for the Compensation of Court Appointed Experts:</u> Fees should be reduced by $21,805.52, resulting in an award of zero costs to Defendant under this category.

WHEREFORE, Plaintiffs respectfully request that this Court reduce the amount of taxable costs as set forth above, and award Plaintiffs the attorney's fees and costs associated with this Objection.

Respectfully submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Brenton N. Ver Ploeg**
Florida Bar No. 17140
bverploeg@vpl-law.com
**Stephen A. Marino, Jr.**
Florida Bar No. 79170
smarino@vpl-law.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on May 11, 2012 on all counsel or parties of record on the Service List below.

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**

CASE NO. 08-10084-CIV- BROWN

## SERVICE LIST

Kenneth G. Engerrand, Esq.
Michael A. Varner, Esq.
P. Michael Bowdoin, Esq.
Brown Sims, P.C.
1177 West Loop South, 10th Floor
Houston, TX 77027-9007
Telephone: (713) 629-1580
Facsimile: (713) 629-5027
kengerrand@brownsims.com
mvarner@brownsims.com
mbowdoin@brownsims.com

Frank J. Sioli, Jr., Esq.
Zascha B. Abbott, Esq.
Brown Sims, P.C.
Datran One - Suite 908
9100 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 274-5507
Facsimile: (305) 274-551
fsioli@brownsims.com

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street, 30th Floor
Miami, FL 33131
Telephone: 305-577-3996
Facsimile: 305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com

Mark Hicks, Esq.
Irene Porter, Esq.
Hicks, Porter, Ebenfeld & Stein, P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131
305-374-8171
305-372-8038 *facsimile*
mhicks@hickslaw.com
iporter@mhickslaw.com

Scott A. Bassman, Esq.
Dara L. Jebrock, Esq.
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Blvd, Suite 1400
Miami, FL 33156
Telephone: (305) 350-5303
Facsimile: (305) 373-2294
scott.bassman@csklegal.com
dara.jebrock@csklegal.com

David P. Horan, Esq.
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, FL 33040
Telephone: (305) 294-4585
Facsimile: (305) 294-7822
dph@horan-wallace.com

Clinton Sawyer Payne, Esq.
DeMahy Labrador Drake Payne & Cabeza, PA
Alhambra Center – Penthouse
150 Alhambra Circle
Coral Gables, FL 33134
Telephone: (305) 443-4850
Facsimile: (305) 443-5960
cpayne@dldlawyers.com