UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**Case Number:  08-10084-CIV-MARTINEZ-BROWN**

PETER HALMOS; INTERNATIONAL
YACHTING CHARTERS, INC.; and
HIGH PLAINS CAPITAL,

                           *Plaintiffs,*

vs.

INSURANCE COMPANY OF NORTH AMERICA
and STRICKLAND MARINE INSURANCE, INC.
(f/k/a STRICKLAND MARINE AGENCY, INC.),

                         *Defendants.*
_____/

## INSURANCE COMPANY OF NORTH AMERICA'S
## REPLY TO PLAINTIFFS' OPPOSITION TO INA'S BILL OF COSTS [D.E. 1530]
## AND MEMORANDUM OF LAW

       Insurance Company of North America ("INA") files this Reply to Plaintiffs' Opposition to INA's Bill of Costs [D.E. 1530] and Memorandum of Law in Support, and in support thereof, INA would show the Honorable Court as follows:

### MEMORANDUM OF LAW

       A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* FED. R. CIV. P. 54(d)(1).[1] Congress has delineated which costs are recoverable under Rule 54(d); *see* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920; *Crawford Fitting Co.*, 482 U.S. at 440-44. The Court, however, may not tax as costs any items not authorized by statute. *Id.; see also EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd*, 914 F.2d 267 (11th Cir. 1990).

---

[1] The Court's Final Judgment awarded INA "its costs incurred in this action" (D.E. 1478).

When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party. *See Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 910 (M.D. Fla. 1989), *aff'd*, 914 F.2d 267 (11th Cir. 1990). In this case, INA is the prevailing party. Consequently, INA is presumptively entitled to an award of costs.

As an initial matter, Plaintiffs appear to concede that INA is entitled to some amount of costs. (D.E. 1530, p. 2 (professing to object to $381,44.54 out of $417,074.12 in costs)).[2] Therefore, the only issue before the Court is the amount of taxable costs to award INA.

**A.      Response To Plaintiffs' Objections To Transcript Requests**

Plaintiffs object to requests for expedited transcripts and exhibits, multiple transcript copies, video depositions, daily and pre-hearing transcripts, and various other costs. Each request shall be addressed in turn.

      1.      <u>Transcripts Are Taxable Costs</u>

The court has great latitude when determining whether depositions are taxable. *Newman v. A. E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. 1981).[3] Generally, when the record shows that a transcript is made during the course of the current litigation and is used as part of the suit, the transcript is taxable. *Wood v. Green*, No. 3:07cv95/MCR/EM, 2010 U.S. Dist. LEXIS 40178, at *7 (N.D. Fla. March 31, 2010).

      a.      *Deposition And Trial Transcripts Can Be Taxable*

Expedited daily trial transcripts and pre-trial hearing transcripts are taxable when they are necessarily obtained for use in the case and are more than for the mere convenience of counsel. 28 U.S.C. § 1920(2); *Durden v. Citicorp Trust Bank*, No. 3:07-cv-974-J-345KR,

---

[2] Plaintiffs state that INA should have provided a memorandum of law with its Bill of Costs. (Response, p. 2). To the extent that the Court believes INA should have done so, INA requests leave of court to have this document serve as that memorandum of law.

[3] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209. The *Newman* decision was handed down on June 18, 1981.

2010 U.S. Dist. LEXIS 59537, at *7-8 (M.D. Fla., Apr. 26, 2010). Courts look to the length and complexity of the litigation when determining whether expedited and pre-trial hearing transcripts are a necessity or convenience. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002) (upholding the district court's assessment that "the transcripts were necessary to preserve oral rulings made by the Court and were indispensable because of the length and complexity of the case");[4] *Wood*, 2010 U.S. Dist. LEXIS 40178, at *8 ("The costs for expedited transcripts may be allowable when a court believes they are justified in light of the length and complexity of a trial").[5] Costs for one DVD copy may be taxable if it is necessary for use in the case regardless of the existence of a videotape. *Powell v. Home Depot, U.S.A., Inc.*, 07-80435-Civ, 2010 U.S. Dist. LEXIS 110301, at *23 (S.D. Fla. Sept. 14, 2010); *Whittier v. City of Sunrise*, No. 07-60476-CIV, 2008 U.S. Dist. LEXIS 108252, 2008 WL 5765868, at *8 (S.D. Fla. Dec. 3, 2008) (allowing recovery for 1 DVD copy). District courts in the Eleventh Circuit have also permitted the taxing of postage and handling fees charged by court reporters because the charges are "reasonable costs associated

---

[4] Within the Response, Plaintiffs misapply *Maris*. *Maris* is used to support the position that daily or expedited costs "should not be awarded as a matter of course." (Response, p. 4). By using this truncated sentence, Plaintiffs imply that the law is settled on the issue and these costs should be denied. However, the holding in *Maris* belies this assertion. The complete sentence Plaintiffs fail to accurately quote reads, "[a]lthough we do not believe that the costs associated with expedited trial transcripts should be allowed as a matter of course, . . . the district court found that expedited transcripts were necessary in this case given its length and complexity. Under the circumstances, we cannot say that the district court clearly abused its discretion by reaching this conclusion." *Id.* Several courts have followed this ruling in *Maris* allowing for expedited and daily transcript costs during long and complex litigation. *See Powell v. Home Depot, U.S.A., Inc.*, 07-80435-Civ, 2010 U.S. Dist. LEXIS 110301, at *33-34 (S.D. Fla. Sept. 14, 2010) (compiling case law). Thus, these costs should not be denied "as a matter of course," but rather the Court can exercise its discretion considering the length and complexity of the case.

[5] The Plaintiffs' characterization of this issue is misleading. Halmos correctly uses *Sensormatic Elec. Corp. v. Tag Co. US*, No. 0681105CIV, 2009 WL 3208649 (S.D. Fla. Oct 2, 2009), to support the proposition that pre-trial hearing transcripts are taxable when they are (1) necessary in preparation for trial and (2) the prevailing party cites evidence to the same. However, *Sensormatic* does not stand for the proposition that daily transcripts are never taxable. Instead, the case clearly states that daily transcripts are taxable when the "case presented complex issues, transcripts were necessary to prepare for cross examination of technical expert at trial, and the court viewed portions of the transcript in reaching its decision." *Id.*, at *10.

with depositions." *Kearney v. Auto-Owners Ins. Co.*, No.: 8:06-cv-00595-T-24-TGW, 2010 U.S. Dist. LEXIS 54801, at *4 (M.D. Fla. May 10, 2010).

Here, INA's requests for expedited transcripts, compressed transcripts, CD copies, ASCII copies, and exhibits were directly related to the defense of Plaintiffs' claims and were not merely for the convenience of counsel. For example, it was necessary to order expedited transcripts related to each of Peter Halmos' twelve depositions to prepare for the next day of testimony or other depositions which were occurring shortly thereafter. Mr. Halmos was also adept at either not answering or evasively answering questions. It was critical to review the previous day's transcript to determine what topics needed to be revisited or clarified.[6] Further, this matter was tried over twenty trial days. An expedited transcript of the trial proceedings was necessary to prepare for the next day of trial and, ultimately, to prepare the Findings of Fact and Conclusions of Law. Finally, due to Plaintiffs' delay in taking discovery until the last month of the discovery period, multiple depositions were occurring on the same day or within days of one another. Since multiple INA lawyers were taking/appearing for those depositions, it was necessary to request expedited transcripts so all INA lawyers were aware of the most recent testimony. This expense may not have been necessary had Plaintiffs not delayed taking most of their discovery until the last month of the discovery period. This explanation demonstrates that the request for expedited transcripts was not merely for the convenience of counsel, but was necessary due to the actions of the Plaintiffs and the scope of the litigation.

       b.    *Hearing Transcripts Can Be Taxable*

Copies of hearing transcripts are taxable costs when the prevailing party shows necessity. *See Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No. 8:10-CV-996-T-33TGW, 2011 U.S. Dist. LEXIS 95467, at *18 (S. D. Fla. 2011). Costs for hearing transcripts may be awarded regardless of whether the transcripts were for pre-trial hearings, post-trial hearings, or the trial itself. *Powell*, 2010 U.S. Dist. LEXIS 110301, at *31. Additionally, compensable use includes briefing issues in the case. *Id.*

The parties regularly held hearings before Special Master Klein related to discovery issues. With limited exception, Special Master Klein did not render written rulings. Instead, the parties were instructed to rely upon the transcript. Further, multiple appeals to Judge

---

[6] As for the depositions scheduled on January 26, 2011 and January 27, 2011, it was necessary to request an expedited transcript because trial was scheduled only a few weeks later.

Brown were taken from Special Master Klein's rulings and it was necessary to have a transcript to brief those issues. Therefore, ordering the transcript was a necessity.[7]

Plaintiffs further object to the taxable nature of pre-trial transcripts from the *Pillsbury Winthrop Shaw Pittman vs. Brown Sims, P.C.* litigation in the United States District Court for the Southern District of Texas. As Plaintiffs know, this litigation was brought by Plaintiffs' attorneys who vigorously fought INA's proper subpoena requesting documents for use in this litigation. Plaintiffs' resistance to this proper subpoena necessitated extensive briefing and caused multiple hearings to occur. The transcripts were necessary for use in briefing and during those hearings. Therefore, these expenses are taxable costs as well.

Finally, Plaintiffs object to certain transcripts for hearings before Judge Brown. Those transcripts are related to hearings on Mr. Halmos' health and the fallout from his late attempts to continue trial settings.[8] These transcripts were necessary for subsequent briefing and arguments before the Court. The necessity of these transcripts is demonstrated by Plaintiffs' last minute appeal to the Eleventh Circuit and the Motion to Recuse Judge Brown. These transcripts were referenced to determine INA's course of action and, therefore, are taxable.

    2.    Plaintiffs' Assertion That A Request Is Made For Multiple Transcript Copies Is Erroneous

Plaintiffs cite nothing in support of their position that "INA routinely ordered multiple copies of the same transcript." (Response, p. 3). Upon review, INA is unable to determine the basis for this assertion.

INA did not order duplicate transcripts. INA ordered a copy of a deposition with a compressed version. Judge Brown often requested that compressed transcripts be submitted to the Court. As stated in section A.1, those costs are taxable.

    3.    Video Depositions Are Taxable Costs

A court may award costs for a video deposition under § 1920 if a party noticed a deposition by both stenographic and nonstenographic means, and the other party does not raise an objection to the method of the recordation. *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996); *Woods v. Deangelo Marine Exhaust Inc.*, No. 08-81579-Civ,

---

[7] INA concedes that the request for the Judge Klein transcript from June 7, 2010 was inadvertently included twice. Therefore, a $251.96 charge should be deducted.
[8] One additional transcript refers to an evidentiary hearing held before the Court. That transcript was necessary for briefing.

2010 U.S. Dist. LEXIS 110293, at *11-12 (S.D. Fla. Sept. 27, 2010). Plaintiffs never raised an objection to any deposition being videotaped. In fact, they videotaped multiple depositions and noticed depositions in that format.

Even when an objection to the method of recordation was not made, the party seeking reimbursement must still show that the transcripts were necessarily obtained for use in the case. *See* 28 U.S.C. 1920(c); *Morrison*, 97 F.3d at 465. Here, many depositions taken were of witnesses residing outside of the subpoena power of the Court or whose presence at trial could not be guaranteed. *Castillo v. Roche Labs. Inc.*, No. 10-20876-CV, 2012 U.S. Dist. LEXIS 14114, at *12 (S.D. Fla. Feb. 6, 2012) (video depositions found necessary when a party believes that a crucial witness lived beyond a court's subpoena power and might not show up at trial); *Powell*, 2010 U.S. Dist. LEXIS 110301, at *21. For example, though Peter Halmos was a party to the litigation, he claimed to suffer from a serious illness; at various points in the litigation, he opined it may prevent him from attending trial. Further, other witnesses lived outside the subpoena power of the Court. Also, additional witnesses were resistant to appearing at trial. Therefore, the only way INA could ensure that these witnesses' testimony would be preserved and presented to the trier of fact was to videotape the depositions.

Also, since Plaintiffs may present video deposition testimony to the trier of fact, INA believed it was necessary to request a video transcript of the remaining witnesses so it could provide its own video excerpts at trial to contradict those likely provided by Plaintiffs. *Powell*, 2010 U.S. Dist. LEXIS 110301, at *21 (when a trial lasts an extended period of time (three weeks in *Powell*), judicial economy favors showing video depositions rather than reading depositions into the record).[9] Therefore, the videotaped depositions were necessary to INA's potential case presentation and are taxable.

4.    Plaintiffs' Other Objections Lack Merit

---

[9] The *Castillo* court further found that it was also necessary to have a stenographic copy of the deposition when the party used excerpts of the deposition as summary judgment evidence. 2012 U.S. LEXIS 14114, at *12.

Plaintiffs make a list of other objections to the properly submitted taxable costs.[10] First, Plaintiffs claim that transcript requests are made from "different case[s]." (Response, p. 4). As stated in section A.1.b, several of these transcripts (from the *Pillsbury Winthrop Shaw Pittman vs. Brown Sims* litigation) involve subpoenas for documents in this case. Several others involve INA's efforts, at the instruction of Special Master Klein, to retrieve material documents for use in this litigation; this required INA to overturn a Florida state court confidentiality order involving Plaintiffs. These expenses would not have been necessary had Plaintiffs merely properly produced requested documents within their possession.

Second, Plaintiffs also object to travel expenses by a court reporter to attend a deposition in Italy. (Response, p. 4). INA investigated having an Italian court reporter (or even a European court reporter) attend the deposition. Similar court reporters apparently do not exist in Italy. Also, the expenses associated with transporting a court reporter from elsewhere in Europe were surprisingly more than sending an American court reporter. Therefore, INA chose the lower cost option for this deposition. This expense would not have been necessary if Plaintiff agreed to produce its expert for deposition in the United States as requested.

Third, Plaintiffs object to alleged private investigator fees. (Response, p. 4). The referenced invoice is for process server fees related to the deposition of Captain Ed Collins. Therefore, these expenses are taxable.[11]

Fourth, Plaintiffs also object to videoconference technician charges during a deposition. (Response, p. 4). Judge Klein was unwilling to travel across the country for depositions. Therefore, INA arranged for videoconference options to be available at depositions so he could appear remotely. This often required technical assistance. Plaintiffs never objected to this. Since these expenses are directly related to the deposition itself and the Special Master fees, they are properly classified as taxable costs.

---

[10] Plaintiffs also object to a video of a ship inspection. (Response, p. 4). Although this was a court-ordered ship inspection (*see* D.E. 619), that presented critical evidence on the condition of the Legacy and was played during the trial to contradict the misstatements made by Halmos, INA will withdraw this $2,369.51 expense. Plaintiff also objects to two checks that INA submitted related to transcripts. (Response, p. 4). Since these are small requests, INA withdraws that $162.12 request.

[11] The Eleventh Circuit has held private process service fees that do not exceed the statutory fees authorized in § 1921 are reimbursable. *W&O.*, 213 F.3d at 624.

Fifth, Plaintiffs object to what they classify as "excessive non-appearance and wait-time fees."[12] (Response, p. 4). What Plaintiffs do not disclose is that they are the reason these fees were incurred. Plaintiffs or their agents did not appear for many depositions. These costs would not have been incurred "but for" Plaintiffs' own wrongful actions.

Sixth, Plaintiffs object to non-appearance fees "particularly where INA was the cancelling party." (Response, p. 4). Plaintiffs only cite to a July 10, 2009 deposition of Captain Ed Collins, Mr. Halmos' employee. (Response, p. 4). What Plaintiffs do not disclose is that Mr. Halmos failed to produce his employee for a properly noticed deposition in Miami. That same day, the Court ordered the deposition to occur in Key West. All parties, including the videographer, had to travel to Key West to attend the deposition which concluded after midnight. Therefore, Plaintiffs were the sole reason these charges were necessary.

**B.      Response To Objections To Printing/Copying Expenses**

Charges related to copying fall into one of two categories: general copying for the convenience of counsel (non-taxable), and copying considered necessary for use in the case (taxable). On one hand, general copying and copying for the convenience of counsel is not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). On the other hand, copies are allowed if "the prevailing party could have reasonably believed it was necessary to copy the papers at issue." *Wells v. Xpedx*, No.: 8:05-cv-02193-T-EAJ, 2007 U.S. Dist. LEXIS 88694, at *6 (M.D. Fla. Nov. 27, 2007) (citing *W&O*, 213 F.3d at 623). Further, "copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, and copies of exhibits and documents prepared for the court's consideration are recoverable." *Parrot, Inc. v. NiceStuff Distrib. Int'l*, No. 06-61231-CIV, 2010 U.S. Dist. LEXIS 16128, at *46 (S.D. Fla. Feb. 2, 2010).

Generally, "the prevailing party must present evidence of the nature of the documents copied, including how they were intended to be used in the case." *Wells*, 2007 U.S. Dist.

---

[12] Deposition cancellation, video conference cancellation, and deposition non-appearance fees may be recoverable when they are reasonable and necessarily incurred. *Bianchi v. Law Office of Thomas Landis*, No. 10-60574-CIV, 2011 U.S. Dist. LEXIS 47815, at *13 (S. D. Fla. 2011). Because of the strong presumption that the prevailing party is entitled to recover the statutorily allowed costs, the burden is on the non-prevailing party to prove that costs associated with the depositions should not be recovered. *Disability Rights Fla., Inc. v. Judd*, No. 8:10-CV-2666-T-35TGW, 2012 U.S. Dist. LEXIS 38502, at *5 (M.D. Fla. Mar. 21, 2012) (allowing cancellation fees).

LEXIS 88694, at *6. But, specific explanations for each individual copy are not required. *Powell*, 2010 U.S. Dist. LEXIS 110301 at *49.[13] The party needs only demonstrate a need for the copies as a result of the litigation; it need not be so specific in its accounting of photocopying as to make recovery uneconomical. *Deangelo*, 2010 U.S. Dist. LEXIS 110293, at *33-34.

      1.      The Requested Printing Expenses Are Taxable

INA meticulously separated its copying expenses from its printing expenses. The printing expenses (found at D.E. 1490-4 and 1490-5) are strictly third party printing expenses related to documents produced in the litigation for production, bates labeling,[14] duplication of CDs containing production, and deposition duplication. It is estimated that over 500,000 documents were produced in this litigation. They had to be copied. Further, Plaintiffs noticed many depositions with subpoenas duces tecum which required extensive reproduction of documents. Finally, Plaintiffs continually produced the same documents they previously produced. This added to the expense of the litigation.

Plaintiffs also make issue of color copies. Color copies and exemplifications are taxable to the extent they are necessarily obtained for use in the case. *Curry v. Montgomery*, No.: 07-22899-Civ, 2010 U.S. Dist. LEXIS 21102, *14 (S.D. Fla. Feb. 9, 2010). INA created a very lengthy spreadsheet itemizing Plaintiffs' claim. This spreadsheet was often reproduced

---

[13] In *Powell*, a patent infringement case that lasted three weeks and involved numerous documents, the losing party argued that copy costs should be deducted because the prevailing party's invoices lacked information showing the nature of the documents copied and how they were used or intended to be used in the case. 2010 U.S. Dist. LEXIS 110301, at *48. However, the court accepted the prevailing party's declaration that copies made for convenience had been "scrupulously excluded" and that the remaining copies were made for document exchange during discovery or use at trial. *Id*. at *49. Furthermore, the court cited to multiple cases that declared individual identification of each copy was unnecessary and impracticable. *Id*. at *49-50. Additionally, the *Powell* court looked to its own experience in the case and to previous case law to support its acceptance of counsel's declaration. *Id*. at *50.

[14] Bates numbering is "reasonably necessary to the ordered production and use of those documents in litigation, such that those costs are recoverable under 28 U.S.C. § 1920(4)." *Envirocorp Well Servs., Inc. v. Camp Dresser & McKee, Inc.*, No. IP99-1575-C-T/G, 2001 WL 1112114, at *3 (S.D. Ind. Aug. 6, 2001); *Karsian v. Inter-Regional Fin. Group*, 13 F. Supp. 2d 1085, 1093 (D. Colo. 1998). In lengthy and complex cases, bates labeling, tabs, and binding have been found taxable when such services are necessary to reproduce a document that is organized and useful for the court and opposing party. *Truck Components v. Beatrice Co.*, No. 94 C 3228, 1996 U.S. Dist. LEXIS 9946, at *35 (N.D. Ill. July 12, 1996). INA has been unable to find any case where the Eleventh Circuit has spoken directly to this issue.

to Plaintiffs in color and on oversized paper. The color copies involved this spreadsheet or other color documents produced in discovery. Therefore, the charges are recoverable.[15]

### 2.     The Requested Copies Are Taxable

INA acknowledges that the requested copies are significant. It would be impossible for INA to document what specific project each print job related to over the past three years. *Powell*, 2010 U.S. Dist. LEXIS 110301 at *49 (finding a general explanation "that documents were copied for document exchange during discovery, or for use at trial" was sufficient to support recovery, and further accepting the prevailing party's statement that all documents copied and printed for mere convenience had been "scrupulously excluded"). This case's scope and contentious nature should help demonstrate that these copies were reasonable.

As this Court is aware, this was a massive, complex, and contentious case which spanned over three years. Over half a million documents were produced. There were over 1,500 docket entries on PACER. At least 62 depositions were taken all over the world.

The copies requested (as found in D.E. 1490-6) were the internal printing expenses related to each of the three law firms defending INA in this litigation. Each law firm tracks its internal print jobs and INA's request relates only to the copies made for the defense of the case which were subsequently paid by INA. The copy expenses submitted were related to research, pleadings, discovery, and trial preparation on this case. They were not merely for the convenience of counsel. Therefore, these costs are properly taxable to the Plaintiff.

### C.     Response To Objection To Compensation For Special Master

Federal Rule of Civil Procedure 53(g) permits a court to allocate payment of a special master's fees. FED. R. CIV. P. 53(g)(3). Historically, courts in the Southern District of Florida have assessed the costs of a special master's fees to the losing party. *See Carlucci v. Piper Aircraft Corp.*, 102 F.R.D. 472, 489-90 (S.D. Fla. 1984); *Diaz v. Pan Am. World Airways, Inc., AFL-CIO*, 346 F. Supp. 1301, 1309 (S.D. Fla. 1972); *Strong v. Broward County Kennel Club*, 77 F. Supp. 262, 264 (S.D. Fla. 1948). The Fifth Circuit has also allowed special master's fees to be recovered by the prevailing party even in cases where the parties had

---

[15]   Plaintiffs also take issue with four invoices where the company doing the work apparently put the incorrect reference number on the invoice.  (Response, p. 6).  These invoices total $1,074.10.  Rather than go to the time and expense of justifying these entries, INA withdraws the request for $1,074.10 related to these invoices.

agreed to each pay half of the master's costs when the master was appointed. *Carpa, Inc. v. Ward Foods, Inc.,* 567 F.2d 1316, 1323-24 (5th Cir. 1978), *overruled on other grounds by, Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir. 1983); *see also United States v. Terminal Transp. Co., Inc.,* 653 F.2d 1016, 1022 (5th Cir. 1981) (upholding district court's award of special master's fees to prevailing party).

The Supreme Court in *Crawford Fitting* limited the taxation of costs to those set forth in 28 U.S.C. §§ 1821 and 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Since *Crawford Fitting*, several courts have continued to hold that special master fees are recoverable costs, and the determination of whether to tax such costs lies within a court's discretion. *See Aird v. Ford Motor Co.*, 86 F.3d 216, 221 (D.C. Cir. 1996); *Nat'l Org. for the Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 545-46 (9th Cir. 1987); *Home Elevators, Inc., v. Millar Elevator Serv. Co.*, No. 1:95-CV-2274-JOF, 1998 U.S. Dist. LEXIS 22200, *23 (N.D.Ga. March 19, 1998); *Roy v. City of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998).

Plaintiffs cite *Perez v. Carey Int'l, Inc.* for the proposition that a special master's fees are not taxable. (Response, p. 9). In dicta, the Eleventh Circuit stated, "*Carpa* probably did not survive *Crawford Fitting* . . ." *Perez*, 373 Fed. Appx. 907, 914 (11th Cir. 2010). From INA's review, the Eleventh Circuit has never definitively determined whether *Carpa* still applies. Therefore, INA requests that – particularly in light of the authority from other circuits – this Court hold that *Carpa* is still good law and Special Master Klein's fees are taxable.

## Conclusion

For the reasons discussed herein, INA that this Court award the taxable costs requested within its Bill of Costs.

## CERTIFICATE OF SERVICE

I hereby certify that on **June 1, 2012**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**DEMAHY LABRADOR DRAKE & CABEZA**

By:   /s/ Pete L. Demahy
            Mr. Pete L. DeMahy
            150 Alhambra Circle - Penthouse
            Coral Gables, Florida 33134
            Telephone: 305.443-4850
            Facsimile: 305.443-5960
*Attorneys for Defendant, Insurance Company of North America*

OF COUNSEL:

Kenneth G. Engerrand
Robert M. Browning
BROWN SIMS, P.C.
1177 West Loop South, Tenth Floor
Houston, Texas 77027
Telephone: 713.629-1580
Facsimile: 713.629-5027

## SERVICE LIST

Mr. Hugh J. Morgan
Law Office of Hugh J. Morgan
317 Whitehead Street
Key West, Florida 33040
Telephone: 305.296-5676
Facsimile: 305.296-4331
hugh@hjmorganlaw.com
(via CM/ECF)

Peter Halmos, *Pro Se*
c/o Meyers & Associates, C.P.A.
4540 PGA Blvd, Suite 216
Palm Beach Gardens, FL 33418
(via Certified Mail, return receipt requested &
via U.S. Mail, postage pre-paid)

Brenton N. Ver Ploeg, Esq.
Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. 2nd Street
30th Floor
Miami, FL 33131
Telephone:  305-577-3996
Facsimile:  305-577-3558
bverploeg@vpl-law.com
smarino@vpl-law.com
(via CM/ECF)

Mr. Pete L. DeMahy
DeMahy Labrador Drake Payne & Cabeza
150 Alhambra Circle - Penthouse
Coral Gables, Florida 33134
Telephone: 305.443-4850
Facsimile: 305.443-5960
cpayne@dldlawyers.com
pdemahy@dldlawyers.com
(via CM/ECF)

Mr. David Paul Horan
Horan, Wallace & Higgins, LLP
608 Whitehead Street
Key West, Florida 33040
Telephone: 305.294-4585
Facsimile: 305.294-7822
dph@horan-wallace.com
(via CM/ECF)

Irene Marie Porter
Mark Hicks
Hicks, Porter, Ebenfeld & Stein
799 Brickell Plaza
9th Floor
Miami, FL 33131
305-374-8171
Fax: 305-372-8038
iporter@mhickslaw.com
pgonzalez@mhickslaw.com
(via CM/ECF)